**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Plaintiffs City of Grand Rapids
General Retirement System and City of Grand
Rapids Police & Fire Retirement System*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF GRAND RAPIDS GENERAL RETIREMENT SYSTEM AND CITY OF GRAND RAPIDS POLICE & FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No. 3:20-cv-04737-RS<br><br>**STIPULATION AND SCHEDULING ORDER**<br><br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

STIPULATION AND SCHEDULING ORDER
CASE NO. 3:20-cv-04737-RS

Pursuant to Civil Local Rule 7-12, Plaintiffs City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System ("Plaintiffs") and Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl ("Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, submit the following stipulation and proposed scheduling order.

WHEREAS, on July 15, 2020, Plaintiffs filed a putative class action complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder (the "Complaint");

WHEREAS, counsel for Defendants has been authorized and hereby accepts service on behalf of the Defendants;

WHEREAS, on July 16, 2020, this Court issued an Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 5), setting an Initial Case Management Conference on October 15, 2020 at 10:00 am;

WHEREAS, on July 16, 2020, pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs filed an administrative motion before the Honorable Vince Chhabria to consider whether the above-captioned action is related to *In re Roundup Products Liability Litigation*, No. 3:16-md-02741-VC (N.D. Cal. filed Oct. 4, 2016) ("*Roundup*") (*Roundup*, ECF No. 11257) (the "Motion to Relate Cases");

WHEREAS, on July 27, 2020, Defendants filed a response in opposition to Plaintiffs' Motion to Relate Cases (*Roundup*, ECF No. 11424), and on July 29, 2020, Plaintiffs filed a reply in further support of their Motion to Relate Cases (*Roundup*, ECF No. 11439);

WHEREAS, this action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including its procedures for the appointment of lead plaintiff and lead counsel, 15 U.S.C. § 78u-4(a)(3), and its provision for a stay of all discovery and other proceedings during the pendency of any motion to dismiss, 15 U.S.C. § 78u-4(b)(3)(B);

WHEREAS, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), on July 15, 2020, Plaintiffs' counsel published notice alerting investors to the pendency of the above-captioned

action and the September 14, 2020 deadline for seeking appointment as lead plaintiff (*see* ECF No. 7);

WHEREAS, pursuant to the PSLRA, the Court will appoint as lead plaintiff the person or group of persons who are members of the proposed class that the Court determines to be "most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii);

WHEREAS, once the lead plaintiff and lead counsel are appointed, an operative complaint will be identified, or an amended or consolidated complaint will be filed, which will become the operative complaint ("Amended Complaint");

WHEREAS, Defendants anticipate that they will seek to dismiss the Amended Complaint;

WHEREAS, counsel for the Parties respectfully submit that good cause exists to continue the Initial Case Management Conference until after such time as the Court has had the opportunity to adjudicate any motion to dismiss the Amended Complaint;

WHEREAS, the Parties have met and conferred, and agree that in the interests of judicial economy, conservation of time and resources, and orderly management of this action, no Defendant shall have any obligation to respond to the Complaint until after (i) a lead plaintiff and lead counsel are appointed by the Court pursuant to the PSLRA, and (ii) the lead plaintiff identifies or files an Amended Complaint in this action; and

WHEREAS, based on the Parties' schedules, the time period covered by and issues involved in this putative securities class action, and complexities resulting from the ongoing COVID-19 pandemic, the Parties have agreed to the schedule set forth below for the filing of the Amended Complaint and briefing of Defendants' responses thereto.

**IT IS ACCORDINGLY STIPULATED**, pursuant to Civil Local Rule 7-12, by and between the undersigned counsel, that:

1.      The Court-appointed lead plaintiff shall file the Amended Complaint no later than sixty (60) days after the date of entry of the Court's order appointing a lead plaintiff.

2.      Defendants shall answer or move to dismiss the Amended Complaint no later than sixty (60) days after the filing of the Amended Complaint.

3.     If Defendants move to dismiss the Amended Complaint, the Court-appointed lead plaintiff shall file opposition papers no later than sixty (60) days after the filing of Defendants' motion to dismiss.

4.     Defendants' reply in support of any motion to dismiss the Amended Complaint shall be filed no later than thirty (30) days after the filing of the Court-appointed lead plaintiff's opposition to Defendants' motion to dismiss.

5.     Subject to the Court's convenience and schedule, the Initial Case Management Conference shall be continued until forty-five (45) days after the Court rules on Defendants' anticipated motion to dismiss the Amended Complaint.

6.     Without limiting the Parties' ability to seek to lift the stay of discovery in accordance with 15 U.S.C. § 78u-4(b)(3)(B), the Parties' obligations under subparts (a) and (f) of Rule 26 of the Federal Rules of Civil Procedure, Rule 16-9 of the Civil Local Rules, and Rule 3-5 of the ADR Local Rules shall currently be suspended until after the Court has ruled on Defendants' motion to dismiss the Amended Complaint.

**IT IS SO STIPULATED.**

DATED: August 7, 2020                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

        -and-

HANNAH ROSS*
(hannah@blbglaw.com)
AVI JOSEFSON*
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444

*Counsel for Plaintiffs City of Grand Rapids
General Retirement System and City of Grand*

*Rapids Police & Fire Retirement System*

*\*Pro hac vice* forthcoming

DATED: August 7, 2020

**WACHTELL, LIPTON, ROSEN & KATZ**

*/s/ John F. Lynch*
JOHN F. LYNCH (*pro hac vice* forthcoming)
(JFLynch@wlrk.com)
51 West 52nd Street
New York, NY 10019
Tel:      (212) 403-1000
Fax:      (212) 403-2000

*Counsel for Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*

### CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Jonathan D. Uslaner, am the ECF User whose ID and password are being used to file this document pursuant to Local Rule 3-7(d).  In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: August 7, 2020

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)

\*      \*      \*

### ORDER GRANTING STIPULATION

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

DATED: August 7, 2020

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

STIPULATION AND SCHEDULING ORDER
CASE NO. 3:20-cv-04737-RS                                                                          4