1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Proposed Lead Plaintiff City of*
*Grand Rapids General Retirement System and*
*City of Grand Rapids Police & Fire Retirement*
*System and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF GRAND RAPIDS GENERAL RETIREMENT SYSTEM AND CITY OF GRAND RAPIDS POLICE & FIRE RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>          Defendants. | Case No. 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF CITY OF GRAND RAPIDS GENERAL RETIREMENT SYSTEM AND CITY OF GRAND RAPIDS POLICE & FIRE RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 22, 2020<br>Time: 1:30 p.m.<br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

NOTICE OF MOTION AND MOTION ......................................................................................... 1

STATEMENT OF ISSUES ............................................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.      PRELIMINARY STATEMENT ....................................................................................... 2

II.     SUMMARY OF THE ACTION ........................................................................................ 3

III.    ARGUMENT ..................................................................................................................... 5

        A.      Grand Rapids Is The Most Adequate Plaintiff ...................................................... 5

                1.      Grand Rapids' Motion Is Timely ............................................................... 5

                2.      Grand Rapids Has The Largest Financial
                        Interest ........................................................................................................ 6

                3.      Grand Rapids Otherwise Satisfies The
                        Requirements Of Rule 23 ........................................................................... 6

        B.      Grand Rapids Selected Well-Qualified Lead
                Counsel To Represent The Class ............................................................................ 8

CONCLUSION ............................................................................................................................... 9

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

CASES

3

*In re Cavanaugh*,
4    306 F.3d 726 (9th Cir. 2002) .........................................................................................5

5  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
     No. 12-cv-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ....................6
6

7  *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
     586 F.3d 703 (9th Cir. 2009) .....................................................................................8

8
   *Hessefort v. Super Micro Comput., Inc.*,
9    317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................6, 7

10 *Shenwick v. Twitter, Inc.*,
     No. 16-cv-05314-JST, 2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ...................7
11

STATUTES

12

13 15 U.S.C. § 78u-4(a) ........................................................................................... *passim*

OTHER AUTHORITIES

14

15 Fed. R. Civ. P. 23(a)(4)...................................................................................................7

16 H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................7

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 1:30 p.m. on October 22, 2020, or on a date and at a time set by the Court, before the Honorable Richard Seeborg, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 3 – 17th Floor, San Francisco, California, City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System (collectively, "Grand Rapids") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Grand Rapids as Lead Plaintiff in the above-captioned action; (2) approving Grand Rapids' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Grand Rapids believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Grand Rapids believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, its significant investments in the American Depositary Receipts ("ADRs") of Bayer Aktiengesellschaft ("Bayer" or the "Company"). Grand Rapids also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan D. Uslaner filed herewith (the "Uslaner Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Grand Rapids respectfully requests that the Court: (1) appoint it as Lead Plaintiff in the above-captioned action pursuant to the PSLRA; (2) approve its selection of Bernstein Litowitz to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 3:20-cv-04737-RS                                                                                    1

**STATEMENT OF ISSUES**

1.    Whether Grand Rapids is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2.    Whether to approve Grand Rapids' selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PRELIMINARY STATEMENT

On July 15, 2020, Grand Rapids filed the first and only securities class action against Bayer and certain of its current and former senior executives (collectively, "Defendants") alleging that Defendants violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).   Specifically, the action alleges that between May 23, 2016 and March 19, 2019, inclusive (the "Class Period"), Defendants misled investors concerning the Company's acquisition of Monsanto Company ("Monsanto") and the significant liability risk from lawsuits brought against Monsanto alleging that Monsanto's flagship weed killer product, Roundup, caused non-Hodgkin's lymphoma—a lethal blood cancer.   Bayer ADR investors, including Grand Rapids, incurred significant losses after juries in the first two Roundup cancer cases to proceed to trial found that exposure to Roundup was a "substantial factor" in causing the plaintiffs' non-Hodgkin's lymphoma.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.   15 U.S.C. § 78u-4(a)(3)(B)(i).   Under the PSLRA, the most adequate plaintiff is the movant with the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   For the reasons set forth below, Grand Rapids is the "most adequate plaintiff" by virtue of, among other things, the approximately $751,000 in losses that it incurred

on its purchases of 101,580 Bayer ADRs during the Class Period.[1]

In addition to asserting the largest financial interest, Grand Rapids readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class.  Grand Rapids—which is comprised of public pension funds that are overseen by a common Executive Director and overlapping Trustees—is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation.  Further, Grand Rapids fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and it is willing and able to undertake those responsibilities to guarantee the vigorous prosecution of this action.  Moreover, Grand Rapids has already demonstrated its commitment and ability to effectively prosecute this action, including through its filing of the first and only complaint asserting these claims.  Accordingly, Grand Rapids has both the incentive and ability to supervise and monitor counsel.

Grand Rapids' adequacy is also demonstrated through its selection of Bernstein Litowitz to serve as Lead Counsel for the Class.  Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on Grand Rapids' financial interest in the outcome of this action, and its ability to oversee counsel, Grand Rapids respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

## II.      SUMMARY OF THE ACTION

Bayer is a multinational pharmaceutical and life science company.  On May 23, 2016, the first day of the Class Period, Bayer announced that it had made an unsolicited all-cash offer to acquire Monsanto—a U.S. based provider of agricultural chemicals and other products.  On June 7, 2018, after a protracted regulatory approval process, the Company completed its acquisition of

---

[1] Grand Rapids' PSLRA-required Certifications are provided as Exhibit A to the Uslaner Decl.  In addition, charts providing calculations of Grand Rapids' losses are provided as Exhibit B to the Uslaner Decl.

1    Monsanto for $63 billion in cash (the "Acquisition")—the largest acquisition in German corporate

2    history—which Bayer financed, in large part, with newly assumed debt.

3        The action alleges that, throughout the Class Period, Defendants made false and misleading

4    statements concerning the Acquisition and the significant liability risk from lawsuits brought

5    against Monsanto alleging that Monsanto's flagship weed killer, Roundup, caused cancer,

6    including non-Hodgkin's lymphoma—a lethal blood cancer.  Specifically, Defendants touted the

7    Acquisition as "a compelling transaction for shareholders" that would create "significant value"

8    by generating "stronger growth, better profitability, and a more resilient business profile" and "will

9    translate into attractive financial benefits for Bayer and its shareholders."  Defendants specifically

10   downplayed the liability risk related to Monsanto's Roundup product, emphasizing that the

11   Company conducted a "thorough analysis" during its due diligence of Monsanto and "undertook

12   appropriate due diligence of litigation and regulatory issues throughout the process" which led

13   Bayer to finalize the Acquisition.

14       In truth, Defendants knew or recklessly disregarded that the Acquisition would not result

15   in the benefits for Bayer that Defendants had represented, due to Monsanto's significant exposure

16   to liability risk related to Roundup.  As a result of Defendants' misrepresentations and omissions,

17   Bayer ADRs traded at artificially inflated prices throughout the Class Period.

18       The truth began to emerge on August 10, 2018, when a California state court jury in the

19   first Roundup cancer case to proceed to trial found unanimously that Roundup was a "substantial

20   factor" in causing the plaintiff to develop non-Hodgkin's lymphoma and ordered Monsanto to pay

21   $39 million in compensatory damages and $250 million in punitive damages.  As a result, the price

22   of Bayer ADRs declined over 11%, from $26.59 per ADR to $23.59 per ADR.  However, despite

23   these disclosures, Bayer downplayed the significance of the jury verdict and continued to

24   misrepresent the prospects of the Acquisition.

25       On October 22, 2018, although the court in that case reduced the award of punitive damages

26   from $250 million to $39 million, the court otherwise denied Monsanto's motion for a judgment

27   notwithstanding the verdict and Monsanto's motion for a new trial, and upheld the jury's verdict

28   that the plaintiff's exposure to Roundup was a substantial factor in causing his non-Hodgkin's

1    lymphoma.  As a result, the price of Bayer ADRs declined nearly 9%, from $22.00 per ADR to

2    $20.10 per ADR.  However, Bayer continued to downplay the significance of these disclosures

3    and misrepresent the prospects of the Acquisition.

4         Then, on March 19, 2019, a jury in the first federal Roundup cancer lawsuit against

5    Monsanto to proceed to trial issued a verdict on causation in phase one of the bifurcated trial,

6    finding that the plaintiff's "exposure to Roundup was a substantial factor in causing his non-

7    Hodgkin's lymphoma."  As a result, the price of Bayer ADRs declined over 9%, from $19.67 per

8    ADR to $17.85 per ADR.

9    **III.    ARGUMENT**

10   **A.    <u>Grand Rapids Is The Most Adequate Plaintiff</u>**

11        Grand Rapids respectfully submits that it is entitled to be appointed Lead Plaintiff because

12   it is the movant "most capable of adequately representing the interests of class members."  15

13   U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff

14   in class actions arising under the federal securities laws and provides a presumption in favor of the

15   movant with the "largest financial interest" in the relief sought by the Class and satisfies the

16   relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*,

17   306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying

18   the lead plaintiff pursuant to these criteria.").  As set forth below, Grand Rapids believes it is the

19   "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

20        **1.    <u>Grand Rapids' Motion Is Timely</u>**

21        Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within

22   60 days of the publication of notice that the first action asserting substantially the same claims has

23   been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On July 15, 2020, Grand Rapids filed the above-

24   captioned action in this District.  That same day, counsel for Grand Rapids, Bernstein Litowitz,

25   published a notice on *PR Newswire* alerting investors to the pendency of the action and informing

26   them of the 60-day deadline to seek appointment as Lead Plaintiff, which is September 14, 2020.

27   *See* ECF No. 7-1.  Accordingly, Grand Rapids has timely moved for appointment as Lead Plaintiff

28   through the filing of this Motion.

2.      **Grand Rapids Has The Largest Financial Interest**

Grand Rapids should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, Grand Rapids suffered losses of approximately $751,000 on its Class Period purchases of 101,580 Bayer ADRs.  *See* Uslaner Decl., Exs. A-B.  To the best of Grand Rapids' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, Grand Rapids has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

3.      **Grand Rapids Otherwise Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Grand Rapids otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant "need only make a prima facie showing of its typicality and adequacy."  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018).  Here, Grand Rapids indisputably satisfies the typicality and adequacy requirements.

Grand Rapids' claims are typical of the claims of other purchasers of Bayer ADRs.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Id.* at 1061 (citation omitted).  Here, Grand Rapids' claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove Defendants' liability are nearly identical.  Indeed, like all other Class members, Grand Rapids (1) purchased Bayer ADRs during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged thereby.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-cv-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants'

1   purported false and misleading statements, and alleged[ly] suffered damages as a result"). As

2   such, Grand Rapids is a typical Class representative.

3    Grand Rapids similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4)

4   of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately

5   protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the

6   class representative and his counsel 'have any conflicts of interest with other class members' and

7   whether the class representative and his counsel will 'prosecute the action vigorously on behalf of

8   the class.'" *Super Micro Comput.*, 317 F. Supp. 3d at 1061. Grand Rapids satisfies these elements

9   because its substantial financial stake in the litigation provides the incentive to vigorously

10   represent the Class' claims. Grand Rapids' interests are perfectly aligned with those of the other

11   Class members and are not antagonistic in any way. There are no facts to suggest any actual or

12   potential conflict of interest or other antagonism between Grand Rapids and other Class members.

13    Moreover, Grand Rapids—which includes sophisticated institutional investors collectively

14   responsible for overseeing hundreds of millions of dollars in assets—is exactly the type of investor

15   that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions.

16   *See Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22,

17   2016) ("Congress intended that the lead plaintiff provision would encourage institutional investors

18   to take a more active role in securities class action lawsuits[.]") (internal quotations omitted); H.R.

19   Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that

20   "increasing the role of institutional investors in class actions will ultimately benefit shareholders

21   and assist courts by improving the quality of representation in securities class actions").

22    Finally, Grand Rapids has demonstrated its adequacy through its selection of Bernstein

23   Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below,

24   Bernstein Litowitz is highly qualified and experienced in the area of securities class action

25   litigation and has repeatedly demonstrated an ability to conduct complex securities class action

26   litigation effectively. Thus, as demonstrated herein, Grand Rapids satisfies the requirements of

27   Rule 23.

28

**B.**     <u>**Grand Rapids Selected Well-Qualified Lead Counsel To Represent The Class**</u>

Pursuant to the PSLRA, a movant shall, subject to court approval, select and retain counsel to represent the class it seeks to represent, and that selection is to be honored unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Uslaner Decl., Ex. C (Bernstein Litowitz's Firm Résumé).  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class.  Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-0832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); *In re SunPower Securities Litigation*, No. 09-cv-5473 (N.D. Cal.) (recovering $19.7 million for investors) (Seeborg, J.); and *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361-CRB (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors).

1       Thus, the Court may be assured that by granting this Motion, the Class will receive the

2   highest caliber of legal representation.

3                                   **CONCLUSION**

4       For the reasons discussed above, Grand Rapids respectfully requests that the Court appoint

5   it as Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, and

6   grant any such further relief as the Court may deem just and proper.

7   Dated:  September 14, 2020                     Respectfully submitted,

8                                     **BERNSTEIN LITOWITZ BERGER**

9                                       **& GROSSMANN LLP**

10                                  */s/ Jonathan D. Uslaner*
                                    JONATHAN D. USLANER (Bar No. 256898)

11                                  (jonathanu@blbglaw.com)
                                    2121 Avenue of the Stars, Suite 2575

12                                  Los Angeles, CA 90067
                                    Tel:    (310) 819-3470

13                                    -and-

14                                  HANNAH ROSS*
                                    (hannah@blbglaw.com)

15                                  AVI JOSEFSON*
                                    (avi@blbglaw.com)

16                                  1251 Avenue of the Americas
                                    New York, NY 10020

17                                  Tel:    (212) 554-1400
                                    Fax:    (212) 554-1444

18

19                                  *Counsel for Proposed Lead Plaintiff City of Grand*
                                    *Rapids General Retirement System and City of*

20                                  *Grand Rapids Police & Fire Retirement System and*
                                    *Proposed Lead Counsel for the Class*

21                                  *\*Pro hac vice* forthcoming

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, I caused the foregoing to be electronically

filed with the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

 */s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

---

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 3:20-cv-04737-RS