# EXHIBIT A

**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

The Sheet Metal Workers' National Pension Fund ("SMW Pension Fund") declares as to the claims asserted under the federal securities laws, that:

1. I, Lori Wood, Executive Director at SMW Pension Fund, am authorized to make legal decisions on behalf of SMW Pension Fund with regard to this action.

2. I have reviewed the first-filed class action complaint filed in the United States District Court for the Northern District of California in this matter captioned *City of Grand Rapids General Retirement System, et al. v. Bayer Aktiengesellchaft, et al.* No. 3:20-cv-04737-RS. At this time, I generally adopt the key substantive allegations of that complaint.

3. The SMW Pension Fund did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

4. The SMW Pension Fund is willing to serve as a representative party on behalf of the Class (as defined in the Complaint), including providing testimony at deposition and trial, if necessary.

5. During the Class Period (as defined in the Complaint), the SMW Pension Fund purchased and/or sold the securities that are the subject of the Complaint as set forth on the attached Schedule A.

6. The SMW Pension Fund has full power and authority to bring suit to recover for its investment losses.

7. The SMW Pension Fund has authorized the filing of a motion for appointment as lead plaintiff on its behalf in this action.

8. The SMW Pension Fund intends to actively monitor and vigorously pursue this action for the benefit of the Class.

9. The SMW Pension Fund was not appointed to serve as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification.

10. The SMW Pension Fund did not seek to serve as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification.

11. The SMW Pension Fund will not accept any payment for serving as a class representative on behalf of the class beyond its *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) relating to the representation of the Class or approved by the court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 14th day of September, 2020.

**Sheet Metal Workers' National Pension Fund**

By: _____
Lori Wood
Executive Director

## SCHEDULE A

| Trade Date | Transaction Type | Shares | Share Price ($) |
|---|---|---|---|
| 6/7/2016 | PURCHASE | 25,100 | 103.9916 |
| 8/2/2016 | PURCHASE | 16,315 | 106.6131 |
| 9/6/2016 | PURCHASE | 10,020 | 107.2068 |
| 10/14/2016 | SALE | 3,400 | 99.46 |
| 11/28/2016 | SALE | 11,100 | 93.2475 |
| 12/9/2016 | PURCHASE | 11,000 | 99.2994 |
| 9/19/2017 | SALE | 1,700 | 131.6165 |
| 12/18/2017 | PURCHASE | 20,200 | 31.928 |
| 2/14/2018 | PURCHASE | 5,700 | 30.71 |
| 3/27/2018 | PURCHASE | 5,306 | 28.22 |
| 10/18/2018 | PURCHASE | 14,910 | 22.4282 |

## CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS

The International Brotherhood of Teamsters Local No. 710 Pension Fund ("710 Pension Fund") declares as to the claims asserted under the federal securities laws, that:

1. I, Brian J. O'Malley, Administrator at Local 710, am authorized to make legal decisions on behalf of Local 710 with regard to this action.

2. I have reviewed the first-filed class action complaint filed in the United States District Court for the Northern District of California in this matter captioned *City of Grand Rapids General Retirement System, et al. v. Bayer Aktiengesellchaft, et al.* No. 3:20-cv-04737-RS. At this time, I generally adopt the key substantive allegations of that complaint.

3. Local 710 did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

4. Local 710 is willing to serve as a representative party on behalf of the Class (as defined in the Complaint), including providing testimony at deposition and trial, if necessary.

5. During the Class Period (as defined in the Complaint), Local 710 purchased and/or sold the securities that are the subject of the Complaint as set forth on the attached Schedule A.

6. Local 710 has full power and authority to bring suit to recover for its investment losses.

7. Local 710 has authorized the filing of a motion for appointment as lead plaintiff on its behalf in this action.

8. Local 710 intends to actively monitor and vigorously pursue this action for the benefit of the Class.

9. Local 710 was appointed to serve as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification in the following cases:

    a. *City of Birmingham Firemen's and Policemen's Supplemental Pension System v. Credit Suisse Group AG, et al.*, No. 17-CV-10014 (S.D.N.Y.)

    b. *Barry v. Colony NorthStar, Inc., et al.*, No. 18-CV-002888 (C.D. Cal.)

    c. *City of Westland Police and Fire Retirement System v. Philip Morris International Inc. et al.*, No. 18-CV-08049 (S.D.N.Y.)

10. Local 710 also sought to serve (but was not appointed or not yet appointed) as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification in the following cases:

    a. *Wigginton v. Advance Auto Parts. Inc., et al.*, No. 18-CV-00212 (D. Del.)

    b. *Lopes v. Fitbit, Inc., et al.*, No. 18-CV-06665 (N.D. Cal.)

    c. *SEB Investment Management AB v. Align Technology, Inc., et al.*, No. 18-CV-06720 (N.D. Cal.)

    d. *Harari v. PriceSmart, Inc. et. al.*, No. 19-CV-00958 (S.D. Cal.)

    e. *In re EQT Corp. Securities Litigation*, No. 19-CV-00754 (W.D. Pa.)

    f. *Cohen v. Luckin Coffee Inc. et. al.*, No. 20-CV-01293 (S.D.N.Y.)

11. Local 710 will not accept any payment for serving as a class representative on behalf of the class beyond its *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) relating to the representation of the Class or approved by the court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 14th day of September, 2020.

          **International Brotherhood of Teamsters Local No. 710 Pension Fund**

By: *[signature]*
Brian J. O'Malley
Administrator

## SCHEDULE A

| Trade Date | Transaction Type | Shares | Share Price ($) |
|---|---|---|---|
| 5/25/2016 | SALE | 5,900 | 97.4497 |
| 5/26/2016 | SALE | 3,400 | 96.2871 |
| 5/27/2016 | SALE | 1,865 | 95.142 |
| 6/7/2016 | PURCHASE | 20,100 | 103.9916 |
| 8/2/2016 | PURCHASE | 13,110 | 106.6131 |
| 9/6/2016 | PURCHASE | 8,020 | 107.2068 |
| 12/9/2016 | PURCHASE | 12,400 | 99.2994 |
| 6/22/2017 | SALE | 3,200 | 136.6591 |
| 8/7/2017 | SALE | 3,000 | 125.6627 |
| 12/18/2017 | PURCHASE | 19,900 | 31.928 |
| 5/1/2018 | SALE | 5,888 | 29.6217 |