UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF GRAND RAPIDS GENERAL RETIREMENT SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AKTIENGESELLSCHAFT, et al.,<br><br>Defendants. | Case No.  20-cv-04737-RS<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |

Plaintiffs Sheet Metal Workers National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (together, the "Pension Fund Investors") move for appointment as Lead Plaintiff and approval of their selection of Class Counsel pursuant to the Private Securities Litigation Reform Act ( "PSLRA"). 15 U.S.C. § 78u-4(a)(3)(B). Originally, two other groups of Plaintiffs sought appointment: (1) the City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System (together, the "Grand Rapids Fund"); (2) the Ohio Carpenters Pension Fund and the Greater Pennsylvania Carpenters' Pension Fund (together, the "Carpenters Fund"). The former coalition has withdrawn its motion and the latter has filed a notice of non-opposition. As a result, the Pension Fund Investors' motion is unopposed.

The PSLRA directs courts to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). There exists a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons having the largest financial interest in the relief sought who can otherwise make a *prima facie* showing of typicality and adequacy, as

required by Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 730 – 31 (9th Cir. 2002).

The Pension Fund Investors have shown, and the other coalitions agree, that they have the largest financial interest. Though the Ninth Circuit has not endorsed a specific method for calculating financial interest, district courts are directed to apply accounting methods that are "rational and consistently applied." *In re Cavanaugh*, 306 F.3d at 730 n.4. The Pension Fund Investors urge calculation of the relevant financial interests based on the losses suffered. This method requires courts to consider four factors, the most important of which is the "approximate losses suffered during the class period." *Tollen v. Geron Corp.*, 2020 WL 2494570, at *2 (N.D. Cal. May 14, 2020). The Pension Fund Investors incurred nearly $3.9 million in losses; the Carpenters Fund claims approximately $1.5 million in losses and the Grand Rapids Fund claims under a million dollars. Even individually, each member of the Pension Fund Investors reports losses in excess of the total losses of the Carpenters Fund and Grand Rapids Funds. The Sheet Metal Workers National Pension Fund claims about $2.2 million and the International Brotherhood of Teamsters Local No. 710 Pension Fund claims over $1.6 million in losses. Therefore, the Pension Fund Investors have the largest financial interest.

The Pension Fund Investors have also shown that they satisfy the Rule 23 requirements of typicality and adequacy. The typicality requirement is satisfied when the presumptive Lead Plaintiff and absent class members have suffered the same injuries as a result of the same conduct by the defendants. *Hanon v Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Because all class members, including the Pension Fund Investors, suffered as a result of their purchase of Bayer American Depository Receipts at prices that are alleged to have been artificially inflated, the typicality requirement is satisfied. Rule 23's adequacy requirement contemplates two key questions: (1) Do conflicts exist within the class? and (2) Will plaintiff's counsel vigorously fulfill their duties to the class? *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). No conflicts appear to be brewing; the Pension Fund Investors emphasize alignment with the interests of absent class members. The Pension Fund Investors also assert, due to their significant financial

losses, that they are highly incentivized to represent the interests of the class vigorously. While the Pension Fund Investors are, technically, two separate, sophisticated investors, they have declared that they intend to work collaboratively as a cohesive unit to achieve the best results for the class. *See* ECF 24-3 (Joint Decl., Lavallee Decl., Ex. C ) (electing to collaborate in order to "gain the advantages of joint decision-making, collective resources, and to provide the Class with broad representation."). Consequently, the Pension Fund Investors have satisfied the adequacy requirement.

Finally, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In light of both firms' significant experience litigating securities fraud actions, and their routine appointment as Lead Counsel by courts in this District, the Pension Fund Investors' selection of Cohen Milstein Sellers & Toll PLLC as Lead Counsel and Berman Tabacco as Liaison Counsel on behalf of the class is approved.

**IT IS SO ORDERED**.

Dated: October 21, 2020

_____
RICHARD SEEBORG
United States District Judge