Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
John F. Lynch (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
John R. Rady (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer
Aktiengesellschaft, Werner Baumann,
Werner Wenning, Liam Condon,
Johannes Dietsch, and Wolfgang Nickl*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No.:  3:20-cv-04737-RS<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>Date:   July 22, 2021<br>Time:   1:30 p.m.<br>Judge:  Richard Seeborg<br>Courtroom:  3 — 17th Floor |

Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl have moved to dismiss the amended class action complaint (the "Complaint"), filed on January 19, 2021. Dkt. No. 47. In support of their motion, defendants request that this Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of John F. Lynch (the "Lynch Declaration").

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the Complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GmbH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd.* v. *Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch* v. *Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)). In addition, a court must consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**Exhibits 1 through 6** to the Lynch Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on defendants' motion to dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

**I. THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT**

The Court must consider documents incorporated by reference in the Complaint. *Tellabs*, 551 U.S. at 322. While a mere mention of a document is not sufficient, a document is incorporated into a complaint if it is referred to extensively or if the plaintiff's claims necessarily

depend on its contents. *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Moreover, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties — and the Court — are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (internal quotation omitted).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996). Plaintiffs must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry." *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015). For this additional reason, documents purported to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Accordingly, the Court should take notice of the documents attached as **Exhibits 1-6** to the Lynch Declaration, all of which are incorporated by reference in the Complaint, as summarized in the following table, and attached as exhibits to the Lynch Declaration.

| Ex. | Description | Complaint ¶ |
|-----|-------------|-------------|
| 1 | Email exchange among Richard Dirks, William Heydens, and Donna Farmer (April 25, 2002) | 109, 141 |
| 2 | S&P Global, Transcript of Bayer AG "M&A Call" (May 23, 2016) | 85, 219-21 |
| 3 | S&P Global, Transcript of Bayer AG "Special Call" (August 23, 2018) | 126-32, 245-47, 250, 253-55, 321-23 |
| 4 | Bayer AG, Annual Report 2018 (February 2019) | 150, 238, 262, 283-84, 287-89 |
| 5 | Statement of Linklaters LLP (February 7, 2020) | 180-84 & n.4 |
| 6 | Bayer AG, Annual Report 2019 (February 27, 2020) | 304-05, 308-09 |

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF BAYER AG'S FINANCIAL DISCLOSURES AND PUBLIC COMMUNICATIONS

In addition, it is proper for the Court to take judicial notice that the "market was aware of the information" contained in financial disclosures and public communications. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *see also Metzler*, 540 F.3d at 1064 & n.7 (finding it proper to take judicial notice of "publicly available financial documents"). Courts routinely take judicial notice of such materials "to show disclosure of information." *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 978 (N.D. Cal. 2010) (taking judicial notice of conference call statements); *see also Brodsky* v. *Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of conference call transcripts, press releases, news articles, and analyst reports). Accordingly, the Court should take judicial notice of **Exhibits 2-6**, listed in the table above.

Dated:   March 22, 2021

By:   */s/ Jordan Eth*
Jordan Eth  (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
John F. Lynch (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
John R. Rady (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*