Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
          jmiles@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Date:      July 15, 2021<br>Time:     1:30 p.m.<br>Judge:    Richard Seeborg<br>Courtroom: 3 — 17th Floor |

[No: 3:20-cv-04737-RS] PLAINTIFFS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

In support of their opposition to Defendants' motion to dismiss the Amended Class Action Complaint (the "Complaint") (ECF No. 61), Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund ("Lead Plaintiffs"), along with additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively, "Plaintiffs"), respectfully request the Court consider and take judicial notice of the documents incorporated by reference in the Complaint and attached as exhibits to the accompanying Declaration of Carol V. Gilden (the "Gilden Declaration").

**ARGUMENT**

In deciding a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *accord Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "Even if a document is not attached to a complaint, it may be incorporated by reference" if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss," *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011).

Further, under Federal Rule of Evidence 201, the court may judicially notice any fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under this rule, "a court may take judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) [of] publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019). SEC filings are subject to judicial notice. *E.g.*, *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). So are "proceedings in other courts, both within and

without the federal judicial system, if those proceedings have a direct relation to matters at issue."

*Kipp v. Davis*, 971 F.3d 939, 945 n.2 (9th Cir. 2020) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 961 F.2d 244, 248 (9th Cir. 1992)).

The Court should take notice of the documents attached as **Exhibits 1-4** to the Gilden Declaration, each of which meets one or more of the foregoing standards, and three of which are incorporated by reference in the Complaint, as summarized in the following table:

| Ex. | Description | Complaint ¶¶ | Reasons Court Should Take Judicial Notice |
|---|---|---|---|
| 1 | Schedule 14A Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 filed with the SEC by Monsanto Company on September 14, 2016, and retrieved from https://www.sec.gov/Archives/edgar/data/0001110783/000119312516709814/d261188ddefa14a.htm | ¶ 97 | 1. Incorporated into the Complaint by reference. 2. SEC filing. 3. Public record. 4. Available via publicly accessibly website whose accuracy and authenticity are not subject to dispute. |
| 2 | CBS News article published on June 19, 2018 titled *Monsanto Faces Its First Trial Over Allegations Roundup Ingredient Caused Cancer*, and retrieved from https://www.cbsnews.com/news/monsanto-faces-its-first-trial-over-allegations-roundup-ingredient-caused-cancer-glyphosate/ | ¶¶ 17, 113, 347 | 1. Incorporated into the Complaint by reference. 2. Discusses matters of public record. 3. News article containing information of which market became aware. 4. Available via publicly accessibly website whose accuracy and authenticity are not subject to dispute. |
| 3 | CBS News video published on June 19, 2018, titled *Man Dying of Cancer Sues Monsanto*, and retrieved from https://www.cbsnews.com/news/monsanto-faces-its-first-trial-over-allegations-roundup-ingredient-caused-cancer-glyphosate/ | ¶¶ 17, 113, 347 | 1. Incorporated into the Complaint by reference. 2. Discusses matters of public record. 3. News article containing information of which market became aware. 4. Available via publicly accessibly website whose accuracy and authenticity are |

| | | | not subject to dispute. |
|---|---|---|---|
| 4 | Opinion of the U.S. Court of Appeals for the Ninth Circuit in *Hardeman v. Monsanto Co.*, 2021 WL 1940550 (9th Cir. May 14, 2021). | Document post-dates the Complaint. | 1. Public record.<br>2. Court proceeding with direct relation to matters at issue. |

Exhibit 1 is relevant to Plaintiffs' arguments that Defendants Bayer Aktiengesellschaft ("Bayer") and Werner Baumann made false and misleading statements to investors about the financial attractiveness of the merger between Baumann and Monsanto. *See* Pls.' Br. 5, 12-13. Exhibits 2 and 3 are relevant to Plaintiffs' argument that a CBS News report dated June 19, 2018, as contained in these exhibits, constituted a corrective disclosure and materialization of the risks concealed by Defendants. *See* Pls.' Br. 6, 26-28. Exhibit 4 is relevant in establishing that Defendants knew or recklessly disregarded substantial evidence available to them in the due diligence process for the merger that Monsanto had for many years ignored Roundup's carcinogenic risks, and that this evidence could support jury verdicts and substantial awards of damages against the company. *See* Pls.' Br. 9, 10-11, 16.

Accordingly, this Court should consider **Exhibits 1-4** to the Gilden Declaration when ruling on Defendants' motion to dismiss. Fed. R. Evid. 201(c)(2) (a court "must take judicial notice if a party requests it and the court is supplied with the necessary information"); *Tellabs*, 551 U.S. at 322.

Dated:  May 21, 2021

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:    */s/ Carol V. Gilden*
       Carol V. Gilden (admitted *pro hac vice*)

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Susan G. Taylor (SBN 190753)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        sgtaylor@cohenmilstein.com

Joel P. Laitman (*pro hac vice* forthcoming)
Chris Lometti (*pro hac vice* forthcoming)
Benjamin F. Jackson (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: jlaitman@cohenmilstein.com
        clometti@cohenmilstein.com
        bjackson@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        jmiles@bermantabacco.com

*Liaison Counsel for Plaintiffs and the Class*