Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        jmiles@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br>     vs. <br><br> BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL, <br><br>         Defendants. | Case No: 3:20-cv-04737-RS <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> Date:       July 15, 2021 <br> Time:      1:30 p.m. <br> Judge:     Richard Seeborg <br> Courtroom:  3 — 17th Floor |

[No: 3:20-cv-04737-RS] PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE

Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund ("Lead Plaintiffs"), along with additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively, "Plaintiffs"), respectfully submit this Opposition to Defendants' Request for Consideration and Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Request"). (ECF No. 62.)

**ARGUMENT**

Defendants' Request should be denied insofar as it asks the Court to assume the truth of all the matters asserted in Defendants' exhibits, because "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The Court should not assume as true or construe any statements in the attached exhibits to the Request in such a manner as to conflict with or undermine Plaintiffs' allegations or claims. The Court should also deny Defendants' request to take judicial notice of documents for the purpose of providing context for the false and misleading statements alleged in the Amended Class Action Complaint (the "Complaint," ECF No. 47), because there is no support for such an approach in the case law.

In deciding a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *accord Khoja*, 899 F.3d at 998. "Even if a document is not attached to a complaint, it may be incorporated by reference" if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss," *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011). Further, under Federal Rule of Evidence 201, the court may judicially notice any fact

that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

However, "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine" can "lead to unintended and harmful results." *Khoja*, 899 F.3d at 998. This risk is especially significant in securities fraud matters, which are subject to a heightened pleading standard, because "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* For this reason, "what inferences a court may draw from an incorporated document should also be approached with caution." *Id.* at 1003. While a court can generally assume an incorporated document's contents are true for purposes of a motion to dismiss, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage," *id.*, and ensures that the Court "draw[s] all reasonable inferences in favor of the plaintiff," *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). Accordingly, the Court should deny Defendants' Request insofar as it seeks to have the Court assume as true or construe any statements in the documents attached as exhibits to the Request in such a manner as to conflict with or undermine Plaintiffs' allegations or claims.[1]

The Court should also reject Defendants' Request that the Court take judicial notice of their exhibits for the purpose of providing context for the false and misleading statements alleged in the

---

[1] The Court should not credit Defendants' characterization of Exhibit 1 to their Request (cited herein as "Ex. 1") both for the foregoing reasons, and because Defendants' proposed reading is implausible. *See* Defs.' Br. 12-13. Defendants contend this document discusses studies of the health effects of Roundup that Monsanto researchers believed had "no currency with regulatory or serious scientists." Ex. 1 (Apr. 25, 2002 8:19 a.m. email from D. Farmer to W. Heydens, CC R. Dirks). Defendants' reading entirely ignores a later email in the chain in which Dr. William Heydens, Monsanto's head of Product Safety Strategy, states that it "continues to be the case with these studies" that glyphosate, the primary active ingredient in Roundup, "is OK but the formulated product [(*i.e.*, Roundup)] . . . does the damage." *Id.* (Apr. 25, 2002 10:47 a.m. email from W. Heydens to D. Farmer, CC R. Dirks). Plaintiffs are entitled to the reasonable inference that this document shows that Monsanto was aware, as early as 2002, that Roundup causes cancer.

Complaint. As support for their argument, Defendants only cite *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015), which does not discuss the issue of judicial notice. This argument otherwise finds no support in Ninth Circuit decisions concerning federal securities class actions.

For the foregoing reasons, the Court should deny Defendants' Request insofar as it seeks to have the Court assume as true or construe any statements in the documents attached as exhibits to the Request in such a manner as to conflict with or undermine Plaintiffs' allegations or claims, and insofar as it seeks that the Court take judicial notice of documents in order to provide context for Defendants' false and misleading statements.

Dated:  May 21, 2021

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:     */s/ Carol V. Gilden*
        Carol V. Gilden (admitted *pro hac vice*)

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Susan G. Taylor (SBN 190753)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        sgtaylor@cohenmilstein.com

Joel P. Laitman (*pro hac vice* forthcoming)
Chris Lometti (*pro hac vice* forthcoming)
Benjamin F. Jackson (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: jlaitman@cohenmilstein.com
          clometti@cohenmilstein.com
          bjackson@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
          jmiles@bermantabacco.com

*Liaison Counsel for Plaintiffs and the Class*

[No: 3:20-cv-04737-RS] PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE

4