Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
John F. Lynch (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer
Aktiengesellschaft, Werner Baumann,
Werner Wenning, Liam Condon,
Johannes Dietsch, and Wolfgang Nickl*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No.:  3:20-cv-04737-RS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE AND OPPOSITION TO PLAINTIFFS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE**<br><br>CLASS ACTION<br><br>Date:  August 5, 2021<br>Time:  1:30 p.m.<br>Judge:  Richard Seeborg<br>Courtroom:  3 — 17th Floor |

**ARGUMENT**

In opposing defendants' request for consideration and judicial notice, plaintiffs do not deny that their pleading incorporates all of defendants' proposed exhibits, nor that the documents are authentic and suitable for judicial notice.  Instead, plaintiffs argue that the Court should disregard those exhibits if they undermine their complaint or provide context for the statements it challenges.  *See* Pls.' Opp'n to Defs.' Request for Consideration and Judicial Notice at 1, 2.  These objections are unfounded — and revealing.  Defendants' proposed exhibits provide context necessary for the proper evaluation of statements selectively quoted by plaintiffs.  They should be considered by the Court.

Meanwhile, plaintiffs have attempted to supplement their pleading with four new exhibits.  Plaintiffs' motion for consideration and judicial notice of these documents is erroneous as a technical matter as to two of the four, and none matter for defendants' motion to dismiss, but defendants do not object to the Court considering them.

**I.    THE COURT SHOULD CONSIDER DEFENDANTS' PROPOSED EXHIBITS.**

Plaintiffs cannot insulate their complaint from the documents it incorporates.  As set out in defendants' dismissal briefing, plaintiffs have sought to plead securities fraud through selective quotation.  *See, e.g.*, Defs.' Reply P&A in Support of Motion to Dismiss at 3-4.  For example, the Complaint clips a May 2016 statement made by Mr. Baumann during a public conference call to suggest that he was commenting on the "risk and the exposure" that Monsanto faced on the "topic of glyphosate" generally, ¶ 219, when the transcript of that call shows Mr. Baumann was speaking narrowly about the risk of possible non-renewal of the glyphosate license in Europe, *not* potential litigation liability.  *See* Defs.' Exhibit 2 at 13-14.  Viewed in context, the statement — which plaintiffs cite heavily in their dismissal briefing — offers no support for their claims.

The U.S. Supreme Court has established standards that block such artful pleading:  Courts weighing dismissal of Section 10(b) claims "must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice."  *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S.

DEFS.' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
AND OPPOSITION TO PLS.' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO.:  3:20-CV-04737-RS

1

175, 194 (2015) (each statement must be considered "in light of all its surrounding text"). Defendants' proposed exhibits provide necessary context that exposes the Complaint's inadequacy. Plaintiffs are not entitled to keep that context hidden from the Court.

Ninth Circuit precedent is consistent on this. Plaintiffs cite *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), which held it "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. However, *Khoja* did not create a safe harbor for selective quotation. Defendants' proposed exhibits are *not* submitted for the truth of what they contain, but only to supply the proper context for the statements that plaintiffs challenge.

## II.    THE COURT SHOULD DENY PLAINTIFFS' MOTION IN PART.

When plaintiffs drafted the Complaint, they were free to include substantive exhibits if they thought they would be helpful. They included none. Facing dismissal, plaintiffs now seek to supplement the record with four new documents that they say were either incorporated into their pleading or are otherwise suitable for judicial notice. Two of the four are properly considered as incorporated by the Complaint. One is a public SEC filing and therefore acceptable for consideration, but appears to have been submitted by mistake. The fourth is a judicial decision, which defendants agree can be considered as such, but not as a matter of judicial notice. None of the four documents can help plaintiffs avert dismissal.

Plaintiffs' Exhibits 2 and 3 are CBS News publications that are repeatedly cited in the Complaint and could have been attached to it as exhibits. Defendants do not object to their consideration. Plaintiffs are incorrect, however, in claiming the news reports "constituted a corrective disclosure and materialization of the risks concealed by [d]efendants," not least because — as plaintiffs concede — both reports simply "[d]iscuss[ed] matters of public record." Pls.' Request for Consideration and Judicial Notice ("Pls.' Request") at 2, 3.

Plaintiffs' Exhibit 1 is a September 2016 proxy disclosure that plaintiffs say is incorporated by reference in paragraph 97 of the Complaint. Pls.' Request at 2. Plaintiffs appear to have confused it with a different proxy disclosure from the same day, which is quoted at the

DEFS.' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
AND OPPOSITION TO PLS.' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO.:  3:20-CV-04737-RS

2

specified paragraph.[1]  That disclosure would be suitable for judicial notice and incorporation by reference, but it does not help plaintiffs.  It makes clear that while Mr. Baumann spoke generally about Bayer's due diligence process, he did not purport to opine on glyphosate liability or Bayer's review of internal Monsanto documents relating to glyphosate.  Plaintiffs' Exhibit 1 is quoted at paragraph 224 of the Complaint.  It also does not refer to glyphosate, but defendants do not object to the Court considering it for whatever it is worth.

With their Exhibit 4, plaintiffs have asked the court to take judicial notice of the Ninth Circuit's opinion in *Hardeman* v. *Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021).  *See* Pls.' Request at 3.  In that decision, the Court rejected Monsanto's argument that certain glyphosate duty-to-warn claims were preempted by federal statute, then sustained a jury verdict against Monsanto after "viewing the evidence in the light most favorable to [the plaintiff] and drawing all reasonable inferences in his favor." *Id.* at 946-60, 970.  While plaintiffs are entitled to reference that opinion in their brief, as a technical matter it is not appropriate for judicial notice — and certainly cannot be used to allege fraud by hindsight as plaintiffs seek to do.  *See Fed. Home Loan Mortg. Corp.* v. *Keo*, 2020 WL 2308088, at *3 (N.D. Cal. May 8, 2020) (rejecting judicial notice of court opinions as "unnecessary").

## CONCLUSION

Defendants' request should be granted so that the Court is not forced to ignore the plain language of incorporated documents that unmask plaintiffs' selective quotation.  While judicial consideration of plaintiffs' proposed exhibits is appropriate in one form or another, the Court should deny plaintiffs' request for judicial notice of a judicial decision.

---

[1] *See* Monsanto, Schedule 14A Proxy Statement (Sept. 14, 2016), available at https://www.sec.gov/Archives/edgar/data/1110783/000119312516712356/d243622ddefa14a.htm.

DEFS.' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
AND OPPOSITION TO PLS.' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO.:  3:20-CV-04737-RS

3

Dated:    June 21, 2021

By:    /s/ Jordan Eth
Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
John F. Lynch (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*

DEFS.' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
AND OPPOSITION TO PLS.' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO.:  3:20-CV-04737-RS

4