Carol V. Gilden (*admitted pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
 jmiles@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*
[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>　　　vs.<br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br>　　　　　　Defendants. | Case No: 3:20-cv-04737-RS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>Hearing:　　No hearing set per<br>　　　　　　Civil Local Rule 7-9(d)<br>Judge:　　　Richard Seeborg |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

I.      THERE IS NO BASIS FOR RECONSIDERING THE COURT'S CORRECT
        CONCLUSION THAT PLAINTIFFS ADEQUATELY PLEADED THAT
        DEFENDANTS MADE FALSE AND MISLEADING STATEMENTS ABOUT
        BAYER'S DUE DILIGENCE ON MONSANTO. ............................................................. 2

II.     THERE IS NO BASIS FOR RECONSIDERING THE COURT'S CORRECT
        CONCLUSION THAT PLAINTIFFS ADEQUATELY PLEADED SCIENTER. ........... 6

CONCLUSION................................................................................................................................ 7

# TABLE OF AUTHORITIES

**CASES**

*Am. Fed'n of Teachers v. Cardona*,
No. 5:20-cv-00455-EJD, 2021 WL 4461187 (N.D. Cal. Sept. 29, 2021)......................... 1, 4, 5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
856 F.3d 605 (9th Cir. 2017) ........................................................................................ 2

*Gray v. Golden Gate Nat'l Recreational Area*,
866 F. Supp. 2d 1129 (N.D. Cal. 2011) ........................................................................ 1

*Lipton v. Pathogensis Corp.*,
284 F.3d 1027 (9th Cir. 2002) ...................................................................................... 6

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ........................................................................................ 1

*McDowell v. Calderon*,
197 F.3d 1253 (9th Cir. 1999) ...................................................................................... 1

*Samet v. Procter & Gamble Co.*,
No. 5:12-cv-1891-PSG, 2014 WL 1782821 (N.D. Cal. May 5, 2014).................................... 1

*Wochos v. Tesla, Inc.*,
985 F.3d 1180 (9th Cir. 2021) ................................................................................... 2, 5

**RULES**

Civil L.R. 7-9(b)(3)........................................................................................................ 1

Civil L.R. 7-9(c)...................................................................................................... 1, 2, 3, 5

Civil L.R. 9(b)(3) .......................................................................................................... 1

## **PRELIMINARY STATEMENT**

Defendants seek leave to file a motion for reconsideration of the Court's order denying their motion to dismiss (ECF No. 90) (the "Order") under Civil Local Rule 7-9(b)(3), which requires a "***manifest failure*** by the Court to consider material facts or dispositive legal arguments ***which were presented to the Court*** before such interlocutory order." Civil L.R. 9(b)(3) (emphasis added).[1]

"Motions for reconsideration are disfavored and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with ***newly discovered evidence***, committed ***clear error***, or if there is an ***intervening change in the controlling law***.'" *Am. Fed'n of Teachers v. Cardona*, No. 5:20-cv-00455-EJD, 2021 WL 4461187, at *2 (N.D. Cal. Sept. 29, 2021) (emphasis added) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam)). A "motion for reconsideration 'may ***not*** be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat'l Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citations omitted). Further, under Civil Local Rule 7-9(c), in filing a motion for leave to file a motion for reconsideration, the moving party may not "repeat any oral or written argument" they previously made "in support of . . . the interlocutory order which the party now seeks to have reconsidered," and "[a]ny party who violates this restriction shall be subject to appropriate sanctions." Civil L.R. 7-9(c).

Defendants have not met this "high bar for leave to file a motion for reconsideration." *Samet v. Procter & Gamble Co.*, No. 5:12-cv-1891-PSG, 2014 WL 1782821, at *3 (N.D. Cal. May 5, 2014). Indeed, under the above standards, their motion fails at every turn. Several of

---

[1] References to "¶__" are to the Amended Class Action Complaint (the "Complaint"), ECF No. 47. "DOB" and "DRB" refer to Defendants' opening brief (ECF No. 61) and reply brief (ECF No. 78) in support of their motion to dismiss, respectively. "Tr." refers to the transcript of the oral argument on Defendants' motion to dismiss (ECF No. 89). "Mot." refers to Defendants' instant motion (ECF No. 93).

Defendants' arguments were not previously presented to the Court, nor has there been any newly discovered evidence or intervening change in the law justifying Defendants' delay in presenting them until now. As for Defendants' remaining arguments, they merely parrot what they previously advanced in support of their motion to dismiss (in violation of Civil Local Rule 7-9(c)). Importantly, these arguments were already considered by the Court—which repeatedly emphasized at oral argument that it had closely read the parties' submissions, Tr. 4:4-5, 5:2-7, 33:2-3—and were rejected in the Court's Order. Thus, there is no basis for disturbing the Order.

In sum, Defendants' disagreement with the Court's Order does not justify reconsideration. Defendants must show that new evidence has surfaced, or that there has been an intervening change in the law, or that the Court overlooked binding and undisputedly dispositive precedent. Because Defendants cannot establish that any of these have occurred, reconsideration here would be futile, and Defendants' motion for leave should be denied.

### ARGUMENT

I.    **THERE IS NO BASIS FOR RECONSIDERING THE COURT'S CORRECT CONCLUSION THAT PLAINTIFFS ADEQUATELY PLEADED THAT DEFENDANTS MADE FALSE AND MISLEADING STATEMENTS ABOUT BAYER'S DUE DILIGENCE ON MONSANTO.**

Defendants first argue that "[u]nder Ninth Circuit precedent," Defendants' false and misleading "statements about pre-merger diligence" cannot, as a matter of law, have "falsely implied that Bayer had reviewed Monsanto internal documents relating to glyphosate." Mot. 1. But Defendants do not cite any new precedent to support this insertion. Instead, Defendants rely on the same two Ninth Circuit cases, *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1193 (9th Cir. 2021), and *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615-16 (9th Cir. 2017), to reargue that the Complaint does not state with particularity why a statement misled investors, and must state with particularity why Defendants subjectively disbelieved or lacked a basis for an expressed opinion. *See* Mot. 2-5; DRB 2. But the Order recognized and correctly applied these pleading standards to hold that Plaintiffs' allegations about Defendants' misleading statements and omissions concerning Bayer's due diligence on Monsanto satisfied it. *See* Order 3-5. Moreover, neither *Wochos* nor *City of Dearborn* establishes

that Defendants' false and misleading statements about their pre-merger diligence cannot, as a matter of law, have falsely implied that Bayer reviewed Monsanto's internal documents prior to the merger.

Defendants next argue that their statements made prior to when Monsanto lost the first Roundup trial "did not address glyphosate litigation risk at all," claiming that "not one mentions glyphosate litigation or any steps that Bayer took to assess the risks it posed," and no reasonable investor "would hear . . . that Bayer had reviewed Monsanto's internal documents on glyphosate." Mot. 2. But having made this argument previously (*see* DOB 7-8; DRB 2-4), Defendants are not permitted under Civil Local Rule 7-9(c) to repeat it now. Moreover, the Court correctly rejected this argument, ruling that Defendants' alleged misrepresentations could have given a reasonable investor the misleading impression "that Bayer had assessed Monsanto's litigation risks, and had reviewed non-public information to inform that review." Order at 5-6. There is no legitimate basis for reconsideration on this point.

Additionally, even if it were appropriate for the Court to consider Defendants' arguments about the statements the Court cited by way of example in the Order (which, as Defendants concede, are only a subset of the alleged misrepresentations, *see* Mot. App'x), Defendants' motion would fail. First, as to Defendant Werner Baumann's ("Baumann") September 14, 2016 misrepresentation that Bayer had "confirmed in due diligence" the deal's "significant potential for sales and cost synergies," Defendants cite the website *Investopedia* to argue that the phrase "sales and cost synergies" cannot refer to litigation risk. Mot. 2. Defendants previously made this argument, specifically asserting that this phrase merely "address[es] broad business topics," DRB 4, and that it says "[n]othing about glyphosate litigation risk," Tr. 25:25-26:3. Again, Defendants are prohibited from repeating the argument here under Civil Local Rule 7-9(c). Regardless, Plaintiffs have adequately pled that no reasonable investor would have believed this "confirmation" of the merger's profitability wholly excluded an assessment of potential liabilities associated with the Roundup litigation, and the Court correctly concluded the statement was misleading. *See* ¶¶97-98, 224-31.

Second, as to Baumann's July 27, 2017 statement that "the Monsanto people went out of their way to provide us with transparency, data and visibility to the most critical questions we had," Defendants argue that investors would not have understood the phrase "most critical questions" to encompass the then-pending Roundup toxic tort litigation, and would not understand "transparency, data and visibility" to refer to internal Monsanto information. *See* Mot. 3. First, Defendants did not raise this argument previously, and they cannot do so now. *Cardona*, 2021 WL 4461187, at *2. Second, the Court in any event properly concluded to the contrary, *see* Order 5-6, as investors would reasonably assume this statement referred to Monsanto's then-pending Roundup toxic tort litigation, given Monsanto's notorious history of massive toxic tort liabilities.

Further, contrary to Defendants' contention, Plaintiffs' allegations that this statement was made in relation to a "management presentation" and "confirmatory due diligence," ¶228, do not undermine Plaintiffs' allegations that investors were misled by these misrepresentations, because the context did nothing to indicate to investors that Bayer was not discussing with Monsanto, or performing due diligence on, the risks from the Roundup litigation. And if anything, Baumann's comparison of the "transparency, data and visibility" provided by Monsanto to the lack of "full transparency" in the acquisition of Merck's consumer health business demonstrates why investors would have been misled by Bauman's statement. In the Merck acquisition, a "limited ability to do due diligence" caused Bayer to fail to detect that Merck's OTC business was worth hundreds of millions of dollars less than presented. ¶¶12, 73. A reasonable investor would interpret Baumann's statement to mean that Bayer was conducting extensive and searching due diligence on Monsanto and its internal workings, in contrast to the more cursory due diligence Bayer had performed on Merck—even though this was far from the case.

Third, Defendants argue that Baumann's May 25, 2018 statement that "[t]he acquisition is . . . just [as] attractive today as we assessed it to be 2 years ago" does not, given its surrounding context, "relate[] to diligence on glyphosate litigation." Mot. 3-4. Defendants made no arguments about the purported "context" for this statement in their briefing or at oral argument, and therefore are precluded from doing so now, because a "motion for reconsideration

'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation,'" *Cardona*, 2021 WL 4461187, at *2.[2]

Finally, Defendants argue that their false and misleading statements following the *Johnson v. Monsanto Company* verdict "could not have misled investors about a pre-merger review of Monsanto documents, because **all** the post-verdict statements were either preceded or accompanied by statements in which Bayer allegedly admitted it had done no such review." Mot. 1 (emphasis added). Defendants did not previously present this argument to the Court, and it is therefore not a proper basis for their current motion. *Id.* To the extent Defendants raise this argument specifically as to Baumann's August 23, 2018 statement, "All I can say about this is that internal documents are sometimes cited out of context on the plaintiff's side," Mot. 4-5 (quoting ¶235), Defendants merely restate an argument they previously briefed, *see* DRB 3-4, and which they are precluded under Civil Local Rule 7-9(c) from advancing again now. Thus, Defendants' arguments about the few exemplary false and misleading statements cited by way of example in the Order provide no justification for reconsideration. Moreover, as Defendants concede, the Complaint alleges Defendants made numerous other misrepresentations about Bayer's due diligence, including numerous additional post-*Johnson* misrepresentations (*see* ¶¶219-49 & Mot. App'x), further demonstrating there is more than ample support in the Complaint for the Order's conclusions. Defendants point to no newly discovered evidence, intervening change in the controlling law, or undisputedly controlling Ninth Circuit or Supreme Court precedent that would justify reconsideration of this issue now. Thus, their motion for leave to file motion for reconsideration should be denied.

---

[2] As to Defendants' arguments that this statement and others were mere opinions, *see* Mot. 3-4 & 5 n.3, even assuming *arguendo* that these statements were opinions, they are nevertheless actionable because they were "misleadingly incomplete," *Wochos*, 985 F.3d at 1188-89, in that they suggested to investors that Bayer had conducted a meaningful inquiry as to the risks posed by the then-mounting number of Roundup cases, even though Defendants knew or were reckless to the possibility that no such inquiry had occurred.

## II. THERE IS NO BASIS FOR RECONSIDERING THE COURT'S CORRECT CONCLUSION THAT PLAINTIFFS ADEQUATELY PLEADED SCIENTER.

As to scienter, Defendants first argue that the Court manifestly failed to consider Ninth Circuit authority holding that a motive to pursue business advantages, standing alone, does not support an inference of scienter. Mot. 1, 5 (citing *Lipton v. Pathogensis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002)). But the Court *explicitly* considered this argument and correctly held it was "not dispositive" on its own. Order 9.

Defendants next argue that the Complaint lacks "compelling and particularized facts" necessary to plead scienter. Mot. 1, 5-6. Here, once again, Defendants impermissibly repeat arguments they previously advanced and that were properly rejected by the Court. *See* DOB 16-18; DRB 12-13. The Order correctly held that the Complaint contained particularized allegations as to *numerous* bases for scienter here, including (1) Defendants' desire to remain competitive in the agrochemical business; (2) Baumann's history of reckless due diligence practices; (3) Baumann's obsession with acquiring Monsanto; (4) Defendants' opportunity to review Monsanto internal documents before the merger closed; (5) the magnitude of the problems with the merger and how rapidly these problems became apparent; and (6) the widespread negative reaction to the deal from analysts and shareholders. Order 9-10. The Court correctly concluded that, taken together, these allegations tended to show that Defendants "advanced in pursuit of the merger despite being aware that acquiring Monsanto brought significant risks, all the while assuring investors they had fully assessed those risks themselves," which is sufficient to plead scienter. Order 9-10. Defendants cite no material facts or dispositive legal authority showing the Court undisputedly and obviously erred in reaching this decision.[3]

---

[3] Defendants argue in a footnote that "[i]nferences about Defendants' states of mind cannot fairly be drawn from jury outcomes." Mot. 7 n.6. But Defendants cite no legal authority—let alone dispositive authority—supporting this argument. In any event, the fact that Monsanto sustained massive losses in every one of the first three Roundup litigation bellwether trials is probative of Defendants' recklessness as to their assurances to investors about their due diligence on the risks of acquiring Monsanto, as the Court correctly determined. *See* Order 9.

**CONCLUSION**

Defendants' motion for leave to file a motion for reconsideration should be denied. Defendants have made no showing of newly discovered material evidence, or an intervening change in the law, or that the Court engaged in clearly erroneous legal reasoning that overlooked binding and undisputedly controlling Ninth Circuit or Supreme Court precedent. Because Defendants have failed to establish any basis for their motion, reconsideration would be futile.

Dated: November 12, 2021                 Respectfully submitted,

**COHEN MILSTEIN SELLERS &
TOLL PLLC**


*/s/ Carol V. Gilden*

Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Susan G. Taylor (SBN 190753)
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
           sgtaylor@cohenmilstein.com

Chris Lometti (*pro hac vice* forthcoming)
Benjamin F. Jackson (admitted *pro hac vice*)
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
           bjackson@cohenmilstein.com

*Lead Counsel*

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        jmiles@bermantabacco.com

*Liaison Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal
Workers' National Pension Fund and
International Brotherhood of Teamsters Local
No. 710 Pension Fund, and Named Plaintiff
International Union of Operating Engineers
Pension Fund of Eastern Pennsylvania And
Delaware Local No. 542*