United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHEET METAL WORKERS NATIONAL PENSION FUND, et al.,

Plaintiffs,

v.

BAYER AKTIENGESELLSCHAFT, et al.,

Defendants.

Case No. 20-cv-04737-RS

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

This putative class action alleges violations of the Securities Exchange Act of 1934 in relation to Bayer's acquisition of Monsanto. On October 19, 2021, Defendants' motion to dismiss was denied. Dkt. 90. The Court noted, though, that certain theories the Plaintiffs advanced were not viable. Defendants now move for leave to file a motion for reconsideration under Civil Local Rule 7-9(b)(3). Dkt. 93. Plaintiffs oppose the motion. Dkt. 95.

A party who wishes to move for reconsideration of an interlocutory order must first seek leave to file such a motion under Local Rule 7-9. Under Local Rule 7-9(b)(3), the party must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Defendants have not satisfied the Local Rule 7-9(b)(3) requirements. Defendants argue that the Complaint does not adequately plead falsity as to statements concerning due diligence and that the Complaint does not adequately plead scienter, repeating the same arguments they made in support of their motion to dismiss. The cases cited by the Defendants, *Wochos v. Tesla*, 985 F.3d

1180, 1193 (9th Cir. 2021), *Omnicare v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 194 (2015), and *City of Dearborn Heights v. Align Technology*, 856 F.3d 605, 615-16 (9th Cir. 2017), do not establish that Plaintiffs have not pled falsity with particularity as to Defendants' statements concerning pre-merger due diligence. These cases, and Defendants' arguments on this issue, were considered when ruling on the motion to dismiss. Similarly, the argument that Plaintiffs have not pled a legally cognizable motive was considered, and rejected, when ruling on the motion to dismiss.

As Defendants' arguments were considered when ruling on the motion to dismiss, the motion for leave to file a motion for reconsideration under Local Rule 7-9(b)(3) is denied. Motions for reconsideration are designed to bring to the Court's attention clear instances of missed arguments, not simply to make the very same points but more loudly. Sadly, Defendants' effort here falls into the latter category.

**IT IS SO ORDERED**.

Dated: November 15, 2021

_____
RICHARD SEEBORG
Chief United States District Judge