Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
         jmiles@bermantabacco.com

*Attorneys for Lead Plaintiffs Sheet Metal Workers'*
*National Pension Fund and International*
*Brotherhood of Teamsters Local No. 710 Pension*
*Fund and Additional Named Plaintiff International*
*Union of Operating Engineers Pension Fund of*
*Eastern Pennsylvania and Delaware*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　　vs.<br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br>　　　　　Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)**<br><br>Date: January 13, 2022<br>Time: 1:30 PM<br>Courtroom: 3 – 17th Floor<br>Judge: Richard Seeborg |

[No: 3:20-cv-04737-RS] MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPL.

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED**

**CLASS ACTION COMPLAINT**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 13, 2021 at 1:30 p.m., or soon thereafter, in the Courtroom of the Honorable Richard Seeborg, United States District Court, for the Northern District of California, San Francisco Division, the Plaintiffs will, and hereby do, move for leave to file a Second Amended Class Action Complaint. This motion is brought pursuant to Federal Rule of Civil Procedure 15(a). This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying declaration of Carol V. Gilden and the exhibits thereto, including the [Proposed] Second Amended Class Action Complaint, and the pleadings and paper on file in this action.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    STATEMENT OF THE ISSUE TO BE DECIDED

Should the Court grant Plaintiffs leave to file a Second Amended Class Action Complaint?

### II.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Plaintiffs hereby request leave to file the proposed Second Amended Complaint that is attached to the accompanying Declaration of Carol V. Gilden ("Gilden Declaration") as Exhibits 1-2.[1] The purpose of the amended pleading is (1) to provide additional, particularized factual allegations to strengthen and refocus Plaintiffs' theory relating to Defendants' false and misleading statements regarding glyphosate safety and the evidentiary basis for Monsanto's science-based trial defenses in the Roundup litigation, as invited by the Court in its October 19, 2021 order (the "Order"); and (2) to remove allegations regarding Bayer's allegedly false and misleading statements relating to accounting for the risk of losses in the Roundup litigation, which the Court held in the Order to be insufficient to support claims under Sections 10(b) and 20(a) of the Exchange Act. As set forth below, this motion should be granted because it is being made in a timely manner, is supported by good cause, and will not prejudice any party.

### III.    RELEVANT FACTS AND PROCEDURAL HISTORY

This action was filed on July 15, 2020, on behalf of all persons or entities that purchased or otherwise acquired Bayer Aktiengesellschaft's ("Bayer" or the "Company") publicly traded American Depositary Receipts ("ADRs") from May 23, 2016 and July 6, 2020, inclusive (the "Class Period"), and were damaged as a result. Plaintiffs alleged violations of §10(b) of the Exchange Act and Rule 10b-5 Against All Defendants and violations of §20(a) of the Exchange Act Against the Individual Defendants.[2] On January 19, 2021, Plaintiffs filed the Amended Complaint. (ECF No. 47.)

---

[1] Exhibit 1 is a "clean" version of the proposed Second Amended Class Action Complaint. Exhibit 2 is a "redline" version of the proposed Second Amended Class Action Complaint, which demonstrates how the Second Amended Class Action Complaint differs from the Amended Class Action Complaint (the "Amended Complaint") (ECF No. 47).

[2] Defendants included Bayer, Defendants Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (together, the "Individual Defendants," and collectively with

On March 22, 2021, Defendants moved to dismiss the Amended Complaint. (ECF No. 61.) On October 19, 2021, this Court denied Bayer's motion to dismiss. (ECF No. 90.) However, the Court noted that Plaintiffs failed to plead falsity as to Defendants' accounting for litigation risks and that the Amended Complaint did not state with particularity facts supporting a strong inference that Defendants acted intentionally or with deliberate recklessness when making statements about glyphosate safety. (ECF No. 90 at 7, 10.) The Court then concluded that "unless and until Plaintiffs successfully amend the Complaint," those theories "are foreclosed as the case moves forward." (*Id.* at 13.) On November 19, 2021, the Court entered the parties' stipulated agreement to defer the initial case management conference in anticipation of Plaintiffs filing a second amended complaint. (ECF Nos. 100, 101.)

### IV.     Proposed Second Amended Class Action Complaint

The proposed Second Amended Class Action Complaint that is attached to the Gilden Declaration as Exhibit 1 includes two main amendments. First, Plaintiffs proposed amendment adds additional factual allegations to augment  their claims relating to Defendants' false and misleading statements regarding glyphosate safety and the evidentiary basis for Monsanto's science-based trial defenses in the Roundup litigation to address what the Court found lacking about the actionability of these false statements. Second, Plaintiffs proposed amendment removes allegations regarding Bayer's allegedly false and misleading statements relating to accounting for the risk of losses in the Roundup litigation, rather than amend its Complaint as to those false statements.

### V.     ARGUMENT

#### A.  Applicable Standards

Rule 15(a) states, in relevant part, that after an opposing party has served a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *See Foman v. Davis*, 371 U.S. 178, 182

---

Bayer, the "Defendants").

[No: 3:20-cv-04737-RS] MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPL.

3

(1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Ninth Circuit has instructed that the policy favoring amendments is to "be applied with *extreme* liberality." *Id.* at 1051. (emphasis added). Liberality in granting leave to amend applies regardless of whether an amendment will add causes of action or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### 1. Plaintiffs' Leave to Amend Should be Granted

Courts routinely permit class action plaintiffs to amend their complaint to add, amend, or clarify allegations. *See Harris v. Best Buy Stores, L.P.*, 2017 WL 8948336, at *1 (N.D. Cal. July 13, 2017); *Amparan v. Plaza Home Mortg., Inc.*, 2009 WL 2776486, at *3 (N.D. Cal. Aug. 28, 2009). The facts here support leave to file a second amended class action complaint.

*First*, there has been no undue delay in bringing the motion. Plaintiffs promptly notified Defendants that an amended complaint is forthcoming. Both parties then notified the Court of this development and requested the case management conference to be deferred, which the Court approved. (ECF Nos. 100, 101.) Additionally, Rule 15 does not mandate a time limit for amending, and thus delay by itself does not provide sufficient grounds for denying leave to amend. *Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collector,* 836 F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend"); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend").

*Second*, Plaintiffs are not acting in bad faith, nor do they have a dilatory motive. *See Richardson v. United States,* 841 F.2d 993, 999 (9th Cir. 1988) (leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith"). Plaintiffs are not amending to destroy diversity, nor are they attempting to sustain meritless claims, nor is there any evidence of wrongful motive. *See e.g., Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Plaintiffs are attempting to

remove a cause of action that the Court did not find viable, and to add factual allegations that are relevant for the Court's future consideration.

*Third*, the amendments are not futile, as this Court has denied Defendants' motion to dismiss the Amended Complaint and indicated that if Plaintiffs are able to establish the dismissed theories' viability in an amended complaint, they may pursue them in the litigation. (ECF No. 90) ("certain theories Plaintiffs have advanced under the 10(b) claim are not viable, and therefore unless and until Plaintiffs successfully amend the Complaint those theories are foreclosed as the case moves forward") ; *see Rieve v. Coventry Health Care, Inc.*, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012) ("A proposed amended pleading is futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense.'" (quoting *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)); *Bd. of Trs. of Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010) ("This court normally will not rule on the futility of an amendment at the motion to amend stage of the litigation unless the proposed amendment is clearly and unambiguously futile.").

*Fourth*, and most importantly, the proposed amendment does not prejudice any of the parties. The proposed amendment does not change the nature of the claims asserted, nor does it alter the obligations of any of the Defendants, as the parties have yet to begin discovery. *See Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*, 2020 WL 3188420, at *3 (N.D. Cal. June 15, 2020) (no prejudice since discovery had not yet commenced). Finally, the parties mutually agreed to delay the court management conference in anticipation of the filing of the Second Amended Complaint. (ECF No. 100.) Defendants received notice that an amendment was forthcoming, on or by this date, and did not voice any objections. (*Id.*)

## VI.    Conclusion

For the reasons set forth herein, the Court should grant leave to file the proposed Second Amended Class Action Complaint.

Dated:  December 17, 2021

By:    */s/ Nicole Lavallee*
Nicole Lavallee (SBN 165755)

Jeffrey Miles (SBN 293869)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        jmiles@bermantabacco.com

*Liaison Counsel*

Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Susan G. Taylor (SBN 190753)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        sgtaylor@cohenmilstein.com

Chris Lometti (*pro hac vice* forthcoming)
Benjamin F. Jackson (admitted *pro hac vice*)
Norhan Bassiouny (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Flour
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
        bjackson@cohenmilstein.com
        nbassiouny@cohenmilstein.com

*Lead Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal Workers'
National Pension Fund and International Brotherhood
of Teamsters Local No. 710 Pension Fund, and
Additional Named Plaintiff International Union of
Operating Engineers Pension Fund of Eastern
Pennsylvania And Delaware Local No. 542*