Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer
Aktiengesellschaft, Werner Baumann,
Werner Wenning, Liam Condon,
Johannes Dietsch, and Wolfgang Nickl*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>          Defendants. | Case No.:  3:20-cv-04737-RS<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>Date:   April 14, 2022<br>Time:   1:30 p.m.<br><br>Judge:  Richard Seeborg<br>Courtroom:  3 — 17th Floor |

Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl have moved to dismiss the Second Amended Class Action Complaint (the "Complaint"), filed on December 30, 2021. Dkt. No. 107. In support of their motion, defendants request that this Court take judicial notice of certain documents attached as exhibits to the Declaration of Noah B. Yavitz (the "Yavitz Declaration") and consider documents incorporated by reference in the Complaint.

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, a court must consider "matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201 authorizes judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In addition, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs*, 551 U.S. at 322. **Exhibits 1 through 11** to the Yavitz Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, the Court should consider these documents when ruling on defendants' motion to dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

**Government records.** "Documents published on government-run websites are proper for judicial notice given their reliability." *Eidmann* v. *Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) (citing *Daniels-Hall* v. *Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)) (taking judicial notice of information related to the concentration of acetaminophen in infant medicine published on the U.S. Food and Drug Administration's website). **Exhibits 1 through 8** to the Yavitz Declaration are reports published by government agencies on government-run websites and thus properly subject to judicial notice. The Court should therefore take judicial notice of these documents.

**Judicial records.** Courts may also take judicial notice of court records or proceedings in other cases. *See Certainteed Gypsum, Inc.* v. *Pac. Coast Bldg. Prods., Inc.*, 2021 WL 1405477, at

*4 (N.D. Cal. Apr. 14, 2021) (citing *Holder* v. *Holder*, 305 F.3d 854, 866 (9th Cir. 2002)).

**Exhibits 9 and 10** to the Yavitz Declaration are both court records issued in litigation before the Superior Court of California.  Accordingly, the Court should take judicial notice of these documents.

 **Documents incorporated by reference.**  The Court must also consider documents incorporated by reference in the Complaint.  *Tellabs*, 551 U.S. at 322.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties — and the Court — are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (internal quotation omitted).  Moreover, purported misstatements must be read "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information."  *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190 (2015).  Accordingly, a document incorporated by reference in the Complaint and purported to contain false or misleading statements must be considered in full.  The Court should therefore take notice of the conference call transcript attached as **Exhibit 11** to the Yavitz Declaration, which is incorporated by reference in the Complaint.  *See* Complaint ¶¶ 138-44, 245-47, 251-56.

Dated:    January 31, 2022

By:    /s/ Jordan Eth
Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*