Carol V. Gilden (*pro hac vice*)
**Cohen Milstein Sellers & Toll PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
       avahdat@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*

[Additional Counsel on Signature Page]

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

Jordan Eth (SBN 121617)
Mark R.S. Foster (SBN 223682)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JEth@mofo.com
       MFoster@mofo.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>       Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>Ctrm:  3 – 17th Floor<br>Judge:  Richard Seeborg |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS, counsel for Lead and Named Plaintiffs ("Plaintiffs") and Defendants (collectively, the "Parties," and each, a "Party") have met and conferred regarding the disclosure and discovery activity in this action and hereby stipulate and agree as follows:

## 1.    PURPOSE AND GENERAL STIPULATIONS

1.1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality and Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2.    For purposes of this Order, any Party may designate as "Confidential," "Highly Confidential," "Highly Confidential – AEO," and/or "Foreign Confidential Personal Data" any information regarded as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data (as defined herein) respectively by the Party that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to any other Party, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

1.3.    This Order shall govern the handling of discovery materials in this litigation. This Order shall be binding on anyone receiving materials as part of this litigation, all parties and their

respective counsel, experts, consultants, representatives, and others as set forth below, in this litigation, including in all add-on or included actions, and further binds all signatories to Exhibit A to this Order.  Third parties producing materials may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

## 2.    DEFINITIONS

For purposes of this Order, capitalized terms will have the meanings set out below.

2.1.    Challenging Party:  a Party or non-Party ("Non-Party") that challenges the designation of information or items under this Order.

2.2.    "Confidential" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under applicable law or statute.  Such information shall be associated with the legend "CONFIDENTIAL."

2.3.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential, Highly Confidential, "Highly Confidential – AEO," or Foreign Confidential Personal Data.

2.5.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this litigation.

2.6.    Expert:  a person with specialized knowledge or experience in a matter pertinent to this litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, and (4) within the last 3 year(s) was not a past employee of a Party.

2.7.    Foreign Data Protection Law:  data subject to foreign data protection laws,

including Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation or "GDPR"; Brazil's Lei Geral de Proteção de Dados Pessoais or Law 13.709/18 (General Data Protection Law or "LGPD," from its acronym in Portuguese); and Costa Rica's Ley No. 8.968 de Protección de la persona frente al tratamiento de sus datos personales (Law for the Protection of persons from the processing of their personal data);

2.8.    "Highly Confidential" Information or Items:  extremely sensitive Confidential Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents for which disclosure may cause competitive injury. Such information shall be associated with the legend "HIGHLY CONFIDENTIAL"

2.9.    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive Confidential Information or Items, disclosure of which to any Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents for which disclosure may cause competitive injury.  Such information shall be associated with the legend "HIGHLY CONFIDENTIAL - AEO"

2.10.    House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12.    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, including their support staff and subcontractors.

2.13.    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts or consultants, and Outside Counsel of Record (and their support staffs).

2.14.    Personal Data or Foreign Confidential Personal Data:  any information relating to an identified or identifiable natural person ("Data Subject") subject to protection under Foreign

Data Protection Law (as defined herein). Such information shall be associated with the legend "FOREIGN CONFIDENTIAL PERSONAL DATA." An identifiable natural person is one who can be identified, directly or indirectly, in particular by referencing an identifier such as a name, an identification number, location data, an online identifier, or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person.

2.15.    Personal Data Breach:  a breach of security leading to the accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Personal Data, whether transmitted, stored, or Processed.

2.16.    Personal Data Controller:  the natural or legal person, public authority, agency or other body which, alone or jointly with others, determines the purposes and means of Processing of Foreign Confidential Personal Data.

2.17.    Personal Data Processing:  any operation or set of operations that is performed on Foreign Confidential Personal Data, whether or not by automated means, such as collection, recording, organization, structuring, storage, adaptation or alteration, retrieval, consultation, use, disclosure by transmission, dissemination, or otherwise making available, alignment or combination, restriction, erasure, or destruction.  "Process" and "Processed" will each have a corresponding meaning.

2.18.    Personal Data Processor:  the natural or legal person, public authority, agency or other body which Processes Foreign Confidential Personal Data on behalf of the Personal Data Controller.

2.19.    Privileged Material:  material protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

2.20.    Producing Party or Disclosing Party:  a Party or Non-Party that gives testimony or produces Disclosure or Discovery Material in this action.

2.21.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.22.  Protected Material:  any Disclosure or Discovery Material that is designated as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data.

2.23.  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; (4) personal, medical, or financial information subject to federal or state privacy rights, including but not limited to information that is deemed confidential under the Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations; and (5) personal information subject to protection under Foreign Data Protection Law.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Consistent with Rule 37, each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    Designation.

   a.    Any Designating Party shall have the right to designate as Confidential any information, document, or thing that it is disclosing and that it believes in good faith constitutes, contains, embodies, discloses, or reflects confidential information, trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists; business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins; credit card

numbers, social security numbers; personal financial, or other personally sensitive information; and any other material that is confidential pursuant to applicable law.

b. Any Designating Party shall also have the right to designate as Highly Confidential any Confidential Information for which the Designating Party in good faith reasonably believes that disclosure other than as permitted pursuant to Section 7 of this Order may cause competitive injury to the Designating Party or other serious harm.

c. Any Designating Party shall also have the right to designate as Highly Confidential – Attorneys' Eyes Only any Confidential Information for which the Designating Party in good faith reasonably believes that disclosure other than as permitted pursuant to Section 7 of this Order may cause competitive injury to the Designating Party or other serious harm.

d. Any Designating Party shall also have the right to designate as Foreign Confidential Personal Information any personal information for which the Designating Party in good faith believes relates to an identifiable natural person subject to protection under Foreign Data Protection Law.

e. Any copy made of Protected Material shall have the same status as the original.

5.3.    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "FOREIGN CONFIDENTIAL PERSONAL DATA" to each page that contains protected material.  Typographical, procedural, or other immaterial errors

occurring in affixing the appropriate legend to Protected Material shall not be treated as having not designated the Protected Material or waiving a claim confidentiality or any protections.  To facilitate the flow of discovery material, at the time of initial production, the Producing Party may designate an entire document as "Confidential" "Highly Confidential,"  or "Highly Confidential – Attorneys' Eyes Only," or "Foreign Confidential Personal Data" if it believes in good faith that such designation is appropriate for any part of the document or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data.

For electronically stored information produced in native format, designation of documents may be made in a produced metadata field or in the file name.  Whenever any Party receives Computerized Material or documents produced in native format that have been designated as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data, if such Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the appropriate confidentiality designation..

If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data, the Parties may designate them accordingly by marking the face of any such response with one of the legends set forth in Section 5 herein and indicating the page and line references of the material that are to be subject to this Order.

For testimony given in a deposition or in other pretrial or trial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of

protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  If the 30-day period described above is invoked, the deposition transcript as to which the 30-day period applies shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the 30-day period runs. After the expiration of that period, the transcript shall be treated as actually designated.

b.  For information produced in non-document form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "FOREIGN CONFIDENTIAL PERSONAL DATA."  If only a portion or portions of the information or item warrant protection, the Producing

Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4.    Failure to Designate.  Any under-designation, failure to designate, or production of any Protected Material will not result in or be construed as a waiver, in whole or in part, of (a) the Producing Party's claims of confidentiality either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (b) the party's right to later designate the material as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data pursuant to this Order.  In the event that a Party produces any material without attaching the appropriate legend described in Section 5.3 herein, the Party may subsequently designate the material as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data at any time by forwarding to the opposing Party copies of the material bearing one of the legends required by Section 5.3 and requesting that the opposing Party destroy all prior copies of the Protected Material.  Upon receipt of such a request, the opposing Party shall destroy all copies of the Protected Material as originally produced, replace them with copies bearing the appropriate confidentiality legend(s), and take necessary steps to retrieve all copies of the produced confidential document distributed to other counsel or non-parties and to replace those documents with properly designated copies to the extent that the other counsel or non-parties are permitted to review Protected Material under this Order.  In the event a Receiving Party becomes aware that it is in possession of what appears to be a produced document containing Protected Material that was not designated as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data as appropriate at the time of production, the Receiving Party shall notify the Producing Party of the apparent missing or under-protected confidentiality designation.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Notice and Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by exchanging letters or conferring directly within 14 business days of the date of service of notice.  In so doing, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3.    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 28 business days of the initial notice of challenge or within 21 days of all the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within the time period specified above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at

any time in accordance with the procedure above if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 herein.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order only.

7.2.      Disclosure of Confidential and Foreign Confidential Personal Information or Items. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any information or item designated Confidential and/or Foreign Confidential Personal Data to any third person or entity except as set forth in this Section.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information and Foreign

Confidential Personal Data:

a.  Counsel for the Parties, employees of counsel, and independent-contractor attorneys who have contracted with counsel for the Parties who have responsibility for this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

b.  Parties and officers, directors, and employees of such Parties to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

c.  Experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of disclosure;

d.  the Court and its personnel;

e.  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

f.  during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

    1.  Witnesses shall not retain a copy of documents containing Confidential

and/or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential and/or Foreign Confidential Personal Data pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. any mediator or settlement officer, and their support personnel, mutually agreed upon by any of the Parties engaged in settlement discussions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

i. Professional Vendors engaged for the limited purpose of making copies of documents or organizing or processing documents who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B); and

j. other persons only by written consent of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), or upon order of the Court and on such conditions as may be agreed or ordered.

7.3. Disclosure of Highly Confidential Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Highly Confidential only to:

a. Counsel for the Parties, employees of counsel, and independent-contractor attorneys who have contracted with counsel for the Parties who have responsibility for this

action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B), as appropriate given the level of protection;

b. Parties and officers, directors, and employees of such Parties to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection;

c. Experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Undertaking for Highly Confidential Information" (Exhibit B), as appropriate given the level of disclosure;

d. the Court and its personnel;

e. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or "Undertaking for Highly Confidential Information" (Exhibit B), as appropriate given the level of protection;

f. during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Undertaking for Highly Confidential Information" (Exhibit B), as appropriate given the level of protection;

2. Witnesses shall not retain a copy of documents containing Confidential and/or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential and/or Foreign Confidential

Personal Data pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. any mediator or settlement officer, and their support personnel, mutually agreed upon by any of the Parties engaged in settlement discussions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or the "Undertaking for Highly Confidential Information" (Exhibit B), as appropriate given the level of protection;

i. Professional Vendors engaged for the limited purpose of making copies of documents or organizing or processing documents who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B); and

7.4. other persons only by written consent of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B), or upon order of the Court and on such conditions as may be agreed or ordered. Disclosure of Highly Confidential – Attorneys' Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a. the Receiving Party's Outside Counsel of Record in this action, as well as partners, associate attorneys, contract attorneys and staff of said Outside Counsel of Record who are actually assisting in the conduct of this litigation;

b. Experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B);

c.    the Court and its personnel;

d.    Professional Vendors engaged for the limited purpose of making copies of documents or organizing or processing documents who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B);

e.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

f.    other persons only by written consent of the Designating Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Undertaking for Highly Confidential Information" (Exhibit B), or upon order of the Court and on such conditions as may be agreed or ordered.

7.5.    Counsel for each Party disclosing Protected Material in accordance with Section 7 shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and government authorities) of the terms of this Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Order to each such person.  Prior to the disclosure of any Protected Material to any person authorized to receive such information by this Order, such person shall sign the Acknowledgment(s), in the form attached hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide by its terms.

7.6.    Data Security:  The Parties, counsel for the Parties and anyone receiving Protected Materials subject to this Order shall keep all Discovery Materials designated as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.  Receiving Parties shall exercise at least the same standard of due

and proper care with respect to the storage, custody, use, and/or dissemination of information exchanged in this matter as is exercised by such Party with respect to its own information of the same or comparable confidentiality and sensitivity.  Receiving Parties must take reasonable precautions to protect Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    a. Protected Materials shall be stored and maintained in a reasonably secure manner so as to avoid unauthorized disclosure, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Order.  Security procedures enacted and followed must provide a level of security appropriate to the risk presented by the processing and the nature of the data to be protected;

    b. Any person in possession of Protected Materials shall maintain a written information security program that includes appropriate technical and organizational measures to protect against the unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Protected Materials.  To the extent a party or person does not have an information security program, they may comply with this Order by having the Protected Materials managed by and/or stored with eDiscovery vendors that maintain such an information security program. The Receiving Party shall ensure that persons authorized to access Foreign Confidential Personal Data have committed themselves to the same confidentiality obligation(s) as the Receiving Party or are under an appropriate statutory obligation of confidentiality;

    c. Protected Material in electronic form shall be maintained in a secure litigation support site and/or other electronic sources that apply standard industry practices regarding

data security, including but not limited to, application of access control rights to those persons entitled to access the information under this Order;

d.  Any Receiving Party will maintain a list of all individuals provided, copied, or permitted access to Protected Materials, including current and former authorized users of the Receiving Party's litigation support site during the pendency of this litigation;

e.  Any Protected Information downloaded from a litigation support site in electronic format shall be stored only on devices (e.g., laptop, tablet, smartphone, USB drive) that are password protected and/or encrypted with access limited to persons entitled to access confidential material under this Order.  If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

f.  Protected Information in paper format is to be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Protected Information under this Order; and

g.  The Receiving Party must put in place procedures so that any Authorized Recipient (as defined herein) will respect and maintain the confidentiality and security of the data.  This shall include an executed agreement with the Authorized Recipient, which includes provisions that are no less protective of Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and Foreign Confidential Personal Data than the level of protection required by the obligations set forth in this Section.  Any person acting under the authority of either Party, including a Personal Data Processor, shall be obligated to Process Protected Materials, including the Foreign Confidential Personal Data, only on instructions from that party, unless they are otherwise expressly authorized by law to Process the Foreign Confidential Personal Data.

**8.    CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1.    If a Party is served with a subpoena or a court order issued in other litigation or administrative proceeding that compels disclosure of any information or items designated in this action as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only, that Party shall, to the extent permitted by law:

    a.    within 7 business days, notify in writing the Designating Party and provide a copy of the subpoena or court order;

    b.    within 7 business days, notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Confidential.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

9.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.  make the information requested available for inspection by the Non-Party.

9.3.    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order and this has resulted in a Data Breach, the Receiving Party must immediately (a) notify in writing the Designating Party of the Data Breach, (b) give the Designating Party a description of the nature of the Data Breach (including, where possible, categories and approximate number of data subjects and personal data records concerned), (c) describe and use its best efforts to retrieve all unauthorized copies of the Protected Material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (e) request such person or persons return all unauthorized copies, excerpts, or summaries of Protected Material, (f) give the contact information

for a person from whom Designating Party can obtain more information regarding the Data Breach, and (h) document all facts relating to the Data Breach, including any remedial action taken and keep a record thereof.

**11.     NON-WAIVER OF PRIVILEGE OR PROTECTION**

11.1.    If information produced or withheld in discovery is subject to a claim of privilege or of protection as trial-preparation material, the Party or Non-Party making the claim must notify any Party that received or from which the information was withheld of the claim and the basis for it.

11.2.    When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3.    The production of documents, electronically stored information (ESI), or other information protected by the attorney-client privilege, the work product doctrine, or other applicable privilege does not constitute a waiver of the applicable privilege or other protection from discovery in this litigation or in any other federal or state proceeding with respect to (a) those documents; (b) any other communications or document relating to the subject matter of those documents; or (c) any other communications or documents relating to the individuals or entities who sent, received or are named in those documents.  These protections apply irrespective of the degree of care taken by the Producing Party in (1) preventing disclosure, it being expressly recognized that the Producing Party is not obligated to engage in any pre-production review of the documents to identify Privileged Material; or (2) rectifying disclosure, it being further recognized that the Producing Party shall have no obligation to engage in post-production review to determine whether it has produced any Privileged Material.  The Parties reserve the right to challenge any assertion by the Producing Party of attorney-client privilege, work product doctrine protection, or other applicable privilege with respect to any particular document or collection/compilation of documents or data.  This paragraph shall be interpreted to provide the greatest protection allowed by law, including under Federal Rule of Evidence 502(d).

11.4.    If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to claim that the information is subject to a claim of privilege or of protection as trial-preparation material.

11.5.    If the Producing Party notifies the Receiving Party of the inadvertent production of materials that are subject to a claim of privilege or of protection as trial-preparation material (the "Identified Materials"), the Receiving Party must promptly return, sequester or destroy all copies of the Identified Materials.  The Receiving Party may use the Identified Materials and the information contained therein for the purpose of assessing and, if necessary, challenging the Producing Party's claim of privilege or of protection as trial-preparation material, including by presenting the challenged Identified Materials to the Court under seal for a determination of the claim.  The Receiving Party may not otherwise use or disclose the Identified Materials or the information contained therein until any dispute over the claim is resolved.  The Receiving Party must take reasonable steps to retrieve the Identified Materials if the Receiving Party disclosed them before being notified by the Producing Party.  The Producing Party must preserve the Identified Materials in their as-produced form until any dispute over the claim is resolved.

11.6.    The stipulated agreement set forth in Section 11 of this Order and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity.  This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.  This agreement also is not intended to waive or limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 12.   MISCELLANEOUS

12.1.   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3.   No Impact on Discoverability.  This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that protected information is properly discoverable, relevant, or admissible in this or any other litigation.  Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Foreign Confidential Personal Data on any other ground it may deem appropriate.  Neither the entry of this Order, nor the designation of any discovery material as Confidential, Highly Confidential, Highly Confidential – Attorneys' Eyes Only, or Foreign Confidential Personal Data, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.  The entry of this order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

12.4.   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**13. PROVISIONS GOVERNING FOREIGN CONFIDENTIAL PERSONAL DATA**

The Parties are aware that Foreign Confidential Personal Data requires specific safeguards. To facilitate the production and receipt of information and for the protection of Foreign Confidential Personal Data that may be produced or otherwise disclosed during the course of this litigation by or on behalf of any Party or Non-Party, the Parties agree to the terms set out below.

13.1.    Scope.  This Order applies to any Materials produced, obtained, reviewed, and used in this litigation containing Foreign Confidential Personal Data relating to an individual outside the United States, including, for example, in the European Union, Brazil, or Costa Rica.

13.2.    Handling Foreign Confidential Personal Data.

a.    Use of Materials Containing Foreign Confidential Personal Data.  Materials containing Foreign Confidential Personal Data shall not be used in another action or shared with any person or entity that is not an Authorized Recipient as defined in this Order without exception.

b.    Transparency.  The Receiving Party shall ensure security of all Foreign Confidential Personal Data received from the Disclosing Party and shall ensure it will at any time be able to locate individual Foreign Confidential Personal Data.

c.    Copies.  The Receiving Party may make copies of Foreign Confidential Personal Data, but such copies shall become Foreign Confidential Personal Data to the same extent, and subject to the same protections, as the Foreign Confidential Personal Data from which those copies were made.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Foreign Confidential Personal Data produced to it include the appropriate confidentiality legends.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Foreign Confidential Personal Data produced to it, and copies made by others who obtained such Foreign

Confidential Personal Data directly or indirectly from the Receiving Party, are made available in whole or in part only to persons authorized to receive Foreign Confidential Personal Data, and are at all times handled, used, and disposed of only in the manner that this Order permits or requires Foreign Confidential Personal Data to be handled, used, and disposed of.

d. <u>Inadvertent Disclosure</u>.  In the event that the Receiving Party receives notice or otherwise learns that Foreign Confidential Personal Data has been disclosed, by inadvertence or otherwise, without being designated as Foreign Confidential Personal Data, the Receiving Party shall immediately notify the Producing Party of the disclosure and use its best efforts to retrieve all under-designated copies of the Foreign Confidential Personal Data, inform the person or persons to whom under-designated materials were provided of the terms of this Order, and take necessary steps to ensure that copies, excerpts or summaries of the Foreign Confidential Personal Data are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons authorized to receive Foreign Confidential Personal Data, and are at all times handled and used only in the manner that this Order permits or requires Foreign Confidential Personal Data to be handled and used.

e. <u>Notes of Foreign Confidential Personal Data</u>.  Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Foreign Confidential Personal Data, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Foreign Confidential Personal Data with such specificity that the Foreign Confidential Personal Data can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Foreign Confidential Personal Data from which they are made and shall be subject to all of the terms of this Order.

f. <u>Persons Authorized to Receive Foreign Confidential Personal Data</u>.  Except as specifically provided for herein or in subsequent Court orders, Foreign Confidential Personal Data shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the individuals identified in this Order.  An "Authorized Recipient" shall refer to any person or entity authorized by the Receiving Party to obtain access to Foreign Confidential Personal Data pursuant to this paragraph.

g. <u>Documentation and Compliance</u>.  The Receiving Party shall make documentation of its handling of the personal data received available to Disclosing Party on request.

h. <u>Agreement Must be Signed Prior to Disclosure</u>.  Each person to whom Foreign Confidential Personal Data may be disclosed is required to sign the "Agreement Concerning Foreign Confidential Personal Data Covered by the Order" (attached hereto as Exhibit C).  However, the disclosure of Foreign Confidential Personal Data by counsel for a party to the litigation to legal assistants, paralegals, technical support, eDiscovery or clerical staff employed by the disclosing counsel's office and the Court, or to translators/interpreters who have duly executed a confidentiality agreement covering such information is allowed under the terms of this Order without limitation and without the need to execute the Agreement at Exhibit C.  Such disclosure shall not constitute a violation or waiver of the protections afforded by this Order.  Said assistant, paralegals, and clerical staff, and translators/interpreters shall be deemed agents of the disclosing counsel and are bound by this Order to the same extent as the Parties and attorneys are bound.

i. <u>Deposition</u>.

    i. <u>Exclusion of Individuals from Deposition</u>.  Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated

Foreign Confidential Personal Data, but only during the period of examination or testimony directed to or comprising information that is Foreign Confidential Personal Data.

ii.  Copies of Materials Marked Foreign Confidential Personal Data at Deposition.  In preparation for and during a deposition, disclosure by counsel to a witness and/or that witness' counsel, if any, of Foreign Confidential Personal Data by another party shall be permitted.  Under no circumstances shall copies of Foreign Confidential Personal Data used in preparation for or at deposition be left in the possession of the witness or his/her counsel.

j.  Filing of Foreign Confidential Personal Data or Use in Court Proceedings.  The Receiving Party shall inform the Disclosing Party beforehand if and where it intends to disclose Foreign Confidential Personal Data to the Court and agrees to give the Disclosing Party the opportunity to redact personal data not necessary to the litigation.

k.  Redaction Allowed.  Foreign Confidential Personal Data may be redacted by the Producing Party to obscure data elements or information relating to or identifying a Data Subject or otherwise subject to protection under Foreign Data Protection Law.  In the event a Receiving Party becomes aware that it is in possession of what appears to be a produced document containing un-redacted Foreign Confidential Personal Data, the Receiving Party shall notify the Producing Party of the apparent missing redaction and treat as containing visible Foreign Confidential Personal Data until a replacement document is provided by the Producing Party.

13.3.  Violations of Section 13 of this Order.  If any person or Party should violate the terms of this Section, the Disclosing Party may apply to the Court to obtain relief.  In the event that the Disclosing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. The Parties and any other person subject to the

terms of this Section agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Section.

13.4.    Obligations of Receiving Party in Case of Request by U.S. Public Authorities to Access Foreign Confidential Personal Data.

    a.    Notification

        i.    Each Receiving Party agrees to notify the Disclosing Party within 5 business days if it: receives a request by a public authority under the laws of the United States for disclosure of Foreign Confidential Personal Data transferred in the course of this litigation; such notification shall include information about the Foreign Confidential Personal Data requested, the requesting authority, the legal basis for the request and the response provided; or becomes aware of any direct access by public authorities to Foreign Confidential Personal Data transferred in the course of this litigation in accordance with the laws of the United States.

        ii.    If the Receiving Party is prohibited from notifying the Disclosing Party, the Receiving Party agrees to use its best efforts to obtain a waiver of the prohibition, with a view to communicate as much information and as soon as possible.  The Receiving Party agrees to document its best efforts in order to be able to demonstrate them upon request of the Disclosing Party.

    b.    Review of legality and data minimization.

        i.    The Receiving Party agrees to challenge any request by a public authority under the laws of the United States for disclosure of Foreign Confidential Personal Data transferred in the course of this litigation. When challenging a request, the Receiving Party shall seek interim measures with a view to suspending the effects of the request until the court has decided on the merits. It shall not disclose the Foreign Confidential Personal Data requested until required to do so under the applicable procedural rules. The

Disclosing Party agrees to reasonably cooperate with the Receiving Party in connection with any such challenge and to reimburse the Receiving Party's reasonable itemized fees and costs. These requirements are notwithstanding all other obligations of the Receiving Party pursuant to this Order.

ii. The Receiving Party agrees to document its legal assessment of available remedies as well as any challenge to any such request for disclosure and, to the extent permissible under the laws of the United States and consistent with the preservation of privilege and work-product protections, make it available to the Disclosing Party and the competent supervisory authority of the Disclosing Party upon request.

iii. The Receiving Party agrees to provide the minimum amount of information permissible when responding to a request for disclosure, based on a reasonable interpretation of the request.

iv. The Disclosing Party shall reimburse the Receiving Party for reasonable itemized fees and costs incurred by the Receiving Party in connection with any appeal from an order issued in connection with a challenge under paragraph (i) above.

c. Local laws affecting compliance with this Order.

i. The Parties have no reason to believe that, under the laws in the United States applicable to the processing of the Foreign Confidential Personal Data by the Receiving Party, including any requirements to disclose Foreign Confidential Personal Data or measures authorizing access by public authorities, they are prevented from fulfilling their obligations under this Order.

ii. In agreeing to paragraph (i) above, the Parties have taken due account to past experiences and will continue to take account of the following elements:

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
CASE NO.:  3:20-CV-04737-RS

31

- the specific circumstances of the transfer of Foreign Confidential Personal Data, including the content and requirements of the litigation; the number of actors involved and the transmission channels used; the type of recipient; the purpose of the transfer; the nature of the Foreign Confidential Personal Data transferred; any relevant practical experience with prior and comparable instances, or the absence of requests for disclosure from public authorities received by the receiving party for the type of data transferred;

- the laws of the United States relevant in light of the circumstances of the transfer, including those requiring to disclose data to public authorities or authorizing access by such authorities, as well as the applicable limitations and safeguards; any safeguards in addition to those under this Order, including the technical and organizational measures applied during transmission and to the processing of the Foreign Confidential Personal Data in the United States.

d. In carrying out the assessment under paragraph (c), each Party will make best efforts to provide the other Parties with relevant information and each Party agrees that it will continue to cooperate with the other Parties in ensuring compliance with this Order.

e. The Parties agree to document the assessment under paragraph (c) and make it available to the competent supervisory authority upon request of that authority.

f. The Receiving Party agrees to promptly notify the Disclosing Party if, after having agreed to this Order and for the duration of this litigation, it has reason to believe that it is or has become subject to laws not in line with the requirements under paragraph (a), including following a change of the laws in the United States or a measure (such as a disclosure request) indicating an application of such laws in practice that is not in line with the requirements under paragraph (a).

g. Following a notification pursuant to paragraph (b), or if the Disclosing Party otherwise has reason to believe that the Receiving Party can no longer fulfill its obligations under this Section, the Disclosing Party shall promptly identify appropriate measures (such as, for instance, technical or organizational measures to ensure security and confidentiality) to be adopted after involvement of the court by the Receiving Party to address the situation.

## 14.    **FINAL DISPOSITION**

14.1.    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party shall undertake commercially reasonable efforts to return all Protected Material to the Producing Party or at the option of the Receiving party, destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:    October 4, 2022

By:    /s/ Mark R.S. Foster
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
Jordan Eth (CA SBN 121617)
JEth@mofo.com
**MORRISON & FOERSTER**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for Defendants*

By:    /s/ Carol V. Gilden
Carol V. Gilden (*pro hac vice*)
cgilden@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Chris Lometti (*pro hac vice*)
clometti@cohenmilstein.com
Benjamin F. Jackson (*pro hac vice*)
bjackson@cohenmilstein.com
Norhan Bassiouny (*pro hac vice*)
nbassiouny@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor

New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel*
Nicole Lavallee (SBN 165755)
nlavallee@bermantabacco.com
Alexander S. Vahdat (SBN 284963)
avahdat@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Liaison Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal
Workers' National Pension Fund and
International Brotherhood of Teamsters Local
No. 710 Pension Fund, and Named Plaintiff
International Union of Operating Engineers
Pension Fund of Eastern Pennsylvania And
Delaware Local No. 542*

## CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Carol V. Gilden, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.


By: ____*/s/ Carol V. Gilden*____

Carol V. Gilden

## ORDER GRANTING STIPULATION

PURSUANT TO STIPULATION, IT IS SO ORDERED.


_October 6, 2022_____
Date:                              _____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and

INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,

Plaintiffs,

vs.

BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,

Defendants.

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Confidentiality and Protective

Order that was issued by the United Stated District Court for the Northern District of California on

_____ [date] in the above-captioned case.  I agree to comply with and to be bound

by all the terms of this Confidentiality and Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Confidentiality and Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Confidentiality and Protective Order.

Printed Name: _____

Job Title and Employer: _____

Business Address: _____

_____

_____

City and State where sworn and signed:_____

Date: _____

Signature: _____

## EXHIBIT B

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>      Defendants. | |

## UNDERTAKING FOR HIGHLY CONFIDENTIAL INFORMATION

I, _____, declare as follows:

1.     My business address is _____.

2.     My present employer and the address of my present employer (if different from above) is _____.

3.     My present occupation or job description is _____. My job title is _____.

4.     I am not involved in competitive decision-making or research and development related to any products at issue in this dispute.

5.     I have received a copy of the Stipulated Confidentiality and Protective Order ("Protective Order") in the above-captioned action.

6.    I have carefully read and understand the provisions of the Protective Order.

7.    I agree to be bound by the terms of the Protective Order.


Printed Name:    _____

Job Title and Employer:    _____

Business Address:    _____

_____

_____


City and State where sworn and signed:_____

Date:    _____

Signature:    _____

## EXHIBIT C

SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and

INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,

        Plaintiffs,

    vs.

BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,

        Defendants.

## AGREEMENT CONCERNING FOREIGN CONFIDENTIAL PERSONAL DATA

## COVERED BY THE ORDER

I, _____ [print or type full name], of _____

_____ [print or type full address], hereby acknowledge that

I have received a copy of the Protective Order entered in the above-caption action by the United

Stated District Court for the Northern District of California (hereinafter "Protective Order"). I

have either read the Protective Order or have had the terms of the Protective Order explained to

me by my attorney. I understand the terms of the Protective Order and agree to comply with and

to be bound by such terms.

If I receive documents or information designated as Foreign Confidential Personal Data, I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.  I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.  I agree to maintain and abide by the Data Security and End of Matter Data Disposition provisions set forth in the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for resolution of any matters pertaining to the Protective Order.

Printed Name: _____

Job Title and Employer: _____

Business Address: _____

_____

_____

City and State where sworn and signed:_____

Date: _____

Signature: _____