Carol V. Gilden (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*

[Additional Counsel on Signature Page]

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

Jordan Eth (SBN 121617)
Mark R.S. Foster (SBN 223682)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email:  JEth@mofo.com
         MFoster@mofo.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL**<br><br>Ctrm:   3 – 17th Floor<br>Judge:  Richard Seeborg |

STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL CASE NO.:
3:20-CV-04737-RS

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs[1] and Defendants (collectively, the "Parties," and each, a "Party"), by and through their respective counsel, that:

1.    The Parties agree that video-recorded remote depositions conducted pursuant to this Order may be used at summary judgment, trial or hearing to the same extent that an in-person deposition may be used at summary judgment, trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.

2.    Any videoconference deposition conducted pursuant to this Order must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent.  If the local law of the jurisdiction where the deponent is present so permits, a remote deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the deponent, as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees.

3.    The Party noticing the deposition shall arrange for a suitable remote court reporting service to facilitate the deposition and shall notify all other Parties at least five (5) calendar days prior to any remote deposition, the Party that noticed the deposition (the "Noticing Party") shall provide the potential deposition participants with the name and contact information of the stenographic service that will host and record the remote deposition, provide a general description of how the deposition participants will access the remote deposition, and request the name, email and telephone number of each person who plans to attend the remote deposition (including the witness), and whether each participants requires a real-time feed.

4.    At least two (2) calendar days in advance of the deposition, the Party noticing a remote deposition will instruct the remote deposition vendor to register deposition participants for

---

[1] Plaintiffs include Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund, and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware.

the remote deposition in advance of the deposition, based upon the list of deposition participants to be provided by the Parties. Only deposition participants registered by the remote deposition vendor will be permitted to enter the remote deposition, which will require a password.

5.      The Noticing Party or the remote deposition vendor will provide the deponent, the deponent's counsel, and counsel to all other Parties with access credentials to an electronic remote deposition platform that will allow all participants in the deposition to hear and be heard by all other participants. The platform must also allow all participants to view electronically-displayed exhibits in their entirety (including portions that are not being displayed by the questioning attorney).

6.      (An) employee(s) from the identified remote deposition vendor may attend each remote deposition being held by the Party that has retained their services to video record the deposition and troubleshoot any technological issues that may arise.

7.      Remote depositions shall be transcribed by stenographic means consistent with the requirements of LCvR 30, and the stenographer's transcript shall constitute the official record. However, the stenographer need not be physically present with the witness whose deposition is being taken. A remote swearing-in shall satisfy Federal Rules of Civil Procedure 28 and 30(b)(5) and have the same force and effect as if the oath had been administered in person and is deemed to be an ongoing and continuing obligation to provide testimony in truthful, complete, and honest manner under the penalty of perjury. The Parties agree not to challenge the validity of any oath administered by the stenographer, even if the stenographer is not a notary public in the state where the deponent resides or authorized to administer oaths either by federal law or by the law in the place of examination.

8.      The videographer will simultaneously videotape the deposition and preserve the video recording. The video will continuously record the witness and not the questioning attorneys or other participants. The stenographer may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript. The stenographer and videographer need not be licensed in the same state in which the deponent is physical present, but the stenographer must hold a CSR License.

9.      The only recording of the remote deposition, whether audio or visual, will be through remote deposition vendor, which will record the remote deposition using appropriate technological means. The Parties and deposition participants may not use any other means, whether audio or visual, to record the remote deposition. The Parties will instruct the remote deposition vendor to record only when the deposition is on the record.

10.      No person (including counsel) shall initiate or conduct a private conference, including through telephone call text message, electronic mail, chat feature in the videoconferencing system, or any other means of communication with any deponent while on the record. This is not intended to prohibit counsel from instructing the stenographer to go off the record while counsel confers with the witness for the purpose of determining whether any privilege or immunity should be asserted.

11.      Nothing in this Order shall prohibit counsel for the deponent from attending a remote deposition in person.  However, for any remote deposition, any person (including counsel) who is physically present in the same room as the deponent must, while on the record, be visible on video through a separate camera view at all times and while the deposition is on the record shall not communicate in any way with the deponent except on the record.

12.      Unless and only if instructed to do so by the remote deposition vendor's personnel, the deponent shall not mute his or her videoconferencing window or turn off his or her video camera when the deposition is on the record.

13.      The deponent must possess a laptop, desktop, tablet, or other suitable device with internet, webcam, and microphone capabilities, as well as necessary internet browser and other software. If the deponent does not have access to such a device, counsel for the deponent shall undertake reasonable efforts to provide the deponent with such device. If the deponent is a third party and not affiliated with a party, the deponent and their counsel shall be responsible for ensuring that the deponent possesses all necessary equipment and software. Cellular telephones are not suitable devices, and the deponent may not participate in the deposition via cellular telephone without prior written agreement by all Parties.

14.     The deponent must have sufficient internet connectivity and bandwidth to support a video deposition. Such capacity shall be sufficient to ensure that, when used with the deposition platform, there will be: (a) high quality video upload (from the deponent) and download; (b) no material time discrepancy between audio and video; and (c) consistent connectivity with no material disruptions.

15.     The Parties agree to work collaboratively and in good faith to assess each deponent's technological abilities and capacity and to troubleshoot any issues in advance of the deposition so any necessary adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent, or each other.

16.     The deponent shall also make reasonable efforts to ensure that he or she has a suitable location for the deposition, including a quiet, well-lit, indoor location with a neutral background where he or she will be uninterrupted and where confidentiality of the proceedings may be preserved for the entirety of the deposition.

17.     For each deposition, the stenographic service shall make available to any deposition witness, no later than 48 hours prior to the commencement of the deposition, a training with the stenographic service to familiarize himself or herself with the stenographic service's remote deposition platform. Counsel for the witness my attend this training. Any deponent may request a separate training from the stenographic service. By proceeding with a remote deposition, counsel for the witness represents that the witness has received training or otherwise is familiar with the stenographic service's remote deposition platform.

18.     The Parties agree to administer exhibits for remote depositions as follows:

a.      Counsel for the Noticing Party may mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, and the court reporter. The Noticing Party shall provide tracking information for the package.  Such documents shall be delivered by 12:00 p.m. Eastern the business day before the deposition.  The deponent, deponent's

STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL CASE NO.: 3:20-CV-04737-RS                                                                                                    4

counsel, the other parties' counsel, and the court reporter shall confirm receipt of any such package by electronic mail to counsel for the Noticing Party. The person mailing such package shall clearly label the outside of the package to indicate such package should not be opened until the deposition begins and when directed to do so, and every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. Each document shall be placed in its own sealed envelope. The deponent shall return the hard-copy documents to counsel for the Noticing Party within two business days following the completion of the deposition, or alternatively shall destroy those documents, and shall not retain them in any manner. Counsel for the Noticing Party shall include a pre-paid return shipping label in any package of documents mailed or messengered to a deponent.

b.      Counsel for the Noticing Party may send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other parties' counsel, and the court reporter. The .zip file shall be delivered by 12:00 p.m. Eastern the business day before the deposition. Deponent's counsel, the other parties' counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel for the Noticing Party. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic mail immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file or any document contained therein until directed to do so by the counsel taking the deposition after the deposition begins. Before the close of the deposition, the deponent shall delete the documents from the deponent's computer and electronic mail, and state for the record and on video that the documents have been deleted.

c.      Counsel for the Noticing Party may share exhibits as they are introduced at the deposition by using the uploading or chat feature in the videoconferencing system (e.g., Exhibit Share, etc.), provided that such feature permits the deponent and counsel for the deponent to independently select, scroll, and view the entirety of the exhibit being shared. Before the close of the deposition, the deponent shall delete the documents from the deponent's computer, and state for the record and on video that the documents have been deleted.

d.      Counsel for the Noticing Party may share exhibits as they are introduced at the deposition by using screen-sharing technology, provided that any such exhibits are also shared as set out in paragraph 18(c) and the screen-sharing technology has the same features set out in Paragraph 18(c).

e.      For the avoidance of doubt, the Noticing Party may choose any one of the procedures set forth in Paragraphs 18(a), 18(b), 18(c), and 18(d) to share the documents that may be used as exhibits during a deposition with the deponent, the deponent's counsel, the other parties' counsel, and the court reporter. The Noticing Party is under no obligation to identify a document that may be used during a deposition prior to the time the document is marked as an exhibit during the deposition.

19.     Counsel for the Parties may retain any document or exhibit used during the deposition in accordance with the Stipulated Confidentiality and Protective Order ("Confidentiality Order").   Counsel for the Parties shall return any hard-copy documents not used during the deposition to counsel for the Noticing Party within two business days following the completion of the deposition, or alternatively shall destroy those documents, and shall not retain them in any manner.  Counsel for the Parties shall likewise delete any electronic copies of documents not used during the deposition promptly after the conclusion of the deposition.

20.     Counsel for third-party witnesses may keep any document used during the deposition to the extent permitted by the Confidentiality Order, and shall return any hard-copy documents not used during the deposition to counsel for the Noticing Party within two business days following the completion of the deposition, or alternatively shall destroy those documents, and shall not retain them in any manner. Counsel for third-party witnesses shall likewise delete any electronic copies of documents not used during the deposition promptly after the conclusion of the deposition.

21.     To the extent that there are technology-related issues that interfere with the completion of the deposition, the deponent whose deposition was interrupted will be made available on another mutually convenient day to provide additional testimony.

22.     These provisions herein apply to remote depositions of both Party and non-party witnesses, and the Parties shall work in collaborative manner in attempting to schedule remote

depositions of non-parties. The Party noticing any non-party deposition shall supply these provisions to counsel for any non-party promptly upon confirmation of the date of the deposition.

23.    A remote deposition shall satisfy a Party's obligations to make the deponent available for deposition and the deponent's obligations to appear for a deposition to the same extent as if the deposition has been conducted in person.

24.    If the witness's counsel or in-house counsel plans, intends, or expects that they may be in the same physical location as the witness during a remote deposition, they must provide notice to counsel for the noticing Party no later than seven (7) calendar days prior to the start of the remote deposition.

25.    Each Party's counsel (and counsel for the witness, if applicable) shall designate one attorney to be the primary speaker during the remote deposition (each a "Lead Counsel"). All other deposition participants, aside from the witness and the remote deposition vendor's personnel, as necessary, must set their audio on "mute" when the deposition is on the record.

26.    Once the deposition begins, if a Lead Counsel, deponent, stenographer or other deposition service provider becomes disconnected from the deposition, either from the audio feed, video feed, or both, that fact shall be noted on the record as soon as the Parties become aware of it, and the deposition must immediately be suspended until that person has re-joined the deposition and has full access to both audio and video. The suspended time will not count against the applicable time limitations for depositions. Any portion of the deposition that has been transcribed while a Lead Counsel is absent or experiencing technical difficulties shall, upon the request of Lead Counsel, be re-read upon the resolution of the technical difficulty and that Lead Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence.

27.    A Party's noticing of a remote deposition conducted pursuant to this Order does not constitute a waiver of the Party's right to conduct that deposition in-person. Likewise, a Party's noticing of an in-person deposition does not constitute a waiver of the Party's right to conduct that deposition remotely pursuant to this Order.

28.     The Parties may modify these procedures by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual circumstances.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:   December 14, 2022

By:   */s/ Noah B. Yavitz*

Noah B. Yavitz (*pro hac vice*)
NBYavitz@wlrk.com
William Savitt (*pro hac vice*)
WDSavitt@wlrk.com
Emily R. Barreca (*pro hac vice*)
ERBarreca@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

*Attorneys for Defendants*

By:   */s/ Carol V. Gilden*

Carol V. Gilden (*pro hac vice*)
cgilden@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Chris Lometti (*pro hac vice*)
clometti@cohenmilstein.com
Benjamin F. Jackson (*pro hac vice*)
bjackson@cohenmilstein.com
Norhan Bassiouny (*pro hac vice*)
nbassiouny@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel*

Nicole Lavallee (SBN 165755)
nlavallee@bermantabacco.com
Alexander S. Vahdat (SBN 284963)
avahdat@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Liaison Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund, and Named Plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania And Delaware Local No. 542*

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)</u>

I, Carol V. Gilden, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: ____*/s/ Carol V. Gilden*____
Carol V. Gilden

STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL CASE NO.:
3:20-CV-04737-RS

## ORDER GRANTING STIPULATION

PURSUANT TO STIPULATION, IT IS SO ORDERED.


 December 19, 2022

Date:

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE