Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>    Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, PURSUANT TO CIVIL LOCAL RULE 79-5(F)**<br><br>Ctrm:  3 – 17th Floor<br>Judge:  Richard Seeborg |

[No: 3:20-cv-04737-RS] PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, PURSUANT TO CIVIL LOCAL RULE 79-5(F)

Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware ("IUOE") (collectively "Plaintiffs") respectfully submit this statement in response to Defendants' Motion to Consider Whether Another Party's Material Should Be Sealed, Pursuant to Civil Local Rule 79-5(f) (ECF No. 152) (the "Sealing Motion").

On February 4, 2022, Defendants filed the Sealing Motion and listed thirty exhibits, some of which contain material Plaintiffs have designated "Confidential," "Highly Confidential," or "Highly Confidential – AEO" pursuant to the Stipulated Confidentiality and Protective Order (ECF No. 138) ("Stipulated Protective Order").  Plaintiffs respond as follows:

Plaintiffs have no objections to the public filing of Exhibit S-2,[1] which is the report of Defendants' expert, Mark J. Garmaise; Exhibit S-6, which is the deposition transcript of Plaintiffs' expert, Joshua R. Mitts; or Exhibit S-30, which is the deposition transcript of Plaintiffs' other expert, Chad Coffman.

Plaintiffs respectfully request that sealing be maintained for Exhibit S-4, which is Plaintiff IUOE's Investment Policy Statement and various amendments thereto.  The Investment Policy Statement contains IUOE's proprietary asset allocations and investment manager guidelines for investing IUOE members' assets, which are akin to trade secrets. *See Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (noting that the Ninth Circuit has "adopted the definition of 'trade secrets' set forth in the Restatement of Torts, finding that '[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it'" (alteration in original) (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972))); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 4074653, at *1 (N.D. Cal. Sept. 5, 2022) ("Compelling reasons may also warrant sealing for 'sources

---

[1] All references to "Exhibit __" herein refer to the Declaration of Emily R. Barreca in Support of the Sealing Motion.

[No: 3:20-cv-04737-RS] PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, PURSUANT TO CIVIL LOCAL RULE 79-5(F)          1

of business information that might harm a litigant's competitive standing,' especially where the public has 'minimal interest' in the information." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).  Indeed, other courts in this District have sealed documents "contain[ing] sensitive information about the governance, administration, and operation of" of investment funds.  *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) (sealing portions of exhibits containing information regarding business's "policies, procedures, and practices" due to potential for "competitive injury"); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "information regarding the parties' prospective business plans, dealings and strategies").

Disclosure of the Investment Policy Statement and its amendments could harm IUOE's competitive standing in its dealings with current and prospective investment managers and reveal information about the "governance, administration, and operation of" IUOE.  *Baird*, 403 F. Supp. 3d at 792.  The public also has minimal interest in this information as IUOE's investment strategies or guidelines do not directly impact the Court's adjudication of the issues in this litigation.

Plaintiffs further request that sealing be maintained for Exhibits S-5, S-7, and S-28, which are the deposition transcripts of each of the Plaintiffs' 30(b)(6) representatives (collectively, the "Plaintiffs' 30(b)(6) Deposition Transcripts").  In determining whether a "presumption of public access applies," the Ninth Circuit looks favorably to other Circuit precedent.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  The First Circuit ruled the public has a right to access "'materials on which a court relies in determining the litigants' substantive rights'" rather than material that "'play[s] no role in the adjudication process.'"  *Id.* at 1100 (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)).  Similarly, the Second Circuit analyzes "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* at 1099 (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, the overwhelming majority of Plaintiffs' 30(b)(6) Deposition Transcripts went unreferenced in Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Opposition Brief") or the Expert Report of Christian Zarcu ("Zarcu Report").  Indeed, the Zarcu Report only cites portions of a mere 10 pages out of the 620 total pages of Plaintiffs' 30(b)(6) Deposition Transcripts.  The Opposition Brief cites none.  Rather than simply attach the excerpts of deposition testimony specifically referenced in the Opposition Brief or the Zarcu Report, Defendants seek to unduly burden Plaintiffs by forcing Plaintiffs to analyze voluminous deposition testimony to respond to the Sealing Motion.  The deposition testimony contained in these transcripts, however, is replete with references to how Plaintiffs structure their operations and investment activities and the private, personal information of Plaintiffs' 30(b)(6) witnesses.

This unreferenced testimony will play little to "no role in the adjudication process" of Plaintiffs' Motion for Class Certification, *Ctr. for Auto Safety,* 809 F.3d at 1100, as the case does not revolve around Plaintiff's internal structures, policies, procedures, and investment guidelines, and Defendants do not challenge Plaintiffs' adequacy to serve as Class Representatives.  Unsealing these transcripts would, however, provide public access to sensitive business information that could be injurious to Plaintiffs' competitive standing amongst its peers and current and potential vendors, such as investment managers. *See MasterObjects*, 2022 WL 4074653, at *1.  In addition, unsealing the deposition testimony would reveal "sensitive information" about Plaintiffs' "governance, administration, and operation[s]," *Baird*, 403 F. Supp. 3d at 792, as well as irrelevant personal information about the employees who testified on their behalf.[2]

Plaintiffs further request that sealing be maintained to the portions of the Zarcu Report (*i.e.*, Exhibit S-2) that reference IUOE's Investment Policy Statement and the 30(b)(6) Deposition Transcripts (*i.e.*, Exhibits S-4, S-5, S-7, and S-28), including portions of paragraphs 81, 88, and 99 and footnotes 5, 13, and 92.

---

[2] Additionally, Defendants should be required to replace Exhibits S-5, S-7, and S-28 with new versions of Plaintiffs' 30(b)(6) Deposition Transcripts that contain only the pages actually cited in the Opposition Brief and the Zarcu Report.

If the Court is not inclined to maintain sealing for any of the above-referenced materials, Plaintiffs respectfully request an additional four (4) weeks to propose targeted redactions.

Plaintiffs understand that certain other documents have been designated confidential by other entities, including non-parties Harding Loevner and Instinet.  Plaintiffs take no position as to those documents and/or to other documents that cite, quote, or paraphrase such materials.

Dated:  February 10, 2023

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:  */s/ Carol V. Gilden*

Carol V. Gilden (admitted *pro hac vice*)

**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com

Chris Lometti (admitted *pro hac vice*)
Benjamin F. Jackson (admitted *pro hac vice*)
Norhan Bassiouny (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
        bjackson@cohenmilstein.com
        nbassiouny@cohenmilstein.com

*Lead Counsel*

[No: 3:20-cv-04737-RS] PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, PURSUANT TO CIVIL LOCAL RULE 79-5(F)         4

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
          avahdat@bermantabacco.com

*Liaison Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal Workers'
National Pension Fund and International Brotherhood
of Teamsters Local No. 710 Pension Fund, and Named
Plaintiff International Union of Operating Engineers
Pension Fund of Eastern Pennsylvania and Delaware*