**Willkie Farr & Gallagher LLP**
Nicholas Reddick (SBN 288779)
nreddick@willkie.com
One Front Street
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

Shaimaa Hussein
shussein@willkie.com
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Non-party Cowen and Company, LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No.: 3:20-cv-04737-RS<br><br><br>**DECLARATION OF SHAIMAA M. HUSSEIN IN SUPPORT OF DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, PURSUANT TO CIVIL LOCAL RULE 79-5(F)** |

I, Shaimaa M. Hussein, declare as follows:

1.    I am a partner at the law firm Willkie Farr & Gallagher LLP and am counsel for non-party Cowen and Company, LLC ("Cowen").  I am admitted to practice law in the state of New York.  I respectfully submit this declaration ("Sealing Declaration") on behalf of Cowen in support

of Defendants' Motion to Consider Whether Another Party's Material Should be Sealed, Pursuant to Civil Local Rule 79-5(f).

2.    In making this request, Cowen has carefully considered the relevant legal standard and policy considerations outlined in the Northern District of California's Civil Local Rule 79-5. Cowen makes this request with the good faith belief that the information sought to be sealed within the Expert Report of Cristian Zarcu consists of Cowen's confidential information and that public disclosure would cause competitive harm. Cowen respectfully requests that the Court keep sealed the redacted portions of the Expert Report of Cristian Zarcu pertaining to Cowen.[1]

3.    The information requested to be sealed expressly contains or otherwise makes immediately ascertainable Cowen's proprietary and confidential business information regarding its customer relationships, pricing, and trading activity. This information is not widely disseminated or otherwise made available publicly and was produced to the Defendants by Cowen pursuant to a subpoena under a "Confidential" designation. Cowen's disclosure of this information to the Defendants pursuant to a subpoena does not materially affect the confidential and proprietary nature of the information.

4.    Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). "The right to inspect and copy judicial records is not absolute," however. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts have held that preventing the release of proprietary information and/or trade secrets is a compelling reason to overcome the strong presumption in favor of access to court records. *See, e.g., Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Specifically, courts may refuse public access to judicial filings that contain "sources of business

---

[1] Declaration of Emily R. Barreca in Support of Defendants' Motion to Consider Whether Another Party's Material Should Be Sealed, Pursuant to Civil Local Rule 79-5(f), Ex. S-3; Declaration of Emily R. Barreca in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Ex. O-2.

information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, including information pertaining to pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013). Courts have also recognized that the privacy interests of non-parties, such as Cowen, should be afforded even more protection. *See, e.g.*, *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citations omitted); *Cf. In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) (Granting a motion to seal information related to non-party employees, because "the disclosure of the non-party employees' names would infringe on those individuals' privacy rights.").

5.      Furthermore, "[r]ecords attached to non-dispositive motions are not subject to the strong presumption of access." *See Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (*citing Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Rather, non-dispositive motions are subject to the lesser "good cause" standard, which "requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). Courts have found "good cause" to seal information which "contains non-public, sensitive confidential business information" that "could affect [the movant's] competitive standing" where "competitors may alter their . . . practices relating to competing products, time strategic litigation, or otherwise unfairly compete with [the movant]." *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022).

6.      The confidential information at issue should be sealed under either the compelling reasons or good cause standard because it is comprised of Cowen's proprietary "business information that might harm [its] competitive standing." *Id.* (quoting *Nixon*, 435 U.S. at 598). The redacted portions of the Expert Report of Cristian Zarcu describe Cowen's confidential customer relationships, pricing, and trading information. This information has independent business and economic value from its confidentiality because, *inter alia*, it can be used to derive

detailed information about Cowen and its customers, such as their particular trading needs and strategies, that otherwise would be unknown Cowen's competitors.

7.    For the reasons stated above, Cowen respectfully requests that the information contained in the Expert Report of Cristian Zarcu remain under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of February, 2023, in New York, New York.

Respectfully submitted,



Shaimaa M. Hussein