Jordan Eth (CA SBN 121617)
JEth@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7126
Facsimile: (415) 268-7522

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Bayer
Aktiengesellschaft, Werner Baumann,
Werner Wenning, Liam Condon,
Johannes Dietsch, and Wolfgang Nickl*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No.: 3:20-cv-04737-RS<br><br>**DEFENDANTS' OBJECTION TO NEW EVIDENCE ACCOMPANYING PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>CLASS ACTION<br><br>Date: April 13, 2023<br>Time: 1:30 p.m.<br>Judge: Richard Seeborg<br>Courtroom: 3 — 17th Floor |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................1

PROCEDURAL BACKGROUND ......................................................................................................1

DISCUSSION ......................................................................................................................................2

CONCLUSION ....................................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page**

*Dutta* v. *State Farm Mut. Auto. Ins. Co.*,
   895 F.3d 1166 (9th Cir. 2018) ............................................................................................ 3

*In re Flash Memory Antitrust Litig.*,
   2010 WL 2332081 (N.D. Cal. June 9, 2010) ....................................................................... 2

*Gearing* v. *City of Half Moon Bay*,
   2021 WL 4148663 (N.D. Cal. Sept. 13, 2021) .................................................................... 3

*Provenz* v. *Miller*,
   102 F.3d 1478 (9th Cir. 1996) ............................................................................................. 3

*Wheeler* v. *Estee Lauder Cos.*,
   2013 WL 12121543 (C.D. Cal. Feb. 12, 2013) ................................................................... 2

*Zamani* v. *Carnes*,
   491 F.3d 990 (9th Cir. 2007) ............................................................................................... 2

**Rules**

Local Rule 7-3(d)(1) .................................................................................................................. 1

DEFS.' OBJECTION TO NEW EVIDENCE ACCOMPANYING PLAINTIFFS' REPLY
CASE NO.: 3:20-CV-04737-RS

ii

## INTRODUCTION

In moving to certify a class for this Section 10(b) action, Plaintiffs made a strategic decision to present limited evidence and virtually no briefing on the topic of extraterritoriality. While their pleadings allege fraud arising out of 21 purchases of Bayer securities, Plaintiffs submitted an expert report analyzing just 7 of those trades — coupled with an unsupported opinion that the remaining 14 were likewise executed in the United States. *See* Dkt. No. 141-2 ("Mitts Report"). Now, nearly five months later and just weeks before the Court is scheduled to hear argument on their motion, Plaintiffs have finally provided the rest of their expert's analysis: A 47-page "reply" report that addresses the previously omitted trades by applying a newly minted methodology to never-before-considered documents. *See* Dkt. No. 164-1 ("Mitts Reply").

Plaintiffs' belated submission of affirmative evidence is improper and prejudicial. Accordingly, pursuant to Local Rule 7-3(d)(1), Defendants object and respectfully request that the Court disregard all portions of the Mitts Reply that are based on new affirmative evidence and arguments.[1] Alternatively, to the extent the Court is inclined to consider this new evidence, Defendants respectfully request that the Court grant their forthcoming motion for leave to file sur-reply papers in response.

## PROCEDURAL BACKGROUND

On October 28, 2022, Plaintiffs moved to certify a class of investors who purchased Bayer American Depositary Receipts (ADRs). In support of that motion, Plaintiffs submitted an expert report on extraterritoriality, prepared by Prof. Joshua Mitts, Ph.D. *See generally* Mitts Report. Four pages of the report addressed whether Plaintiffs' alleged trades were conducted in the United States, with only seven transactions discussed. *See id.* ¶¶ 41-50. Plaintiffs briefed the issue in a footnote that did not cite this Circuit's governing standard. Dkt. No. 140 at 11 n.3.

Defendants opposed class certification and submitted a rebuttal expert report from ADR trading expert Cristian Zarcu. Dkt. No. 151-29. Mr. Zarcu provided detailed analysis of each of

---

[1] Defendants specifically object to Paragraphs 8, 15, 30, 32 (lines 9 through 14), 33 (lines 7 through 10), 34-35, 45-47, 48 (lines 10 through 13), 62, 64-69, 71-73, 75-83, 85-88, 90-96, 98-103, 105-08, 110-14, and 116-20 of the Mitts Reply.

1  Plaintiffs' alleged ADR purchases and concluded based on his industry experience and review of
2  contemporaneous records that liability was incurred overseas for 18 of the trades. *Id.*

3  On March 21, 2023, Plaintiffs filed a reply brief in support of class certification, featuring 9
4  pages of new argument on extraterritoriality. Dkt. No. 163. Accompanying that reply brief was a
5  47-page, 124-paragraph "Rebuttal Expert Report" from Prof. Mitts, likewise presenting new
6  argument and analysis. *See generally* Mitts Reply. Defendants now lodge their objections to this
7  new evidence.

## DISCUSSION

In seeking class certification, Plaintiffs bore the burden of affirmatively demonstrating that the proposed class meets the requirements of Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 350 (2011). Plaintiffs were obliged to carry this burden in their opening submissions. *See, e.g.*, *In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (sufficient evidence must be advanced in "moving papers in order to afford Defendants a full and fair opportunity to respond"); *Wheeler* v. *Estee Lauder Cos.*, 2013 WL 12121543, at *3 (C.D. Cal. Feb. 12, 2013) (denying class certification where plaintiffs attempted to "cure th[e] defect" in their motion "by submitting . . . evidence in their Reply"); *see also Zamani* v. *Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Prof. Mitts' opening report asserted that "irrevocable liability for purchases by the Plaintiffs was incurred in the United States, and as such, the Plaintiffs' purchases were typical of Class Members." Mitts Report ¶ 41. However, Prof. Mitts provided supporting analysis for only seven of these alleged purchases. *Id.* ¶¶ 42-48. The Mitts Report thus lacked any affirmative discussion of Plaintiffs' other transactions, including all trades alleged by one of the Lead Plaintiffs, Sheet Metal Workers' National Pension Fund.

The missing evidence did not come until the Mitts Reply, where Prof. Mitts belatedly addressed the omitted trades. Across pages and pages of dense discussion, Prof. Mitts finally set out his explanation of the documentary record, addressing new documents under a new "methodology" that was nowhere described in his opening report. Mitts Reply ¶ 30. Along the

way, Prof. Mitts also disclosed, for the first time, that his conclusions turned on an interpretation of customer agreements between Plaintiffs' investment managers and their broker dealers — contracts that he had never before identified as a basis for his opinions. *Compare, e.g.*, Mitts Reply ¶¶ 64, 71, 88, 105 (discussing and interpreting broker-customer agreements), *with* Mitts Report, App'x B (failing to disclose broker-customer agreements as "[d]ocuments [c]onsidered").

By holding back Prof. Mitts' analysis and reliance materials, Plaintiffs deprived Defendants of the opportunity to substantively respond. To avoid prejudice, the Court may properly decline to entertain such evidence. *Provenz* v. *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond"); *Gearing* v. *City of Half Moon Bay*, 2021 WL 4148663, at *10 (N.D. Cal. Sept. 13, 2021), *aff'd*, 54 F.4th 1144 (9th Cir. 2022) (declining to rely upon reply evidence subject to an objection asserting that it addressed "matters which should have been foreseen and addressed in connection with [the] original filing"). Defendants respectfully submit that the Court should disregard the new affirmative evidence included in the Mitts Reply.

In the alternative, if the Court is inclined to consider Plaintiffs' new evidence, Defendants respectfully request an opportunity to address Prof. Mitts' new-on-reply opinions and Plaintiffs' related arguments. *See Dutta* v. *State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter."). To facilitate the Court's consideration of this alternative remedy, Defendants intend to submit an administrative motion by April 3, 2023 seeking leave to file sur-reply papers, accompanied by a proposed sur-reply report under preparation by Mr. Zarcu.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court disregard the new evidence and analysis contained in the Mitts Reply or, in the alternative, grant Defendants' forthcoming motion for leave to respond through sur-reply.

Dated: March 28, 2023

By: */s/ Jordan Eth*
Jordan Eth (CA SBN 121617)
JEth@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7126
Facsimile: (415) 268-7522

William Savitt (*pro hac vice*)
Noah B. Yavitz (*pro hac vice*)
Emily R. Barreca (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*