Carol V. Gilden (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Attorneys for Lead Plaintiffs and Additional Named Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and | Case No: 3:20-cv-04737-RS <br><br> CLASS ACTION <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL EXPERT REPORT UNDER CIVIL LOCAL RULE 7-11** |
| INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated, | Ctrm:  3 – 17th Floor <br> Judge:  Richard Seeborg |
| Plaintiffs, | |
| vs. | |
| BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL, | |
| Defendants. | |

[No: 3:20-cv-04737-RS] PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL EXPERT REPORT UNDER CIVIL LOCAL RULE 7-11

This Court has previously made clear the Local Rules are meant "to deter an endless cycle of filings and counter-filings." *Gregus v. Stryker*, 2012 WL 13069924, at *1 n.1 (N.D. Cal. Apr. 20, 2012) (Seeborg, J.) (quoting *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 908 (N.D. Cal. 2011) (Seeborg, J.)). Yet Defendants have repeatedly sought to make additional submissions once Court-ordered briefing has been completed. They did so during the motion-to-dismiss phase, filing a motion for leave to file a motion for reconsideration, ECF No. 93, which the Court rejected for "mak[ing] the very same points" as their prior briefing "but more loudly," ECF No. 97. And now they have done it again, submitting a notice of "new evidence" and a motion for leave to file a sur-rebuttal expert report, which together effectively constitute a 7-page sur-reply and a 24-page sur-rebuttal expert report (the "Zarcu Sur-Rebuttal") in response to Plaintiffs' motion for class certification—even though the Court has ***already rejected*** a request by Defendants to file just such a sur-rebuttal report. See ECF Nos. 130 at 7 n.1, 133, 165, 167, 167-2.

Defendants' claim that the Rebuttal Expert Report of Professor Joshua Mitts, Ph.D. ("Mitts Rebuttal") contains "new" evidence or a "new" methodology is bogus. The Mitts Rebuttal plainly responds to the Rebuttal Expert Report of Cristian Zarcu ("Zarcu Rebuttal"); cites no new evidence except for publicly available documents that were equally available to Mr. Zarcu when drafting the Zarcu Rebuttal; and employs the exact same methodology as in Prof. Mitts' opening report.

Ultimately, Defendants' request for leave to file a sur-rebuttal expert report is another improper attempt to have the proverbial last word on a motion on which Plaintiffs bear the burden of persuasion. It is also a transparent attempt to resuscitate Mr. Zarcu after his methodology was thoroughly debunked both at his deposition and in the Mitts Rebuttal, and after he admitted he lacks the appropriate qualifications to opine on where irrevocable liability is incurred for purchases of ADRs. Defendants' motion should be denied or, alternatively, Plaintiffs should be given the opportunity to substantively respond to the Zarcu Sur-Rebuttal in a submission of up to equal length.

## I.    PROCEDURAL BACKGROUND

On October 28, 2022, Plaintiffs moved to certify a class of investors who purchased Bayer American Depository Receipts ("ADRs"), which are commonly understood to be domestic

securities. In that motion, Plaintiffs argued that "courts have uniformly held that purchases of sponsored ADRs on U.S. OTC markets are domestic transactions that do not raise extraterritoriality concerns." *See* ECF No. 140 at 11 n.3. Plaintiffs also submitted the report of Professor Joshua Mitts, Ph.D., who concluded that irrevocable liability for ***virtually all*** Bayer ADR purchases during the proposed Class Period, including Plaintiffs', was incurred in the United States. *See* ECF No. 141-2 ("MOR") ¶¶ 8–10, 18–54.

Defendants took the deposition of Professor Mitts on January 6, 2023, at which they had a full opportunity to inquire about the bases for his conclusions. On February 3, 2023, Defendants filed their opposition to Plaintiffs' motion, which included the rebuttal report of Mr. Zarcu, a purported ADRs trading "expert" who attempted to rebut Prof. Mitts' opinions through his own flawed analysis of Plaintiffs' purchases of Bayer ADRs.

On March 21, 2023, Plaintiffs filed their reply brief in support of class certification and submitted the Mitts Rebuttal to directly respond to Mr. Zarcu's report and address the many key admissions made by Mr. Zarcu at his deposition on March 8, 2023. On March 28, 2023, Defendants filed an objection to the Mitts Rebuttal, arguing that it amounted to a "belated submission of affirmative evidence." ECF No. 165 at 1. As part of that objection, Defendants also stated their intent to file an administrative motion for leave to file the Zarcu Sur-Rebuttal. Defendants then waited until April 3, 2023—nearly two weeks after Plaintiffs had submitted their class certification reply—to file the instant motion, which Plaintiffs oppose.

## II.    ARGUMENT

Sur-reply submissions are strongly disfavored in this District. *See, e.g.*, *Cnty. of Monterey v. Blue Cross of Cal.*, 2019 WL 3238941, at *8 (N.D. Cal. July 18, 2019); *Chase v. Kia Motors Am.*, *Inc.*, 2023 WL 2212873, at *4 (N.D. Cal. Feb. 24, 2023). Sur-reply submissions are also generally not allowed where, as here, they merely rehash arguments already raised in prior briefing. *Cuellar-Ramirez v. US Foods, Inc.*, 2016 WL 1238603, at *2 n.4 (N.D. Cal. Mar. 22, 2016) (Seeborg, J.) ("The sur-reply reiterates defendant's earlier arguments and thus adds little to the equation."); *Ambrosio v. Certain Underwriters at Lloyd's Under Policy No. B0146LDUSA0701030*,

2012 WL 12540014, at *5 n.8 (N.D. Cal. Sept. 28, 2012) (Seeborg, J.) ("To the extent . . . the sur-reply repeats some arguments already contained in plaintiffs' opposition brief, those matters are disregarded."), *rev'd on other grounds sub nom. Ambrosio v. Brit UW Ltd.*, 606 F. App'x 885 (9th Cir. 2015). Nor is a sur-reply submission appropriate when a movant has properly responded in its reply to arguments made in the non-movants' opposition. Indeed, it is entirely appropriate for a reply to include new evidence, so long as it is offered to rebut the opposing party's arguments rather than to proffer entirely novel arguments in support of the motion at issue. *See, e.g.*, *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."); *United States v. Taibi*, 2012 WL 553143, at *4 (S.D. Cal. Feb. 21, 2012) (court can properly consider rebuttal evidence submitted for the first time in reply briefing when submitted to "respond directly to Defendant's allegations made in his opposition brief").

Defendants cannot meet this high bar for submitting a sur-reply submission. Defendants concede—as they must—that Plaintiffs raised the issue of extraterritoriality in their opening brief, in addition to numerous other issues potentially relevant to the Court's class certification decision. In response, Defendants chose to concede the vast majority of those issues so as to focus largely on extraterritoriality. Plaintiffs have always maintained that extraterritoriality issues pose no obstacle to class certification here because, *inter alia*, "courts have uniformly held that purchases of sponsored ADRs on U.S. OTC markets are domestic transactions that do not raise extraterritoriality concerns." ECF No. 140 at 11 n.3. However, because Defendants chose to make extraterritoriality central to their attack on class certification, Plaintiffs were entitled to substantively respond to Defendants' arguments in their reply submission. Defendants' arguments to the contrary lack merit.

*First*, although Defendants claim the Zarcu Sur-Rebuttal is necessary to address "new evidence," the only such evidence they cite are the publicly available "broker terms and conditions" cited in the Mitts Rebuttal. But this evidence was cited in direct response to Mr. Zarcu's incorrect opinions on the contractual obligations of broker-dealer customers. *See* ECF No. 164-1 ("MRR") § IV. As just one example, Prof. Mitts cites Macquarie's published terms and conditions to refute

Mr. Zarcu's opinion that "a client that has instructed its broker to conduct a cross transaction is obligated to accept the ADRs it has ordered immediately upon the execution of the underlying purchase of foreign shares." *See* MRR ¶¶ 63–64 (responding to ECF No. 151 Ex. O-2 & ECF No. 152 Ex. S-3 ("ZRR") ¶¶ 25, 30–31). Because this evidence "respond[s] directly to [Defendants'] allegations made in [their] opposition," *Taibi,* 2012 WL 553143, at \*4, Defendants should not be granted leave to file a sur-rebuttal to address it.

Moreover, Defendants provide no reason to justify a belated and prejudicial submission by Mr. Zarcu to address this evidence. The broker terms and conditions cited in the Mitts Rebuttal are publicly available and thus could (and should) have been addressed by Mr. Zarcu in his rebuttal report. Further, Mr. Zarcu claims this evidence is of no consequence to his opinions, which begs the question of why a sur-rebuttal is needed to address it. *See, e.g.*, ZRR ¶ 11 ("even if Prof. Mitts's understanding of the quoted passage were correct, it would not impact my opinion"). Finally, Mr. Zarcu has no legal training, and he has disclaimed any expertise in "determining when and where legal liability attaches to financial transactions," *see* ECF No. 164-4 ("Zarcu Dep. Tr.") 67:4–9, 68:22–69:22, so he lacks the qualifications to reliably opine on this evidence in the first place.

***Second***, the Mitts Rebuttal does not advance any new methodologies, but rather merely references and employs the approach Prof. Mitts laid out in his opening report. The section of the Mitts Rebuttal that Defendants find so objectionable actually summarizes the "Mitts Report['s] . . . simple and replicable methodology," and then explicitly cites the portions of Prof. Mitts' opening report where this methodology is laid out. MRR ¶ 30 & nn.44–45 (citing MOR ¶¶ 31–35 & n.38).

***Third***, Defendants' remaining arguments do not even pretend to address "new" evidence or methods at all. Rather, they are substantive critiques of the Mitts Rebuttal or attempts to rehabilitate Mr. Zarcu's credentials and credibility[1]—in other words, the precise types of arguments that should not be allowed in a sur-reply. For example, Defendants attack Prof. Mitts' analysis of step-out

---

[1] For instance, footnote 2 in Defendants' motion does not address any purportedly "new" evidence or methods, instead speaking only of why Mr. Zarcu is purportedly "well-qualified to opine on" the topics at issue. Defendants had ample opportunity to establish Mr. Zarcu's credentials in Mr. Zarcu's initial rebuttal report and through his deposition testimony. That they failed to do so on the first go-round, as the Court's schedule required, does not justify giving them a do-over now.

allocations, even though he is merely analyzing the same evidence Mr. Zarcu did in the Zarcu Rebuttal as well as FINRA and DTCC records referenced in Prof. Mitts' opening report. *See* MRR ¶¶ 76–77, 116–20. As another example, Defendants take issue with Prof. Mitts' understanding of the term "market order"—even though this term was used in Prof. Mitts' opening report and Prof. Mitts' views and opinions on "market orders" were explored at length during his deposition and thus could have been addressed in Mr. Zarcu's prior rebuttal report. *See* MOR ¶ 39 n.47; ECF Nos. 151 Ex. O-5 & 152-1 Ex. S-6 ("Mitts Dep. Tr.") at 139:16–142:14; 148:14–149:22; 161:7–167:12; 168:25– 171:10; 189:11–195:2; 198:12–201:5; 205:6–206:15; 213:11–220:16; 223:19–228:10; 232:5– 223:23; 247:8–247:19; 278:3–281:22; 286:8–289:4; 290:4–291:24.

Defendants also take issue with Prof. Mitts' use of FINRA records in the Mitts Rebuttal. But Prof. Mitts detailed his exhaustive analysis of FINRA trading records in his opening report, *see* MOR ¶¶ 32–34, and the Mitts Rebuttal does not cite any FINRA records that were not previously considered and cited. Defendants further argue that Prof. Mitts "misinterprets contemporaneous trade communications to justify [his] conclusions," but, tellingly, they do not say that these trade communications are "new" evidence, nor do they argue that Prof. Mitts' mode of analysis is novel— because neither is the case. Rather, the portions of the Mitts Rebuttal that Defendants cite are clearly responsive to opinions proffered by Mr. Zarcu. *See* MRR ¶¶ 111–14 (addressing ZRR ¶¶ 114–20).

*Finally*, while Plaintiffs understand the Court's reluctance to green-light an endless cycle of filings and counter-filings, it would be unduly prejudicial to Plaintiffs to allow Defendants the last word on a motion on which they do not bear the ultimate burden of persuasion. Accordingly, should the Court grant Defendants leave to file the Zarcu Sur-Rebuttal, Plaintiffs respectfully request the opportunity to file a substantive response of up to equal length (*i.e.*, 24 pages).

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants leave to file the Zarcu Sur-Rebuttal. Alternatively, Plaintiffs request the opportunity to file a substantive response to the Zarcu Sur-Rebuttal of up to equal length.

Dated:  April 7, 2023                **COHEN MILSTEIN SELLERS & TOLL PLLC**

By:  _/s/ Carol V. Gilden_
     Carol V. Gilden (admitted *pro hac vice*)

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com

Chris Lometti (admitted *pro hac vice*)
Benjamin F. Jackson (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
       bjackson@cohenmilstein.com
       nbassiouny@cohenmilstein.com

*Lead Counsel*

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
       avahdat@bermantabacco.com

*Liaison Counsel*

*Attorneys for Lead Plaintiffs Sheet Metal Workers'
National Pension Fund and International Brotherhood
of Teamsters Local No. 710 Pension Fund, and Named
Plaintiff International Union of Operating Engineers
Pension Fund of Eastern Pennsylvania and Delaware*