UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS NATIONAL PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AKTIENGESELLSCHAFT, et al.,<br><br>Defendants. | Case No. 20-cv-04737-RS<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE MATERIALS UNDER SEAL, AND ORDER TO FILE RESPONSIVE STATEMENTS** |

The parties have filed several administrative motions to consider whether materials should be filed under seal, all in connection with the briefing on Plaintiffs' motion for class certification. *See* Dkts. 139, 142, 152. This order disposes of the motions at Dkt. 139 and Dkt. 142. The motion at Dkt. 152 is denied in part, granted in part, and ruling is otherwise reserved on the motion pending further document submissions.

**A. Dkts. 139 & 142**

Plaintiffs have filed two administrative motions to consider whether another party's materials should be filed under seal. As the second motion (Dkt. 142) was filed as a correction to the first (Dkt. 139), the first motion is terminated. With respect to the second motion, the designating party, Bank of New York Mellon, does not object to the unsealing of the portions of Plaintiffs' expert reports that reference its materials. As such, the motion is denied, and Plaintiffs are directed to file unredacted versions of the relevant documents.

///

**B. Dkt. 152**

In connection with their opposition to class certification, Defendants have filed an administrative motion to consider whether other parties' materials should be filed under seal. Plaintiffs, in response, indicate they do not oppose the public filing of Exs. S-2, S-6, and S-30; as such, the motion is denied as to these documents, and Defendants are ordered to file unredacted versions of these documents.

Plaintiffs seek to maintain sealing of Ex. S-4, which comprises Plaintiff IOUE's internal investment policies and guidelines. These appear fairly to be trade secrets which, if made public, could damage IOUE's competitive standing. Good cause thus appearing, the motion is granted as to Ex. S-4, and that document shall remain under seal.

Plaintiffs also seek to maintain sealing of Exs. S-5, S-7, and S-28, which are voluminous deposition transcripts of Plaintiffs' respective 30(b)(6) representatives. Defendants cite only very small portions of these transcripts in their opposition and accompanying expert reports. Plaintiffs do not specifically state their position as to the portions referenced, but they oppose unsealing the transcripts in general because they reveal information about their "internal structures, policies, procedures, and investment guidelines." Dkt. 156, at 3. Ruling on the motion as to these materials is hereby reserved. By June 9, 2023, Defendants are ordered to provide Plaintiffs with excerpts of these documents containing only the portions referenced in Defendants' opposition and/or expert reports. Plaintiffs will then be required, by June 16, 2023, to file a revised response stating their position on the sealing of these excerpted documents.

Materials from non-party Cowen and Company, LLC ("Cowen"), are cited in the expert report of Cristian Zarcu. Cowen seeks to maintain sealing of these materials because they constitute confidential business information. Good cause appearing, the motion is granted in this respect.

Finally, materials from non-parties Harding Loevner LP, Hardman Johnston Global Advisors LLC, and Instinet LLC have been cited by Defendants and their experts and provisionally filed under seal. However, none of these parties have filed statements responding to

the sealing motion, despite the fact that each were apparently served with the motion. Dkt. 155. These non-parties are ordered to file statements responding to the sealing motion no later than June 15, 2023.[1] Failure to do so will result in the unsealing of these documents without further notice.

**IT IS SO ORDERED**.

Dated: June 1, 2023

_____

RICHARD SEEBORG
Chief United States District Judge

---

[1] Plaintiffs and Defendants are asked to verify that these three non-parties receive this order.