Pages 1-8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SHEET METAL WORKERS' NATIONAL      )  Case No. 20-cv-04737-RS
PENSION FUND and INTERNATIONAL     )
BROTHERHOOD OF TEAMSTERS           )  Thursday, June 15, 2023
LOCAL NO. 710 PENSION FUND,        )  San Francisco, California
individually and as Lead           )
Plaintiff on behalf of all         )  VIA ZOOM VIDEOCONFERENCE
others similarly situated, and     )
                                   )
INTERNATIONAL UNION OF OPERATING   )
ENGINEERS PENSION FUND OF          )
EASTERN PENNSYLVANIA AND DELAWARE, )
individually and as Named          )
Plaintiff, on behalf of all        )
others similarly situation,        )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )
                                   )
BAYER AKTIENGESELLSCHAFT, WERNER   )
BAUMANN, WERNER WENNING, LIAM      )
CONDON, JOHANNES DIETSCH, and      )
WOLFGANG NICKL,                    )
                                   )
          Defendants.              )
                                   )
_____)


TRANSCRIPT OF FURTHER CASE MANAGEMENT CONFERENCE
BEFORE THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT CHIEF JUDGE




**[APPEARANCES ARE LISTED ON THE FOLLOWING PAGE]**




Proceedings recorded by electronic sound recording; transcript produced by transcription service.

2

APPEARANCES:

For Plaintiffs and Class          CAROL V. GILDEN, ESQ.
Counsel:                          Cohen Milstein Sellers & Toll PLLC
                                  190 South LaSalle Street, Suite 1705
                                  Chicago, Illinois 60603
                                  (312) 357-0370

                                  WILLIAM WILDER, ESQ.
                                  Cohen Milstein Sellers & Toll PLLC
                                  1100 New York Avenue NW,
                                  Suite 500 East
                                  Washington, DC 20005
                                  (202) 408-4600

                                  BENJAMIN F. JACKSON, ESQ.
                                  Cohen Milstein Sellers & Toll PLLC
                                  88 Pine Street, Fourteenth Floor
                                  New York, New York 10005
                                  (212) 838-7797

For Liaison Counsel for           ALEXANDER S. VAHDAT, ESQ.
Plaintiffs:                       Berman Tabacco
                                  44 Montgomery Street, Suite 650
                                  San Francisco, California 94104
                                  (415) 433-3200

For Defendants:                   NOAH B. YAVITZ, ESQ.
                                  Wachtell, Lipton, Rosen & Katz
                                  51 West 52nd Street
                                  New York, New York 10019
                                  (212) 403-1000

Transcription Service:            Peggy Schuerger
                                  Ad Hoc Reporting
                                  2220 Otay Lakes Road, Suite 502-85
                                  Chula Vista, California 91915
                                  (619) 236-9325

SAN FRANCISCO, CALIFORNIA  THURSDAY, JUNE 15, 2023  10:03 A.M.

--oOo--

THE CLERK:  Calling Case 20-cv-4737, Sheet Metal Workers' v. Bayer.  Counsel, please state your appearances, starting with Plaintiff.

MS. GILDEN:  Good morning, Your Honor.  Carol Gilden of Cohen Milstein on behalf of the Sheet Metal Workers' National Pension Fund, Teamsters 710 Pension Fund, and the International Union of Operating Engineers.  With me today are Ben Jackson and Will Wilder of my office.  In addition, our local counsel, Alex Vahdat from the Berman Tabacco Firm is here as well in attendance.

THE COURT:  Good morning.

MR. YAVITZ:  Good morning, Your Honor.  Noah Yavitz from Wachtell, Lipton, Rosen & Katz for the Defendants, and it will just be me this morning.

THE COURT:  Okay.  Generally, just to alert you on cases that might then have attorney fee requests at the end of the day, having a lot of people at conferences is something that I do look at very closely because I don't think necessarily the money needs to be spent in that fashion, so keep that in mind on proceedings -- case management type conferences because I sometimes don't think it's necessary to have that many lawyers. So --

Okay.  I did look at what you provided to me and it looks fine.  Your proposed dates are acceptable to me and I can

4

adopt them.  I may tweak them a little bit because I have, for example, on motion Thursdays and just to accommodate the particulars of my schedule, I will maybe move it a day or two here and there, but I am generally fine with what you've come up with.

I also build in an additional case management conference, so don't be surprised.  There will be an additional date in there.

It sounded like there was a -- maybe some disputes with respect to the scope of discovery and that would be something I would send to a magistrate judge.  I'll just go ahead and make a discovery referral now.  If there's a question about the proper scope of discovery, in addition to any other specific discovery disputes, I would look to have that go to a magistrate judge.  So I'll make the referral for you now.

Be aware that I operate on a presumptive no more than one summary judgment motion per party, so keep that in mind.

You say with respect to ADR that you discussed -- discussed ADR.  Have you gotten any further in that process, what form it might take and when the optimal time to explore it would be?

Why don't you start, Ms. Gilden.

MS. GILDEN:  Sure, Your Honor.  I'll be happy to.  So I discussed with counsel for the company, with Noah Yavitz, whether this was an appropriate time for us to talk with our clients about the possibility of settlement talks.  And I think -- and I'll let

Mr. Yavitz speak for himself, but I think what we both agreed, Your Honor, is that we would check with our clients and see if there is an interest in doing so.  Obviously, as a Plaintiff, in general, we are always willing to engage in meaningful settlement talks.  And perhaps now that Your Honor has ruled on class certification, this might be an appropriate time.  Of course, we are waiting to hear what Defendants' position is.

THE COURT:  So do you have a sense of what form you think it would take if you do take up the mantel to pursue it? Would it be private mediation or are you looking for some court assistance in the process, or have you even gotten to that stage?

MS. GILDEN:  Well, Your Honor, we did talk very generally about that and I think it's fair to say that the parties would want to engage a private mediator to handle the talks.

THE COURT:  In this type of case, I'm not surprised. Mr. Yavitz?

MR. YAVITZ:  I don't have a whole lot to add to what Ms. Gilden said.  That is indeed the discussion.  We're continuing to weigh the possibility of entering settlement discussions with our client.  You know, of course I think that in terms of timing, you may have seen in the joint report that we have a schedule built in for substantial completion at the end of the month and then privilege logs and partially redacted materials due in the next month.

I think that particularly the partially redacted

6

materials are going to be really important to set a base for any discussions if they do happen just because, you know, the nature of this dispute is what -- what litigation diligence did lawyers do, and so, unsurprisingly, there's going to be a lot of very important documents on that which I think will be illuminating because they'll show that Bayer retained two-flight law firms to do the diligence here.  I think it will be important just to inform the settlement discussions.  So I think we'll certainly continue, you know -- we'll continue consideration around that and -- and I'm sure that if the parties, you know, are able to fruitfully progress on that, we certainly will.

THE COURT:  So I take from that that whatever -- I want to encourage obviously at some point in the proceedings that there -- whatever motion practice is decided, that -- that you would posture it and when discovery is exchanged that you can have a meaningful discussion, I want you to do it.  But it sounds like whatever that point may be, it's going to be private mediation and so you don't want me to order anything at the moment with respect to either panel mediation or a magistrate judge or something.  So I'll leave you alone on this issue.

You know, when there is the further case management conference, which I've slated probably for the spring of 2024, and if no further efforts have been made along this line, you can expect that I will ratchet up the question about whether or not it makes sense to take a run at it.  So -- I mean, I do -- in the

life of virtually every case, barring the disposition in the motion practice, I want the parties to take a run at it. So -- okay.

Anything else I should talk about with you this morning?

MS. GILDEN: On behalf of the Plaintiffs, Your Honor, we don't have anything else.

THE COURT: Okay.

MR. YAVITZ: And nothing for Defendants either, Your Honor. Thank you very much.

THE COURT: Okay. Well, I will issue a scheduling order embracing these dates and -- did I previously refer it for discovery -- so you have an assigned magistrate judge. You don't need a new one; right?

MS. GILDEN: Your Honor, I recall that you indicated discovery disputes would go to a magistrate. I am not 100 percent sure we do have a magistrate --

THE COURT: Okay.

MS. GILDEN: -- assigned. We may, but I'm not sure.

THE COURT: I'll go back and look -- okay. If we don't have -- if I didn't do it before, I will do it now. So you will get an assigned magistrate judge, and that is the first port of call for any dispute about either the scope of discovery or particular disputes with respect to the discovery disputes propounded. So we'll leave it at that.

Okay. Well, thank you very much. Good luck in

8

proceeding along.

MR. YAVITZ:  Thank you.

MS. GILDEN:  Thank you, Your Honor.

THE COURT:  Thank you.

(Proceedings adjourned at 10:11 a.m.)

I, Peggy Schuerger, certify that the foregoing is a correct transcript from the official electronic sound recording provided to me of the proceedings in the above-entitled matter.

_____*Peggy Schuerger*_____        July 5, 2023_____
Signature of Approved Transcriber        Date

Peggy Schuerger_____
***Ad Hoc Reporting***
Approved Transcription Provider
for the U.S. District Court,
Northern District of California