# EXHIBIT A

CONFIDENTIAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>        v.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>                      Defendants. | **Case No. 3:20-cv-04737-RS**<br><br>Judge Richard Seeborg |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendants Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively, "Defendants"), by and through their undersigned counsel, hereby provide these responses and objections (the "Responses") to Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund and Named Plaintiff International Union

of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware's (collectively, "Plaintiffs") First Set of Interrogatories (the "Interrogatories"), dated July 24, 2023.

## **GENERAL OBJECTIONS**

Defendants make the following General Objections to the Interrogatories and incorporate them, as well as the Objections to Definitions and Instructions below, into their Response to each and every Interrogatory, whether or not specifically stated in the individual Response.  An assertion of the same, similar, or additional objections in response to a specific Interrogatory does not waive any of these General Objections as to that or any other Interrogatory.  By submitting these Responses, Defendants do not in any way adopt Plaintiffs' purported definitions of words and phrases contained in the Interrogatories.  To the extent Plaintiffs have ascribed special meaning or definitions to words used in the Interrogatories, Defendants object to those definitions to the extent that they are inconsistent with either (a) the definitions set forth in Defendants' Responses or (b) the ordinary and customary meanings of such words and phrases. Likewise, Defendants object to Plaintiffs' purported definitions to the extent that they purport to impose upon Defendants any obligation broader than, or inconsistent with, applicable discovery rules or common law.

1. Defendants object to the Interrogatories, including, without limitation, any portion of the definitions and instructions, to the extent they seek information beyond the scope of discovery as provided by the Federal Rules and the Local Rules of the Northern District of California, and to the extent they conflict with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

2. Defendants object to the Interrogatories to the extent that they purport to impose an obligation on Defendants to identify or produce documents that are not in their possession,

custody, or control.  To the extent Defendants agree to identify documents in response to an

Interrogatory, Defendants will identify only documents within their possession, custody, or

control.

3.      Defendants object to the Interrogatories to the extent they call for information

requiring scientific, technical, or other specialized knowledge such that it is appropriately the

subject of expert testimony, and to the extent they ask for or may be read to encompass work

performed by or information received from experts retained by Defendants in order to defend

themselves in this litigation or in other litigation.  Defendants will make appropriate disclosures

regarding expert witnesses in accordance with applicable rules and orders.

4.      Defendants object to the Interrogatories to the extent that they seek the

identification of "all" documents, communications, or witnesses within a category on the

grounds that (a) it is impractical and unduly burdensome to attempt to collect, review, identify,

and produce "all" documents, and (b) Defendants cannot ensure that they have located every

document, communication, or witness responsive to a particular Interrogatory.  Defendants have

identified documents collected, reviewed, and produced pursuant to the discovery parameters

previously negotiated between the parties in connection with Plaintiffs' First Requests for the

Production of Documents.

5.      Defendants object to the Interrogatories to the extent that they call for the

disclosure of information that is privileged or otherwise protected from discovery on any ground,

including, but not limited to, attorney-client privilege, work-product immunity, business strategy

immunity, and any other recognized privileges, immunities, protections, or exceptions

(collectively, "Privileged Information").

6.       Defendants object to the Interrogatories to the extent they seek information that constitutes confidential, proprietary, private, or financial information, or trade secrets protected from disclosure.  Defendants will identify or produce such information, if any, only pursuant to the terms of the Stipulated Confidentiality and Protective Order entered by the Court.

7.       Defendants object to the Interrogatories insofar as they incorporate purported facts.  Nothing in these Responses shall be deemed, nor is it intended, to mean that Defendants adopt, acquiesce in, or otherwise accept the way in which the Interrogatories describe or characterize the facts, circumstances, subject matter, or events discussed.  While Defendants may use certain of the Interrogatories' defined terms in their Responses, such usage is solely for convenience and does not constitute an endorsement of or agreement to any purported facts stated or implied by the Interrogatories' defined terms.

8.       Defendants object to the Interrogatories insofar as they require Defendants to form a legal conclusion to provide a response.

9.       Nothing in these Responses is intended as a waiver or limitation of Defendants' right to object, on any grounds and in any proceeding, to the use of any information or documents produced in response to or referred to in these Responses.

10.      These Responses are based upon information presently known to Defendants, who reserve the right at any time to supplement, amend, revise, correct, and/or clarify these Responses.  Moreover, should Defendants at any time supplement or amend these Responses, by agreement or otherwise, they expressly reserve the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Included within each of the Responses to the Interrogatories are the following Objections to Definitions and Instructions, whether or not specifically stated in the individual Response. An assertion of the same, similar, or additional objections in response to a specific Interrogatory does not waive any of these Objections to Definitions and Instructions as to that or any other Interrogatory.

11. Defendants object to each and every "definition" in the Interrogatories to the extent they define terms in a manner that is broader than the uniform definitions and rules of construction set forth in the Federal Rules and the Local Rules of the Northern District of California, including, without limitation, Federal Rules 26 and 33.

12. Defendants object to the definition of "Bayer" in that it purports to include Bayer's "divisions, business units, subsidiaries, affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting or purporting to act on its behalf or under its direction or control," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks evidence not relevant to any party's claims or defenses. Defendants will construe the term "Bayer" to mean Bayer Aktiengesellschaft.

13. Defendants object to Plaintiffs' definition of "Communication" on the grounds that it is vague, ambiguous, and overly broad, including because it encompasses "any exchange of information by any means of transmission" and media such as "discussions," "conferences," "conversations," "negotiations," "meetings," and "telephone conversations" that are not capable of being identified or produced. For purposes of responding to these Interrogatories, Defendants

will limit the scope of "Communication" to accessible files that are capable of being identified or produced.

14.     Defendants object to Plaintiffs' definition of "Document" to the extent it uses undefined or ambiguous terms, including, but not limited to, "communications" and "all forms of ESI."  Defendants further object to Plaintiffs' definition of "Document" to the extent it encompasses duplicates of "[d]ocuments that are identical but are in the possession of more than one person or entity" on the grounds that this requirement is overly broad and unduly burdensome.  For purposes of responding to these Interrogatories, Defendants will interpret the term "Document" according to its customary meaning under the Federal Rules and the Local Rules of the Northern District of California.

15.     Defendants object to Plaintiffs' definition of "ESI" on the grounds that it is vague, ambiguous, and overly broad, including because it encompasses "information . . . regardless of the media."  For purposes of responding to these Interrogatories, Defendants will limit the scope of "ESI" to accessible files that are capable of being identified or produced.

16.     Defendants object to Plaintiffs' definition of "Identify" on the ground that it is unduly burdensome, including because it requires Defendants to characterize the subject matter of each document identified in response to an Interrogatory.  Defendants will provide information sufficient to identify individuals and documents.

17.     Defendants object to the definition of "Monsanto" in that it purports to include Monsanto's "divisions, business units, subsidiaries, affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting or purporting to act on its behalf or

under its direction or control," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks evidence not relevant to any party's claims or defenses.  Defendants will construe the term "Monsanto" to mean The Monsanto Company.

18.    Defendants object to Plaintiffs' definition of "You" and "Your" to the extent it purports to require Defendants to produce information outside the knowledge, possession, custody, or control of Defendants.  Defendants will construe the terms "You" and "Your" as referring only to Defendants and Bayer's Supervisory Board members, Board of Management members, and employees during the Class Period (May 23, 2016 to July 6, 2020, inclusive). Defendants further object to Plaintiffs' definition to the extent that it seeks to impose obligations broader than or inconsistent with the Federal Rules.

19.    Defendants object to Instruction 8 as overly broad and unduly burdensome to the extent it purports to impose requirements beyond those provided for by the Federal Rules.  If Defendants learn that their responses are incomplete or incorrect in some material respect, Defendants will supplement or correct those responses to the extent additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process.

### RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all documents concerning glyphosate, glyphosate-based herbicides, or Roundup reviewed by Bayer or on Bayer's behalf in conducting due diligence on Bayer's acquisition of Monsanto.

### RESPONSE TO INTERROGATORY NO. 1:

Defendants incorporate by reference the General Objections, including the Objections to Definitions and Instructions, set forth above.  Defendants object to this Interrogatory to the extent it seeks Privileged Information.  Defendants further object to this Interrogatory as vague,

overly broad, unduly burdensome, not proportional to the needs of the case, and seeking

information that is not relevant to any party's claims or defenses, in that it calls for Defendants to

identify "all documents concerning glyphosate, glyphosate-based herbicides, or Roundup

reviewed by Bayer or on Bayer's behalf in conducting due diligence on Bayer's acquisition of

Monsanto," without limiting the Interrogatory to information related to the claims and defenses

in this action, which solely concern Bayer's due diligence regarding potential liability in the

cases pending or filed in federal or state court against Monsanto in which the plaintiffs alleged

that exposure to Roundup caused them to develop non-Hodgkin's lymphoma (the "Roundup

Litigation").  In responding to the Interrogatory, Defendants will identify those documents

concerning glyphosate, glyphosate-based herbicides, or Roundup reviewed by Bayer or on

Bayer's behalf in conducting due diligence regarding potential liability in the Roundup Litigation

in connection with Bayer's acquisition of Monsanto.

 Subject to and without waiving any of the foregoing objections, Defendants respond to

this Interrogatory based on their knowledge and/or the investigation of their counsel by referring

Plaintiffs to the documents identified in Exhibit A below pursuant to Rule 33(d) of the Federal

Rules.

## INTERROGATORY NO. 2:

 Identify all documents concerning the actual or potential carcinogenicity of glyphosate, glyphosate-based herbicides, or Roundup reviewed by Bayer or on Bayer's behalf in conducting due diligence on Bayer's acquisition of Monsanto.

## RESPONSE TO INTERROGATORY NO. 2:

 Defendants incorporate by reference the General Objections, including the Objections to

Definitions and Instructions, set forth above.  Defendants object to this Interrogatory to the

extent it seeks Privileged Information.  Defendants further object to this Interrogatory as vague,

overly broad, unduly burdensome, not proportional to the needs of the case, and seeking

information that is not relevant to any party's claims or defenses, calling for Defendants to

identify "all documents concerning the actual or potential carcinogenicity of glyphosate,

glyphosate-based herbicides, or Roundup reviewed by Bayer or on Bayer's behalf in conducting

due diligence on Bayer's acquisition of Monsanto," without limiting the Interrogatory to

information related to the claims and defenses in this action, which solely concern Bayer's due

diligence regarding potential liability in the Roundup Litigation.  In responding to the

Interrogatory, Defendants will identify those documents concerning the actual or potential

carcinogenicity of glyphosate, glyphosate-based herbicides, or Roundup reviewed by Bayer or

on Bayer's behalf in conducting due diligence regarding potential liability in the Roundup

Litigation in connection with Bayer's acquisition of Monsanto.

Subject to and without waiving any of the foregoing objections, Defendants respond to

this Interrogatory based on their knowledge and/or the investigation of their counsel by referring

Plaintiffs to the documents identified in Exhibit A below pursuant to Rule 33(d) of the Federal

Rules.

**INTERROGATORY NO. 3:**

Identify all witnesses and documents supporting Defendants' position that Defendants
relied in good faith on the representations, reports, expert opinions, and advice of advisors in
analyzing the potential acquisition of Monsanto.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate by reference the General Objections, including the Objections to

Definitions and Instructions, set forth above.  Defendants object to this Interrogatory as vague,

overly broad, unduly burdensome, not proportional to the needs of the case, and seeking

information that is not relevant to any party's claims or defenses, calling for Defendants to

identify "all witnesses and documents supporting Defendants' position that Defendants relied in good faith on the representations, reports, expert opinions, and advice of advisors in analyzing the potential acquisition of Monsanto," without limiting the Interrogatory to information related to the claims and defenses in this action, which solely concern Bayer's due diligence regarding potential liability in the Roundup Litigation.  In responding to the Interrogatory, Defendants will identify documents and witnesses supporting Defendants' position that Defendants relied in good faith on the representations, reports, expert opinions, and advice of advisors in connection with their public statements (if any) concerning Bayer's due diligence on potential liability in the Roundup Litigation in connection with Bayer's acquisition of Monsanto.

Subject to and without waiving any of the foregoing objections, Defendants respond to this Interrogatory based on their knowledge and/or the investigation of their counsel by referring Plaintiffs to the documents identified in Exhibit A below pursuant to Rule 33(d) of the Federal Rules.

Defendants further respond based on their knowledge and/or the investigation of their counsel by identifying the following individuals, each of whom provided non-privileged representations and reports to Defendants or certain of the Defendants concerning the operational details of Bayer's due diligence on the Roundup Litigation in connection with Bayer's acquisition of Monsanto: Roland Hartwig, Jan Heinemann, Gerhart Marchand, Gabriel Harnier, Lars Benecke, Malini Moorthy, and Christopher Guth.  In providing this response, Defendants

are not asserting as a defense their reliance on any legal opinions or advice provided by any of

the listed individuals.


Dated:  September 7, 2023

**WACHTELL, LIPTON, ROSEN & KATZ**

By:  */s/ Noah B. Yavitz*
William Savitt (admitted *pro hac vice*)
Noah B. Yavitz (admitted *pro hac vice*)
Emily R. Barreca (admitted *pro hac vice*)
51 West 52nd Street
New York, NY 10019

Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  WDSavitt@wlrk.com
Email:  NBYavitz@wlrk.com
Email:  ERBarreca@wlrk.com


**MORRISON & FOERSTER LLP**
Jordan Eth (SBN 121617)
David J. Wiener (SBN 291659)
425 Market Street
San Francisco, CA 94105

Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
Email:  JEth@mofo.com
Email:  DWiener@mofo.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of September, 2023, a true and correct copy of the foregoing was served by electronic mail to the designated counsel of record in the above-captioned action.

By:  */s/ Noah B. Yavitz*

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019

Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

CONFIDENTIAL

Exhibit A

| |
|---|
| BAYER_SEC_LIT00026976 |
| BAYER_SEC_LIT00026991 |
| BAYER_SEC_LIT00027010 |
| BAYER_SEC_LIT00027030 |
| BAYER_SEC_LIT00027050 |
| BAYER_SEC_LIT00027074 |
| BAYER_SEC_LIT00027136 |
| BAYER_SEC_LIT00027151 |
| BAYER_SEC_LIT00027169 |
| BAYER_SEC_LIT00027189 |
| BAYER_SEC_LIT00027209 |
| BAYER_SEC_LIT00027233 |
| BAYER_SEC_LIT00027306 |
| BAYER_SEC_LIT00027321 |
| BAYER_SEC_LIT00027340 |
| BAYER_SEC_LIT00027360 |
| BAYER_SEC_LIT00027380 |
| BAYER_SEC_LIT00027404 |
| BAYER_SEC_LIT00027467 |
| BAYER_SEC_LIT00027482 |
| BAYER_SEC_LIT00027501 |
| BAYER_SEC_LIT00027521 |
| BAYER_SEC_LIT00027541 |
| BAYER_SEC_LIT00027565 |
| BAYER_SEC_LIT00036909 |
| BAYER_SEC_LIT00036952 |
| BAYER_SEC_LIT00037299 |
| BAYER_SEC_LIT00037316 |
| BAYER_SEC_LIT00037379 |
| BAYER_SEC_LIT00037425 |

| |
|---|
| BAYER_SEC_LIT00038219 |
| BAYER_SEC_LIT00038228 |
| BAYER_SEC_LIT00038266 |
| BAYER_SEC_LIT00038275 |
| BAYER_SEC_LIT00038335 |
| BAYER_SEC_LIT00038341 |
| BAYER_SEC_LIT00038347 |
| BAYER_SEC_LIT00038352 |
| BAYER_SEC_LIT00038357 |
| BAYER_SEC_LIT00038361 |
| BAYER_SEC_LIT00038365 |
| BAYER_SEC_LIT00039068 |
| BAYER_SEC_LIT00039077 |
| BAYER_SEC_LIT00039123 |
| BAYER_SEC_LIT00039158 |
| BAYER_SEC_LIT00039201 |
| BAYER_SEC_LIT00039250 |
| BAYER_SEC_LIT00039278 |
| BAYER_SEC_LIT00039290 |
| BAYER_SEC_LIT00073711 |
| BAYER_SEC_LIT00075047 |
| BAYER_SEC_LIT00083586 |
| BAYER_SEC_LIT00084369 |
| BAYER_SEC_LIT00084408 |
| BAYER_SEC_LIT00084541 |
| BAYER_SEC_LIT00084762 |
| BAYER_SEC_LIT00084772 |
| BAYER_SEC_LIT00084776 |
| BAYER_SEC_LIT00084801 |
| BAYER_SEC_LIT00084804 |
| BAYER_SEC_LIT00084829 |

| |
|---|
| BAYER_SEC_LIT00084834 |
| BAYER_SEC_LIT00084839 |
| BAYER_SEC_LIT00084866 |
| BAYER_SEC_LIT00084915 |
| BAYER_SEC_LIT00084942 |
| BAYER_SEC_LIT00084956 |
| BAYER_SEC_LIT00084967 |
| BAYER_SEC_LIT00085019 |
| BAYER_SEC_LIT00085051 |
| BAYER_SEC_LIT00085085 |
| BAYER_SEC_LIT00085119 |
| BAYER_SEC_LIT00085154 |
| BAYER_SEC_LIT00085188 |
| BAYER_SEC_LIT00085228 |
| BAYER_SEC_LIT00085235 |
| BAYER_SEC_LIT00085243 |
| BAYER_SEC_LIT00085250 |
| BAYER_SEC_LIT00085256 |
| BAYER_SEC_LIT00085264 |
| BAYER_SEC_LIT00085463 |
| BAYER_SEC_LIT00085511 |
| BAYER_SEC_LIT00085558 |
| BAYER_SEC_LIT00085564 |
| BAYER_SEC_LIT00085588 |
| BAYER_SEC_LIT00085621 |
| BAYER_SEC_LIT00085645 |
| BAYER_SEC_LIT00085682 |
| BAYER_SEC_LIT00085709 |
| BAYER_SEC_LIT00085721 |
| BAYER_SEC_LIT00085740 |
| BAYER_SEC_LIT00085767 |

| |
|---|
| BAYER_SEC_LIT00085794 |
| BAYER_SEC_LIT00085820 |
| BAYER_SEC_LIT00085848 |
| BAYER_SEC_LIT00085860 |
| BAYER_SEC_LIT00085901 |
| BAYER_SEC_LIT00085927 |
| BAYER_SEC_LIT00085955 |
| BAYER_SEC_LIT00085986 |
| BAYER_SEC_LIT00086027 |
| BAYER_SEC_LIT00086056 |
| BAYER_SEC_LIT00086087 |
| BAYER_SEC_LIT00086145 |
| BAYER_SEC_LIT00086174 |
| BAYER_SEC_LIT00087363 |
| BAYER_SEC_LIT00087366 |
| BAYER_SEC_LIT00087367 |
| BAYER_SEC_LIT00087370 |
| BAYER_SEC_LIT00087377 |
| BAYER_SEC_LIT00087379 |
| BAYER_SEC_LIT00087381 |
| BAYER_SEC_LIT00087383 |
| BAYER_SEC_LIT00087597 |
| BAYER_SEC_LIT00087759 |
| BAYER_SEC_LIT00087770 |
| BAYER_SEC_LIT00087879 |
| BAYER_SEC_LIT00087893 |
| BAYER_SEC_LIT00087897 |
| BAYER_SEC_LIT00087901 |
| BAYER_SEC_LIT00087907 |
| BAYER_SEC_LIT00087912 |
| BAYER_SEC_LIT00087926 |

| |
|---|
| BAYER_SEC_LIT00087931 |
| BAYER_SEC_LIT00087937 |
| BAYER_SEC_LIT00087942 |
| BAYER_SEC_LIT00087948 |
| BAYER_SEC_LIT00087953 |
| BAYER_SEC_LIT00087957 |
| BAYER_SEC_LIT00087964 |
| BAYER_SEC_LIT00087972 |
| BAYER_SEC_LIT00087979 |
| BAYER_SEC_LIT00087986 |
| BAYER_SEC_LIT00087990 |
| BAYER_SEC_LIT00087998 |
| BAYER_SEC_LIT00088004 |
| BAYER_SEC_LIT00088011 |
| BAYER_SEC_LIT00088019 |
| BAYER_SEC_LIT00088027 |
| BAYER_SEC_LIT00088031 |
| BAYER_SEC_LIT00088034 |
| BAYER_SEC_LIT00088039 |
| BAYER_SEC_LIT00088044 |
| BAYER_SEC_LIT00088048 |
| BAYER_SEC_LIT00088054 |
| BAYER_SEC_LIT00088058 |
| BAYER_SEC_LIT00088064 |
| BAYER_SEC_LIT00088072 |
| BAYER_SEC_LIT00088078 |
| BAYER_SEC_LIT00088081 |
| BAYER_SEC_LIT00088178 |
| BAYER_SEC_LIT00088180 |
| BAYER_SEC_LIT00088198 |
| BAYER_SEC_LIT00088201 |

| |
|---|
| BAYER_SEC_LIT00088204 |
| BAYER_SEC_LIT00088207 |
| BAYER_SEC_LIT00088214 |
| BAYER_SEC_LIT00088222 |
| BAYER_SEC_LIT00088227 |
| BAYER_SEC_LIT00088231 |
| BAYER_SEC_LIT00088242 |
| BAYER_SEC_LIT00088252 |
| BAYER_SEC_LIT00088262 |
| BAYER_SEC_LIT00088279 |
| BAYER_SEC_LIT00088291 |
| BAYER_SEC_LIT00088320 |
| BAYER_SEC_LIT00088323 |
| BAYER_SEC_LIT00088458 |
| BAYER_SEC_LIT00088462 |
| BAYER_SEC_LIT00088467 |
| BAYER_SEC_LIT00088477 |
| BAYER_SEC_LIT00088526 |
| BAYER_SEC_LIT00088530 |
| BAYER_SEC_LIT00088535 |
| BAYER_SEC_LIT00088541 |
| BAYER_SEC_LIT00088613 |
| BAYER_SEC_LIT00088615 |
| BAYER_SEC_LIT00088661 |
| BAYER_SEC_LIT00088679 |
| BAYER_SEC_LIT00088684 |
| BAYER_SEC_LIT00088689 |
| BAYER_SEC_LIT00088773 |
| BAYER_SEC_LIT00088779 |
| BAYER_SEC_LIT00088794 |
| BAYER_SEC_LIT00088995 |

| |
|---|
| BAYER_SEC_LIT00088998 |
| BAYER_SEC_LIT00089027 |
| BAYER_SEC_LIT00089034 |
| BAYER_SEC_LIT00089275 |
| BAYER_SEC_LIT00089288 |
| BAYER_SEC_LIT00089292 |
| BAYER_SEC_LIT00089298 |
| BAYER_SEC_LIT00089304 |
| BAYER_SEC_LIT00089307 |
| BAYER_SEC_LIT00089314 |
| BAYER_SEC_LIT00089523 |
| BAYER_SEC_LIT00089525 |
| BAYER_SEC_LIT00089580 |
| BAYER_SEC_LIT00089594 |
| BAYER_SEC_LIT00089648 |
| BAYER_SEC_LIT00089842 |
| BAYER_SEC_LIT00089888 |
| BAYER_SEC_LIT00089893 |
| BAYER_SEC_LIT00089968 |
| BAYER_SEC_LIT00089970 |
| BAYER_SEC_LIT00090044 |
| BAYER_SEC_LIT00090047 |
| BAYER_SEC_LIT00090095 |
| BAYER_SEC_LIT00090100 |
| BAYER_SEC_LIT00090151 |
| BAYER_SEC_LIT00090153 |
| BAYER_SEC_LIT00090160 |
| BAYER_SEC_LIT00090169 |
| BAYER_SEC_LIT00090180 |
| BAYER_SEC_LIT00090183 |
| BAYER_SEC_LIT00090757 |

| |
|---|
| BAYER_SEC_LIT00090764 |
| BAYER_SEC_LIT00090767 |
| BAYER_SEC_LIT00090774 |
| BAYER_SEC_LIT00090780 |
| BAYER_SEC_LIT00090788 |
| BAYER_SEC_LIT00090794 |
| BAYER_SEC_LIT00090798 |
| BAYER_SEC_LIT00090835 |
| BAYER_SEC_LIT00090881 |
| BAYER_SEC_LIT00091077 |
| BAYER_SEC_LIT00091082 |
| BAYER_SEC_LIT00091085 |
| BAYER_SEC_LIT00091090 |
| BAYER_SEC_LIT00091095 |
| BAYER_SEC_LIT00091099 |
| BAYER_SEC_LIT00091102 |
| BAYER_SEC_LIT00091105 |
| BAYER_SEC_LIT00091120 |
| BAYER_SEC_LIT00091122 |
| BAYER_SEC_LIT00091450 |
| BAYER_SEC_LIT00091457 |
| BAYER_SEC_LIT00091468 |
| BAYER_SEC_LIT00091518 |
| BAYER_SEC_LIT00091523 |
| BAYER_SEC_LIT00091527 |
| BAYER_SEC_LIT00091610 |
| BAYER_SEC_LIT00091622 |
| BAYER_SEC_LIT00091628 |
| BAYER_SEC_LIT00091633 |
| BAYER_SEC_LIT00091640 |
| BAYER_SEC_LIT00091664 |

| |
|---|
| BAYER_SEC_LIT00091703 |
| BAYER_SEC_LIT00091742 |
| BAYER_SEC_LIT00091753 |
| BAYER_SEC_LIT00091901 |
| BAYER_SEC_LIT00091909 |
| BAYER_SEC_LIT00091914 |
| BAYER_SEC_LIT00091917 |
| BAYER_SEC_LIT00091922 |
| BAYER_SEC_LIT00091926 |
| BAYER_SEC_LIT00091930 |
| BAYER_SEC_LIT00091934 |
| BAYER_SEC_LIT00091940 |
| BAYER_SEC_LIT00091946 |
| BAYER_SEC_LIT00091952 |
| BAYER_SEC_LIT00092162 |
| BAYER_SEC_LIT00092174 |
| BAYER_SEC_LIT00092193 |
| BAYER_SEC_LIT00092248 |
| BAYER_SEC_LIT00092273 |
| BAYER_SEC_LIT00092302 |
| BAYER_SEC_LIT00092733 |
| BAYER_SEC_LIT00092734 |
| BAYER_SEC_LIT00092783 |
| BAYER_SEC_LIT00092785 |
| BAYER_SEC_LIT00092836 |
| BAYER_SEC_LIT00093003 |
| BAYER_SEC_LIT00093052 |
| BAYER_SEC_LIT00093218 |
| BAYER_SEC_LIT00093237 |
| BAYER_SEC_LIT00093416 |
| BAYER_SEC_LIT00093449 |

| |
|---|
| BAYER_SEC_LIT00093466 |
| BAYER_SEC_LIT00093489 |
| BAYER_SEC_LIT00094552 |
| BAYER_SEC_LIT00095742 |
| BAYER_SEC_LIT00096516 |
| BAYER_SEC_LIT00096530 |
| BAYER_SEC_LIT00096557 |
| BAYER_SEC_LIT00096587 |
| BAYER_SEC_LIT00096638 |
| BAYER_SEC_LIT00096897 |
| BAYER_SEC_LIT00096959 |
| BAYER_SEC_LIT00097018 |
| BAYER_SEC_LIT00099597 |
| BAYER_SEC_LIT00099630 |
| BAYER_SEC_LIT00099654 |
| BAYER_SEC_LIT00100758 |
| BAYER_SEC_LIT00101721 |
| BAYER_SEC_LIT00101763 |
| BAYER_SEC_LIT00104904 |
| BAYER_SEC_LIT00104928 |
| BAYER_SEC_LIT00105095 |
| BAYER_SEC_LIT00105099 |
| BAYER_SEC_LIT00105290 |
| BAYER_SEC_LIT00105301 |
| BAYER_SEC_LIT00105302 |
| BAYER_SEC_LIT00105322 |
| BAYER_SEC_LIT00105335 |
| BAYER_SEC_LIT00105340 |
| BAYER_SEC_LIT00105341 |
| BAYER_SEC_LIT00105448 |
| BAYER_SEC_LIT00105474 |

| |
|---|
| BAYER_SEC_LIT00105615 |
| BAYER_SEC_LIT00105631 |
| BAYER_SEC_LIT00105660 |
| BAYER_SEC_LIT00105665 |
| BAYER_SEC_LIT00105669 |
| BAYER_SEC_LIT00105685 |
| BAYER_SEC_LIT00105725 |
| BAYER_SEC_LIT00105827 |
| BAYER_SEC_LIT00105854 |
| BAYER_SEC_LIT00105894 |
| BAYER_SEC_LIT00105963 |
| BAYER_SEC_LIT00105996 |
| BAYER_SEC_LIT00106040 |
| BAYER_SEC_LIT00106236 |
| BAYER_SEC_LIT00106287 |
| BAYER_SEC_LIT00106314 |
| BAYER_SEC_LIT00106320 |
| BAYER_SEC_LIT00106323 |
| BAYER_SEC_LIT00106325 |
| BAYER_SEC_LIT00106335 |
| BAYER_SEC_LIT00106397 |
| BAYER_SEC_LIT00106406 |
| BAYER_SEC_LIT00106414 |
| BAYER_SEC_LIT00106434 |
| BAYER_SEC_LIT00106465 |
| BAYER_SEC_LIT00106470 |
| BAYER_SEC_LIT00106474 |
| BAYER_SEC_LIT00106567 |
| BAYER_SEC_LIT00106579 |
| BAYER_SEC_LIT00106595 |
| BAYER_SEC_LIT00106600 |

| |
|---|
| BAYER_SEC_LIT00106601 |
| BAYER_SEC_LIT00106612 |
| BAYER_SEC_LIT00106619 |
| BAYER_SEC_LIT00106625 |
| BAYER_SEC_LIT00106631 |
| BAYER_SEC_LIT00106638 |
| BAYER_SEC_LIT00106645 |
| BAYER_SEC_LIT00106652 |
| BAYER_SEC_LIT00106653 |
| BAYER_SEC_LIT00106660 |
| BAYER_SEC_LIT00106670 |
| BAYER_SEC_LIT00106676 |
| BAYER_SEC_LIT00106680 |
| BAYER_SEC_LIT00106695 |
| BAYER_SEC_LIT00106699 |
| BAYER_SEC_LIT00106701 |
| BAYER_SEC_LIT00106968 |
| BAYER_SEC_LIT00107014 |
| BAYER_SEC_LIT00107016 |
| BAYER_SEC_LIT00107028 |
| BAYER_SEC_LIT00107048 |
| BAYER_SEC_LIT00107072 |
| BAYER_SEC_LIT00107151 |
| BAYER_SEC_LIT00107170 |
| BAYER_SEC_LIT00107298 |
| BAYER_SEC_LIT00107323 |
| BAYER_SEC_LIT00107388 |
| BAYER_SEC_LIT00107408 |
| BAYER_SEC_LIT00107623 |
| BAYER_SEC_LIT00107693 |
| BAYER_SEC_LIT00107697 |

| |
|---|
| BAYER_SEC_LIT00107724 |
| BAYER_SEC_LIT00107739 |
| BAYER_SEC_LIT00107753 |
| BAYER_SEC_LIT00107773 |
| BAYER_SEC_LIT00107812 |
| BAYER_SEC_LIT00107950 |
| BAYER_SEC_LIT00107961 |
| BAYER_SEC_LIT00108038 |
| BAYER_SEC_LIT00108046 |
| BAYER_SEC_LIT00140302 |
| BAYER_SEC_LIT00140361 |
| BAYER_SEC_LIT00162184 |
| BAYER_SEC_LIT00162256 |
| BAYER_SEC_LIT00162351 |
| BAYER_SEC_LIT00162355 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Dr. Stephan Semrau, am an employee of Bayer Aktiengesellschaft ("Bayer"), a party to this action.  I am authorized to execute this verification of the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories (the "Responses") on behalf of Bayer. The Responses are based on information assembled by other corporate employees, representatives, and counsel, and as such are not within my personal knowledge or within the personal knowledge of any single individual.  Subject to that limitation, I declare that, based on a reasonable inquiry and with the assistance of employees, representatives, and counsel of Bayer, the facts set forth in the Responses are, to the best of Bayer's knowledge, true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of August, 2023.



Dr. Stephan Semrau

VERIFICATION

1

## **VERIFICATION**

2      I, Werner Baumann, hereby certify under penalty of perjury that I have read the foregoing

3   Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, and the statements set

4   forth therein are true and correct to the best of my knowledge and belief based upon a reasonable

5   inquiry to date, including information provided to me by others whom I believe to be reliable

6   sources of such information.

7

8      Executed this _23_ day of _August_, 2023.

9

10

11      _____

12      Werner Baumann

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION TO DEFS.' R&OS TO LEAD PS.' FIRST SET OF INTERROGATORIES

**<u>VERIFICATION</u>**

I, Werner Wenning, hereby certify under penalty of perjury that I have read the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, and the statements set forth therein are true and correct to the best of my knowledge and belief based upon a reasonable inquiry to date, including information provided to me by others whom I believe to be reliable sources of such information.

Executed this **29** day of **August**, 2023.

_____
Werner Wenning

1

**VERIFICATION**

2        I, Liam Condon, hereby certify under penalty of perjury that I have read the foregoing

3   Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, and the statements set

4   forth therein are true and correct to the best of my knowledge and belief based upon a reasonable

5   inquiry to date, including information provided to me by others whom I believe to be reliable

6   sources of such information.

7

8        Executed this _22ⁿᵈ_ day of _August_, 2023.

9

10

11        _____

12                          Liam Condon

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION TO DEFS.' R&OS TO LEAD PS.' FIRST SET OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Johannes Dietsch, hereby certify under penalty of perjury that I have read the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, and the statements set forth therein are true and correct to the best of my knowledge and belief based upon a reasonable inquiry to date, including information provided to me by others whom I believe to be reliable sources of such information.

Executed this 24 day of August, 2023.

_____

Johannes Dietsch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Wolfgang Nickl, hereby certify under penalty of perjury that I have read the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, and the statements set forth therein are true and correct to the best of my knowledge and belief based upon a reasonable inquiry to date, including information provided to me by others whom I believe to be reliable sources of such information.

Executed this 28 day of Aug, 2023.

_____
Wolfgang Nickl