Carol V. Gilden (*admitted pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*
[Additional Counsel on Signature Page]

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Liaison Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>   Plaintiffs,<br>  vs.<br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>   Defendants. | Case No: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITIES OF GERMANY PURSUANT TO THE HAGUE CONVENTION**<br><br>Ctrm:   3 – 17th Floor<br>Judge:  Richard Seeborg<br><br>Ctrm:   C – 15th Floor<br>Magistrate Judge:  Sallie Kim |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1781(b)(2), Rule 28(b)(3) of the Federal Rules of Civil Procedure, and Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No 710 Pension Fund ("Lead Plaintiffs") and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively "Plaintiffs") respectfully move this Court to issue a Letter of Request for International Judicial Assistance to the Ministry of Justice of the State of Brandenburg (*Ministerium der Justiz des Landes Brandenburg*) requesting assistance to compel the attendance of Roland Hartwig, a German citizen residing in Teltow, Germany to provide testimony under oath ("Request").

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the attached Letter of Request for International Judicial Assistance to Compel Evidence from a German Witness Pursuant to the 1970 Hague Convention on the Taking of Evidence in Civil and Commercial Matters, the pleadings and records on file in this action, and such further arguments and matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

This is a securities fraud class action centering on allegedly false and misleading statements made by Defendants[1] in connection with Bayer's acquisition of Monsanto. Specifically, Plaintiffs allege that Defendants made false and misleading statements concerning Bayer's due diligence efforts concerning the potential liability arising from thousands of toxic tort cases alleging that Monsanto's herbicide Roundup causes cancer (the "Roundup Litigation"). Plaintiffs allege that during the due diligence process, Bayer did not examine even a single internal Monsanto document relating to the risk posed by the Roundup Litigation and accepted without question Monsanto's characterization of its litigation risks.

Dr. Roland Hartwig ("Dr. Hartwig"), a German citizen residing in Teltow, Germany, is a key witness to the conduct alleged in this litigation. He was Bayer's General Counsel during the crucial period in which Bayer conducted its "confirmatory" due diligence on Monsanto's internal, non-public information. Recent deposition testimony from Bayer employees shows that Dr. Hartwig was directly involved in Bayer's due diligence on the Roundup Litigation and served as a link between the lawyers conducting that due diligence and the senior Bayer executives named as Individual Defendants. Indeed, Dr. Hartwig was involved in the assessment of the Monsanto acquisition and reported to the Individual Defendants and Bayer's Supervisory Board concerning that assessment.

This Court recently granted Plaintiffs leave to take an additional deposition in order to depose Dr. Hartwig. ECF No. 210. However, Defendants have stated that they are unable to make Dr. Hartwig available for deposition. Therefore, Plaintiffs now respectfully move this Court to issue

---

[1] Defendants are Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl's (collectively, "Defendants"). Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl are collectively referred to as the "Individual Defendants."

a Letter of Request for International Judicial Assistance requesting assistance to compel the attendance of Dr. Hartwig (the "Letter of Request"), attached hereto as Exhibit A.[2]

## II.    LEGAL STANDARD

Parties to litigation may take a deposition in a foreign jurisdiction pursuant to an applicable treaty or convention or pursuant to a letter of request, or "letter rogatory." Fed. R. Civ. P. 28(b).  The Hague Convention permits federal courts to "request the competent authority of another Contracting State, by a Letter of Request, to obtain evidence, or to perform some other judicial act."  T.I.A.S. No. 7444; *see also* 28 U.S.C. § 1781(b)(2) (code section does not preclude "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").  Issuance of a Letter of Request under the Hague Convention is a proper method for obtaining deposition testimony of non-party witnesses residing abroad. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct., S.D. Iowa*, 482 U.S. 522, 541 (1987).

The decision to issue a letter of request is within the sound discretion of the trial court. *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at \*2 (N.D. Cal. May 17, 2012).  In doing so, "a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained."  *Id*.  Trial courts routinely issue letters rogatory "… where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp.*, Inc., 2005 WL 1214345, at \*1 (S.D.N.Y. May 18, 2005) (citing *Elliot Assoc. v. Peru*, 1997 WL 436493, at \*2 (S.D.N.Y. Aug. 1, 1997)).  Indeed, Courts in this district routinely issue such letters of request. *See* Def. Kenneth E. Lonchar's Mot. for Issuance of a Letter Rogatory Pursuant to the Hague Convention; Mem. of P. & A. in Supp. Thereof, *S.E.C. v. Leslie*, No. 07-cv-03444-CW (N.D. Cal. Feb. 26, 2009), ECF No. 100; *see also* The Autonomy Parties' Application for the Issuance of Letter of Request, *MicroTechnologies, LLC v. Autonomy, Inc.*, No. 15-CV-02220-JCS (N.D. Cal. Dec. 4, 2015), ECF No. 38.

---

[2] Plaintiffs have not included the appendices to the Letter of Request.  However, should the Court wish to review them, Plaintiffs will submit them, some of which will need to be submitted under seal.

### III.    THE LETTER OF REQUEST IS WARRANTED HERE

Dr. Hartwig's deposition testimony is highly relevant to this case because he was directly involved in Bayer's due diligence on the Roundup Litigation and served as a link between the lawyers conducting the due diligence and the Individual Defendants.  Indeed, this Court has already ruled that Plaintiffs "acted diligently" in seeking Dr. Hartwig's deposition "once they had information from the combination of the responses to Interrogatory No. 3, the documents, and the deposition, of the extent of Hartwig's involvement in the Monsanto acquisition."  ECF No. 210 at 5.

Specifically, recent deposition testimony confirms Dr. Hartwig's involvement in the Roundup Litigation due diligence.  Prior witness testimony confirmed that Bayer employees involved in the Monsanto due diligence process reported to Dr. Hartwig. Dr. Hartwig in turn reported to Defendants Baumann or Dietsch and presented to Bayer's Supervisory Board. Crucially, this testimony also confirmed that Dr. Hartwig was informed about the due diligence process and was involved in the assessment of the risk posed by the Roundup Litigation. As such, deposition testimony from Dr. Hartwig will be highly relevant to Plaintiffs claims, including regarding falsity and scienter.  Furthermore, the Letter of Request is narrowly tailored to allow Plaintiffs to obtain information regarding these relevant issues and satisfies the Hague Convention's specifications for such letters of request.

Thus, Plaintiffs has met its burden to show that the Letter of Request should be issued here.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and issue the accompanying Letter of Request.  It is respectfully requested that the Court execute two copies of the Letter of Request, thus allowing one original of the executed Letter to be retained in the Court file and one original of the Letter of Request to be returned to Plaintiffs' counsel for delivery to the proper German authorities.  Upon receipt of the executed Letter of Request, Plaintiffs' counsel will have it translated into German and will have the certified German translation and the English versions of the Letter of Request delivered to the proper German authorities. Thereafter, Plaintiffs' counsel will provide to the Clerk of Court all papers received from the German authorities including all notices of hearings as well as the executed Letter of Request, for filing on the case docket.

Dated:  June 10, 2024

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:    */s/ Carol V. Gilden*
       Carol V. Gilden (admitted *pro hac vice*)

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com

Chris Lometti (admitted *pro hac vice*)
Benjamin F. Jackson (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Flour
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
      bjackson@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
      avahdat@bermantabacco.com

*Liaison Counsel for Plaintiffs and the Class*

*Attorneys for Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund, and Additional Named Plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware*