# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | CASE NO: 3:20-CV-04737-RS<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL EVIDENCE FROM A GERMAN WITNESS PURSUANT TO THE 1970 HAGUE CONVENTION ON THE TAKING OF EVIDENCE IN CIVIL AND COMMERCIAL MATTERS**<br><br>CLASS ACTION<br><br>Courtroom:  3 – 17th Floor<br>Judge:      Richard Seeborg |

[No: 3:20-cv-04737-RS] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

**FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA TO THE CENTRAL AUTHORITY IN THE FEDERAL REPUBLIC OF GERMANY, GREETINGS:**

The United States District Court for the Northern District of California, in the United States of America (the "District Court"), presents its compliments to the Ministry of Justice of the State of Brandenburg (*Ministerium der Justiz des Landes Brandenburg*), and requests assistance in obtaining evidence to be used in a civil proceeding before this Court in the above-captioned matter (the "Action").

This request is made pursuant to, and in conformity with, *the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Hague Convention"), to which both the United States and Germany are a party.

The purpose of this Letter of Request ("Request") is to obtain testimony for use at trial from a witness who resides within your jurisdiction, Dr. Roland Hartwig ("Dr. Hartwig" or the "Witness"), the former General Counsel of Defendant Bayer Aktiengesellschaft ("Bayer") during part of the relevant period at issue in this lawsuit. Bayer, with Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl, are referred to as "Defendants." Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl, are referred to as the "Individual Defendants."

The District Court considers the evidence sought to be relevant to the issues in dispute and the Witness identified by Plaintiffs to be likely to have information that may be used to support the claims against Defendants. The District Court requests the assistance of the appropriate German court to compel the appearance of Dr. Hartwig to provide testimony on the subject matters as described in this Request. It is requested that the appropriate German court issue such orders as are necessary to do so and to implement this Request.

Before seeking approval of this Request with the District Court, Plaintiffs approached Defendant Bayer to voluntarily produce Dr. Hartwig, its former employee, to testify in accordance with international law. Bayer declined to do so.

---

[No: 3:20-cv-04737-RS] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE                    1

The particulars of this Hague Convention Request are as follows (and as set out in the Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters):

**1.      Sender:**

The Honorable Richard Seeborg
United States District Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 3 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

**2.      Central Authority of the Requested State:**

Ministerium der Justiz des Landes Brandenburg
Heinrich-Mann-Allee 107
14473 Potsdam
Germany

**3.      Persons to whom the District Court will return copies of the executed request once received from the Central Authority of the Requested State:**

Carol V. Gilden
**Cohen Milstein Sellers & Toll PLLC**
190 South LaSalle Street
Suite 1705
Chicago, Illinois 60603

Frank Meckes
**WACH UND MECKES und Partner**
**Rechtsanwälte PartGmbB**
Karolinen Karree
Karlstraße 12
80333 München
Germany

**4.      Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

Plaintiffs kindly request proceeding with this request in consideration of the September 10, 2024 deadline set by the District Court for Plaintiff to take this examination. The Request was not initiated earlier because Plaintiffs only recently learned through discovery the extent of Dr. Hartwig's involvement in facts at issue, as discussed below.

**IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

     **5.**     **Requesting Judicial Authority (Article 3, a):**

          **a.**     **Requesting judicial authority:**

The Honorable Richard Seeborg
United States District Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 3 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

          **b.**     **To the competent authority of (Article 3, a):**

Ministerium der Justiz des Landes Brandenburg
Heinrich-Mann-Allee 107
14473 Potsdam
Germany

          **c.**     **Names of the case and any identifying number:**

*Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*
Civil Action Number: 3:20-cv-04737-RS
United States District Court for the Northern District of California

     **6.**     **Names and Addresses of the Parties and Their Representatives (Article 3, b):**

          **a.**     **Plaintiffs (all correspondence to be sent care of counsel):**

- Lead Plaintiff Sheet Metal Workers' National Pension Fund
  3180 Fairview Park Drive, Suite 400
  Falls Church, Virginia 22042;

- Lead Plaintiff International Brotherhood of Teamsters Local No. 710 Pension Fund
  9000 West 187th Street
  Mokena, Illinois 60448; and

- Named Plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware
  1375 Virginia Drive, Suite 102
  Fort Washington, Pennsylvania 19034

---

*United States Counsel:*

Carol V. Gilden
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street
Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

Benjamin F. Jackson
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, New York 10005
Telephone: (212) 838-7797
Email: bjackson@cohenmilstein.com

Nicole Lavallee
Alexander S. Vahdat
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, California 94104
Telephone: (415) 433-3200
Email: nlavallee@bermantabacco.com
         avahdat@bermantabacco.com

*German Liaison Counsel:*

Frank Meckes
**WACH UND MECKES und Partner**
**Rechtsanwälte PartGmbB**
Karolinen Karree
Karlstraße 12
80333 München

**b.      Defendants:**

- Bayer Aktiengesellschaft
  Kaiser-Wilhelm-Allee 1
  51373 Leverkusen
  Germany;

- Werner Baumann
  care of Wachtell, Lipton, Rosen & Katz;

- Werner Wenning
  care of Wachtell, Lipton, Rosen & Katz;

- Liam Condon
  care of Wachtell, Lipton, Rosen & Katz;

- Johannes Dietsch
  care of Wachtell, Lipton, Rosen & Katz; and

- Wolfgang Nickl
  care of Wachtell, Lipton, Rosen & Katz

*United States Counsel:*

Noah B. Yavitz
William Savitt
Emily R. Barreca
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Email: WDSavitt@wlrk.com
NBYavitz@wlrk.com
ERBarreca@wlrk.com

Jordan Eth
David J. Wiener
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: JEth@mofo.com
DWiener@mofo.com

7. **Nature of the proceedings (Article 3, c):**

   a. **Nature of the claims:**

The evidence requested relates to a civil litigation alleging violations of the United States federal securities laws aimed at protecting investors.

The parties are currently engaged in pre-trial discovery and a trial is scheduled to commence on January 27, 2025.

   b. **Summary of the Sustained Claims in the Complaint:**

**The Parties**

Plaintiffs are three U.S. public pension funds who provide benefits for labor union members, including sheet metal workers, courier company workers, freight and transportation workers, and heavy equipment and industrial machinery operators, and invested in Bayer's publicly traded American Depository Receipts ("ADRs") for the benefit of those members. ADRs are securities that represent one or more shares in foreign companies and are traded in U.S. financial markets. Pursuant

to an order of the District Court, Plaintiffs represent themselves as well as other investors who purchased or otherwise acquired Bayer's ADRs from May 23, 2016 to July 6, 2020, inclusive.

Defendants are Bayer, a German chemicals conglomerate and one of the largest companies in the world, and the Individual Defendants, former officers and directors of Bayer.

**The Alleged Facts**

Plaintiffs allege that in early 2016, Bayer began exploring the possibility of acquiring Monsanto, an American agrochemical and agricultural company.  Monsanto has been widely described as "the most hated company in the world" because of its long history of concealing the health risks of its major chemical products—including PCBs, dioxin, DDT, and Agent Orange. Then, by early 2016, Monsanto had been accused in over a hundred lawsuits of concealing the cancer risks associated with another one of its major products, its herbicide Roundup, which lawsuits increased exponentially into the thousands by the time Bayer closed the acquisition in 2018 (the "Roundup Litigation").

On May 19, 2016, Bayer announced that it had made a $62 billion all-cash offer to acquire Monsanto. In the following months, Defendants repeatedly issued statements assuring investors that Bayer planned to perform, was performing, or had performed extensive due diligence on the risks posed by the Roundup Litigation.  In truth, however, Bayer had not requested or reviewed any internal Monsanto documents relating to Roundup's legal risks and accepted without question Monsanto's characterization of its litigation risks.

Bayer and Monsanto officially executed a merger agreement in September 2016.  Over the following two years, despite representing otherwise, Bayer continued to fail to examine internal Monsanto documents and information relating to the Roundup Litigation. The merger closed on June 7, 2018.

Defendants' false statements caused the price of Bayer ADRs to be artificially inflated when Plaintiffs and other investors purchased them.  Thereafter, the falsity of Defendants' statements regarding Bayer's due diligence began to emerge as Monsanto lost every subsequent trial and appellate battle regarding Roundup until the true dimension of the liability was finally disclosed in 2020 when Bayer revealed it would be forced to pay $10.9 billion or more to resolve the Roundup

Litigation.  As the truth emerged, the price of Bayer's ADRs significantly plummeted, causing significant losses to Plaintiffs and other investors.

**The Claims**

Based on these allegations, Plaintiffs seek compensation for monetary losses sustained as a result of Defendants' wrongdoing. They allege and must prove that Defendants (1) issued materially false and misleading statements; (2) with the requisite state of mind, scienter (knowingly or with deliberate recklessness); and (3) thereby causing losses in Bayer ADR investments as the Bayer ADR price dropped significantly as the truth was revealed (violation of Section 10(b) of the Securities Exchange Act of 1933 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5).

Plaintiffs also allege that the Individual Defendants violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). This requires that Plaintiffs prove that the Individual Defendants directly or indirectly controlled Bayer, who Plaintiffs allege is a primary violator of the United States federal securities laws.

c.    **Summary of defenses:**

In their Answer, Defendants largely deny Plaintiffs' allegations.  This includes denying that they failed to undertake any meaningful due diligence of the Monsanto acquisition or the risks related to the Roundup Litigation or that they acted with the requisite scienter/mental state, which are topics of the testimony of Dr. Hartwig's that Plaintiffs seek by way of this request.

8.    **Evidence to be Obtained and Purpose of the Evidence Sought:**

a.    **Evidence to be obtained (Article 3, d):**

i.    **Witness' background**

By this request, Plaintiffs seek the testimony of Dr. Hartwig, a German citizen who served as General Counsel of Bayer AG from 1999 to October 2016, which includes part of the time period at issue in this case.  In that role, Dr. Hartwig oversaw Bayer's entire legal operations, including Compliance, Data Protection, Intellectual Property, Insurance, and Corporate Law. Dr. Hartwig reported to both Bayer's Board of Management and Supervisory Board on such matters, including on mergers and acquisitions. Dr. Hartwig left his employment with Bayer in October 2016, after

Bayer's May 19, 2016 announcement of its $62 billion all-cash offer to acquire Monsanto. To the best of Plaintiffs' knowledge,  he has had no further connection with the Company since he left.

### ii.    Witness' involvement in and knowledge of Bayer's Monsanto Due Diligence and the assessment of the Roundup Litigation Risk and his interactions with the Defendants

Discovery has shown that Dr. Hartwig is a witness to the events at issue in this case. Specifically, recent testimony by another witness demonstrates Dr. Hartwig's involvement in Bayer's due diligence in connection with the Monsanto acquisition including that Dr. Hartwig was "involved" in "the assessment . . . of the litigation risk" and was "kept in the loop" about the due diligence, that he reported to Defendants Baumann or Dietsch and presented to and attended meetings with Bayer's Supervisory Board about the Monsanto acquisition.

### iii.    Statement of subject matter on which the witness will be examined

Through this Request, Plaintiffs seek to obtain testimony from Dr. Hartwig relevant to their claims, including regarding the following subjects, which are also annexed to Appendix 1:

- Preliminary information including: (a) Dr. Hartwig's understanding of the importance of providing truthful testimony, guidelines to ensure an efficient examination, and who, if anyone, represents him in connection with this examination; and (b) Dr. Hartwig's preparation in advance of this examination;

- Dr. Hartwig's roles and responsibilities at Bayer, his experience in mergers and acquisitions and overseeing and managing major litigation, his departure from Bayer, and any current relationship he has with Bayer;

- Dr. Hartwig's involvement in and/or knowledge of Bayer's assessment of the potential legal risks associated with acquiring Monsanto;

- A memorandum prepared by the law firm Sidley Austin, and Dr. Hartwig's receipt and knowledge of different versions of such memorandum;

- Dr. Hartwig's receipt of information concerning developments in the Roundup Litigation after Bayer completed its due diligence and publicly announced its planned acquisition of Monsanto in June 2016, including information suggesting Bayer's due diligence had been less thorough than and/or less adequate than Defendants publicly portrayed;

- Dr. Hartwig's attendance at and participation in meetings of Bayer's Board of Management and its Supervisory Board at which Bayer's due diligence on Monsanto, litigation risks arising out the acquisition of Monsanto, the synergies flowing from the acquisition of Monsanto, or litigation relating to glyphosate or Roundup was discussed;

- Dr. Hartwig's and/or the Individual Defendants' discussions and/or inquiries into the bases for Bayer's and its representatives' public statements concerning Bayer's due diligence on Monsanto generally and Bayer's due diligence on the risk posed by the

Roundup Litigation specifically and any advice Dr. Hartwig provided regarding such statements;

- Dr. Hartwig's awareness and/or knowledge of terms and provisions in the merger agreement between Bayer and Monsanto, his involvement in negotiating such terms and provisions, and the advice he provided regarding the merger agreement; and

- In connection with the topics above, the documents annexed to Appendix 5 of the Letter of Request and Dr. Hartwig's receipt and/or knowledge of those documents.

### iv.    Consideration afforded to the witness and the confidentiality of his testimony

Dr. Hartwig is not a Defendant and is only a witness in this matter. Plaintiffs do not seek any relief from Dr. Hartwig.

Under the laws of the United States, pursuant to the attorney-client privilege, a witness can refuse to give evidence if the evidence discloses a confidential communication between them and their attorney that was made for the purpose of obtaining legal advice.  In this case, however, the District Court ruled that Defendants have waived any attorney-client privilege or attorney work-product protection regarding certain communications and documents concerning the due diligence review and analysis of the Roundup Litigation, including certain documents implicating Dr. Hartwig on this topic. A copy of the District Court's ruling is attached to this Request as Appendix 2 (the discussion of the waiver is on page 3-4 of the order).

Further, the parties to this litigation, including Defendant Bayer, have stipulated to a protective order by which the parties can transmit confidential information, documents, and testimony to the other parties and follow certain procedures to submit such confidential information to the District Court. A copy of the protective order is annexed to Appendix 3. The Protective Order also protects information produced by non-parties such as Dr. Hartwig.

In addition, other current and former Bayer executives have provided testimony pursuant to the Protective Order. Dr. Hartwig's successor as General Counsel of Bayer AG, Dr. Gabriel Harnier—also a former employee of Bayer—has agreed to be examined on July 2, 2024 to which Defendants have consented.   Bayer has not indicated that there is any agreement between Bayer and Dr. Hartwig regarding Dr. Hartwig maintaining the confidentiality of information he learned as an employee of Bayer.

Finally, Plaintiffs understand that Dr. Hartwig served as a member in the German Bundestag from October 2017 through October 2021. Plaintiffs do not seek information related to Dr. Hartwig's service in the German Bundestag and seek only testimony concerning Dr. Hartwig's tenure at Bayer and his reasons for leaving the company in October 2016.

**b.      Purpose of the evidence sought:**

Plaintiffs seek to examine Dr. Hartwig for use at trial in the instant case in support of their claims discussed above under 7.b.  His testimony will go to elements of Plaintiffs' claims at trial, including: (1) the falsity of Defendants' statements concerning Bayer's due diligence on the Roundup Litigation; and (2) Defendants' states of mind (that is, scienter) when issuing those statements. According to another witness who was recently examined, Dr. Hartwig was directly involved in Bayer's due diligence review of the liability risks related to the Roundup Litigation and provided updates regarding that review to Defendants Baumann and Dietsch and Bayer's Supervisory Board. His testimony will show the documents and information Bayer reviewed during its due diligence review of Monsanto and what information was conveyed to other Defendants and Bayer's Supervisory Board concerning that review.

**9.      Identity and address of any person to be examined (Article 3, e):**

The District Court requests the examination of the following witness:

> Dr. Roland Hartwig
> Ganghoferstr. 3
> 14513 Teltow
> Germany

**10.      Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f):**

Please see Appendix 1 for a list of topics on which Plaintiffs intend to examine the Witness and Appendix 4 for a list of specific questions to be put to the Witness should the German Court wish to conduct the initial examination and not ask the Plaintiffs' counsel to ask the initial questions.

**11.      Documents or other property to be inspected:**

None.

**12.    Any requirement that the evidence be given an oath or affirmation and any special form to be used (Article 3, h):**

Because the testifying witness is outside the District Court's subpoena power and cannot be compelled to attend trial, the District Court requests that the witness' testimony be given under the following oath, "I [name of deponent] swear [or affirm] that the testimony that I am about to give is the truth, the whole truth and nothing but the truth."

In the event the laws of Germany do not permit the swearing of an oath by a particular witness, the Witness should be instructed of the consequences for giving untruthful and false answers under the laws of Germany.

**13.    Special methods or procedure to be followed (Article 3, I and 9):**

The District Court asks that the following special procedures be observed:

**GENERAL PROCEDURES**

a)    That only the parties' representatives or designees, interpreters, a videographer, and a U.S. verbatim court reporter be permitted to attend and participate in the hearing at which the Witness will be examined. The parties are bound by a protective order issued by the District Court (annexed to Appendix 3) pursuant to which all documents, information, and testimony have been produced in this litigation. Limiting the participants at the proceedings in the German Court to those listed above is important to comply with the terms of the protective order, maintain the confidentiality of Dr. Hartwig's testimony and the documents shown to him;

b)    That the testimony be transcribed by a U.S. verbatim court reporter from Veritext located at 7 Times Square, Suite 1604, New York, New York 10036, arranged by Plaintiffs and at their expense (in relation to the production of verbatim transcripts, please see Higher Regional Court Karlsruhe, Decision of December 13, 2017 – 6 VA 12/17, BeckRS 2017, 137506; MüKo ZPO-*Pabst*, 6th edition, HBewÜ, Art. 9 recital 8; Geimer/Schütze, Internationaler Rechtsverkehr in Zivil- und Handelssachen-*Knöfel*, 63th addition, October 2021, Art. 9 Haager Übereinkommen über die Beweisaufnahme recital 14);

c) That the testimony be recorded by a videographer from Veritext located at 7 Times Square, Suite 1604, New York, New York 10036, arranged by Plaintiffs and at their expense (in relation to video recording, please see MüKo ZPO-*Pabst*, 6th edition, HBewÜ, Art. 9 recital 8);

d) That the Witness's testimony be given under the following oath, "I [name of deponent] swear [or affirm] that the testimony that I am about to give is the truth, the whole truth and nothing but the truth." The administration of an oath is necessary for the Witness's testimony to be admissible at trial in the District Court;

e) That an interpreter (German/English), arranged by Plaintiffs and at their expense, be available during the witness examination to provide translation directly to Plaintiffs' U.S. legal representatives or other designees;

f) Plaintiffs recognize the German Court's authority to initially examine the witness and have provided a list of questions to do so annexed to Appendix 4. However, Plaintiffs' legal representatives are available to facilitate the witness examination by conducting the initial examination of the Witness concerning the topics outlined in Appendix 1 if the German Courts considers this to be pertinent;

g) That at the conclusion of the initial examination of the Witness (whether conducted by the German Court or Plaintiffs' legal representatives or designees), the parties' legal representatives or their designees be permitted to submit additional questions to the Witness related only to the list of topics referenced in Appendix 1;

h) That the parties' representatives or their designees be permitted to submit objections in writing to questions posed by the opposing party after the conclusion of the Witness' examination, thereby preserving the parties' objections to be ruled upon by the District Court at trial;

i) That in connection with the taking of testimony of the Witness, the German Court to execute this Request refer and show the Witness documents annexed to Appendix 5 and list of topics annexed to Appendix 1 and that the parties' legal representatives

may also refer and show such documents to the Witness in connection with any additional questions they submit to the Witness. Defendants produced all documents annexed to Appendix 5 during the course of this litigation, and copies of these documents remain in their custody, possession, or control;

j)      That the German Court execute this Request by providing to the Witness **only** the documents annexed to Appendix 5 and list of topics annexed to Appendix 1 ahead of his examination and remind the Witness to prepare for his examination in relation to the topics set out in Appendix 1 (witnesses have a duty to prepare for their examination also under German procedural law; *see* Sec. 378 Para. 1 Sentence 1 German Code of Civil Procedure; ZPO; Higher Regional Court Cologne, decision of June, 14 1973 – 14 W 39/73, NJW 1973, 1983, 1984; Musielak/Voit ZPO-*Huber/Röß*, 21th edition ZPO, § 373 Rn. 9); and

k)      That aside from the Appendices 1 and 5 noted in 13(j) above, the German Court withhold this Letter of Request and the questions annexed to Appendix 4 from the witness prior to his examination (*see* MüKo ZPO-*Damrau/Weiland*, 6th edition ZPO, § 397 Rn. 2).

## CONFIDENTIALITY

The District Court additionally requests that the confidentiality of any evidence produced be maintained pursuant to the laws of Germany as well as the Protective Order issued by the District Court in this case (attached as Appendix 3).  Pursuant to the Protective Order, the District Court further requests that this Letter of Request, including all appendices, and any information provided by the Witness not be disclosed to any individuals or entities other than the parties, their counsel, the German court or any interpreters, videographers, and court reporters present at the examination.

**14.      Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7):**

It is respectfully requested that the testimony be taken at such place, date, or time as ordered by the German Court.  The District Court further requests that Plaintiffs' German legal representative, Franck Meckes, act as liaison between the German Court and the parties to ensure

that they are timely advised of the German Court's decisions with respect to this Letter of Request and to ensure that all participants are advised of the date and location of the German hearing for the execution of the Request. The District Court further requests that, pursuant to Art. 7 Sentence 2 of the Convention, it and the parties' counsel be notified of the time and place of the execution of the Letter of Request and any other decisions by the German Court with respect to the Letter of Request at the following addresses:

> The Honorable Richard Seeborg
> United States District Judge
> United States District Court for the Northern District of California
> San Francisco Courthouse, Courtroom 3 – 17th Floor
> 450 Golden Gate Avenue
> San Francisco, California 94102
>
> Carol V. Gilden
> **COHEN MILSTEIN SELLERS & TOLL PLLC**
> 190 South LaSalle Street
> Suite 1705
> Chicago, Illinois 60603
>
> Benjamin F. Jackson
> **COHEN MILSTEIN SELLERS & TOLL PLLC**
> 88 Pine Street, Fourteenth Floor
> New York, New York 10005
>
> Nicole Lavallee
> Alexander S. Vahdat
> **BERMAN TABACCO**
> 425 California Street, Suite 2300
> San Francisco, California 94104
>
> Frank Meckes
> **WACH UND MECKES und Partner**
> **Rechtsanwälte PartGmbB**
> Karolinen Karree
> Karlstraße 12
> 80333 München
>
> Noah B. Yavitz
> William Savitt
> Emily R. Barreca
> **WACHTELL, LIPTON, ROSEN & KATZ**
> 51 West 52nd Street
> New York, New York 10019

Jordan Eth
David J. Wiener
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105

**15.      Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 11, b):**

None.

**16.      Specification of privilege or duty to refuse to give evidence under the law of the State of origin:**

Under the laws of the United States, pursuant to the attorney-client privilege, a witness can refuse to give evidence if the evidence discloses a confidential communication between them and their attorney that was made for the purpose of obtaining legal advice.  In this case, however, as noted above, because Defendants assert that they relied on the advice of their attorneys such as Dr. Hartwig, the District Court ruled that Defendants have waived any attorney-client privilege regarding certain communications and documents concerning the due diligence review and analysis of the Roundup Litigation, including certain documents implicating Dr. Hartwig.  As such, the attorney-client privilege does not protect Dr. Hartwig's testimony.

**17.      The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

The fees and costs incurred, if any, will be borne by Plaintiffs.  The District Court requests that any bills for such fees and costs be sent to Plaintiff's U.S. legal counsel at:

Carol V. Gilden
**Cohen Milstein Sellers & Toll PLLC**
190 South LaSalle Street
Suite 1705
Chicago, Illinois 60603

DATE OF REQUEST: _____

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY:            _____

The Honorable Richard Seeborg
United States District Judge
United States District Court for the Northern
District of California
San Francisco Courthouse
Courtroom 3 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102