Carol V. Gilden (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*
[Additional Counsel on Signature Page]

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
         avahdat@bermantabacco.com

*Liaison Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>      Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF BENJAMIN F. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CASE MANAGEMENT SCHEDULE TO SUBSTITUTE EXPERT WITNESS**<br><br>Ctrm: 3 – 17th Floor<br>Judge: Richard Seeborg |

[No. 3:20-CV-04737-RS] DECL. OF BENJAMIN F. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CASE MANAGEMENT SCHEDULE TO SUBSTITUTE EXPERT WITNESS

I, Benjamin F. Jackson, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a member in good standing of the bar of the State of New York and have been admitted *pro hac vice* in this pending action. ECF No. 49. I am a partner with the law firm of Cohen Milstein Sellers & Toll PLLC, Lead Counsel in this action. I have personal knowledge of the facts stated herein and could competently testify to them if called as a witness.

2.      I respectfully submit this declaration in support of the motion of Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively "Plaintiffs") to amend the case management schedule to permit Plaintiffs to substitute an expert witness in place of Jeffrey Martin.

3.      On June 15, 2023, the Court issued a Further Case Management Scheduling Order setting discovery deadlines for the litigation, requiring the parties to designate experts on or before April 30, 2024 and complete expert discovery on or before July 12, 2024. ECF No. 185.

4.      On February 14, 2024, the parties filed a joint stipulation to extend the expert disclosure deadline to June 11, 2024 and the close of expert discovery to August 23, 2024. ECF No. 204. The Court granted the stipulation the next day. ECF No. 205.

5.      On June 11, 2024, Plaintiffs timely designated Jeffrey Martin as an expert witness and served his opening expert report on Defendants.

6.      On June 25, 2024, the parties jointly stipulated to extend the close of discovery by approximately eight weeks due to an upcoming settlement mediation. ECF No. 217. The Court granted the stipulation on June 28, 2024, making the designation of supplemental and rebuttal witnesses due by September 20, 2024 and reply witnesses due by October 11, 2024, and setting the expert discovery deadline for November 1, 2024. ECF No. 218.

7.      On September 9, 2024, Mr. Martin informed me that he had an urgent medical condition requiring emergency treatment and approximately one week of recovery time. That same day, I informed Defendants' counsel of Mr. Martin's condition via email.

8.      On September 13, 2024, the parties jointly sought an extension to the case management schedule to give Mr. Martin additional time to complete his rebuttal report (ECF No. 222), which the Court granted (ECF No. 223). The order extended expert discovery until December 6, 2024, with supplemental and rebuttal designations due by October 18, 2024 and reply designations due by November 8, 2024. ECF No. 223.

9.      Mr. Martin timely issued a rebuttal and supplemental expert report on October 18, 2024, and a reply report on November 8, 2024.

10.     On November 11, 2024, the parties stipulated to extend the expert discovery deadline to December 20, 2024 because it "[was] not possible to schedule three of the seven expert depositions on mutually agreeable dates" before the current close of discovery deadline. ECF No. 226. The Court granted the stipulation on November 12, 2024. ECF No. 227.

11.     On December 4, 2024, Mr. Martin informed me and my partner Carol V. Gilden that he was bedridden and required urgent orthopedic surgery, which was scheduled for December 18, 2024. As a result, he likely would be unable to sit for a deposition until after the current deadline for expert discovery, unless Defendants were willing to depose him from a hospital-like bed. Ms. Gilden and I informed Defendants' counsel of the developments the same day.

12.     On December 13, 2024, the parties filed a joint stipulation requesting that the expert discovery deadline be extended to January 10, 2025 to give Mr. Martin time to recover ahead of his deposition. ECF No. 228. The Court granted the stipulation the same day. ECF No. 229.

13.     On December 16, 2024, I met with Mr. Martin for several hours to begin preparing for his deposition.

14.     On December 17, 2024, Mr. Martin informed me that he would need to undergo a biopsy after his orthopedic surgery. Mr. Martin told me that he did not yet know whether the additional procedure would affect his recovery time.

15.     On December 18, 2024, Mr. Martin informed me that his orthopedic surgery was going forward that day and that his doctors did not expect the biopsy to result in a new diagnosis.

16.    On December 24, 2024, Defendants noticed Mr. Martin's deposition for January 9, 2025, by agreement.

17.    On December 25, 2024, Mr. Martin informed me that he was hospitalized again due to apparent post-surgical side effects.

18.    On December 27, 2024, Mr. Martin informed me that he was being discharged from the hospital.

19.    On December 30, 2024, I met with Mr. Martin for several hours to continue preparing for his deposition, then scheduled for January 9, 2025.

20.    On January 2, 2025, Mr. Martin informed Ms. Gilden and me that he had been hospitalized again for additional symptoms. Nevertheless, he told us that despite these issues, he felt "fine" and was not in pain.

21.    On January 3, 2025, Mr. Martin informed me that he was having ongoing cardiovascular and neurological issues.  The same day, Ms. Gilden and I notified Defendants' counsel of the developments in Mr. Martin's health via telephone.

22.    On January 6, 2025, Mr. Martin informed me that he required vascular surgery and was believed to have cancer. Plaintiffs' counsel began searching for potential substitutes for Martin in case his health issues prevented him from continuing to serve as a testifying expert.

23.    On January 7, 2025, Ms. Gilden and I met and conferred with Defendants' counsel to inform them of the latest developments in Mr. Martin's health issues and to discuss the issue further. The following day, Defendants agreed to withdraw their notice of deposition of Mr. Martin, subject to Plaintiffs' stipulation that Defendants had not waived or forfeited their right to depose Mr. Martin.

24.    That same day, January 8, 2025, Mr. Martin informed me that he had been diagnosed with a form of cancer that would require extensive ongoing treatments.

25.    On January 9, 2025, the parties filed a joint case management statement informing the Court that Mr. Martin was still "experiencing major health issues that require full-time hospitalization and several upcoming surgical procedures," so it would not be possible to complete

[No. 3:20-CV-04737-RS] DECL. OF BENJAMIN F. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CASE MANAGEMENT SCHEDULE TO SUBSTITUTE EXPERT WITNESS          3

his deposition by the current discovery deadline "or likely in the weeks immediately following the deadline." ECF No. 230. The parties also informed the Court that they would be attending a mediation on January 31, 2025. *Id.* The parties proposed that all remaining deadlines be extended by four weeks and that they would provide the Court with a further status update on or before February 6, 2025. *Id.*; *see also* ECF No. 232. On January 10, 2025, the Court granted the parties' proposed order. ECF No. 233.

26.     On January 19, 2025, Mr. Martin provided Ms. Gilden and me with an update on his health issues, confirming that his cancer diagnosis still stood and that he continued to experience symptoms that would likely prevent him from serving as a testifying expert witness. Mr. Martin said that he was awaiting test results to determine the appropriate treatment plan and that the timing of his return was highly uncertain.

27.     On January 23–24, 2025, I reached out to several potential expert witness candidates and inquired about their availability to serve as an expert in Mr. Martin's stead. At that time, Plaintiffs' counsel began corresponding with, interviewing, and vetting potential candidates.

28.     On January 30, 2025, Plaintiffs informed Defendants of their view that Mr. Martin would unfortunately be unable to continue serving as Plaintiffs' main due diligence expert due to his medical issues, and that they now intended to secure a substitute expert.

29.     On February 2, 2025, I received an email from Mr. Martin that I understood to convey his view that obtaining a substitute expert would be advisable under the circumstances.

30.     On February 4, 2025, the parties met and conferred about the instant motion, and Defendants indicated they oppose it.

31.     On February 5, 2025, Plaintiffs retained an expert witness intended to serve as a substitute for Mr. Martin.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 5th day of February, 2025, at New York, New York.

*/s/ Benjamin F. Jackson*
Benjamin F. Jackson