EXHIBIT A

Carol V. Gilden (*admitted pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Liaison Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

William Savitt (admitted *pro hac vice*)
Noah B. Yavitz (admitted *pro hac vice*)
Emily R. Barreca (admitted *pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: WDSavitt@wlrk.com
        NBYavitz@wlrk.com
        ERBarreca@wlrk.com

Jordan Eth (SBN 121617)
David J. Wiener (SBN 291659)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email:  JEth@mofo.com
        DWiener@mofo.com

*Attorneys for Defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br>    Plaintiffs,<br>  vs.<br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br>    Defendants. | Case No.: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>Judge:   Richard Seeborg<br>Courtroom:  3 — 17th Floor |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"), is made and entered into between plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively, "Plaintiffs"), on behalf of themselves and the Court-certified Class (defined below); and defendants Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants," and with Plaintiffs, the "Parties"), by and through their undersigned respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all the Released Plaintiffs' Claims (defined below) and the Released Defendants' Claims (defined below).

WHEREAS:

A.     On July 15, 2020, the City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System filed a class action complaint in the United States District Court for the Northern District of California (the "Court"), styled *City of Grand Rapids Gen. Ret. Sys. v. Bayer et al.*, Case No. 3:20-cv-04737-RS, against Bayer and five of its then-current and former officers, on behalf of a putative class of purchasers of Bayer American Depositary Receipts between May 23, 2016 and March 19, 2019, inclusive, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. The action was assigned to the Honorable Richard Seeborg. ECF No. 1.

B.     On October 21, 2020, the Court appointed Sheet Metal Workers National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund as Lead Plaintiffs and approved their selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel. ECF No. 44.

C.      On January 19, 2021, Plaintiffs filed an Amended Complaint on behalf of themselves and a proposed class of all persons and entities that purchased or otherwise acquired Bayer ADRs between May 23, 2016, and July 6, 2020, and suffered damages. The Amended Complaint, now styled *Sheet Metal Workers' National Pension Fund et al. v. Bayer et al.*, alleged that Defendants made false and misleading statements and omissions regarding Bayer's acquisition of Monsanto, including Bayer's merger due diligence, Bayer's access to Monsanto's internal documents, and the evidence concerning whether Roundup and glyphosate cause non-Hodgkin's lymphoma. The complaint further claimed that Bayer fraudulently understated liabilities and overstated profits in its financial reports by allegedly failing to account for potential Roundup-related legal liabilities and allegedly failing to disclose litigation risks as contingent liabilities. The Amended Complaint claimed that these alleged misrepresentations and omissions inflated Bayer ADR prices during the Class Period, harming investors when the alleged truth emerged. ECF No. 47.

D.      On March 22, 2021, Defendants moved to dismiss the Amended Complaint. ECF No. 61. Plaintiffs opposed the motion on May 21, 2021. ECF No. 73. Defendants filed a reply on June 21, 2021. ECF No. 78. The Court held a hearing on Defendants' motion to dismiss on October 15, 2021. ECF No. 87. On October 19, 2021, the Court issued an order denying the motion, holding that Plaintiffs had stated a claim with respect to Defendants' statements concerning Bayer's due diligence on the Monsanto merger, but not with respect to the other alleged misstatements and omissions identified in the Amended Complaint, as pleaded. ECF No. 90.

E.      On November 2, 2021, Defendants sought leave to file a motion for reconsideration of the Court's denial. ECF No. 93. Plaintiffs opposed on November 12, 2021. ECF No. 95. On November 15, 2021, the Court denied Defendants leave. ECF No. 97.

F.      On December 17, 2021, Plaintiffs filed a motion for leave to file a Second Amended Class Action Complaint ("SAC") to (a) amend their allegations concerning Bayer's statements about the evidence on whether Roundup and glyphosate cause non-Hodgkin's lymphoma and (b) withdraw their allegations concerning Bayer's accounting statements. ECF No. 102. Defendants did not object to the filing of the SAC subject to a reservation of their right to move for its dismissal. *See* ECF No. 104. On December 29, 2021, the Court granted a joint stipulation and scheduling order allowing

1   Plaintiffs to file the SAC. ECF No. 105. On December 30, 2021, Plaintiffs filed the SAC. ECF No.

2   107. In the SAC, Plaintiffs claimed that Defendants made fraudulent misstatements and omissions

3   concerning the evidentiary basis for Monsanto's science-based trial defenses in the tort litigation

4   concerning Roundup and glyphosate.

5       G.      On January 31, 2022, Defendants moved to dismiss the SAC. ECF No. 110. Plaintiffs

6   opposed the motion on March 2, 2022. ECF No. 114. Defendants filed a reply on March 16, 2022.

7   ECF No. 116. On May 18, 2022, the Court denied Defendants' motion to dismiss the SAC, but held

8   that the SAC did not state a claim with respect to Defendants' statements concerning the evidentiary

9   basis for Monsanto's science-based trial defenses. ECF No. 122.

10      H.      On June 22, 2022, Defendants filed an Answer to the SAC, asserting, among other

11  defenses, that Plaintiffs' claims are barred because they would require an extraterritorial application

12  of federal securities law. ECF No. 127.

13      I.      The Parties then embarked on discovery and the class certification phase of the case,

14  which required expert[1] analysis and briefing concerning whether the case met the requirements for

15  class treatment.

16      J.      In response to Defendants raising extraterritoriality as a defense, between August 12,

17  2022 and September 19, 2022, Plaintiffs issued subpoenas to 37 non-parties—including Bayer's ADR

18  program depositary, Bank of New York Mellon, as well as numerous broker-dealers, trading

19  platforms, FINRA, and DTCC—to obtain discovery concerning the structuring and mechanics of

20  Plaintiffs' and the Class's Bayer ADR transactions during the Class Period. Plaintiffs ultimately

21  obtained transaction and clearing records for most, if not all, of the Class's Bayer ADR transactions

22  during the Class Period, along with other documents and data. Defendants, in turn, subpoenaed

23  Plaintiffs' two investment advisors on November 10, 2022.

24      K.      Plaintiffs filed a motion to certify the class on October 28, 2022. ECF No. 140. Their

25  motion was supported by two expert reports: a 32-page report from Chad Coffman on market

26  efficiency and damages and an 18-page report from Joshua R. Mitts addressing extraterritoriality and

27

28      _____

      [1] Plaintiffs do not concede that Defendants' proffered expert witnesses are qualified, nor do
      Defendants concede the qualifications of Plaintiffs' proffered experts. The term "expert" is used
      herein solely for convenience.

the structure of Plaintiffs' and the Class's Bayer ADR transactions.

L.      On February 4, 2023, Defendants opposed class certification, arguing that Plaintiffs' claims were atypical of the proposed Class due to their claimed susceptibility to an extraterritoriality defense. ECF No. 150. They also contended that Plaintiffs had not provided a common methodology to establish that putative Class members traded Bayer ADRs domestically or to establish Class-wide damages. Defendants' opposition included two expert reports: a 48-page report from Mark J. Garmaise on market efficiency and damages and a 54-page report from Cristian Zarcu on extraterritoriality and the structure of Bayer ADR transactions.

M.      Between December 21, 2022 and March 9, 2023, the Parties conducted seven depositions related to class certification, including depositions of three of Plaintiffs' Rule 30(b)(6) representatives. They also deposed the Parties' market efficiency and economics experts, Chad Coffman (for Plaintiffs) and Mark J. Garmaise (for Defendants), as well as their ADR and extraterritoriality experts, Joshua R. Mitts (for Plaintiffs) and Cristian Zarcu (for Defendants).

N.      On March 21, 2023, Plaintiffs filed a reply in further support of class certification (ECF No. 163), focusing primarily on Defendants' extraterritoriality arguments. Their reply was supported by two rebuttal reports: a 39-page report from Chad Coffman and a 47-page report from Joshua R. Mitts.

O.      On April 3, 2023, Defendants sought leave to file a supplemental expert report from Cristian Zarcu. ECF No. 167. Plaintiffs opposed leave on April 7, 2023. ECF No. 169.

P.      The Court held oral argument on class certification in San Francisco on April 13, 2023. ECF No. 171. On May 19, 2023, the Court granted the motion in full, certifying the Class as defined below, appointing Plaintiffs as Class Representatives, and designating Cohen Milstein as Class Counsel. ECF No. 175 (the "Class Certification Order"). The Court also denied Defendants' requested leave to file a supplemental expert report. *Id.*

Q.      After the Class was certified, Plaintiffs solicited bids from five class administration vendors and ultimately selected A.B. Data Group as the Class administrator. Plaintiffs then drafted the necessary class notice documents, including the notice of pendency, summary notice, postcard notice, and website text. On October 25, 2023, the Parties filed a Joint Stipulation regarding the form and

1    manner of notice to the Class. ECF No. 196. The Court granted the stipulation on October 31, 2023.

2    ECF No. 197. Plaintiffs then coordinated with A.B. Data to disseminate the notice and subsequently

3    filed a Notice of Filing of Proof of Dissemination of Class Notice on February 5, 2024. ECF No. 201.

4         R.    The merits discovery phase in this case spanned several years, from 2022 through 2025.

5    This phase involved extensive fact-finding, document production, interrogatories, depositions, expert

6    analysis, and motion practice, reflecting the complexity of this litigation. The Parties engaged in

7    extensive negotiations, international coordination, and multiple court interventions to resolve disputes.

8         S.    On June 21, 2022, the Parties exchanged Initial Disclosures in accordance with Federal

9    Rule of Civil Procedure 26(a)(1). Given the complexity of the case, the Parties' negotiated discovery

10   protocols included measures addressing foreign data privacy laws. These negotiations led to the

11   submission of a Stipulated Confidentiality and Protective Order and a Stipulated Forms and Format

12   for Document Productions, both of which the Court approved on October 6, 2022. ECF Nos. 137–38.

13   Later, the Parties agreed to a Stipulated Order Regarding Remote Deposition Protocol, which the Court

14   approved on December 19, 2022. ECF No. 146.

15        T.    The Parties exchanged multiple rounds of discovery requests, including requests for

16   production ("RFPs"), requests for admission ("RFAs"), and interrogatories. Plaintiffs served their First

17   Set of RFPs on July 29, 2022, consisting of 60 requests for documents related to Bayer's acquisition

18   of Monsanto, due diligence, and litigation risks associated with Monsanto's Roundup product. These

19   requests encompassed internal communications, board minutes, advisory reports, acquisition

20   agreements, financial and reputational risk assessments, and documents on Bayer's ADR program and

21   investor communications. Defendants served their First RFPs on November 10, 2022, consisting of 66

22   requests to Plaintiffs for documents related to their claims, Bayer securities investments,

23   communications with Bayer and Monsanto, and investment due diligence records. They also sought

24   materials on Plaintiffs' legal representation, expert witnesses, and discussions regarding Bayer's

25   market performance and stock price declines. On July 24, 2023, Plaintiffs served their Second Set of

26   RFPs, seeking all securities analyst reports on Bayer or Monsanto in Defendants' possession. Both

27   Parties served responses and objections and engaged in extensive meet-and-confer discussions and

28   negotiations to refine the scope of their productions, as further described below.

1    U.    Plaintiffs also served two sets of interrogatories. The first, issued on July 24, 2023,

2 sought information on Bayer's review of documents concerning glyphosate and Roundup during due

3 diligence for the Monsanto acquisition. The second, served on April 10, 2024, requested Defendants'

4 factual support for the sixteen defenses raised in Defendants' Answer to the SAC. On April 10, 2024,

5 Plaintiffs also served their First Set of RFAs, requesting that Defendants admit various facts relating

6 to the admissibility of certain of their produced documents at trial. Defendants responded and objected

7 to each of these interrogatories and RFAs.

8    V.    In addition to 37 non-party subpoenas issued during the class certification stage,

9 Plaintiffs served 10 more subpoenas to financial institutions and an auditing firm involved in Bayer's

10 Monsanto acquisition.

11    W.    Between September 12, 2022, and March 8, 2024, the Parties engaged in numerous

12 meet-and-confers and exchanged 24 letters addressing discovery disputes and negotiations. The

13 Parties ultimately sought Court intervention on multiple issues. In a motion filed on December 1, 2023,

14 the Parties asked the Court to resolve two disputes: (1) whether Defendants had waived privilege over

15 certain due diligence documents identified in their interrogatory responses and (2) whether documents

16 withheld as privileged were primarily business-related and should be produced. The Court ruled that

17 Defendants had impliedly waived privilege over the specified due diligence documents and ordered

18 their production but upheld Defendants' other assertions of privilege. ECF Nos. 198–99. A second

19 motion, submitted on April 2, 2024, sought rulings on whether Defendants could withhold a portion

20 of a letter to Bayer's Supervisory Board and whether Plaintiffs could depose Bayer's former general

21 counsel, Dr. Roland Hartwig. The Court ruled in Plaintiffs' favor on both issues on April 18, 2024,

22 ordering the production of the letter and granting a four-month extension of fact discovery to allow

23 Dr. Hartwig's deposition (ECF Nos. 207, 210).

24    X.    Plaintiffs deposed eleven fact witnesses, including Bayer's current and former senior

25 executives, board members, and general counsels. These depositions, conducted between March and

26 September 2024, were held in multiple locations in the United States and Europe, including New York,

27 the United Kingdom, Belgium, the Netherlands, and Germany, necessitating international travel and

28 logistical coordination.

1    Y.    To secure the deposition of Dr. Hartwig, Plaintiffs enlisted German co-counsel and

2    sought a Letter of Request for International Judicial Assistance under the Hague Convention on the

3    Taking of Evidence Abroad in Civil or Commercial Matters, which the Court granted on June 21,

4    2024. ECF No. 216. Plaintiffs then coordinated with the relevant German authorities, resulting in a

5    September 12, 2024 hearing in Potsdam, Germany where a German judge conducted the deposition of

6    Dr. Hartwig with additional questioning from both Plaintiffs' counsel and Defendants' counsel

7    through the use of live interpreters. Several rounds of submissions to the German court were required

8    before the hearing, and both Plaintiffs' counsel and Defendants' counsel traveled to Germany to

9    participate.

10    Z.    Given that many relevant documents were in German and that several of the witnesses

11    did not speak English as their first language, the Parties negotiated a Stipulated Order on Translation

12    and Interpretation, approved by the Court on February 8, 2024. ECF No. 203. Plaintiffs provided

13    certified translations of German-language exhibits to Defendants in advance of depositions as needed,

14    and several depositions required continuous or standby live German-to-English interpretation.

15    AA.    During merits discovery, Plaintiffs served nine expert reports, including:

16        a.    A 37-page report from Joshua R. Mitts analyzing the mechanics and structure of

17            Plaintiffs' Bayer ADR transactions during the Class Period.

18        b.    A 14-page opening report and a 10-page reply report from Afra Afsharipour

19            discussing Bayer's and Monsanto's incentives and rights under their merger

20            agreement.

21        c.    A 31-page rebuttal report from Christopher Kelly addressing due diligence on

22            material litigation risks.

23        d.    An 80-page opening report, a 20-page rebuttal report, and an 18-page reply report

24            from Jeffrey S. Martin concerning merger due diligence customs and practices.

25        e.    A 76-page opening report and a 28-page reply report from Chad Coffman on loss

26            causation and damages.

27    BB.    During merits discovery, Defendants served four expert reports, including:

28        a.    A 58-page report from Mark J. Garmaise on loss causation and damages.

b. A 38-page opening report, a 32-page rebuttal report, and a 22-page reply report from Gary Lawrence discussing merger due diligence customs and practices.

CC. The Parties conducted six expert depositions. Plaintiffs deposed both of Defendants' expert witnesses, while Defendants deposed four of Plaintiffs' expert witnesses.

DD. During the course of the litigation, the Parties engaged in two separate mediations, which took place approximately five months apart. In July 2024, the Parties agreed to engage in private mediation in an attempt to resolve the Action and retained Miles N. Ruthberg, Esq., of Phillips ADR Enterprises, P.C., to act as mediator (the "Mediator"). On August 22, 2024, Lead Counsel, along with Plaintiffs, Defendants' Counsel, representatives of Bayer, and representatives of Defendants' insurers participated in a full-day mediation session with the Mediator. In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, that addressed both liability and damages issues. After extensive discussion and negotiation, the mediation session ended without resolution. Expert discovery resumed.

EE. Over five months later, the Parties attended a second private mediation session with Mr. Ruthberg in an attempt to resolve the Action. On January 31, 2025, Lead Counsel, along with Plaintiffs, Defendants' Counsel, representatives of Bayer, and representatives of Defendants' insurers participated in a full-day mediation session with the Mediator. In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with supporting exhibits, which addressed both liability and damages issues. After extensive discussion and negotiation, that mediation session ended without resolution.

FF. Negotiations through the Mediator continued over the course of several weeks. Ultimately, after extensive negotiation, the Parties reached agreement on the Settlement Amount, namely, $38,000,000 in cash. The Parties thereafter negotiated a term sheet to memorialize their agreement-in-principle to settle the Action, which was executed by the Parties on March 25, 2025 (the "Term Sheet"). The Term Sheet set forth, among other things, Plaintiffs' agreement to settle and release all claims against Defendants in the Action in return for payment of the Settlement Amount, subject to certain terms and conditions.

GG. This Stipulation (together with the exhibits hereto) reflects the final and binding

1    agreement between the Parties.

2        HH.    Based upon their investigation, prosecution, and mediation of the case, and the

3    discovery conducted in the Action, Plaintiffs and Lead Counsel have concluded that the terms and

4    conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other Class

5    Members, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this

6    matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the Released

7    Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among

8    other things: (a) the substantial financial benefit that Plaintiffs and the other Class Members will

9    receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation

10   and trial.

11       II.    This Stipulation constitutes a compromise of all matters that are in dispute between the

12   Parties. Defendants are entering into this stipulation solely to eliminate the uncertainty, burden, and

13   expense of further protracted litigation. As set forth in ¶ 48 below, each of the Defendants denies any

14   wrongdoing and this Stipulation shall in no event be construed or deemed to be evidence of or an

15   admission or concession on the part of any of the Defendants with respect to any claim or allegation

16   of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that

17   Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any

18   valid claims as to any of them, and expressly deny any and all allegations of fault, liability,

19   wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or

20   deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in

21   any of the claims asserted in the Action, or an admission or concession that any of the Defendants'

22   defenses to liability had any merit.

23       NOW THEREFORE, without any concession by Plaintiffs that the Action lacks merit, and

24   without any admission or concession by Defendants of any fault, liability, wrongdoing, or damages,

25   or as to any lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among

26   Plaintiffs (individually and on behalf of all other Class Members) and Defendants, by and through

27   their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e)

28   of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing

1   to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Released

2   Persons and all Released Defendants' Claims as against Plaintiffs' Released Persons shall be fully,

3   finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and

4   dismissed, with prejudice and without costs (except as provided herein), upon and subject to the terms

5   and conditions set forth below.

6                                           **DEFINITIONS**

7         1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the

8   following capitalized terms shall have the following meanings:

9         (a)     "Additional Plaintiff" means the International Union of Operating Engineers

10  Pension Fund of Eastern Pennsylvania and Delaware.

11        (b)     "Alternative Judgment" means a form of final judgment that may be entered by

12  the Court in a form other than the form of Judgment provided for in this Stipulation, so long as none

13  of the Parties hereto elects to terminate the Settlement by reason of such variance and instead, each

14  Party consents to the form of Alternative Judgment.

15        (c)     "Authorized Claimant" means a Class Member who or which submits a Claim

16  to the Claims Administrator that is approved for payment from the Net Settlement Fund.

17        (d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an

18  electronic claim that is submitted to the Claims Administrator.

19        (e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the

20  form attached hereto as Exhibit A-4, that a Claimant must complete and submit should that Claimant

21  seek to share in a distribution of the Net Settlement Fund.

22        (f)     "Claimant" means a person or entity who or which submits a Claim to the

23  Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

24        (g)     "Claims Administrator" means A.B. Data Group.

25        (h)     "Class" means the class certified in the Class Certification Order. ECF No. 175.

26  Specifically, the Class consists of all persons or entities that purchased or otherwise acquired Bayer's

27  publicly traded American Depositary Receipts ("Bayer ADRs") from May 23, 2016 to July 6, 2020,

28  inclusive (the "Class Period"). Excluded from the Class are: (i) Defendants; (ii) members of the

1  immediate family of each of the Individual Defendants; (iii) any subsidiary or affiliate of Bayer,

2  including its employee retirement and benefit plan(s) and their participants or beneficiaries, to the

3  extent they made purchases through such plan(s); (iv) the directors and officers of Bayer during the

4  Class Period, as well as the members of their immediate families; and (v) the legal representatives,

5  heirs, successors, and assigns of any such excluded party.  Also excluded from the Class are any

6  persons or entities who or which have submitted a valid request for exclusion from the Class in

7  connection with the earlier Court-approved notice to Class Members informing them of the

8  certification ("Class Notice"), in each case who or which has not and does not submit a timely and

9  valid request to opt back into the Class. If (and only if) the Court requires a second opportunity for

10 Class Members to request exclusion from the Class or Lead Counsel or the Court otherwise permits

11 any additional persons or entities to be excluded from the Class, any such persons and entities who or

12 which exclude themselves by submitting a timely and valid request for exclusion in connection with

13 such second opportunity shall also be excluded from the Class.

14         (i)    "Class Distribution Order" means an order entered by the Court authorizing and

15 directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

16         (j)    "Class Member" means each person and entity who or which is a member of

17 Class.

18         (k)    "Defendants' Counsel" means the law firms of Wachtell, Lipton, Rosen & Katz

19 and Morrison & Foerster LLP.

20         (l)    "Defendants' Released Persons" means Defendants, their attorneys, and any

21 and all of their related parties, including, without limitation, any and all of their past, present, and

22 future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and

23 general or limited partnerships, and each of their (or Defendants' or their attorneys') respective current

24 or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees,

25 equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers,

26 joint venturers, managers, managing agents, managing directors, members, officers, partners,

27 principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities

28 as such, as well as each of the Individual Defendants' Immediate Family Members, assigns,

beneficiaries, devisees, estates, executors, heirs, legatees, personal or legal representatives, predecessors, and successors.

(m)    "Effective Date" means the date specified in ¶ 42 of this Stipulation.

(n)    "Escrow Account" means an interest-bearing escrow account maintained at The Huntington National Bank, in which the Settlement Amount will be deposited, maintained, and held in escrow under the control of Lead Counsel in accordance with the terms of the Stipulation and any order(s) of the Court.

(o)    "Escrow Agent" means The Huntington National Bank.

(p)    "Final," with respect to the Judgment, Alternative Judgment, or any other court order, means the later of (i) if there is an appeal from the order, (x) the date of final affirmance on appeal (or on any remand) and the expiration of the time for any further judicial review whether by appeal, request for reconsideration or petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (y) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on, or denial of any petition for writ of certiorari to review, the order; or (ii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, approval of this Stipulation and entry of final Judgment or Alternative Judgment thereon pursuant to Rule 54(b) is not conditioned on and need not await any ruling by the Court pertaining solely to the attorneys' fees, costs, or Litigation Expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' Claims, and any appeal or proceeding seeking subsequent judicial review pertaining solely to the foregoing shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(q)    "Immediate Family Member(s)" means current and former children, stepchildren, foster children, parents, stepparents, foster parents, spouses, siblings, stepsiblings,

1  mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law,

2  grandparents, grandchildren, aunts, uncles, nieces, nephews, first cousins and any persons (other than

3  a tenant or employee) sharing the household. As used in this definition, "spouse" means a husband, a

4  wife, or a partner in a state-recognized domestic relationship, civil union, or marriage, and "first

5  cousin" means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

6        (r)    "Individual Defendants" means Werner Baumann, Werner Wenning, Liam

7  Condon, Johannes Dietsch, and Wolfgang Nickl.

8        (s)    "Judgment" means the final judgment and order, substantially in the form

9  attached hereto as Exhibit A-5, to be entered by the Court approving the Settlement and dismissing

10 the Action with prejudice.

11       (t)    "Lead Counsel" means Cohen Milstein.

12       (u)    "Lead Plaintiffs" means Sheet Metal Workers' National Pension Fund and the

13 International Brotherhood of Teamsters Local No. 710 Pension Fund.

14       (v)    "Litigation Expenses" means costs and expenses incurred in connection with

15 commencing, prosecuting, and settling the Action, for which Lead Counsel intends to apply to the

16 Court for payment from the Settlement Fund, which may include the costs (including lost wages) and

17 expenses of Plaintiffs directly related to their representation of the Class, pursuant to 15 U.S.C.

18 § 77z-1(a)(4).

19       (w)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any

20 Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any

21 attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court. Lead

22 counsel will request that attorneys' fees be paid as a percentage of the Settlement Fund. None of

23 Defendants' Released Persons shall have any involvement with or liability, obligation, or

24 responsibility whatsoever for the manner and method by which attorneys' fees or Litigation Expenses

25 are awarded out of the Settlement Fund, nor for the payment of Taxes, nor for determination or

26 disbursement of Notice and Administration Costs.

27       (x)    "Notice" means the Notice of (i) Proposed Settlement and Plan of Allocation;

28 (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses,

substantially in the form attached hereto as Exhibit A-2, which is to be sent to Class Members as approved by the Court.

(y)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Class (including, but not limited to, the costs associated with the Notice and the Summary Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(z)    "Plaintiffs' Counsel" means Lead Counsel and the law firm Berman Tabacco.

(aa)    "Plaintiffs' Released Persons" means Plaintiffs, their attorneys, all other Class Members, and any of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their (or Plaintiffs', their attorneys', or any other Class Members') respective current or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees, equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers, joint venturers, managers, managing agents, managing directors, members, officers, partners, principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities as such, Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, predecessors, successors, and assigns.

(bb)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice or any other plan for allocating the Settlement Fund as shall be approved by the Court.

(cc)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A-1, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(dd)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, as amended.

(ee)    "Released Claims" means each and any of Released Defendants' Claims and

1   each and any of Released Plaintiffs' Claims.

2            (ff)    "Released Defendants' Claims" means any and all claims, rights and causes of

3   action of every nature and description, duties, obligations, demands, actions, debts, sums of money,

4   suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities,

5   whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or

6   non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or

7   hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or

8   state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that

9   have been asserted, could have been asserted, or could be asserted in the future against Plaintiffs'

10  Released Persons, in any forum, that concern, are based upon, arise out of, or relate in any way to the

11  institution, prosecution, or settlement of the claims in the Action against Defendants. Notwithstanding

12  the foregoing, Released Defendants' Claims shall not include: (i) any claims relating to the

13  enforcement of the Settlement; or (ii) any claims between Defendants' Released Persons and their

14  respective insurers.

15            (gg)    "Released Plaintiffs' Claims" means any and all claims, rights and causes of

16  action of every nature and description, duties, obligations, demands, actions, debts, sums of money,

17  suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities,

18  whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or

19  non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or

20  hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or

21  state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that

22  have been asserted, could have been asserted, or could be asserted in the future in any forum against

23  Defendants' Released Persons, that: (a) arise out of, concern, are based upon, or relate in any way to

24  the claims, allegations, transactions, facts, matters or occurrences, representations, or omissions

25  asserted, involved, set forth, or referred to in the SAC or in any prior complaints in the Action; and

26  (b) relate to the purchase, acquisition, sale, or holding of Bayer ADRs during the Class Period,

27  including the conversion of Bayer ordinary shares to Bayer ADRs or the redemption of Bayer ADRs

28  for Bayer ordinary shares. Notwithstanding the foregoing, Released Plaintiffs' Claims shall not

1  include: (i) any claims asserted in the pending capital market litigation against Bayer or its directors

2  and officers in the courts of Cologne; (ii) any claims asserted derivatively in *Haussmann, et al. v.*

3  *Baumann, et al.*, Appeal No. APL-2024-00017 (N.Y. Ct. App.) or any pending ERISA action against

4  Bayer or its directors and officers; or (iii) any claims relating to the enforcement of the Settlement.

5      (hh)    "Releasees" means each and any of Defendants' Released Persons and each and

6  any of Plaintiffs' Released Persons.

7      (ii)    "Releases" means the releases set forth in ¶¶ 4–6 of this Stipulation.

8      (jj)    "Releasing Defendant Parties" means Defendants and each of their respective

9  successors, assigns, executors, administrators, representatives, attorneys, and agents, in their

10  capacities as such.

11      (kk)    "Releasing Plaintiff Parties" means Plaintiffs, Class Members, and each of their

12  respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in

13  their capacities as such.

14      (ll)    "Settlement" means the settlement between Plaintiffs and Defendants on the

15  terms and conditions set forth in this Stipulation.

16      (mm)    "Settlement Amount" means the $38,000,000 cash consideration to be paid in

17  accordance with ¶ 8 of this Stipulation.

18      (nn)    "Settlement Fund" means the Settlement Amount plus any and all interest

19  actually accrued thereon.

20      (oo)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2)

21  of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

22      (pp)    "Summary Notice" means the Summary Notice of (I) Proposed Settlement and

23  Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and

24  Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set

25  forth in the Preliminary Approval Order.

26      (qq)    "Taxes" means: (i) all taxes of any kind (including any interest or penalties

27  thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by

28  Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the

1    Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

2            (rr)    "Unknown Claims" means any Released Plaintiffs' Claims that any Releasing

3    Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of

4    such claims, and any Released Defendants' Claims that any Releasing Defendant Party does not know

5    or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by

6    him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the

7    Releases, including his, her or its decision(s) whether to object to, or request to be excluded from, the

8    Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the

9    Effective Date of the Settlement, the Parties shall expressly waive, and each of the other Releasing

10   Plaintiff Parties and Releasing Defendant Parties shall be deemed to have, and by operation of the

11   Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived,

12   any and all provisions, rights, and benefits conferred by any law of any state or territory of the United

13   States, or principle of common law or foreign law, including, or which is similar, comparable, or

14   equivalent, to California Civil Code § 1542, which provides:

15
16              A general release does not extend to claims that the creditor or releasing
                party does not know or suspect to exist in his or her favor at the time of
17              executing the release and that, if known by him or her, would have
                materially affected his or her settlement with the debtor or released
18              party.

19   A Releasing Plaintiff Party or a Releasing Defendant Party may hereafter discover facts, legal theories,

20   or authorities in addition to or different from those which any of them now knows or believes to be

21   true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants'

22   Claims, but the Parties shall expressly, fully, finally, and forever settle, waive, release, resolve,

23   relinquish, and discharge, and each Releasing Plaintiff Party and Releasing Defendant Party shall be

24   deemed to have,  and upon the Effective Date and by operation of the Judgment or Alternative

25   Judgment shall have, settled, waived, released, resolved, relinquished, and discharged, fully, finally,

26   and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable,

27   which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent

28   discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and

     Defendants acknowledge, and each of the other Releasing Plaintiff Parties and Releasing Defendant

1  Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was

2  separately bargained for and a material element of this Stipulation and the Settlement.

3                       **PRELIMINARY APPROVAL OF SETTLEMENT**

4          2.    As soon as is reasonably practicable following execution of this Stipulation, and in

5  accordance with any deadline ordered by the Court, Plaintiffs will move for preliminary approval of

6  the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a

7  hearing for consideration of final approval of the Settlement, which motion shall be unopposed by

8  Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court

9  for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form

10 attached hereto as Exhibit A-1, which, among other things, shall request that the current Court

11 proceedings be suspended.

12                            **RELEASE OF CLAIMS**

13         3.    The obligations incurred pursuant to this Stipulation are (a) subject to approval by the

14 Court, and the Judgment or Alternative Judgment reflecting such approval becoming Final and (b) are

15 in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the

16 Releases provided for herein.

17         4.    By operation of the Judgment or Alternative Judgment, without further action by

18 anyone, upon the Effective Date, Plaintiffs and each and every other Releasing Plaintiff Party, in their

19 capacities as such, shall be deemed to have, and by operation of law and of the Judgement or

20 Alternative Judgment shall have, fully, finally, and forever compromised, waived, released, resolved,

21 relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs'

22 Claims against each and every one of Defendants' Released Persons and shall forever be barred and

23 enjoined from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or

24 in any way participating in the commencement or prosecution of any action or other proceeding, in

25 any forum, asserting any of the Released Plaintiffs' Claims, in any capacity, against any of Defendants'

26 Released Persons, whether or not such Releasing Plaintiff Party executes and delivers a Claim Form

27 or shares in the Net Settlement Fund.  Notwithstanding the foregoing, claims to enforce the terms of

28 the Stipulation are not released.

5.    By operation of the Judgment or Alternative Judgment, without further action by anyone, upon the Effective Date, Defendants and each and every other Releasing Defendant Party, shall be deemed to have, and by operation of law and of the Judgement or Alternative Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of Plaintiffs' Released Persons and shall forever be barred and enjoined from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Defendants' Claims, in any capacity, against any of Plaintiffs' Released Persons. Notwithstanding the foregoing, claims to enforce the terms of the Stipulation are not released.

6.    The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons, and the Judgment or the Alternative Judgment shall so provide. The Judgment or Alternative Judgment shall include a bar order constituting the final discharge of all obligations to any member of the Settlement Class of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

7.    Notwithstanding ¶¶ 4–6 above, nothing in the Judgment or Alternative Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or the Judgment or Alternative Judgment.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the full and complete settlement of the claims in the Action against Defendants and the Releases specified in ¶¶ 4–6 above, all of which the Parties agree are good and valuable consideration, Bayer shall pay or cause to be paid a total of $38,000,000 (Thirty-Eight Million Dollars) in cash into the Escrow Account, which the Parties agree shall be subject to the Court's jurisdiction, within twenty-one (21) calendar days of the later of (i) the Court's entry of the Preliminary Approval Order; and (ii) receipt by Defendants' Counsel of (a) a tax identification number for the Escrow Account and W-9 form; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all

required wire instructions and information including, as applicable, bank name, account beneficiary, account number, ACH routing number, BIC/SWIFT code, ABA code, CHIPS ID, payee name, telephone, e-mail contact information, and physical address.

9.    Lead Counsel shall inform Defendants' Counsel in writing promptly upon the Escrow Account's receipt of the Settlement Amount.

10.    If a withholding tax deduction is required under then-applicable law in connection with Bayer's payment of the Settlement Amount pursuant to ¶ 8, the Parties shall cooperate in good faith (i) to comply with all procedures in order to achieve an exemption or release from such deduction and withholding and (ii) to resolve disagreements among the Parties as to the applicable law (if any).

11.    Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as provided in ¶ 29 hereof) and any attorneys' fees, costs or Litigation Expenses awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts. Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted in the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any tax returns.

12.    For the avoidance of doubt, other than Bayer's obligation to pay, or cause to be paid, the Settlement Amount pursuant to ¶ 8, neither Defendants nor any other Defendants' Released Person shall have any obligation to make any other payments into the Escrow Account, to any Plaintiffs' Released Party, to Lead Counsel, or to anyone else pursuant to this Stipulation. Under no circumstances shall any Defendant or any other Defendants' Released Person be required to contribute more to the Settlement Fund than the Settlement Amount.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

13.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 30–36 below.

14.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court.

15.     The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

16.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by order of the Court. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in

a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as may be necessary or advisable to carry out the provisions of this paragraph, ¶ 16, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor, which shall timely and properly file, or cause to be filed, all tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the Settlement Fund or earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 16.

(b)    All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority in respect of the Settlement Fund or the Escrow Account, or any liability or responsibility for any taxes or governmental charges of any kind (or interest or penalties imposed with respect thereto) imposed on any Claimant or other person in connection with the Settlement Fund or Escrow Account, or the acts or omissions of the Lead Counsel, its successor or any other person with regard to Taxes or the tax administration of the Settlement Fund or the Escrow Account. In the event any Taxes are owed by any Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 16.

17.     The Settlement is not a claims-made settlement. Upon the Effective Date, Bayer, and/or any other person(s) funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

18.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of Defendants' Released Persons, or any other person or entity who or which paid any portion of the Settlement Amount. All Notice and Administration Costs shall be paid exclusively from the Settlement Fund. Except for Defendants' obligation to send the CAFA notice as provided for in ¶ 29 below, neither Defendants nor any Defendants' Released Persons shall have any responsibility for or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs (including lost wages) and expenses directly related to their representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4), to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses (the "Fee and Expense Application") is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation. Defendants will take no position on Lead Counsel's request for attorneys' fees or expenses or on Plaintiffs' reimbursement requests under 15 U.S.C. § 78u-4(a)(4). For the avoidance of doubt, Lead Counsel will only seek an award from the Settlement Fund for attorneys' fees and expenses and reimbursement of any costs and expenses incurred by Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4) and Plaintiffs and Lead Counsel will not seek any additional fees, costs, expenses, or other monetary sum from Defendants or Defendants' Counsel.

20.    Subject to the provisions of ¶ 21 below, Plaintiffs' Counsel's attorneys' fees and expenses, plus accrued interest as earned by the Settlement Fund, and the reimbursement of the costs and expenses incurred by Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4), as awarded by the Court (the "Fee and Expense Award"), shall be paid from the Escrow Account to Lead Counsel immediately upon entry of the Judgment (or Alternative Judgment) and an order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.

21.    Any payment of attorneys' fees and expenses pursuant to ¶ 20 above shall be subject to Plaintiffs' Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued interest as earned by the Settlement Fund, if the Judgment or Alternative Judgment approving the Settlement does not become Final, the Settlement is terminated pursuant to the terms of this Stipulation, or the Effective Date otherwise fails to occur for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of

1  attorneys' fees and/or expenses is reduced, vacated or reversed by Final non-appealable court order.

2  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30)

3  calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation,

4  notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final court order,

5  or notice of any reduction, vacatur, or reversal of the award of attorneys' fees and/or expenses by Final

6  non-appealable court order. Any refund or repayment required pursuant to this paragraph shall be the

7  several obligation of Plaintiffs' Counsel and Plaintiffs that received fees or expenses.

8       22.    The Settlement Fund will be the sole source of payment from Defendants for any award

9  of attorneys' fees and/or expenses ordered by the Court. With the sole exception of Bayer's obligation

10  to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in ¶ 8,

11  Defendants' Released Persons shall have no responsibility for, and no liability whatsoever with respect

12  to, any payment whatsoever to Lead Counsel in the Action, or to any other Person who may assert

13  some claim thereto, or any fee or expense award the Court may make. Nor shall Defendants' Released

14  Persons have any responsibility for, or any liability with respect to, any allocation of any attorneys'

15  fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some

16  claim thereto, or any fee or expense awards the Court may make.

17       23.    An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this

18  Stipulation and is not a condition of the Settlement embodied herein.

19       24.    Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a

20  manner which it, in good faith, believes reflects the contributions of such counsel to the institution,

21  prosecution, and settlement of the Action. Any award(s) with respect to attorneys' fees and expenses

22  (including Plaintiffs' reimbursements under 15 U.S.C. § 78u-4(a)(4)) will be separate and apart from

23  the Settlement, and any issues, objections, or appeals with respect to the fee and expense request or

24  award will not affect or delay the validity or Finality of the Settlement (including the Releases).  The

25  procedures for and the allowance or disallowance by the Court of any Fee and Expense Application

26  are not part of the Settlement set forth in this Stipulation or a condition of Settlement, and any order

27  or proceeding relating to any Fee and Expense Application, including any award of attorneys' fees or

28  expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order

1  relating thereto or reversal, vacatur or modification thereof, shall not operate to terminate or cancel

2  the Stipulation, or affect or delay entry or the Finality of the Judgment or Alternative Judgment

3  approving this Stipulation and the Settlement set forth herein. Plaintiffs and Lead Counsel may not

4  cancel or terminate the Stipulation or the Settlement, whether in accordance with ¶¶ 44–46, or

5  otherwise, based on the Court's or any appellate court's ruling with respect to fees and expenses.

6                      **NOTICE AND SETTLEMENT ADMINISTRATION**

7            25.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of

8  the Claims Administrator. The Claims Administrator shall administer the Settlement, including but

9  not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead

10  Counsel's supervision and subject to the jurisdiction of the Court. None of Defendants' Released

11  Persons shall have any involvement with or liability, obligation, or responsibility whatsoever for the

12  selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the

13  Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to

14  any person or entity, including, but not limited to, Plaintiffs, any other Class Members, or Lead

15  Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration

16  of the Settlement to the extent reasonably necessary to effectuate its terms.

17            26.    In accordance with the terms of the Preliminary Approval Order to be entered by the

18  Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim form

19  to those Class Members as may be identified through reasonable effort. Lead Counsel shall also cause

20  the Claims Administrator to have the Summary Notice published in accordance with the terms of the

21  Preliminary Approval Order to be entered by the Court.

22            27.    The Parties will take the position with the Court that, in light of the extensive notice

23  program undertaken in connection with class certification and the ample opportunity provided to Class

24  Members to request exclusion from the Class at that time, Class Members shall not be given a second

25  opportunity to exclude themselves from the Class in connection with the Settlement proceedings. The

26  Parties will take the position with the Court that Class Members shall be bound by all orders,

27  determinations and judgments in this Action, including the Releases, whether favorable or

28  unfavorable, unless such Persons previously requested exclusion in connection with the Class Notice.

1    Accordingly, unless otherwise ordered by the Court, the Settlement Notice will not provide Class

2    Members an opportunity to request exclusion from the Class with respect to the Settlement.

3        28.    The Parties will take the position with the Court that any person who previously

4    submitted a request for exclusion from the Class, as set forth in ECF No. 200, may elect to opt back

5    into the Class. By opting back into the Class, such Person, subject to the requirement applicable to all

6    persons that he, she, or it establish membership in the Class, shall be eligible to receive a payment

7    from the Net Settlement Fund. Any person identified in ECF No. 200 who wishes to opt back into the

8    Class must either, individually or through a representative, request to opt back into the Class in writing

9    in the manner set forth in the Settlement Notice, such that the request is received no later than

10    twenty-one (21) calendar days prior to the Settlement Hearing by the Claims Administrator at the

11    address set forth in the Settlement Notice. Each request to opt back into the Class must: (i) state the

12    name, address and telephone number of the person or entity requesting to opt back into the Class;

13    (ii) state that such person or entity "requests to opt back into the Class in *Sheet Metal Workers'*

14    *National Pension Fund v. Bayer Aktiengesellschaft*, Case No. 3:20-cv-04737-RS (N.D. Cal.)"; and

15    (iii) be signed by the person or entity requesting to opt back into the Class.

16        29.    No later than ten (10) calendar days following the filing of this Stipulation with the

17    Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C.

18    § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and

19    administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing,

20    Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or

21    declaration, regarding compliance with 28 U.S.C. § 1715(b). The Parties agree that any delay by

22    Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement

23    Hearing or entry of the Judgment or Alternative Judgment.

24        30.    The Claims Administrator shall receive Claims and determine first, whether the Claim

25    is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net

26    Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total

27    Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation detailed in the

28    Notice attached hereto as Exhibit A-2, or in such other plan of allocation as the Court approves).

31.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation), whether in accordance with ¶¶ 44–46, or otherwise, based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and any persons under their control shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. Any objections or appeals with respect to the Plan of Allocation (or any other plan of allocation) shall not affect or delay entry or the validity or finality of the Judgment or Alternative Judgment approving this Stipulation or the proposed Settlement set forth herein. Defendants' Released Persons shall not have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

32.    Any Class Member who does not submit a valid Claim shall not be entitled to receive any distribution from the Net Settlement Fund, but shall otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, to be entered in the Action and the Releases provided for herein and therein, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants' Released Persons with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs.

33.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval. No Defendant, or any of Defendants' Released Persons, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

34.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially

1    in the form attached hereto as Exhibit A-4, or in electronic form, in accordance with the instructions

2    for the submission of such Claims, and supported by such documents as are designated therein,

3    including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator

4    or Lead Counsel, in their discretion, may deem acceptable;

5            (b)     All Claims must be submitted by the date set by the Court in the Preliminary

6    Approval Order and specified in the Notice, or such other date as the Court may order. Any Class

7    Member who fails to submit a Claim by such date shall be forever barred from receiving any

8    distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of

9    the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of

10   the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative

11   Judgment, and the Releases provided for herein and therein, and shall be permanently barred and

12   enjoined from bringing any action, claim, or other proceeding of any kind against any of Defendants'

13   Released Persons with respect to any Released Plaintiffs' Claim. A Claim Form shall be deemed to be

14   submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by

15   first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim

16   Form shall be deemed to have been submitted on the date when actually received by the Claims

17   Administrator;

18           (c)     Each Claim shall be submitted to and reviewed by the Claims Administrator,

19   which shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any,

20   to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e)

21   below as necessary;

22           (d)     Claims that do not meet the submission requirements may be rejected. Prior to

23   rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant

24   in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.

25   The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim

26   the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and

27   shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review

28   by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

1  and

2        (e)    If any Claimant whose Claim has been rejected in whole or in part desires to

3  contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing

4  of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely,

5  serve upon the Claims Administrator a notice and statement of reasons if the Claim was untimely,

6  serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's

7  grounds for contesting the rejection along with any supporting documentation, and requesting a review

8  thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall

9  thereafter present the request for review to the Court.

10       35.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with

11  respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in

12  the Judgment or Alternative Judgment, and the Claim will be subject to investigation and discovery

13  under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery

14  shall be limited to that Claimant's status as a Class Member and the validity and amount of the

15  Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery

16  from Defendants) or of the Settlement in connection with the processing of Claims.

17       36.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class

18  Distribution Order: (a) approving the Claims Administrator's administrative determinations

19  concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any

20  administration fees and expenses associated with the administration of the Settlement from the Escrow

21  Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to

22  Authorized Claimants from the Escrow Account.

23       37.    Payment pursuant to the Class Distribution Order shall be final and conclusive against

24  all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be

25  barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound

26  by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or

27  Alternative Judgment to be entered in this Action and the Releases provided for herein and therein,

28  and shall be permanently barred and enjoined from bringing any action against any and all Defendants'

1   Released Persons with respect to any and all of the Released Plaintiffs' Claims.

2       38.    No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims

3   Administrator, any other agent designated by Lead Counsel, or Defendants' Released Persons and/or

4   their respective counsel, arising from distributions made substantially in accordance with the

5   Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and

6   Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall

7   have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net

8   Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment

9   of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes

10  (including interest and penalties), or any losses incurred in connection with the Settlement Fund.

11      39.    All proceedings with respect to the administration, processing, and determination of

12  Claims and the determination of all controversies relating thereto, including disputed questions of law

13  and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All

14  Class Members, other Claimants, and the Parties expressly waive their right to a trial by jury (to the

15  extent any such right may exist) and any right of appeal or review with respect to such determinations.

16      40.    No Person shall have any claim of any kind against the Released Defendant Parties,

17  including without limitation Defendants' Counsel, with respect to the matters set forth in this section

18  (*i.e.*, ¶¶ 25–40) or any of its subsections, or otherwise related in any way to the administration of the

19  Settlement, including, without limitation, the processing, review, determination, calculation,

20  investment, or distribution of the Net Settlement Fund; the Plan of Allocation; the determination,

21  administration, calculation, processing, review or payment of any claim; nonperformance of the

22  Claims Administrator; the payment or withholding of Taxes (including interest and penalties); or any

23  losses incurred in connection with the Settlement Fund.

24                    **JUDGMENT APPROVING THE SETTLEMENT**

25      41.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead

26  Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the

27  form attached hereto as Exhibit A-5, approving the Settlement and dismissing the Action with

28  prejudice.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION, OR TERMINATION

42.     The Effective Date of the Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A-1 attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been timely paid into the Escrow Account as required by ¶ 8 above;

(c)     Plaintiffs have not exercised any option to terminate the Settlement pursuant to the provisions of this Stipulation, and any option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)     Defendants have not exercised any option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement), and any option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment or Alternative Judgment, and the Judgment or Alternative Judgment has become Final.

43.     Upon the occurrence of the Effective Date, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases shall be effective.

44.     Defendants and Plaintiffs shall each have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties' failure, following a meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve the Stipulation in any material respect; (iii) the Court's Final refusal to enter the Judgment in any material respect, unless

Defendants and Plaintiffs each, in their sole and unfettered discretion, consent to entry of an Alternative Judgment and such Alternative Judgment is entered by the Court; or (iv) the date upon which the Judgment or Alternative Judgment is modified, vacated or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States (including following any proceedings on remand). For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to either the Fee and Expense Application or any plan of allocation. For the further avoidance of doubt, the Parties agree that any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Defendants' Released Persons is "material" for purposes of the foregoing.

45.     Plaintiffs shall have the unilateral right to terminate the Settlement in the event that a failure to timely pay the Settlement Amount into the Escrow Account in accordance with ¶ 8 above is not cured within five (5) business days after Plaintiffs provide written notice of such failure to pay.

46.     In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Court requires any other opportunity to request exclusion from the Class and the Termination Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void as to all Parties in the event that: (i) the Court requires any other opportunity for Class Members to seek exclusion from the Class in connection with the Settlement; and (ii) requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").

(b)     The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their reasonable best

efforts to have the Supplemental Agreement submitted to the Court *in camera or* under seal.

(c) Should the Court require any other opportunity for Class Members to request exclusion from the Class, the Parties shall propose that such requests be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any such request for exclusion, Lead Counsel shall promptly, and in no event no later than two (2) business days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such requests for exclusion and provide copies of such requests for exclusion and any documentation accompanying it by email.

47. In the event the Settlement is terminated as set forth herein, then:

(a) this Stipulation and the Settlement shall be without prejudice, and none of its terms or the provisions in the Stipulation shall be effective or enforceable except as otherwise specifically provided herein;

(b) Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to February 23, 2025;

(c) the terms and provisions of this Stipulation, with the exception of ¶¶ 18, 21, 46(b), 47–49, and 71 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or any other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d) Defendants' Counsel and Lead Counsel shall, within five (5) business days of such termination, jointly provide written notification of termination to the Escrow Agent. Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Bayer (or such other persons or entities as Bayer may direct);

(e) At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed or obtainable on or with respect to the amounts deposited in the Escrow Account and shall immediately pay the proceeds, after any deduction of any fees or expenses incurred

1  in connection with such application(s), of such refund to Bayer (or such other persons or entities as

2  Bayer may direct); and

3       (f)    any attorneys' fees and expenses paid to Plaintiffs' Counsel or costs or expenses

4  paid to Lead Plaintiffs shall be refunded or repaid in accordance with ¶ 21 above.  In the event that the

5  funds received by Lead Counsel consistent with ¶ 21 above have not been refunded to the Settlement

6  Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by

7  the Escrow Agent to Bayer (or such other persons or entities as Bayer may direct) immediately upon

8  their deposit into the Escrow Account consistent with ¶ 21 above.

9                    **NO ADMISSION OF WRONGDOING**

10      48.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the

11  exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may

12  be approved by the Court), the negotiations leading to the execution of the Term Sheet and this

13  Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this

14  Stipulation, and/or approval of the Settlement (including any arguments proffered in connection

15  therewith):

16      (a)    shall be offered against any of Defendants' Released Persons as evidence of, or

17  construed as, or deemed to be evidence of any presumption, concession, or admission by any of

18  Defendants' Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity

19  of any claim that was or could have been asserted or the deficiency of any defense that has been or could

20  have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or

21  other wrongdoing of any kind of any of Defendants' Released Persons or in any way referred to for

22  any other reason as against any of Defendants' Released Persons, in any arbitration proceeding or other

23  civil, criminal, or administrative action or proceeding, other than such proceedings as may be

24  necessary to effectuate the provisions of this Stipulation;

25      (b)    shall be offered against any of Plaintiffs' Released Persons, as evidence of, or

26  construed as, or deemed to be evidence of any presumption, concession, or admission by any of

27  Plaintiffs' Released Persons that any of their claims are without merit, that any of Defendants'

28  Released Persons had meritorious defenses, or that damages recoverable under the Complaint would

1   not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or

2   wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs'

3   Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or

4   proceeding, other than such proceedings as may be necessary to effectuate the provisions of this

5   Stipulation; or

6          (c)    shall be construed against any of the Releasees as an admission, concession, or

7   presumption that the consideration to be given hereunder represents the amount which could be or

8   would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the

9   Court and the Effective Date occurs, the Parties and the Releasees and their respective counsel may

10  refer to the Stipulation, the Judgment, or any Alternative Judgment to effectuate (i) the protections

11  from liability granted hereunder; (ii) to support a defense or counterclaim in any action brought against

12  them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

13  bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim; or

14  (iii) otherwise to enforce the terms of the Stipulation.

## MISCELLANEOUS PROVISIONS

16  49.    All of the exhibits attached hereto are hereby incorporated by reference as though fully

17  set forth herein. Notwithstanding the foregoing, if there exists a conflict or inconsistency between

18  the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation

19  shall prevail.

20  50.    Bayer warrants that, as to the payments made or to be made on behalf of Defendants, at

21  the time of entering into this Stipulation and at the time of such payment it, and to the best of its

22  knowledge any persons or entities contributing to the payment of the Settlement Amount, was not

23  insolvent, nor will the payment required to be made by or on behalf of them render it insolvent, within

24  the meaning of and/or for the purposes of the U.S. Bankruptcy Code, including §§ 101 and 547 thereof.

25  This representation is made by Bayer and not its counsel.

26  51.    In the event of the entry of a Final order of a court of competent jurisdiction determining

27  the transfer of money to the Settlement Fund or any portion thereof by Bayer to be a preference,

28  voidable transfer, fraudulent transfer, or similar transaction and any portion of the Settlement Fund is

1   required to be returned, and such amount is not promptly deposited into the Settlement Fund by others,

2   then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and

3   set aside the Releases given and the Judgment or Alternative Judgment entered in favor of Defendants

4   and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall

5   be null and void, and the Parties shall be restored to their respective positions in the Action as provided

6   in ¶ 47 above and any cash amounts in the Escrow Account (less any Taxes paid, due, or owing with

7   respect to the Settlement Fund, and less any Notice and Administration Costs actually incurred, paid,

8   or payable) shall be returned as provided in ¶ 47 above.

9        52.    The Parties intend this Stipulation and the Settlement to be a full, final, and complete

10  resolution of all disputes asserted or that could be asserted by any Releasing Plaintiff Party against

11  Defendants' Released Persons with respect to the Released Plaintiffs' Claims. Pursuant to 15 U.S.C.

12  § 78u-4(c)(1), the Judgment or Alternative Judgment will contain a finding that, during the course of

13  the Action, the Parties and their respective counsel at all times complied with the requirements of

14  Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and

15  settlement of the Action. In addition, no Party shall assert any claims of any violation of Rule 11 of

16  the Federal Rules of Civil Procedure, or of 28 U.S.C. § 1927, or otherwise make any accusation of

17  wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or

18  settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement

19  were negotiated at arm's length and in good faith by the Parties, including through a mediation process

20  supervised and conducted by the Mediator, and reflect the Settlement that was reached voluntarily after

21  extensive negotiations and consultation with experienced legal counsel, who were fully competent to

22  assess the strengths and weaknesses of their respective clients' claims or defenses.

23       53.    While retaining their right to deny that the claims asserted in the Action were

24  meritorious, Defendants and their counsel, in any statement made to any media representative (whether

25  or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor

26  will they deny that the Action was commenced and prosecuted in good faith and is being settled

27  voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel

28  and Defendants and their counsel shall, in good faith, communicate the terms of the Settlement in a

manner that is consistent with the fact that no adjudication of fault was made by the Court or a jury, and shall not otherwise suggest that the Settlement constitutes an admission or other evidence of any claim or defense alleged or of any other wrongdoing by any person. Plaintiffs and Lead Counsel agree that they will not intentionally assist or cooperate with any Person to publicly disparage Defendants or the Defendants' Released Persons with respect to any matter relating to the subject matter of this Action.

54. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Plaintiffs and Defendants (or their successors-in-interest).

55. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56. Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed except for activities related to the approval or enforcement of the Settlement. The Parties agree to seek an order barring, enjoining and estopping all Class Members from prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Released Persons.

57. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

58. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

59. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

60.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties shall exchange among themselves copies of original signed counterparts.

61.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

62.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

63.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

64.    To the extent there are disputes regarding the interpretation of any term of this Stipulation, the Parties will attempt to resolve any such dispute in good faith. If the Parties fail to resolve the dispute, or in the event of a breach of the terms of the Stipulation, any non-breaching Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be the Court.

65.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this

Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

68.    Within thirty (30) days of the Effective Date, the Parties and their counsel shall return or destroy all discovery material produced in connection with the Action as set forth in the Protective Order entered in the Action.

69.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:    Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com

If to Defendants or Defendants' Counsel:    Wachtell, Lipton, Rosen & Katz
Attn: Noah B. Yavitz
51 West 52nd Street
New York, NY 10019
Tel.: (212) 403-1000
Fax: (212) 403-2000
NBYavitz@wlrk.com

70.    Except as otherwise provided herein, each Party shall bear its own costs.

71.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement. Notwithstanding the foregoing, this paragraph: (i) shall not prevent the Parties from making any filings or taking any other action necessary to obtain the Court's approval of the Settlement, consistent with this Stipulation; (ii) shall not prevent Defendants' Released Persons from making disclosures to insurers, auditors, attorneys, officers, directors, or associates; (iii) shall not

1  prevent Defendants' Released Persons from making disclosures to others as may be required by law;

2  and (iv) shall not limit the materials or evidence that may be offered or referred to by Defendants'

3  Released Persons in disputes, actions, or proceedings arising between any of the Defendants' Released

4  Persons and any insurance carrier.

5       72.    All designations and agreements made, or orders entered during the course of the

6  Action relating to the confidentiality of documents or information shall survive this Stipulation and

7  entry of the Judgment or Alternative Judgment.

8       73.    Without further order of the Court, the Parties may agree to reasonable extensions of

9  time to carry out any of the provisions of this Stipulation.

10       74.    Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are Class

11  Members and that none of Plaintiffs' claims or causes of action against one or more Defendants in the

12  Action, or referred to in this Stipulation, or that could have been alleged against one or more

13  Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or

14  in part.

15       75.    The Releasees who do not appear on the signature lines below are acknowledged and

16  agreed to be third-party beneficiaries with respect to the Releases in this Stipulation and the Settlement.

17       76.    No opinion or advice concerning the tax consequences of the proposed Settlement to

18  individual Class Members is being given or will be given by the Parties or their counsel; nor is any

19  representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax

20  obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is

21  understood that the tax consequences may vary depending on the particular circumstances of each

22  individual Class Member.

23       **IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their

24  duly authorized attorneys, as of April 23, 2025.

25

26

27

28

1  *Carol V. Gilden*                         *Noah Yavitz*
   _____              _____
2  Carol V. Gilden                         Noah B. Yavitz

3  Carol V. Gilden (admitted *pro hac vice*)   William Savitt (admitted *pro hac vice*)
   **COHEN MILSTEIN SELLERS & TOLL PLLC**   Noah B. Yavitz (admitted *pro hac vice*)
   190 South LaSalle Street                 Emily R. Barreca (admitted *pro hac vice*)
4  Suite 1705                               **WACHTELL, LIPTON, ROSEN &**
   Chicago, IL 60603                        **KATZ**
5  Telephone: (312) 357-0370                51 West 52nd Street
   Email: cgilden@cohenmilstein.com         New York, NY 10019
6                                           Telephone: (212) 403-1000
                                            Facsimile: (212) 403-2000
7  Steven J. Toll (admitted *pro hac vice*)   Email: WDSavitt@wlrk.com
   **COHEN MILSTEIN SELLERS & TOLL PLLC**          NBYavitz@wlrk.com
8  1100 New York Ave NW, Suite 800                 ERBarreca@wlrk.com
   Washington, DC 20005
9  Telephone: (202) 408-4600                Jordan Eth (SBN 121617)
   Facsimile: (202) 408-4699                David J. Wiener (SBN 291659)
10 Email: stoll@cohenmilstein.com           **MORRISON & FOERSTER LLP**
                                            425 Market Street
11 Chris Lometti (admitted *pro hac vice*)    San Francisco, CA 94105
   Benjamin F. Jackson (admitted *pro hac vice*)   Telephone: (415) 268-7000
12 **COHEN MILSTEIN SELLERS & TOLL PLLC**   Facsimile: (415) 268-7522
   88 Pine Street, Fourteenth Flour         Email: JEth@mofo.com
13 New York, NY 10005                              DWiener@mofo.com
   Telephone: (212) 838-7797
14 Facsimile: (212) 838-7745                *Attorneys for Defendants Bayer*
15 Email: clometti@cohenmilstein.com        *Aktiengesellschaft, Werner Baumann, Werner*
          bjackson@cohenmilstein.com        *Wenning, Liam Condon, Johannes Dietsch, and*
16                                          *Wolfgang Nickl*

17 *Lead Counsel for Plaintiffs and Class Counsel*

18 Nicole Lavallee (SBN 165755)
   Alexander S. Vahdat (SBN 284963)
19 **BERMAN TABACCO**
20 44 Montgomery Street, Suite 650
   San Francisco, CA 94104
21 Telephone: (415) 433-3200
   Facsimile: (415) 433-6382
22 Email: nlavallee@bermantabacco.com
          avahdat@bermantabacco.com
23 *Liaison Counsel for Plaintiffs*

24
25
26
27
28

[No. 3:20-CV-04737-RS] STIPULATION AND AGREEMENT OF SETTLEMENT

## CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Carol V. Gilden, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ Carol V. Gilden*
Carol V. Gilden

EXHIBIT A-1

1

2          **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
3               **SAN FRANCISCO DIVISION**

4   SHEET METAL WORKERS' NATIONAL          Case No.: 3:20-cv-04737-RS
    PENSION FUND and INTERNATIONAL
5   BROTHERHOOD OF TEAMSTERS               CLASS ACTION
    LOCAL NO. 710 PENSION FUND,
6   individually and as Lead Plaintiffs on behalf   **[PROPOSED] ORDER**
    of all others similarly situated, and   **PRELIMINARILY APPROVING**
7                                          **SETTLEMENT AND PROVIDING**
    INTERNATIONAL UNION OF                 **FOR NOTICE**
8   OPERATING ENGINEERS PENSION
    FUND OF EASTERN PENNSYLVANIA           Judge:   Richard Seeborg
9   AND DELAWARE, individually and as      Courtroom:  3 — 17th Floor
    Named Plaintiff, on behalf of all others
10  similarly situated,

11              Plaintiffs,

12         vs.

13  BAYER AKTIENGESELLSCHAFT, WERNER
    BAUMANN, WERNER WENNING, LIAM
14  CONDON, JOHANNES DIETSCH, and
    WOLFGANG NICKL,
15
                Defendants.
16

17         **[PROPOSED] ORDER PRELIMINARILY**
           **APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

18         **WHEREAS**:

19         A.      A securities class action is pending in this Court entitled *Sheet Metal Workers' National*

20  *Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (the "Action").

21         B.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court

22  previously certified the following class ("Class") by order issued on May 19, 2023: All persons or

23  entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts

24  ("ADRs") from May 23, 2016 to July 6, 2020, inclusive. Excluded from the Class are (1) Defendants;

25  (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or

26  affiliate of Bayer, including its employee retirement and benefit plan(s) and their participants or

27  beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of

28  Bayer during the Class Period, as well as the members of their immediate families; and (5) the legal

---

representatives, heirs, successors, and assigns of any such excluded party. ECF No. 175. Also excluded from the Class are any persons or entities who excluded themselves by submitting a request for exclusion in connection with the Class Notice (defined below) that has been accepted by the Court and who do not opt back into the Class in connection with the Settlement Notice, as discussed below.

C.     The Court's May 19, 2023 Order also appointed plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel.

D.     By order dated October 31, 2023 (ECF No. 197), notice was provided to potential members of the Class to inform them of, among other things: (a) the Action pending against Defendants, and the status of the Action and proceedings; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person and entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion.

E.     Plaintiffs, on behalf of themselves and the Court-certified Class, and defendants Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants") have entered into the Stipulation and Agreement of Settlement, dated April 23, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

F.     Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation, unless otherwise specified.

G.     Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and

1  allowing notice to Class Members as more fully described herein.

2      H.     The Court has read and considered: (a) Plaintiffs' motion for preliminary approval of

3  the Settlement, and the papers filed and arguments made in connection therewith; and (b) the

4  Stipulation and the exhibits attached thereto.

5      I.     The Parties to the Stipulation have consented to the entry of this Order.

6      NOW, THEREFORE, IT IS HEREBY ORDERED:

7      1.     **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action, and all

8  matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of

9  the Class Members for purposes of the Settlement.

10      2.     **Preliminary Approval of the Settlement**: The Court hereby preliminarily approves

11  the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal

12  Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule

13  23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the

14  Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement

15  was negotiated at arm's length under the oversight of an experienced mediator.

16      3.     **Settlement Hearing**: The Court will hold a hearing (the "Settlement Hearing")

17  pursuant to Rule 23(e) of the Federal Rules of Civil Procedure on _____, 2025 at

18  ____.m., either in person at the U.S. District Court for the Northern District of California, San Francisco

19  Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by

20  telephone or videoconference (at the discretion of the Court), for the following purposes: (a) to

21  determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation

22  is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to

23  determine whether a Judgment, substantially in the form attached as Exhibit A-5 to the Stipulation,

24  should be entered dismissing the Action with prejudice against Defendants and granting the Releases

25  specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation

26  for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine

27  whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should

28  be approved; and (e) to consider and rule upon any other matters that may properly be brought before

1    the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall
2    be given to Class Members as set forth in ¶¶ 5 and 6 of this Order.

3        4.    The Court reserves the right to approve the Settlement with or without modification
4    and with or without further notice to the Class. The Court further reserves the right to enter the
5    Judgment approving the Settlement regardless of whether it will approve the proposed Plan of
6    Allocation or award attorneys' fees and expenses. The Court may adjourn the Settlement Hearing
7    without further notice to the Class and may approve the proposed Settlement with such modifications
8    as the Parties may agree to, if appropriate, without further notice to the Class. The Court retains
9    jurisdiction to consider all further applications arising out of or connected with the proposed
10   Settlement. The Court may decide to hold the Settlement Hearing by telephone or videoconference
11   without further notice to the Class. Any Class Member (or his, her, their, or its counsel) who wishes
12   to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any
13   change in date, time, or format of the hearing.

14       5.    **Retention of Claims Administrator and Manner of Giving Notice**: Lead Counsel is
15   authorized to retain A.B. Data Group as the Claims Administrator to supervise and administer the
16   notice procedures in connection with the proposed Settlement as well as the processing of Claims as
17   more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as
18   follows:

19       (a)    beginning no later than fifteen (15) business days after the date of entry of this
20   Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice
21   Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially
22   in the forms attached as Exhibits A-2 and A-4 to the Stipulation, respectively (the "Notice Packet"),
23   to be mailed by first-class mail or emailed to all potential Class Members who may be identified through
24   reasonable effort;

25       (b)    by no later than the Notice Date, the Claims Administrator shall post copies of
26   the Notice and the Claim Form on the website established for the Action,
27   www.BayerADRSecuritiesLitigation.com (the "Case Website");

28       (c)    by no later than the Notice Date, the Claims Administrator shall cause the

1    Summary Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published

2    once in the *Wall Street Journal* and transmitted once over *PR Newswire*; and

3          (d)      by no later than seven (7) calendar days prior to the Settlement Hearing, Lead

4    Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration,

5    of such mailing and publication.

6          6.      **Nominee Procedures**: In connection with the previously disseminated Class Notice,

7    brokers and other nominees were advised that if, for the beneficial interest of any person or entity

8    other than yourself, they purchased or acquired Bayer ADRs during the period from May 23, 2016 to

9    July 6, 2020, inclusive, they were required to either: (i) request from the Claims Administrator

10   sufficient copies of the postcard Notice of Pendency of Class Action to forward to all such beneficial

11   owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address

12   of all such beneficial owners to the Claims Administrator. They were also advised to retain their

13   mailing records for use in connection with any further notices in the Action. For nominees who

14   previously chose the first option (*i.e.*, elected to mail the Postcard Notice directly to beneficial owners),

15   the Claims Administrator will forward the same number of Notice Packets, and nominees are hereby

16   ordered to, within seven (7) calendar days of receipt of the Notice Packets, mail them to the beneficial

17   owners. Unless the nominee has identified additional beneficial owners, such nominees need not take

18   any further action. For nominees who previously chose the second option (*i.e.*, provided a list of names

19   and addresses of beneficial holders to A.B. Data, and emails (if applicable)), the Claims Administrator

20   will promptly mail (and email, if applicable) the Notice Packet to each of the beneficial owners whose

21   names and addresses the nominee previously supplied. Unless the nominee has identified additional

22   beneficial owners whose names and addresses were not previously provided to A.B. Data, such

23   nominees need not take any further action. For nominees that have identified additional beneficial

24   owners who were not previously identified in connection with the Class Notice, such nominees shall

25   either: (i) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims

26   Administrator sufficient copies of the Notice Packet to forward to all such additional beneficial

27   owners, which the nominee shall, within seven (7) calendar days of receipt of those Notice Packet

28   from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of

receipt of the Notice Packet, provide a list of the names, addresses, and email addresses (where available) of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Notice Packets to these additionally identified Persons. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.BayerADRSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (800) 524-0614, or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com.

7.    **Approval of Form and Content of Notice**: The Court (a) approves, as to form and content, the Notice, the Summary Notice, and the Claim Form, attached as Exhibits A-2, A-3, and A-4 to the Stipulation, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶¶ 5 and 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation

1  Reform Act of 1995, as amended, and all other applicable law and rules. The date and time of the

2  Settlement Hearing, and all other relevant deadlines, shall be included in the Notice and Summary

3  Notice before they are mailed and published, respectively.

4      8.    **CAFA Notice**: As provided in the Stipulation, Defendants shall serve the notice

5  required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten

6  (10) calendar days following the filing of the Stipulation with the Court. Bayer is solely responsible

7  for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7)

8  calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel

9  and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C.

10  § 1715(b).

11      9.    **Participation in the Settlement**: Class Members who wish to participate in the

12  Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete

13  and submit a Claim Form in accordance with the instructions contained therein. Unless the Court

14  orders otherwise, all Claim Forms must be postmarked, or submitted online via the Case Website, no

15  later than ten (10) business days before the Settlement Hearing. Notwithstanding the foregoing, Lead

16  Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not

17  delay the distribution of the Net Settlement Fund to the Class. Such deadline may be further extended

18  by Court Order or by Class Counsel in its discretion. Each Claim Form shall be deemed to have been

19  submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage

20  prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted

21  when it was actually received by the Claims Administrator. Any Class Member who does not timely

22  submit a Claim Form within the time provided for shall be barred from sharing in the distribution of

23  the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall

24  remain bound by all determinations and judgments in this Action concerning the Settlement, as

25  provided by ¶ 11 of this Order. By submitting a Claim, a person or entity shall be deemed to have

26  submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter

27  of the Settlement.

28      10.    Each Claim Form submitted must satisfy the following conditions: (a) it must be

1    properly completed, signed, and submitted in a timely manner in accordance with the provisions of

2    the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the

3    transactions and holdings reported therein, in the form of broker confirmation slips, broker account

4    statements, an authorized statement from the broker containing the transactional and holding

5    information found in a broker confirmation slip or account statement, or such other documentation as

6    is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the

7    Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to

8    act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead

9    Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no

10   material deletions or modifications of any of the printed matter contained therein and must be signed

11   under penalty of perjury.

12       11.    Any Class Member that does not timely and validly submit a Claim Form or whose

13   Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right

14   to share in the Net Settlement Fund; (b) shall be forever barred from participating in any

15   distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and

16   all proceedings, determinations, orders, and judgments in the Action relating thereto, including,

17   without limitation, the Judgment and the Releases provided for therein, whether favorable or

18   unfavorable to the Class; and (d) shall be barred from commencing, maintaining, or prosecuting any

19   of the Released Plaintiffs' Claims against each and all of Defendants' Released Persons, as more fully

20   described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be

21   accepted for processing as set forth in ¶ 9 above.

22       12.    **No Second Opportunity to Request Exclusion from the Class**: In light of the

23   extensive notice program undertaken in connection with class certification and the ample opportunity

24   provided to Class Members to request exclusion from the Class at that time, the Court is exercising its

25   discretion not to require Class members be given a second opportunity to exclude themselves from the

26   Class in connection with the Settlement proceedings. Class Members shall be bound by all orders,

27   determinations, and judgments in this Action, including the releases, whether favorable or

28   unfavorable, unless such persons previously requested exclusion in connection with the Class Notice.

13.     **Opting Back Into the Class**: Any person who previously submitted a request for exclusion from the Class, as set forth in ECF No. 200, may elect to opt back into the Class. By opting back into the Class, such person, subject to the requirement applicable to all persons that he, she, or it establish membership in the Class, shall be eligible to receive a payment from the Net Settlement Fund. Any person identified in ECF No. 200 who wishes to opt back into the Class must either, individually or through a representative, request to opt back into the Class in writing in the manner set forth in the Settlement Notice, such that the request is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by the Claims Administrator at the address set forth in the Settlement Notice. Each request to opt back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (ii) state that such person or entity "requests to opt back into the Class in *Sheet Metal Workers' National Pension Fund v. Bayer Aktiengesellschaft*, Case No. 3:20-cv-04737-RS (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt back into the Class.

14.     **Appearance and Objections at Settlement Hearing**: Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

15.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead

Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

> Lead Counsel:        Cohen Milstein Sellers & Toll PLLC
>                      Attn: Carol V. Gilden
>                      200 S. Wacker Drive, Suite 2375
>                      Chicago, IL 60606
>                      Tel.: (312) 357-0370
>                      Fax: (312) 357-0369
>                      cgilden@cohenmilstein.com
>
> Defendants' Counsel:   Wachtell, Lipton, Rosen & Katz
>                        Attn: Noah B. Yavitz
>                        51 West 52nd Street
>                        New York, NY 10019
>                        Tel.: (212) 403-1000
>                        Fax: (212) 403-2000
>                        NBYavitz@wlrk.com

16.     Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *Sheet Metal Workers' National Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (N.D. Cal.); (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the Class Member's objection(s) and the grounds for each objection, including whether it applies only to the objector, a specific subset of the Class, or to the entire Class, and any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Bayer ADRs that the objecting Class Member (1) held as of the opening of trading on May 23, 2016, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from May 23, 2016 to July 6, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings

1  and trading in Bayer ADRs. The Court will consider a Class Member's objection to the Settlement,

2  the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such

3  Class Member has, no later than twenty-one (21) calendar days prior to the Settlement Hearing, filed

4  said objections and supporting papers with the Clerk of the Court, United States District Court for the

5  Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450

6  Golden Gate Avenue, San Francisco, CA 94012.

7       17.    Any Class Member who wishes to be heard orally at the Settlement Hearing in

8  opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for

9  attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve

10  it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 15 above so that it is

11  received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who

12  enter an appearance and desire to present evidence at the Settlement Hearing in support of their

13  objection must include in their written objection or notice of appearance the identity of any witnesses

14  they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is

15  within the Court's discretion to allow appearances at the Settlement Hearing either in person or by

16  telephone or video conference.

17       18.    Any Class Member who or which does not make his, her, or its objection in the manner

18  provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of

19  the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of

20  attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to

21  the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested

22  attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the

23  Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other

24  proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action

25  to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys'

26  fees and Litigation Expenses.

27       19.    **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court

28  stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms

and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars, enjoins, and estops Plaintiffs and all other Class Members from instituting, commencing, or prosecuting any and all of the Released Plaintiffs' Claims against Defendants' Released Persons.

20. **Settlement Administration Fees and Expenses**: All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund**: The contents of the Settlement Fund held by The Huntington National Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes**: Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses**: Defendants' Released Persons shall have no responsibility or liability for (i) the Plan of Allocation; (ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

24. **Termination of Settlement**: If the Settlement is terminated as provided in the

1 Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to

2 occur, this Order shall be vacated and rendered null and void, and shall be of no further force and

3 effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to

4 the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall

5 revert to their respective positions in the Action as of immediately prior to February 23, 2025, as

6 provided in the Stipulation.

7     25.   **Use of This Order**: Neither this Order, the Term Sheet, the Stipulation (whether or

8 not finally approved and consummated), including the exhibits thereto and the Plan of Allocation

9 contained therein (or any other plan of allocation that may be approved by the Court), the negotiations

10 leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to

11 or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including

12 any arguments proffered in connection therewith):

13     (a)   shall be offered against any of Defendants' Released Persons as evidence of, or

14 construed as, or deemed to be evidence of any presumption, concession, or admission by any of

15 Defendants' Released Persons with respect to the truth of any fact alleged by Lead Plaintiffs or the

16 validity of any claim that was or could have been asserted or the deficiency of any defense that has

17 been or could have been asserted in this Action or in any other litigation, or of any liability, negligence,

18 fault, or other wrongdoing of any kind of any of Defendants' Released Persons or in any way referred

19 to for any other reason as against any of Defendants' Released Persons, in any arbitration proceeding

20 or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be

21 necessary to effectuate the provisions of the Stipulation;

22     (b)   shall be offered against any of Plaintiffs' Released Persons, as evidence of, or

23 construed as, or deemed to be evidence of any presumption, concession, or admission by any of

24 Plaintiffs' Released Persons that any of their claims are without merit, that any of Defendants'

25 Released Persons had meritorious defenses, or that damages recoverable under the Complaint would

26 not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or

27 wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs'

28 Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court and the Effective Date occurs, the Parties and the Releasees and their respective counsel may refer to the Stipulation, the Judgment, or any Alternative Judgment to effectuate the protections from liability granted thereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Stipulation.

26.     **Supporting Papers**: Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     **Jurisdiction**: The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

1        SO ORDERED this ____ day of _____, 2025.

2

3                                   _____

                                  The Honorable Richard Seeborg

4                                   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br><div align=center>Plaintiffs,</div><br><div align=center>vs.</div><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br><div align=center>Defendants.</div> | Case No.: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge:  Richard Seeborg<br>Courtroom:  3 — 17th Floor |

**If you purchased or otherwise acquired Bayer American Depositary Receipts ("ADRs") during the period of May 23, 2016 to July 6, 2020, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Settlement Notice. This is not a solicitation from a lawyer.*

- This Settlement Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement. *This Settlement Notice is different than the postcard Notice of Pendency of Class Action that you might have received in May 2023 alerting you to the existence of the case and the certification of the Class.*

- If approved by the Court, the proposed Settlement will create a $38,000,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims asserted by plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs,

---

[1] All capitalized terms not otherwise defined in this Settlement Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"). The Stipulation is available for Class Members to review at the case website, www.BayerADRSecuritiesLitigation.com.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

1

"Plaintiffs") on behalf of themselves and the certified Class against Defendants Bayer Aktiengesellschaft ("Bayer" or the "Company"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants").

**PLEASE READ THIS NOTICE CAREFULLY. This Settlement Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Settlement Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Bayer, the other Defendants in this Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 65).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The *only* way to get a payment. *See* ¶ 33. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27) that you have against Defendants or Defendants' Released Persons (defined in ¶ 28), so it is in your interest to submit a Claim Form. |
| **IF YOU PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CERTIFIED CLASS, OPT BACK INTO THE CLASS BY _____, 2025** | If you previously submitted a request for exclusion in connection with the Class Notice and now want to be part of the Class in order to be eligible to receive a payment, follow the steps for opting back into the class. *See* ¶¶ 45–47. |
| **OBJECT BY _____, 2025** | If you object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you object to them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and did not exclude yourself from the Class. Submitting an objection will not exclude you from the Class. *See* ¶¶ 50–53. |
| **GO TO A HEARING ON _____, 2025** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. *See* ¶ 53. |
| **DO NOTHING** | Receive no payment and forfeit your legal rights. |

**These rights and options are explained in this Settlement Notice. <u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice. It is also within the Court's discretion to hold the hearing remotely. If you plan to attend the hearing,**

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

2

**you should check www.BayerADRSecuritiesLitigation.com or with Lead Counsel to confirm no change has been made.**

| SUMMARY OF THE SETTLEMENT NOTICE |
|---|

1.    **Description of the Action and the Class:** This Settlement Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Bayer and certain current and former Bayer executives violated the federal securities laws by making false and misleading statements about the nature and extent of Bayer's due diligence concerning its acquisition of Monsanto. A more detailed description of the Action is set forth in ¶ 14. below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 18.

2.    **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $38,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3.    **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimate of the number of shares of Bayer ADRs purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.23 per affected share and approximately $0.15 per share after the deduction of the attorneys' fees and expenses discussed herein.[2] **Class Members should note, however, that the foregoing average recovery is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Bayer ADRs, the total number and value of valid Claim Forms submitted, the amount of Notice and Administration Costs, and the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

---

[2] From the beginning of the Class Period until September 19, 2017, each Bayer ADR represented one ordinary share on the Xetra exchange. On September 20, 2017, this ratio changed to 4:1. To ensure consistency, each Class member's share purchases will be adjusted, if necessary, to maintain a uniform 4:1 ADR-to-ordinary-share ratio throughout the Class Period.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

3

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC, has been prosecuting the Action on a wholly contingent basis since its appointment as Lead Counsel in October 2020, has not received any payment of attorneys' fees for their representation of the Class, and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel,[3] will apply to the Court for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3,550,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.09 per affected share of Class A common stock. Class Members should note that this amount is only an estimate.

6. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

7. **Identification of Attorney Representatives:** Plaintiffs and the Class are represented by Carol V. Gilden, Cohen Milstein Sellers & Toll PLLC, 200 S. Wacker Drive, Suite 2375, Chicago, IL 60606, (312) 629-3737.

8. **Claims Administrator:** Further information regarding the claims process and this Settlement Notice may be obtained by contacting the Claims Administrator: Bayer ADR Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173084, (800) 524-0614, info@BayerADRSecuritiesLitigation.com, www.BayerADRSecuritiesLitigation.com.

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? .......................................................... Page [___]
What Is This Case About? ............................................................. Page [___]
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class? .................................................. Page [___]
What Are Lead Plaintiffs' Reasons For The Settlement? ............... Page [___]
What Might Happen If There Were No Settlement? ...................... Page [___]
How Are Class Members Affected By The Action
    And The Settlement? ................................................................. Page [___]

---

[3] Plaintiffs' Counsel includes Lead Counsel and Berman Tabacco, the Court-appointed Liaison Counsel.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

4

How Do I Participate In The Settlement? What Do I Need To Do? Page [___]
How Much Will My Payment Be? Page [___]
What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid? Page [___]
What If I Previously Requested Exclusion In Connection With The
Class Notice And Now Want To Be Eligible To Receive A Payment
From The Settlement? How Do I Opt Back Into The Class? Page [___]
When And Where Will The Court Decide Whether To Approve The
Settlement? Do I Have To Come To The Hearing? May I Speak At
The Hearing If I Don't Like The Settlement? Page [___]
What If I Do Nothing? Page [___]
What If I Bought Shares On Someone Else's Behalf? Page [___]
Can I See The Court File? Whom Should I Contact If I Have
Questions? Page [___]

## WHY DID I GET THIS NOTICE?

9.    You may have recently received a Summary Notice about the proposed Settlement. (The Summary Notice is different than the postcard that you might have received in 2023 alerting you to the fact that this Action was pending and a Class had been certified.) This long-form Settlement Notice provides additional information about the Settlement and related procedures.

10.    The Court directed that this Settlement Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Bayer ADRs during the Class Period. The Court has directed us to send you this Settlement Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. **Receipt of this Settlement Notice does not mean that you are a Class Member or that you are entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that accompanies the Notice or which also is available at www.BayerADRSecuritiesLitigation.com.** *See* ¶ 33.

11.    The purpose of this Settlement Notice is to inform you of the terms of the proposed Settlement, of how the Settlement might affect your legal rights, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 48–49 below for details about the Settlement Hearing, including the date and location of the hearing. If the Court approves the Settlement and Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

12.    The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the settlement after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

13.    The Court in charge of the Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *Sheet Metal Workers' National Pension Fund v. Bayer*, Case No. 3:20-cv-04737-RS. The Action is assigned to the Honorable Richard Seeborg.

## WHAT IS THIS CASE ABOUT?

14.    Plaintiffs, on behalf of the Class, generally allege that Defendants violated the Securities Exchange Act of 1934 by making false and misleading statements about Bayer's due diligence in connection with its acquisition of the Monsanto Company (the "Merger"). In particular, Plaintiffs allege that Defendants made false and misleading statements during the Class Period about Bayer's due diligence relating to Monsanto's potential exposure to lawsuits alleging that Roundup, a Monsanto-produced herbicide, causes non-Hodgkin's lymphoma (the "Roundup litigation"). Plaintiffs allege that Defendants made false and misleading statements and omissions to promote the Merger, assuring investors that Bayer had conducted an extensive due diligence investigation on Monsanto and its exposure in the Roundup litigation when Bayer had not reviewed or requested any internal Monsanto documents relating to Roundup's legal risks as part of the due diligence process. Plaintiffs further allege that Defendants' false and misleading statements concealed material risks and artificially inflated the price of Bayer ADRs. Plaintiffs allege these concealed risks materialized and the truth about the extent of Bayer's due diligence was revealed by a series of legal defeats in the Roundup litigation, by Bayer's announcement of a commitment to pay up to $10.9 billion to settle the Roundup litigation, and by a statement by the judge presiding over that proposed settlement that he was tentatively inclined not to approve it. Each of these developments allegedly caused artificial inflation in the price of Bayer ADRs to dissipate during the Class Period and the price of Bayer ADRs to drop, harming the members of the Class.

15.    The particular allegedly false and misleading statements and omissions are set forth in Lead Plaintiff's Second Amended Complaint (the "Complaint"), as subsequently narrowed by a decision issued by the Court on May 18, 2022. You may review a copy of the Complaint and the May 18, 2022 decision by visiting Lead Counsel's website at www.BayerADRSecuritiesLitigation.com

16.    On April 23, 2025, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.BayerADRSecuritiesLitigation.com.

17.    On _____, 2025, the Court preliminarily approved the Settlement, authorized this Settlement Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

18.    If you are a Class Member, you are subject to the Settlement. The Class consists of:

> All persons or entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts from May 23, 2016 to July 6, 2020, inclusive (the "Class Period").

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

6

Excluded from the Class are (1) Defendants; (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or affiliate of Bayer, including its employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of Bayer during the Class Period; and (5) the legal representatives, heirs, successors, and assigns of any such excluded party.

Also excluded from the Class are any persons or entities who previously excluded themselves by submitting a request for exclusion in connection with the Class Notice that is accepted by the Court.

**PLEASE NOTE: Receipt of this Settlement Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Settlement Notice and the required supporting documentation as set forth therein, postmarked (or submitted online) no later than _____, 2025.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

19.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statements about Bayer's due diligence efforts were false or misleading and that Defendants knew that the statements were false or were reckless in making them. Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

20.    Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Plaintiffs could not establish a causal connection between the alleged misrepresentations about Bayer's due diligence and the losses investors allegedly suffered, as required by law.

21.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $38,000,000 in cash (less the various deductions described in this Settlement Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

22.    The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have asserted and continue to assert that their disclosures were accurate and complete and

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

7

expressly denied and continue to deny any and all allegations of wrongdoing contained in the Second Amended Complaint, including, without limitation, any liability rising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damages or that Plaintiffs or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

24.    If you are a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

25.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you did not previously validly exclude yourself from the Class in connection with the Class Notice, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26.    If you are a Class Member and you did not previously validly exclude yourself from the Class in connection with the Class Notice, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, Class Members, and each of their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, waived, released, resolved, relinquished, discharged, and dismissed any or all of the Released Plaintiffs' Claims (as defined in ¶ 27 below) against Defendants and all other Defendants' Released Persons (as defined in ¶ 28 below), and shall forever be barred, enjoined, and estopped from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims, in any capacity, against any of Defendants' Released Persons.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

8

27.    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities, whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in any forum against Defendants' Released Persons, that: (a) arise out of, concern, are based upon, or relate in any way to the claims, allegations, transactions, facts, matters or occurrences, representations, or omissions asserted, involved, set forth, or referred to in the SAC or in any prior complaints in the Action; and (b) relate to the purchase, acquisition, sale, or holding of Bayer ADRs during the Class Period, including the conversion of Bayer ordinary shares to Bayer ADRs or the redemption of Bayer ADRs for Bayer ordinary shares. Notwithstanding the foregoing, Released Plaintiffs' Claims shall not include: (i) any claims asserted in the pending capital market litigation against Bayer or its directors and officers in the courts of Cologne; (ii) any claims asserted derivatively in *Haussmann, et al. v. Baumann, et al.*, Appeal No. APL-2024-00017 (N.Y. Ct. App.) or any pending ERISA action against Bayer or its directors and officers; or (iii) any claims relating to the enforcement of the Settlement.

28.    "Defendants' Released Persons" means Defendants, their attorneys, and any and all of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their (or Defendants' or their attorneys') respective current or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees, equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers, joint venturers, managers, managing agents, managing directors, members, officers, partners, principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities as such, as well as each of the Individual Defendants' Immediate Family Members, assigns, beneficiaries, devisees, estates, executors, heirs, legatees, personal or legal representatives, predecessors, and successors.

29.    "Unknown Claims" means any Released Plaintiffs' Claims that any Releasing Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Releasing Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the Releases, including his, her or its decision(s) whether to object to, or request to be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive, and each of the other Releasing Plaintiff Parties and Releasing Defendant Parties shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, including, or which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

>    A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

9

materially affected his or her settlement with the debtor or released party.

A Releasing Plaintiff Party or a Releasing Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever settle, waive, release, resolve, relinquish, and discharge, and each Releasing Plaintiff Party and Releasing Defendant Party shall be deemed to have settled, waived, released, resolved, relinquished, and discharged, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled, waived, released, resolved, relinquished, and discharged, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Releasing Plaintiff Parties and Releasing Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

30.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, waived, released, resolved, relinquished, discharged, and dismissed  any or all of the Released Defendants' Claims (as defined in ¶ 31 below) against Plaintiffs and all other Plaintiffs' Released Persons (as defined in ¶ 32 below), and shall forever be barred, enjoined, and estopped from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any or all of the Released Defendants' Claims, in any capacity, against any of Plaintiffs' Released Persons.

31.    "Released Defendants' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities, whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Plaintiffs' Released Persons, in any forum that concern, are based upon, arise out of, or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. Notwithstanding the foregoing, Released Defendants' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims between Defendants' Released Persons and their respective insurers.

32.    "Plaintiffs' Released Persons" means Plaintiffs, their attorneys, all other Class Members, and any of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their (or Plaintiffs', their attorneys', or any other Class Members') respective current or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees, equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers, joint venturers, managers, managing agents, managing directors, members,

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

10

officers, partners, principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities as such, Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, predecessors, successors, and assigns.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

33.    To be eligible for a payment from the Settlement, you must be a Class Member and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed) or submitted online at www.BayerADRSecuritiesLitigation.com no later than _____, 2025 to the Claims Administrator**. A Claim Form is included with this Settlement Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.BayerADRSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (800) 524-0614 or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Bayer ADRs, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Bayer ADRs.

34.    If you previously requested a valid exclusion from the Class in connection with the Class Notice (and do not opt back in to the Class) or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

36.    The Net Settlement Fund (defined above at ¶ 2) will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

37.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

38.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39.    Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but shall in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against Defendants' Released Persons (as defined in ¶ 28 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of Plaintiffs' Released Persons whether or not such Class Member submits a Claim Form.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

11

40.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

41.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

42.     Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that validly excluded themselves from the Class in connection with the Class Notice will not be eligible for a payment and should not submit Claim Forms. Appendix A to this Settlement Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

43.     Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Lead Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $3,500,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA.

44.     Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2025. A copy of Lead Counsel's Fee and Expense Application will be available for review at www.BayerADRSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I PREVIOUSLY REQUESTED EXCLUSION IN CONNECTION WITH THE CLASS NOTICE AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT? HOW DO I OPT BACK INTO THE CLASS?

45.     If you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may opt back into the Class and be eligible to receive a payment from the Settlement. If you are not certain whether you previously submitted a request for exclusion, please contact the Claims Administrator at (800) 524-0614 or info@BayerADRSecuritiesLitigation.com for assistance.

46.     Your request to opt back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (ii) state that such person or entity requests to opt back into the Class in "*Sheet Metal Workers' National Pension Fund v. Bayer*, Case No. 3:20-cv-04737-RS (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt back into the

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

12

Class. A request to opt back the Class must be mailed, so that it is **received no later than _____, 2025**, to:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217

47.    **Please note:** Opting back into the Class **does not mean** that you will automatically be entitled to receive proceeds from the Settlement. If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are also required to submit a claim form. *See* How Do I Participate In The Settlement? What Do I Need To Do?, above.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

48.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further notice to the Class. You should check the Court's docket or the Settlement website, www.BayerADRSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

49.    The Settlement Hearing will be held on _____, 2025 at : _.m., either in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit A-5 to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Class. The Court may only approve or deny the settlement and cannot change the terms of the settlement.

50.    Any Class Member who or which did not previously request a valid exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

13

1  Office at the U.S. District Court for the Northern District of California at the address set forth below
2  **on or before _____, 2025**. You must also serve the papers on Lead Counsel and on Defendants'
   Counsel at the addresses set forth below so that the papers are ***received* on or before _____,**
3  **2025**.

4            Clerk's Office:                    Office of the Clerk
                                                U.S. District Court
5                                               Northern District of California
                                                450 Golden Gate Avenue
6                                               San Francisco, CA 94102-3489

7            Lead Counsel:                      Cohen Milstein Sellers & Toll PLLC
8                                               Attn: Carol V. Gilden
                                                200 S. Wacker Drive, Suite 2375
9                                               Chicago, IL 60606

10           Defendants' Counsel:               Wachtell, Lipton, Rosen & Katz
11                                              Attn: Noah B. Yavitz
                                                51 West 52nd Street
12                                              New York, NY 10019

13 51.    Any objection must (a) identify the case name and case number, *Sheet Metal Workers'*
14 *National Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (N.D. Cal.); (b) state the name,
15 address, and telephone number of the person or entity objecting, and, in the case of entities, the name
   and telephone number of the appropriate contact person; (c) be signed by the objector (even if the
16 objector is represented by counsel); (d) state with specificity the Class Member's objection(s) and the
   grounds for each objection, including whether it applies only to the objector, a specific subset of the
17 Class, or to the entire Class, and any legal and evidentiary support, the Class Member wishes to bring
   to the Court's attention; and (e) include documents sufficient to establish membership in the Class,
18 including documents showing the number of shares of Bayer ADRs that the objecting Class Member
19 (1) held as of the opening of trading on May 23, 2016, and (2) purchased, acquired, or sold during the
   Class Period (*i.e.*, from May 23, 2016 to July 6, 2020, inclusive), as well as the dates, number of
20 shares, and prices of each such purchase, acquisition, or sale. The documentation establishing
   membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage
21 account statements, or an authorized statement from the objector's broker containing the transactional
   and holding information found in a brokerage confirmation slip or account statement. Lead Counsel
22 is authorized to request from any objector additional transaction information or documentation
23 regarding his, her, their, or its holdings and trading in Bayer ADRs. You may not object to the
   Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation
24 Expenses if you validly excluded yourself from the Class (and have not opted back in) or if you are
   not a Class Member.

25 52.    You may file a written objection without having to appear at the Settlement Hearing. You may
26 not, however, appear at the Settlement Hearing to present your objection unless you first file and serve
27 a written objection in accordance with the procedures described above, unless the Court orders
   otherwise.

28 53.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement,

the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 50 above so that it is **received** on or before **_____, 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

54.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 50 above so that the notice is **received** **on or before _____, 2025**.

55.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel or check the Settlement Website, www.BayerADRSecuritiesLitigation.com or the Court's PACER site, https://ecf.cand.uscourts.gov.

56.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

57.    If you do nothing, all of your claims against Defendants and Defendants' Released Persons will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF?

58.    In connection with the previously disseminated Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Bayer ADRs during the period from May 23, 2016 to July 6, 2020, inclusive, it was necessary for you to either: (i) request from the Claims Administrator sufficient copies of the postcard Notice of Pendency of Class Action to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address of all such beneficial owners to the Claims Administrator. You were also advised to retain your mailing records for use in connection with any further notices in the Action.

59.    For nominees who previously chose the first option (*i.e.*, elected to mail the Postcard Notice directly to beneficial owners), the Claims Administrator will forward the same number of Notices and Claim Forms (the "Notice Packet"), and nominees have been ordered to, within seven (7) calendar days of receipt of the Notice Packets, mail them to the beneficial owners. Unless the nominee has

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

15

identified additional beneficial owners, such nominees need not take any further action.

60.    For nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data, and emails (if applicable)), the Claims Administrator will promptly mail (and email, if applicable) the Notice Packet to each of the beneficial owners whose names and addresses the nominee previously supplied. Unless the nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such nominees need not take any further action.

61.    For nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such nominees shall either: (i) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such additional beneficial owners, which the nominee shall, within seven (7) calendar days of receipt of those Notice Packet from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Notice Packets to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses of such additional beneficial owners to the Claims Administrator, to the extent they are available.

62.    Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Settlement Notice and the Claim Form may also be obtained from the Settlement website, www.BayerADRSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (800) 524-0614, or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE A QUESTION?

63.    This Settlement Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Stipulation, the operative Complaint, and any related orders entered by the Court will also be posted on the Settlement website, www.BayerADRSecuritiesLitigation.com. Additional information regarding the case and the Settlement can also be obtained by contacting Lead Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

16

District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

64.     Additionally, the motions in support of final approval of the Settlement, approval of the proposed Plan of Allocation, and the request for attorneys' fees and Litigation Expenses will be filed with the Court no later than _____, 2025 and will posted on the case website, www.BayerADRSecuritiesLitigation.com.

65.     All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

<div align="center">

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
(800) 524-0614
info@BayerADRSecuritiesLitigation.com
www.BayerADRSecuritiesLitigation.com

and/or

**Cohen Milstein Sellers & Toll PLLC**
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 357-0370
cgilden@cohenmilstein.com

Lead Counsel

</div>

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

<div align="right">

By Order of the Court
United States District Court
Northern District of California

</div>

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

17

## Appendix A: Proposed Plan of Allocation of the Net Settlement Fund

### I.     PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.     The Net Settlement Fund shall be distributed based on the acceptable Proof of Claim Forms submitted by Class Members. The Net Settlement Fund will be distributed to "Authorized Claimants," who are those Class Members who timely submit acceptable Proof of Claim Forms which are accepted for recovery under the Plan of Allocation described herein, or as otherwise ordered by the Court.

2.     The objective of the Plan of Allocation (the "Plan") is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Plaintiffs, Plaintiffs' Counsel, and anyone acting on their behalf will likewise have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

4.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

5.     In this case, Lead Plaintiffs allege that Defendants made false and misleading statements and omitted material information that inflated the price of Bayer Aktiengesellschaft ("Bayer") American Depositary Receipts ("Bayer ADRs" or "ADRs") during the Class Period (*i.e.*, May 23, 2016 to July 6, 2020, inclusive).[4] It is alleged that there was relevant information released to the market that impacted the market price of Bayer ADRs in a statistically significant manner on several dates during the Class Period: August 10, 2018 (after market close), October 10, 2018 (during market hours), October 22, 2018 (after market close), March 19, 2019 (after market close), May 13, 2019 (after market close), June 23, 2020 (before market open), June 24, 2020, June 25, 2020, and July 6, 2020. The information released on these dates allegedly impacted the artificial inflation from Bayer ADR's price, causing it to decline on: August 13, 2018, October 23, 2018, March 20, 2019 (a two-day event, including March 21, 2019), May 14, 2019, June 25, 2020, and July 7, 2020, while also causing it to increase on the two-day events on October 10 and 11, 2018 as well as on June 23 and 24, 2020.

---

[4] On September 20, 2017, the ratio of ADRs to ordinary shares changed to 4:1. All ADRs, prices per ADR, and artificial inflation per ADR in this plan reflect the 4 to 1 ratio change that occurred during the Class Period. If necessary, the Claims Administrator will adjust Claimants' submissions to reflect this new ratio.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

1

Accordingly, in order to have a compensable loss, shares of Bayer ADRs must have been purchased or acquired during the Class Period and held through at least August 13, 2018.

## II.    CALCULATION OF RECOGNIZED LOSSES

6.    For purposes of this Settlement, a "Recognized Loss" shall be calculated as follows:

1)    A Recognized Loss will be calculated for each purchase or acquisition of publicly traded Bayer ADRs that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

2)    For each share of publicly traded Bayer ADRs purchased or otherwise acquired during the Class Period (that is, the period from May 23, 2016 through and including the close of trading on July 6, 2020), and:

(i)    sold before August 13, 2018, the Recognized Loss will be $0.00.[5]

(ii)   sold from August 13, 2018 through the close of trading on July 6, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (b) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

(iii)  sold from July 7, 2020 through the close of trading on October 2, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (b) the purchase/acquisition price per share *minus* the average closing price between July 7, 2020 and the date of sale as stated in Table B below; or (c) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

(iv)   held as of the close of trading on October 2, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (b) the purchase/acquisition price *minus* $16.77, the average closing price between July 7, 2020 and October 2, 2020, as stated in Table B below.[6]

---

[5] Any transactions in Bayer ADRs executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[6] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Losses are reduced to an appropriate extent by taking

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

2

### III.    ADDITIONAL PROVISIONS

7.    Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Losses. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

8.    Purchases or acquisitions and sales of Bayer ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bayer ADRs during the Class Period shall not be deemed a purchase, acquisition or sale of Bayer ADRs for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bayer ADRs unless (i) the donor or decedent purchased or otherwise acquired such Bayer ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bayer ADR; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.    In the event that a Class Member had multiple transactions of Bayer ADRs during the Class Period, all purchases/acquisitions and sales shall be matched on a first-in, first-out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.    The Recognized Loss on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in Bayer ADRs at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

11.    Publicly traded Bayer ADRs are the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Bayer ADRs are not securities eligible to participate in the Settlement. With respect to Bayer ADRs purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    Recognized Claims will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

13.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized

into account the closing prices of Bayer ADRs during the "90-day look-back period," July 7, 2020 through and including October 2, 2020. The mean (average) closing price for Bayer ADRs during this 90-day look-back period was $16.77.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

3

Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment (*i.e.*, each Authorized Claimant will also receive the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

15.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses, shall be contributed to the Council for Institutional Investors, a nonprofit, non-sectarian organization, or such other organization approved by the Court.

16.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Lead Counsel, Lead Plaintiffs, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, Class Members, Defendants, their respective counsel, or the Releasees. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the releases of claims against the Releasees provided for therein and in the Judgment.

17.    The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.BayerADRSecuritiesLitigation.com.

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

4

**Table A**
**Artificial Inflation Per Share of Bayer ADR**

| Date | Inflation Per Share |
|---|---|
| 5/23/2016 - 8/10/2018 | $6.67 |
| 8/13/2018 - 10/9/2018 | $3.84 |
| 10/10/2018 | $6.41 |
| 10/11/2018 - 10/22/2018 | $5.66 |
| 10/23/2018 - 3/19/2019 | $3.93 |
| 3/20/2019 | $2.10 |
| 3/21/2019 - 5/13/2019 | $1.67 |
| 5/14/2019 - 6/22/2020 | $1.11 |
| 6/23/2020 | $1.85 |
| 6/24/2020 | $2.44 |
| 6/25/2020 - 7/6/2020 | $0.81 |

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

5

**Table B**
**Bayer ADR Closing Price and Average Closing Price**
**July 7, 2020 - October 2, 2020**

| Date | Closing Price | Average Closing Price Between July 7, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between July 7, 2020 and Date Shown |
|---|---|---|---|---|---|
| 7/7/2020 | $17.81 | $17.81 | 8/20/2020 | $16.73 | $17.33 |
| 7/8/2020 | $18.00 | $17.91 | 8/21/2020 | $16.60 | $17.31 |
| 7/9/2020 | $17.90 | $17.90 | 8/24/2020 | $17.05 | $17.30 |
| 7/10/2020 | $17.98 | $17.92 | 8/25/2020 | $17.10 | $17.30 |
| 7/13/2020 | $17.94 | $17.93 | 8/26/2020 | $17.02 | $17.29 |
| 7/14/2020 | $18.24 | $17.98 | 8/27/2020 | $16.67 | $17.27 |
| 7/15/2020 | $18.24 | $18.02 | 8/28/2020 | $16.40 | $17.25 |
| 7/16/2020 | $17.90 | $18.00 | 8/31/2020 | $16.65 | $17.23 |
| 7/17/2020 | $18.02 | $18.00 | 9/1/2020 | $16.60 | $17.22 |
| 7/20/2020 | $18.15 | $18.02 | 9/2/2020 | $16.72 | $17.21 |
| 7/21/2020 | $17.85 | $18.00 | 9/3/2020 | $16.32 | $17.19 |
| 7/22/2020 | $17.60 | $17.97 | 9/4/2020 | $16.20 | $17.16 |
| 7/23/2020 | $17.61 | $17.94 | 9/8/2020 | $16.15 | $17.14 |
| 7/24/2020 | $17.57 | $17.91 | 9/9/2020 | $16.41 | $17.12 |
| 7/27/2020 | $17.37 | $17.88 | 9/10/2020 | $16.27 | $17.11 |
| 7/28/2020 | $17.17 | $17.83 | 9/11/2020 | $16.39 | $17.09 |
| 7/29/2020 | $17.23 | $17.80 | 9/14/2020 | $16.39 | $17.08 |
| 7/30/2020 | $16.86 | $17.75 | 9/15/2020 | $16.79 | $17.07 |
| 7/31/2020 | $16.48 | $17.68 | 9/16/2020 | $16.59 | $17.06 |
| 8/3/2020 | $17.38 | $17.66 | 9/17/2020 | $16.84 | $17.06 |
| 8/4/2020 | $16.82 | $17.62 | 9/18/2020 | $16.94 | $17.06 |
| 8/5/2020 | $16.70 | $17.58 | 9/21/2020 | $16.03 | $17.04 |
| 8/6/2020 | $16.62 | $17.54 | 9/22/2020 | $15.91 | $17.02 |
| 8/7/2020 | $16.46 | $17.50 | 9/23/2020 | $15.94 | $17.00 |
| 8/10/2020 | $16.62 | $17.46 | 9/24/2020 | $15.89 | $16.98 |
| 8/11/2020 | $16.80 | $17.44 | 9/25/2020 | $15.69 | $16.96 |
| 8/12/2020 | $17.04 | $17.42 | 9/28/2020 | $15.78 | $16.94 |
| 8/13/2020 | $16.96 | $17.40 | 9/29/2020 | $15.68 | $16.91 |
| 8/14/2020 | $16.77 | $17.38 | 9/30/2020 | $14.95 | $16.88 |
| 8/17/2020 | $16.96 | $17.37 | 10/1/2020 | $13.77 | $16.83 |
| 8/18/2020 | $17.03 | $17.36 | 10/2/2020 | $13.21 | $16.77 |
| 8/19/2020 | $17.07 | $17.35 | | | |

[No. 3:20-CV-04737-RS] NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

6

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and | Case No.: 3:20-cv-04737-RS <br><br> CLASS ACTION <br><br> **SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated, | |
| Plaintiffs, | Judge:  Richard Seeborg <br> Courtroom:  3 — 17th Floor |
| vs. | |
| BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL, | |
| Defendants. | |

**TO:**  All persons who purchased or acquired Bayer Aktiengesellschaft ("Bayer") American Depositary Receipts ("ADRs") from May 23, 2016 to July 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs"), and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern

---

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.BayerADRSecuritiesLitigation.com.  All capitalized terms not otherwise defined in this Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"). The Stipulation is available for Class Members to review at the above website.

[No. 3:20-CV-04737-RS] SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

1

Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the certified Class; and Defendants Bayer Aktiengesellschaft ("Bayer" or the "Company"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants"), have reached a proposed settlement of the above-captioned class action (the "Action") and related claims in the amount of $38,000,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2025 at __:__ _.m., before the Honorable Richard Seeborg either in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 23, 2025 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable, and (iv) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**If you are a member of the Class, your rights will be affected by the proposed Settlement, and you may be entitled to a monetary payment from the Settlement.** If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Bayer Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173084, Milwaukee, WI 53217; calling toll-free (800) 524-0614; or emailing info@BayerADRSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.BayerADRSecuritiesLitigation.com.

If you are a member of the Class, to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator ***postmarked* (or submitted online) no later than _____, 2025.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any

[No. 3:20-CV-04737-RS] SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

2

1  judgments or orders entered by the Court in the Action.

2      If you previously submitted a request for exclusion from the Class in connection with the Class

3  Notice mailed in 2023 and want to opt back *into* the Class and be eligible to receive a payment, you

4  must request to opt back into the Class by submitting a written request in accordance with the

5  instructions in the Settlement Notice such that the request is ***received no later than _____,***

6  ***2025***. If you previously excluded yourself from the Class in connection with the Class Notice and do

7  not opt back into the Class, you will not be bound by any judgments or orders entered by the Court

8  related to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the

9  distribution of the Net Settlement Fund.

10      Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's

11  motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead

12  Counsel and Defendants' Counsel such that they are ***received* no later than _____, 2025**, in

13  accordance with the instructions set forth in the Notice.

14

15  **Please do not contact the Court, the Clerk's Office, Defendants, or their counsel regarding this**

16  **notice. All questions about this notice, the proposed Settlement, or your eligibility to participate**

17  **in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

18

19      Requests for the Notice and Claim Form should be made to:

20      Bayer ADR Securities Litigation
         c/o A.B. Data, Ltd.
21         P.O. Box 173084
         Milwaukee, WI 53217
22      Tel.: (800) 524-0614
         info@BayerADRSecuritiesLitigation.com
23      www.BayerADRSecuritiesLitigation.com

24      Inquiries, other than requests for the Notice and Claim Form or for information about the status

25  of a claim, may also be made to Lead Counsel:

26      Cohen Milstein Sellers & Toll PLLC
         Attn: Carol V. Gilden
27         200 S. Wacker Drive
           Suite 2375

28

---

[No. 3:20-CV-04737-RS] SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

1

Chicago, IL 60606
Tel.: (312) 357-0370
Email: cgilden@cohenmilstein.com

2

3

By Order of the Court

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[No. 3:20-CV-04737-RS] SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

4

EXHIBIT A-4

Exhibit A-4

<table>
<tr><td>MUST BE<br>POSTMARKED<br>NO LATER THAN<br>_____, 2025</td><td>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO DIVISION<br><i>Sheet Metal Workers' National Pension Fund et al. v.<br>Bayer Aktiengesellschaft et al.,</i><br>No. 3:20-cv-04737-RS</td><td></td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Sheet Metal Workers' National Pension Fund et al. v. Bayer Aktiengesellschaft et al.,* Case No. 3:20-cv-04737-RS (the "Action"),[1] you must complete and, on page 9 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.BAYERADRSECURITIESLITIGATION.COM NO LATER THAN 11:59 P.M. PT ON _____, 2025 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____, 2025, ADDRESSED AS FOLLOWS:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
Tel: (800) 524-0614

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the Class (pursuant to the procedures set forth in the previously mailed Class Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE BAYER AKTIENGESELLSCHAFT ("BAYER") AMERICAN DEPOSITARY RECEIPTS ("ADRS") UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated April 23, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.BayerADRSecuritiesLitigation.com.

accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Bayer ADRs made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security (or taxpayer identification) number, address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bayer ADR(s); and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Part II of this form entitled "Schedule of Holdings and Transactions in Bayer American Depositary Receipts" to supply all required details of your transaction(s) in Bayer ADRs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Bayer ADRs which took place during the period from May 23, 2016 to July 6, 2020, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from July 7, 2020 through October 4, 2020), whether such transactions resulted in a profit or a loss. This includes the acquisition of Bayer ADRs through the deposit of or redemption of Bayer ordinary shares via The Bank of New York Mellon, the designated depositary for Bayer ADRs. Failure to report all transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in Bayer ADRs, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@BayerADRSecuritiesLitigation.com, or by toll-free phone at (800) 524-0614 or you can visit the website, www.BayerADRSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

19. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (800) 524-0614, e-mail at info@BayerADRSecuritiesLitigation.com, or visit the Claims Administrator's website at www.BayerADRSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.BayerADRSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@BayerADRSecuritiesLitigation.com or (800) 524-0614. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

.

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 CALENDAR DAYS OF RECEIPT. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 CALENDAR DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (800) 524-0614.**

# PROOF OF CLAIM AND RELEASE FORM

<table>
<tr>
<td>

**MUST BE POSTMARKED NO LATER THAN _____, 2025**

</td>
<td>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION
*Sheet Metal Workers' National Pension Fund et al. v.*
*Bayer Aktiengesellschaft et al.,*
No. 3:20-cv-04737-RS

</td>
<td></td>
</tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

| | | |
|---|---|---|
| Claimant's Name (as you would like it to appear on your check if eligible for payment): | | |
| Joint Claimant's Name: | | |
| Entity Name (if Claimant is not an individual): | | |
| Representative's Name (if different from the Claimant's Name(s) listed above): | | |
| Address Line 1 (Number and Street or P.O. Box): | | |
| Address Line 2 (if needed): | | |
| City: | State or Province: | Zip Code: |
| Foreign Country (only if not USA): | Foreign County (only if not USA): | |
| Telephone Number (home): | Telephone Number (work): | |
| Email Address: | | |
| Last four digits of Social Security Number (for individuals): | **OR** | Last four digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

**PART II: SCHEDULE OF TRANSACTIONS IN BAYER ADRS**

    **A. Holdings at Start of Class Period:** List all shares of Bayer ADRs held as of the opening of trading on May 23, 2016.

**Quantity of Shares Held**

| |
|---|
| |

    **B. Purchases:** List all purchases or other acquisitions of Bayer ADRs between May 23, 2016 and July 6, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

    **C. Quantity of Bayer ADRs purchased between July 7, 2020 and October 2, 2020, inclusive.**[2]

| |
|---|
| |

    **D. Sales:** List all sales or other conversions of Bayer ADRs between May 23, 2016 and October 2, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

[2] The number of Bayer ADRs purchased between July 7, 2020 and October 2, 2020 are needed to balance your claim. NOTE: that those ADRs are not eligible for recovery from this Settlement.

**E.  Unsold Holdings: List the number of shares of Bayer ADRs held as of the close of trading on October 2, 2020. Be sure to attach documentation verifying your holdings, such as a current account statement.**

<u>**Quantity of Shares Held**</u>

|  |
|---|
|  |

**If you require additional space to list your transactions, use photocopies of this page and check this box. ☐**

6

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 9 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment or order that may be entered in the connection with the Settlement, including the Releases set forth in the Stipulation. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (we) have not submitted any other claim covering the same purchases or sales of Bayer ADRs and know of no other person having done so on my (our) behalf.

**PART IV: RELEASE**

1. I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendants' Parties (as these terms are defined in the Settlement Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

2. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

3. I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Bayer ADRs during the required periods as set forth above.

4. I (we) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of Bayer ADRs and know of no other person having done so on my (our) behalf.

5. I (we) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice and that I (we) have not requested to be excluded from the Class pursuant to the procedures set forth in the Class Notice.

6. The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein.

7. I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

8. The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

9. I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) or order(s) that may be entered in the Action.

10. I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____ , in _____ , _____
                             (Month/Year)             (City)            (State/Country)

|  |  |
|---|---|
|  |  |
| Signature of Claimant | Signature of Joint Claimant, if any |
|  |  |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
|  |  |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following **<u>also</u>** must be provided:*

|  |  |
|---|---|
|  |  |
| Signature of Person Completing Form | Date |
|  |  |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor, or Administrator) |

## REMINDER CHECKLIST

☐ 1.  Please be sure to sign this Claim Form.

☐ 2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☐ 3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☐ 4.  Keep a copy of your Claim Form for your records.

☐ 5.  If you move, please send your new address to the Claims Administrator at the address below:

<div align="center">

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
Tel: (800) 524-0614
Email: info@BayerADRSecuritiesLitigation.com

</div>

☐ 6.  **Do not use highlighter on the Claim Form or supporting documentation.**

EXHIBIT A-5

1

2    **UNITED STATES DISTRICT COURT**
     **NORTHERN DISTRICT OF CALIFORNIA**
3    **SAN FRANCISCO DIVISION**

4    SHEET METAL WORKERS' NATIONAL          Case No.: 3:20-cv-04737-RS
     PENSION FUND and INTERNATIONAL
5    BROTHERHOOD OF TEAMSTERS               CLASS ACTION
     LOCAL NO. 710 PENSION FUND,
6    individually and as Lead Plaintiffs on behalf   **[PROPOSED] JUDGMENT**
     of all others similarly situated, and      **APPROVING CLASS ACTION**
                                                **SETTLEMENT**
7    INTERNATIONAL UNION OF
     OPERATING ENGINEERS PENSION            Judge:   Richard Seeborg
8    FUND OF EASTERN PENNSYLVANIA           Courtroom:  3 — 17th Floor
     AND DELAWARE, individually and as
9    Named Plaintiff, on behalf of all others
     similarly situated,
10
              Plaintiffs,
11
         vs.
12
     BAYER AKTIENGESELLSCHAFT, WERNER
13   BAUMANN, WERNER WENNING, LIAM
     CONDON, JOHANNES DIETSCH, and
14   WOLFGANG NICKL,

15            Defendants.

16       **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

17       **WHEREAS**:

18       A.       A securities class action is pending in this Court entitled *Sheet Metal Workers' National*

19   *Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (the "Action").

20       B.       Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court

21   previously certified the following class ("Class") by order issued on May 19, 2023: All persons or

22   entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts

23   ("ADRs") from May 23, 2016 to July 6, 2020, inclusive. Excluded from the Class are (1) Defendants;

24   (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or

25   affiliate of Bayer, including its employee retirement and benefit plan(s) and their participants or

26   beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of

27   Bayer during the Class Period, as well as the members of their immediate families; and (5) the legal

28   representatives, heirs, successors, and assigns of any such excluded party. ECF No. 175. Also excluded

1  from the Class are any persons or entities who or which have submitted a valid request for exclusion

2  from the Class in connection with the earlier Court-approved notice to members of the Class informing

3  them of the certification ("Class Notice") that has been accepted by the Court and who did not opt

4  back into the Class in connection with the Settlement Notice. A list of all individuals and entities that

5  requested exclusion, whose requests are allowed by the Court, is attached hereto as Exhibit A.

6      C.    The Court's May 19, 2023 Order also appointed plaintiffs Sheet Metal Workers'

7  National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund

8  (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers

9  Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs")

10  as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel.

11     D.    Plaintiffs, on behalf of themselves and the Court-certified Class, and defendants Bayer

12  Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch,

13  and Wolfgang Nickl (collectively with Bayer, "Defendants") have entered into the Stipulation and

14  Agreement of Settlement, dated April 23, 2025 (the "Stipulation"), that provides for a complete

15  dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in

16  the Stipulation, subject to the approval of this Court (the "Settlement").

17     E.    Unless otherwise defined herein, all capitalized words contained herein shall have the

18  same meanings as they have in the Stipulation.

19     F.    By Order dated _____, 2025 (the "Preliminary Approval Order"), this Court:

20  (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be

21  able to finally approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2);

22  (b) ordered that notice of the proposed Settlement be provided to potential Class Members; and

23  (c) scheduled a hearing regarding final approval of the Settlement.

24     G.    Due and adequate notice of the Settlement has been given to the Class and the

25  provisions of the Preliminary Approval Order as to notice were complied with.

26     H.    Pursuant to the Preliminary Approval Order, on _____, 2025, Plaintiffs

27  moved for final approval of the Settlement.

28     I.    Pursuant to the Preliminary Approval Order, the Court conducted a hearing on

_____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; (b) whether judgment as provided for in the Stipulation should be entered; and (c) Lead Counsel's Fee and Expense Application.

J.      The Court has duly reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and found good cause therefor.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2.      **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 23, 2025; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 23, 2025.

3.      **Notice**: The Court finds that the dissemination of the Notice, Summary Notice, and Claim Form: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) the proposed Plan of Allocation; (iv) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or proof

that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

4.    **CAFA Notice**: Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Bayer timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, were fully discharged and that the statutory waiting period has elapsed.

5.    **Objections**: [There have been no objections to the Settlement.]

6.    **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that, in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class, including the method of processing Class Member claims; and the terms of the proposed attorneys' fee award; and any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement and Proposed Plan of Allocation treat Class Members equitably relative to each other. Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Plaintiffs

1  and the other Class Members are hereby dismissed in their entirety and with prejudice. The Parties

2  shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

3      8.    **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever

4  binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether any individual

5  Class Member submits or has submitted a Claim Form or seeks, has sought, or obtains a distribution

6  from the Net Settlement Fund), as well as their respective successors, assigns, executors, administrators,

7  representatives, attorneys, and agents, in their capacities as such.

8      9.    **Releases**: The Releases set forth in ¶¶ 4 and 5 of the Stipulation, together with the

9  definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all

10 respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

11     (a)    without further action by anyone, and subject to ¶ 11 below, upon the Effective

12 Date of the Settlement, Plaintiffs and each and every other Releasing Plaintiff Party, in their capacities

13 as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully,

14 finally, and forever compromised, waived, released, resolved, relinquished, discharged, and dismissed,

15 with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of

16 Defendants' Released Persons and shall forever be barred and enjoined from asserting, commencing,

17 instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the

18 commencement or prosecution of any action or other proceeding, in any forum, asserting any of

19 Released Plaintiffs' Claims, in any capacity, against any of Defendants' Released Persons, whether or

20 not such Releasing Plaintiff Party has executed and delivered a Claim Form or shares in the Net

21 Settlement Fund; and

22     (b)    without further action by anyone, and subject to ¶ 11 below, Defendants and

23 each and every other Releasing Defendant Party, shall be deemed to have, and by operation of law and

24 of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released,

25 resolved, relinquished, discharged, and dismissed each and every one of the Released Defendants'

26 Claims against each and every one of Plaintiffs' Released Persons and shall forever be barred and

27 enjoined from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or

28 in any way participating in the commencement or prosecution of any action or other proceeding, in

any forum, asserting any of Released Defendants' Claims, in any capacity, against any of Plaintiffs'
Released Persons.

10.    The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which
each Defendant shall be discharged from all claims for contribution brought by other persons or
entities. In accordance with 15 U.S.C. §78u-4(f)(7), this judgment shall fully and finally discharge all
obligations to any Class Member of each of the Defendants arising out of the Action or any of the
Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and
render unenforceable all future claims for contribution arising out of the Action or any of the Released
Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against
any person or entity other than any person or entity whose liability has been extinguished by the
Settlement. For the avoidance of doubt, nothing in the Stipulation or this order shall apply to bar or
otherwise affect any claim for insurance coverage by any Defendant.

11.    Notwithstanding ¶¶ 9(a) and 9(b) above, nothing in this Judgment shall bar any action
by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.    **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective
counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil
Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admissions**: Neither this Judgment, the Term Sheet, the Stipulation (whether or
not finally approved and consummated), including the exhibits thereto and the Plan of Allocation
contained therein (or any other plan of allocation that may be approved by the Court), the
Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the
Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the
Stipulation, and/or approval of the Settlement (including any arguments proffered in connection
therewith):

(a)    shall be offered against any of Defendants' Released Persons as evidence of, or
construed as, or deemed to be evidence of any presumption, concession, or admission by any of
Defendants' Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity
of any claim that was or could have been asserted or the deficiency of any defense that has been or

could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Released Persons or in any way referred to for any other reason as against any of Defendants' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of Plaintiffs' Released Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Released Persons that any of their claims are without merit, that any of Defendants' Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Stipulation.

14.     **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of

1  Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all

2  matters relating to the Action.

3          15.     Separate orders shall be entered regarding approval of a Plan of Allocation and the

4  motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in

5  no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of

6  the Settlement.

7          16.     **Modification of the Agreement of Settlement**: Without further approval from the

8  Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or

9  modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:

10  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of

11  Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and

12  Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the

13  Settlement.

14          17.     **Termination of the Settlement**: If the Settlement is terminated as provided in the

15  Stipulation or the Effective Date otherwise fails to occur, then: (a) this Judgment shall be vacated and

16  rendered null and void, and shall be of no further force and effect, except as otherwise provided by the

17  Stipulation; (b) all orders entered and releases delivered in connection herewith shall be null and void

18  to the extent provided by and in accordance with the Stipulation; (c) the Settlement Fund shall be

19  returned in accordance with ¶ 47 of the Stipulation; and (d) this Judgment shall be without prejudice

20  to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants

21  shall revert to their respective positions in the Action as of immediately prior to the execution of the

22  Term Sheet on February 23, 2025, as provided in the Stipulation.

23          18.     **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment

24  as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to

25  immediately enter this final judgment in this Action. The Court's orders entered during this Action

26  relating to the confidentiality of information shall survive this Settlement.

27

28

1         SO ORDERED this _____ day of _____, 2025.

2

3                                   _____

                                The Honorable Richard Seeborg

4                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28