# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 16-md-02741-VC |
| This document relates to: ALL ACTIONS | **PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court

certain lawsuits relating to the allegedly carcinogenic qualities of the glyphosate-based herbicide

Roundup.  The Court orders as follows:

1.     **Applicability of Order.**  The provisions of this Order shall govern the practice

and procedure in the actions transferred to this Court for pretrial proceedings as part of MDL

No. 2741.  This Order also applies to all related cases filed in the Northern District of California

and all "tag-along" actions later filed in, removed to, or transferred to this Court.  *See* Panel Rule

1.1(h).

2.     **Consolidation.**  The civil actions governed by this Order are consolidated for

pretrial purposes.  Any tag-along action transferred to this Court or filed in this District will be

automatically consolidated with this action without the need for future motions or orders.

Pretrial consolidation does not mean the actions should be consolidated for trial, nor does it make

any entity a party to an action in which it wasn't named, served, or added in accordance with the

Federal Rules of Civil Procedure.

To facilitate consolidation, all parties to this MDL must notify the Panel of any related or tag-along action of which they are or become aware.  *See* Panel Rules 7.1, 7.2.

3.      **Master docket file.**  The Clerk of Court will maintain a master docket case file under the style "In Re: Roundup Products Liability Litigation" and the identification "MDL No. 2741."  When a pleading applies to all actions, this shall be indicated in the caption by the words "This document relates to: ALL ACTIONS."  When a pleading applies to only certain actions, this shall be indicated in the caption by the words "This document relates to: [individual case(s), as identified by this Court's case number(s)]."

4.      **Filing.**  Each attorney of record must become a Northern District of California ECF user with a user ID and password.  If counsel has not already done so, counsel must register immediately and be issued a user ID and password.  Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf.

All documents must be filed in the master docket, 16-md-2741.  Documents that pertain to only certain actions must also be filed in the individual cases to which the document pertains.

5.      **Appearances.**  Counsel who appeared in a transferor court prior to transfer don't need to enter an additional appearance before this Court.  Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this MDL.  The requirements of Northern District of California Civil Local Rule 11-3, including the requirement to retain local counsel, are waived.  Counsel are advised that the Court typically requires in-person as opposed to telephonic appearances for those wishing to participate at a hearing.  Counsel should consult the Standing Order for Civil Cases Before Judge Chhabria.

6.      **Liaison counsel.**  Before the initial case management conference, counsel for the plaintiffs shall confer and seek consensus on the selection of one or more liaison counsel.  Liaison counsel will handle administrative matters on behalf of the plaintiffs in their liaison group.  The Court anticipates that liaison counsel will be responsible for preparing, maintaining, and transmitting copies of the documents served on them, this Court's orders and notices, and the Panel's orders and notices.  *See* Panel Rule 4.1.

2

The expenses incurred as liaison counsel shall be shared equally by all members of the liaison group.  If the plaintiffs' counsel are unable to agree on a means of sharing expenses, the Court will decide.

The selection of liaison counsel shall be subject to the Court's approval.  If the plaintiffs' counsel are unable to reach consensus at or before the initial case management conference, the Court will appoint liaison counsel.

At the initial case management conference, all parties should be prepared to discuss any further needs for organizational structure, administrative or otherwise.

7.      **Lead counsel.**  The Court anticipates appointing a plaintiffs' lead counsel to coordinate and conduct pretrial activities.  The Court requires individual applications, and any attorney who has filed an action in this MDL may apply.  Applications must be filed in the master docket by Thursday, October 20, 2016.  Courtesy chambers copies are not required.

Each attorney's application must include a resume not exceeding two pages and a letter not exceeding three pages.  The letter should address:

   i.   professional experience with MDLs and with the subject matter of this litigation;

   ii.  familiarity with the claims before the Court;

   iii. present and future ability to commit to time-consuming litigation;

   iv.  ability to work cooperatively with others;

   v.   resources available to prosecute this litigation in a timely manner; and

   vi.  ability to maintain reasonable fees and expenses.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL and who support the applicant's appointment as lead counsel.

Responses or objections must be filed in the master docket by Thursday, October 27, 2016.  Courtesy chambers copies are not required.

Applicants and objectors will have the opportunity to address the Court briefly in person at the initial case management conference.  The Court will appoint lead counsel as soon as possible thereafter.

The Court is tentatively of the view that a Plaintiffs' Steering Committee is unnecessary. However, counsel should be prepared to discuss this, and any other needs for organizational structure, at the initial case management conference.

8. **Initial case management conference.**  An initial case management conference will be held Wednesday, November 9, 2016, at 9:30 am, in Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, California.

The case management conference will include discussion of the following matters:

  i.   The appointment of liaison and lead counsel for the plaintiffs, and any further needs for organizational structure.

  ii.  The possibility of bifurcating proceedings to address general causation before any plaintiff-specific questions.  In the two actions previously pending in the Northern District of California, this Court granted Monsanto's request to bifurcate proceedings.  *See* Order (Dkt. 66), *Hardeman v. Monsanto Co.*, No. 16-cv-0525 (N.D. Cal. June 16, 2016).  However, because not all parties to the MDL have had an opportunity to be heard on this issue, the Court will consider additional arguments regarding bifurcation at the case management conference.

  iii. The schedule for discovery.  This Court entered a scheduling order for bifurcated discovery in the cases already pending before it.  *See* Scheduling Order (Dkt. 74), *Hardeman v. Monsanto Co.*, No. 16-cv-0525 (N.D. Cal. June 24, 2016).  If proceedings are bifurcated in the MDL, the Court is hopeful the discovery deadlines will remain relatively close to those previously set.

  iv.  The merits of appointing an independent expert, at the parties' shared expense, to assist the Court in understanding technical and scientific issues.

9. **Case management statements.**  The defendant shall file a case management statement no later than October 20, 2016.  The plaintiffs shall file a single, consolidated case management statement no later than October 27, 2016.

The content and formatting requirements of the Standing Order for All Judges of the

4

Northern District of California are waived. However, the parties are encouraged to include in their statements any information required under that order that remains applicable to case management in this MDL. Statements must also address the subjects this Court has set for discussion at the initial case management conference. If the parties wish to discuss any other matters at the initial case management conference, they should lay the groundwork for that discussion in their case management statements. The parties should also include a list of all known similar cases pending in federal or state court.

10. **Conference appearances.** Counsel intending to participate at the initial case management conference must appear in person. Plaintiffs with similar interests may, without waiving defenses or affecting future representation, agree on a single attorney to attend the conference on their behalf. Those not actively participating in the conference may listen to it through CourtCall. CourtCall access can be arranged by calling (866) 582-6878 no later than noon on November 8, 2016.

11. **Pending motions and discovery.** All pending motions must be renoticed once the Court sets a schedule for such motions. Any orders previously entered by a transferor court — including protective orders — shall remain in effect until this Court orders otherwise.

To the extent the parties conclude it is practical, discovery pending in any action may proceed between now and November 9th to the extent contemplated in *Hardeman v. Monsanto Co.*, No. 16-cv-00525, and *Stevick v. Monsanto Co.*, No. 16-cv-02341. For example, as discussed in a separate order for the *Hardeman* and *Stevick* cases, Monsanto is required to produce the information sought by the plaintiffs in their motion to compel. *See* Dkt. 80, *Hardeman v. Monsanto Co.*, No. 16-cv-0525. There seems to be no reason for this production not to proceed as anticipated. With respect to all other discovery matters, the Court will defer to the parties on what should proceed between now and November 9th, but the Court encourages the parties to keep moving forward.

12. **Preservation of evidence.** All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information.

5

Any evidence-preservation order previously entered in any of the transferred actions shall remain in effect until this Court orders otherwise. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, must exercise all reasonable efforts to notify parties and nonparties, including the employees of corporate or institutional parties, of their preservation obligations.

13. **Communication with the Court.** Unless otherwise ordered, all substantive communication with the Court must be written and e-filed.

The Court recognizes that cooperation between plaintiffs' counsel and between defendants' counsel is essential for resolving complex litigation in an orderly and efficient manner. To that end, sharing information between plaintiffs' counsel and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the work-product protection, and cooperation of this kind shall not be used against any plaintiff by any defendant or against any defendant by any plaintiff.

Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or work-product protection.

**IT IS SO ORDERED.**

Dated: October 6, 2016

_____
VINCE CHHABRIA
United States District Judge

6