**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>       Defendants. | Case No.: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Judge:   Richard Seeborg<br>Courtroom:  3 — 17th Floor |

**ORDER PRELIMINARILY**
**APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**WHEREAS**:

A.     A securities class action is pending in this Court entitled *Sheet Metal Workers' National Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (the "Action").

B.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court previously certified the following class ("Class") by order issued on May 19, 2023: All persons or entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts ("ADRs") from May 23, 2016 to July 6, 2020, inclusive. Excluded from the Class are (1) Defendants; (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or affiliate of Bayer, including its employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of Bayer during the Class Period, as well as the members of their immediate families; and (5) the legal

representatives, heirs, successors, and assigns of any such excluded party. ECF No. 175. Also excluded from the Class are any persons or entities who excluded themselves by submitting a request for exclusion in connection with the Class Notice (defined below) that has been accepted by the Court and who do not opt back into the Class in connection with the Settlement Notice, as discussed below.

C.     The Court's May 19, 2023 Order also appointed plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel.

D.     By order dated October 31, 2023 (ECF No. 197), notice was provided to potential members of the Class to inform them of, among other things: (a) the Action pending against Defendants, and the status of the Action and proceedings; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person and entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion.

E.     Plaintiffs, on behalf of themselves and the Court-certified Class, and defendants Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants") have entered into the Stipulation and Agreement of Settlement, dated April 23, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

F.     Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation, unless otherwise specified.

G.     Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and

1    allowing notice to Class Members as more fully described herein.

2         H.    The Court has read and considered: (a) Plaintiffs' motion for preliminary approval of

3    the Settlement, and the papers filed and arguments made in connection therewith; and (b) the

4    Stipulation and the exhibits attached thereto.

5         I.    The Parties to the Stipulation have consented to the entry of this Order.

6         NOW, THEREFORE, IT IS HEREBY ORDERED:

7         1.    **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action, and all

8    matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of

9    the Class Members for purposes of the Settlement.

10        2.    **Preliminary Approval of the Settlement**: The Court hereby preliminarily approves

11   the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal

12   Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule

13   23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the

14   Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement

15   was negotiated at arm's length under the oversight of an experienced mediator.

16        3.    **Settlement Hearing**: The Court will hold a hearing (the "Settlement Hearing")

17   pursuant to Rule 23(e) of the Federal Rules of Civil Procedure on October 30, 2025 at 1:30 p.m., either

18   in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse,

19   Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or

20   videoconference (at the discretion of the Court), for the following purposes: (a) to determine whether

21   the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable,

22   and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a

23   Judgment, substantially in the form attached as Exhibit A-5 to the Stipulation, should be entered

24   dismissing the Action with prejudice against Defendants and granting the Releases specified and

25   described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds

26   of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion

27   by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and

28   (e) to consider and rule upon any other matters that may properly be brought before the Court in

1  connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to

2  Class Members as set forth in ¶¶ 5 and 6 of this Order.

3      4.    The Court reserves the right to approve the Settlement with or without modification

4  and with or without further notice to the Class. The Court further reserves the right to enter the

5  Judgment approving the Settlement regardless of whether it will approve the proposed Plan of

6  Allocation or award attorneys' fees and expenses. The Court may adjourn the Settlement Hearing

7  without further notice to the Class and may approve the proposed Settlement with such modifications

8  as the Parties may agree to, if appropriate, without further notice to the Class. The Court retains

9  jurisdiction to consider all further applications arising out of or connected with the proposed

10 Settlement. The Court may decide to hold the Settlement Hearing by telephone or videoconference

11 without further notice to the Class. Any Class Member (or his, her, their, or its counsel) who wishes

12 to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any

13 change in date, time, or format of the hearing.

14     5.    **Retention of Claims Administrator and Manner of Giving Notice**: Lead Counsel is

15 authorized to retain A.B. Data Group as the Claims Administrator to supervise and administer the

16 notice procedures in connection with the proposed Settlement as well as the processing of Claims as

17 more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as

18 follows:

19     (a)    beginning no later than fifteen (15) business days after the date of entry of this

20 Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice

21 Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially

22 in the forms attached as Exhibits A-2 and A-4 to the Stipulation, respectively (the "Notice Packet"),

23 to be mailed by first-class mail or emailed to all potential Class Members who may be identified through

24 reasonable effort;

25     (b)    by no later than the Notice Date, the Claims Administrator shall post copies of

26 the    Notice    and    the    Claim    Form    on    the    website    established    for    the    Action,

27 www.BayerADRSecuritiesLitigation.com (the "Case Website");

28     (c)    by no later than the Notice Date, the Claims Administrator shall cause the

Summary Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published once in the *Wall Street Journal* and transmitted once over *PR Newswire*; and

(d)    by no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.    **Nominee Procedures**: In connection with the previously disseminated Class Notice, brokers and other nominees were advised that if, for the beneficial interest of any person or entity other than yourself, they purchased or acquired Bayer ADRs during the period from May 23, 2016 to July 6, 2020, inclusive, they were required to either: (i) request from the Claims Administrator sufficient copies of the postcard Notice of Pendency of Class Action to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address of all such beneficial owners to the Claims Administrator. They were also advised to retain their mailing records for use in connection with any further notices in the Action. For nominees who previously chose the first option (*i.e.*, elected to mail the Postcard Notice directly to beneficial owners), the Claims Administrator will forward the same number of Notice Packets, and nominees are hereby ordered to, within seven (7) calendar days of receipt of the Notice Packets, mail them to the beneficial owners. Unless the nominee has identified additional beneficial owners, such nominees need not take any further action. For nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data, and emails (if applicable)), the Claims Administrator will promptly mail (and email, if applicable) the Notice Packet to each of the beneficial owners whose names and addresses the nominee previously supplied. Unless the nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such nominees need not take any further action. For nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such nominees shall either: (i) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such additional beneficial owners, which the nominee shall, within seven (7) calendar days of receipt of those Notice Packet from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of

receipt of the Notice Packet, provide a list of the names, addresses, and email addresses (where available) of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Notice Packets to these additionally identified Persons. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.BayerADRSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (800) 524-0614, or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com.

7.    **Approval of Form and Content of Notice**: The Court (a) approves, as to form and content, the Notice, the Summary Notice, and the Claim Form, attached as Exhibits A-2, A-3, and A-4 to the Stipulation, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶¶ 5 and 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation

Reform Act of 1995, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8. **CAFA Notice**: As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. Bayer is solely responsible for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

9. **Participation in the Settlement**: Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Case Website, no later than ten (10) business days before the Settlement Hearing. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. Such deadline may be further extended by Court Order or by Class Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 11 of this Order. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (a) it must be

properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of Defendants' Released Persons, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 9 above.

12.    **No Second Opportunity to Request Exclusion from the Class**: In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion not to require Class members be given a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings. Class Members shall be bound by all orders, determinations, and judgments in this Action, including the releases, whether favorable or unfavorable, unless such persons previously requested exclusion in connection with the Class Notice.

13.     **Opting Back Into the Class**: Any person who previously submitted a request for exclusion from the Class, as set forth in ECF No. 200, may elect to opt back into the Class. By opting back into the Class, such person, subject to the requirement applicable to all persons that he, she, or it establish membership in the Class, shall be eligible to receive a payment from the Net Settlement Fund. Any person identified in ECF No. 200 who wishes to opt back into the Class must either, individually or through a representative, request to opt back into the Class in writing in the manner set forth in the Settlement Notice, such that the request is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by the Claims Administrator at the address set forth in the Settlement Notice. Each request to opt back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (ii) state that such person or entity "requests to opt back into the Class in *Sheet Metal Workers' National Pension Fund v. Bayer Aktiengesellschaft*, Case No. 3:20-cv-04737-RS (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt back into the Class.

14.     **Appearance and Objections at Settlement Hearing**: Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

15.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead

Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  |  |
|---|---|
| Lead Counsel: | Cohen Milstein Sellers & Toll PLLC |
|  | Attn: Carol V. Gilden |
|  | 200 S. Wacker Drive, Suite 2375 |
|  | Chicago, IL 60606 |
|  | Tel.: (312) 357-0370 |
|  | Fax: (312) 357-0369 |
|  | cgilden@cohenmilstein.com |
|  |  |
| Defendants' Counsel: | Wachtell, Lipton, Rosen & Katz |
|  | Attn: Noah B. Yavitz |
|  | 51 West 52nd Street |
|  | New York, NY 10019 |
|  | Tel.: (212) 403-1000 |
|  | Fax: (212) 403-2000 |
|  | NBYavitz@wlrk.com |

16.    Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *Sheet Metal Workers' National Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (N.D. Cal.); (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the Class Member's objection(s) and the grounds for each objection, including whether it applies only to the objector, a specific subset of the Class, or to the entire Class, and any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Bayer ADRs that the objecting Class Member (1) held as of the opening of trading on May 23, 2016, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from May 23, 2016 to July 6, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings

1   and trading in Bayer ADRs. The Court will consider a Class Member's objection to the Settlement,

2   the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such

3   Class Member has, no later than twenty-one (21) calendar days prior to the Settlement Hearing, filed

4   said objections and supporting papers with the Clerk of the Court, United States District Court for the

5   Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450

6   Golden Gate Avenue, San Francisco, CA 94012.

7       17.    Any Class Member who wishes to be heard orally at the Settlement Hearing in

8   opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for

9   attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve

10  it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 15 above so that it is

11  received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who

12  enter an appearance and desire to present evidence at the Settlement Hearing in support of their

13  objection must include in their written objection or notice of appearance the identity of any witnesses

14  they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is

15  within the Court's discretion to allow appearances at the Settlement Hearing either in person or by

16  telephone or video conference.

17      18.    Any Class Member who or which does not make his, her, or its objection in the manner

18  provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of

19  the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of

20  attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to

21  the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested

22  attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the

23  Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other

24  proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action

25  to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys'

26  fees and Litigation Expenses.

27      19.    **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court

28  stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms

and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars, enjoins, and estops Plaintiffs and all other Class Members from instituting, commencing, or prosecuting any and all of the Released Plaintiffs' Claims against Defendants' Released Persons.

20.    **Settlement Administration Fees and Expenses**: All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21.    **Settlement Fund**: The contents of the Settlement Fund held by The Huntington National Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    **Taxes**: Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.    **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses**: Defendants' Released Persons shall have no responsibility or liability for (i) the Plan of Allocation; (ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

24.    **Termination of Settlement**: If the Settlement is terminated as provided in the

Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to February 23, 2025, as provided in the Stipulation.

25.    **Use of This Order**: Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved and consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Released Persons with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Released Persons or in any way referred to for any other reason as against any of Defendants' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of Plaintiffs' Released Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Released Persons that any of their claims are without merit, that any of Defendants' Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court and the Effective Date occurs, the Parties and the Releasees and their respective counsel may refer to the Stipulation, the Judgment, or any Alternative Judgment to effectuate the protections from liability granted thereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Stipulation.

26.    **Supporting Papers**: Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    **Jurisdiction**: The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this 27th day of June, 2025.


_____
The Honorable Richard Seeborg
Chief United States District Judge