# EXHIBIT A

**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Plaintiffs City of Grand Rapids*
*General Retirement System and City of Grand*
*Rapids Police & Fire Retirement System*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| | (Civil L.R. 3-12(b) and 7-11) |

Pursuant to Civil Local Rules 3-12 and 7-11, City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System, plaintiffs in *City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System v. Bayer Aktiengesellschaft*, No. 3:20-cv-04737-RS (N.D. Cal. filed July 15, 2020) ("*Grand Rapids*"), respectfully move the Court to consider whether *Grand Rapids* is related to *In re Roundup Products Liability Litigation*, No. 3:16-md-02741-VC (N.D. Cal. filed Oct. 4, 2016) ("*Roundup*").[1]

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

On October 3, 2016, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order (ECF No. 1) (the "Transfer Order") centralizing 19 substantially similar cases for coordinated pretrial proceedings in this Court before the Honorable Vince Chhabria (MDL No. 2741). Those actions allege that Roundup, a widely used weed killer manufactured by Monsanto Company ("Monsanto"), can cause non-Hodgkin's lymphoma. The Transfer Order states that "These actions share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma." Transfer Order at 2. Since the Transfer Order, thousands of additional cases have been transferred to this Court and assigned to Judge Chhabria.

Prior to the issuance of the Transfer Order, on May 23, 2016, Bayer Aktiengesellschaft ("Bayer"), a corporate defendant in *Grand Rapids*, announced that it had made an unsolicited all-cash offer to acquire Monsanto (the "Acquisition"). The Acquisition was ultimately completed on June 7, 2018. As a result of the Acquisition, Monsanto became a wholly-owned subsidiary of Bayer. *Grand Rapids* alleges that, from May 23, 2016 to March 19, 2019, Bayer and certain of its

---

[1] Counsel for City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System was unable to confer with counsel for Defendants as Defendants' counsel has yet to appear before the Court.

current and former senior executives misrepresented the risk of liability from lawsuits brought against Monsanto alleging that Roundup caused non-Hodgkin's lymphoma.

Pursuant to Civil Local Rule 3-12(a)(1), *Grand Rapids* should be designated as related to *Roundup* because both of these actions assert claims against substantially similar defendants—namely, Bayer, by virtue of its acquisition of Monsanto—and the allegations in *Roundup* address misconduct that is integral to the claims asserted in *Grand Rapids*.  Consequently, the requirement of Civil Local Rule 3-12(a)(1) is satisfied.

In addition, pursuant to Civil Local Rule 3-12(a)(2), relation of these actions is appropriate because, given the substantially similar parties and events at issue in the actions, it appears likely that there would be unduly burdensome duplication of labor and expenses if the cases were conducted before different judges.  For example, the actions will involve substantially similar witnesses and will involve overlapping discovery.  Relating *Grand Rapids* and *Roundup* will serve the interests of judicial economy, consistent with Civil Local Rule 3-12(a)(2).

Moreover, securities fraud class action cases are routinely centralized with consumer class actions and other cases not subject to the Private Securities Litigation Reform Act of 1995 where, as here, those actions share core facts. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 148 F. Supp. 3d 1367, 1370 (J.P.M.L. 2015) (centralizing consumer and securities actions in this District); Order Appointing Lead Plaintiff, Approving Selection of Lead Counsel, and Addressing Case Management, *In re Equifax Inc. Sec. Litig.*, No. 1:17-cv-03463-TWT (N.D. Ga. Jan. 10, 2018), ECF No. 32 (same); *In re CenturyLink Residential Customer Billing Disputes Litig.*, MDL No. 2795, 2017 WL 4414232, at *1-2 (J.P.M.L. Oct. 5, 2017) (same); *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015) (same); *In re: Standard & Poor's Rating Agency Litig.*, 949 F. Supp. 2d 1360, 1361 (J.P.M.L. 2013) (same); *In re: Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2012) (centralizing securities, consumer, ERISA, and derivative actions); *In re MF Glob. Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (transferring consumer actions to the same forum as securities litigation and holding, "all actions arise from the

common factual backdrop of the demise of MF Global Holdings . . . .  Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is no reason to deny transfer.")[2]

Accordingly, a finding that *Grand Rapids* is related to *Roundup* is appropriate under Civil Local Rule 3-12(a).

DATED: July 16, 2020

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D.  USLANER (Bar No.  256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:      (310) 819-3470

-and-

HANNAH ROSS*
(hannah@blbglaw.com)
AVI JOSEFSON*
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:      (212) 554-1400
Fax:      (212) 554-1444

*Counsel for Plaintiffs City of Grand Rapids
General Retirement System and City of Grand
Rapids Police & Fire Retirement System*

* *Pro hac vice* forthcoming

---

[2] *See also In re: State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 560 F. Supp. 2d 1388, 1389 (J.P.M.L. 2008) (centralizing consumer and ERISA cases); *In re Unumprovident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379-80 (J.P.M.L. 2003) (centralizing securities, derivative and ERISA cases).