# EXHIBIT B

WACHTELL, LIPTON, ROSEN & KATZ
John F. Lynch (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
JFLynch@wlrk.com

*Attorneys for Defendants Bayer Aktiengesellschaft,*
*Werner Baumann, Werner Wenning, Liam*
*Condon, Johannes Dietsch, and Wolfgang Nickl*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*City of Grand Rapids General Retirement System et al.* v. *Bayer Aktiengesellschaft et al.*, Case No. 20-cv-04737-RS | **BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

The subject of this motion for related-case treatment is a putative class action alleging securities fraud by Bayer Aktiengesellschaft ("Bayer") and certain of its current and former directors and officers (together, the "Bayer Defendants"). The shareholder plaintiffs in that securities case request that it be treated as related to the roughly 3,350 personal-injury cases pending against Monsanto Company in this multidistrict proceeding (the "MDL").

The MDL Co-Lead Plaintiff's Counsel have observed in response to the motion that the facts of the securities case "do not fit squarely" within the definition of related cases under Civil Local Rule 3-12(a). Dkt. No. 11289, at 2. We agree with Co-Lead Counsel's assessment. The rule provides that actions are related when: (1) they "concern substantially the same parties, property, transaction or event"; and (2) it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-1-

before different Judges." Civil L.R. 3-12(a). Neither prong of the definition applies to the securities case.

*First*, there is no meaningful overlap between the parties, property, transactions, or events in the securities and personal-injury cases. Monsanto, not Bayer, is the principal defendant in the personal-injury cases. Bayer and its officers and directors, not Monsanto, are the defendants in the new securities case. The transactions and events at issue in the MDL surround use of Roundup and questions of medical causation of alleged personal injuries, just as the MDL Panel intended. Dkt. No. 1, at 2 ("[A]ll the actions entail an overarching query — whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup."). The securities case is not about medical causation, but rather investor transactions in Bayer securities and public statements by Bayer concerning its acquisition of Monsanto. *City of Grand Rapids General Retirement System* v. *Bayer Aktiengesellschaft*, Dkt. No. 1, at 13, Case No. 3:20-cv-04737-RS (N.D. Cal. July 15, 2020) (alleging that Bayer's statements about the merger were materially misleading for failing to disclose risk of Roundup litigation).

Notwithstanding the obvious difference between the securities and personal-injury cases, the securities plaintiffs claim that "the actions will involve substantially similar witnesses and will involve overlapping discovery," Dkt. No. 11257, at 3; but they never identify any such witnesses nor specify any area where discovery will overlap. They assert in the same conclusory way that treating the securities and personal-injury cases as related will "serve the interests of judicial economy," *id.*, but they never explain how. Neither assertion appears to have any credible basis, whether identified by the securities plaintiffs or not. Indeed, the MDL Co-Lead Counsel have noted that the MDL Executive Committee "did not take discovery of Bayer" or explore questions relevant to the newly filed securities claims — including Bayer's "knowledge

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-2-

of the litigation risks posed by the Roundup litigation and/or its due diligence about the carcinogenicity of glyphosate and Roundup" — because those issues are "not relevant to the personal injury cases." Dkt. No. 11289, at 2.

*Second*, because the securities and personal-injury cases are so fundamentally different and the respective proceedings at such different stages, there is no reason to expect any duplication of labor or expense if the cases are conducted before different Judges, nor any risk of inconsistent rulings. The MDL cases are well beyond motions to dismiss, currently stayed in favor of ongoing settlement efforts, with trial preparations ordered to resume in November for any cases not settled by then. Dkt. No. 11293. In stark contrast, the securities case was just filed on July 15, 2020; lead-plaintiff motion practice mandated by the Private Securities Litigation Reform Act will likely consume the next several weeks; and briefing on motions to dismiss will follow from there with a statutory stay of discovery in place in the meantime. *City of Grand Rapids*, Dkt. No. 1; 15 U.S.C. § 78u-4(a)(3)(A)(i), (B)(i), (b)(3)(B).

Accordingly, the securities plaintiffs' warnings about "unduly burdensome duplication of labor and expenses" ring hollow. Dkt. No. 11257, at 3. Movants do not offer a single example of what burdens or duplications might befall the parties or the Court if the cases remain unrelated. And they do not muster even a conclusory suggestion how conflicting rulings could ever occur in cases against different defendants that seek different relief under different legal theories based on different facts. In short, they have not shown that these cases are related under Civil Local Rule 3-12(a). *See Hodges* v. *Akeena Solar, Inc.*, Case No. 5:09-cv-02147-JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (cases involving different claims, defendants, and procedural postures not related even though they involved "substantially the same transaction and events").

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-3-

Unable to meet the definition of related cases under this Court's rules, the securities plaintiffs invoke decisions of the Judicial Panel on Multidistrict Litigation to support their request for related treatment.  Dkt. No. 11257, at 3-4.  Those decisions do not alter the analysis here.  For one thing, they apply the standard for multidistrict transfer under 28 U.S.C. § 1407(a) rather than the related-case definition of Civil Local Rule 3-12(a), which governs here.  But even if the MDL standard were relevant, the securities plaintiffs have not shown that their case shares "one or more common questions of fact" with the personal-injury cases, or that transfer from one Judge to another within this District would serve the "convenience of parties and witnesses" or "promote the just and efficient conduct of such actions" in any way.  28 U.S.C. § 1407(a).  And while the movants' MDL decisions show that cases asserting different legal claims can be suitable for MDL treatment when they satisfy the standards of § 1407(a), the MDL Panel has been equally clear — including in this very case — in refuting the securities plaintiffs' contention that a common factual backdrop is enough to warrant coordination of cases where, as here, coordination will not promote the efficient conduct of the multiple actions at issue.[1]

---

[1]  None of the cited MDL cases permits what the securities plaintiffs seek here — *i.e.,* coordinated treatment of securities cases that do *not* share common fact questions with cases based on other legal theories — as all involved fact issues that were common across the multiple causes of action at issue.  *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d 1383, 1384 (J.P.M.L. 2017) (deceptive billing practices); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 148 F. Supp. 3d 1367, 1368 (J.P.M.L. 2015) (deceptive "defeat device" in diesel engines); *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015) (misrepresentations about laminate flooring); *In re Standard & Poor's Rating Agency Litig.*, 949 F. Supp. 2d 1360, 1361 (J.P.M.L. 2013) (misrepresentations relating to ratings of securities); *In re Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 & n.6 (J.P.M.L. 2012) (manipulation of foreign exchange transactions); *In re MF Glob. Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (shortfall in customer accounts); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 560 F. Supp. 2d 1388, 1389 (J.P.M.L. 2008) (mismanagement of bond funds); *In re UnumProvident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003) (claims handling practices).

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-4-

Thus, in multiple Notices to Counsel, the MDL Panel has repeatedly held that *personal-injury* cases alleging that Roundup caused cancers *other than non-Hodgkin's lymphoma* were "not appropriate for inclusion in this MDL." *In re Roundup Prods. Liab. Litig.*, Dkt. No. 1674, MDL No. 2741 (J.P.M.L. Mar. 6, 2020) (leiomyosarcoma); *In re Roundup Prods. Liab. Litig.*, Dkt. No. 1368, MDL No. 2741 (J.P.M.L. Oct. 24, 2019) (adenocarcinoma); *In re Roundup Prods. Liab. Litig.*, Dkt. No. 1322, MDL No. 2741 (J.P.M.L. Oct. 10, 2019) (testicular seminoma). If cases that involve the common backdrop of alleged use of Roundup but different kinds of alleged personal injury do not belong in this MDL, then securities claims, which allege no personal injury and do not turn on exposure to glyphosate or claims of medical causation, do not belong here either. *See also In re BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010) (refusing to add securities actions to MDL proceeding involving claims of property and economic damage arising from Deepwater Horizon disaster, where despite a common "underlying genesis," the "true factual focuses of these two dockets are vastly different" and the "typical benefits of common discovery would likely be few").

In sum, while the Bayer Defendants are pleased to defend this newly-filed securities lawsuit in front of any Judge in this District, they do not agree with the movants' attempt to conjure an overlap between their securities case and the personal-injury cases in the MDL, and respectfully submit that the securities and personal-injury cases are not related under the plain language of Civil Local Rule 3-12(a).

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-5-

Dated: July 27, 2020

Respectfully submitted,

John F. Lynch (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
JFLynch@wlrk.com

*Attorneys for Defendants Bayer AG, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl*

BAYER DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
MDL No. 2741, CASE NO. 3:16-MD-02741-VC

-6-