EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No. 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**DECLARATION OF LORI WOOD, EXECUTIVE DIRECTOR OF SHEET METAL WORKERS' NATIONAL PENSION FUND, IN SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Ctrm:  3 – 17th Floor<br>Judge:  Richard Seeborg |

[No. 3:20-CV-04737-RS] WOOD DECL. FOR SMW PENSION FUND ISO SETTLEMENT AND FEE MOTIONS

I, Lori Wood, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Executive Director of the Sheet Metal Workers' National Pension Fund ("SMW Pension Fund" or the "Fund"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action"). I submit this Declaration in support of (i) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses, which includes the SMW Pension Fund's application for reimbursement of costs and expenses incurred by the SMW Pension Fund directly related to its representation of the Class in the Action.

2.      I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration, as I, along with my colleagues at the SMW Pension Fund, have been directly involved in monitoring and overseeing the prosecution of the Action. The SMW Pension Fund is a defined benefit pension fund with over 130,000 active, retiree/beneficiary, and terminated vested participants, and approximately $8.5 billion in assets. The SMW Pension Fund purchased Bayer ADRs during the Class Period and suffered damages as a result of Defendants' alleged violations of the federal securities laws.

## I.      The SMW Pension Fund's Oversight of the Action

3.      On October 21, 2020, the Court issued an order appointing the SMW Pension Fund as a Lead Plaintiff in this Action pursuant to the PSLRA. The SMW Pension Fund closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action.

4.      Since being appointed as a Lead Plaintiff, the SMW Pension Fund has devoted substantial time and energy in discharging its duties as a Lead Plaintiff. On behalf of the SMW Pension Fund, I and/or members of the SMW Pension Fund's staff have, among other things: (a) reviewed every major court filing in the Action, including discussion with and/or providing comments on the same to Lead Counsel; (b) received and reviewed regular updates and reports from Lead Counsel regarding developments in the Action, which consisted of frequent communications

by email and/or telephone with Lead Counsel regarding case strategy, case developments, and discovery; (c) reviewed all major court decisions with Lead Counsel; (d) worked on, gathered and produced relevant documents in response to Defendants' discovery requests; (e) participated in joint calls with the other Plaintiffs and Lead Counsel in connection with the lead plaintiff motion, class certification, and settlement negotiations; and (f) prepared and sat for a Rule 30(b)(6) deposition in connection with Plaintiffs' class certification motion. To prepare for my deposition, I reviewed a lengthy binder of materials and spent a full day with Lead Counsel, as well as with follow-up communications with Lead Counsel. Further, the Fund's General Counsel participated remotely in both mediation sessions, attended an additional call with the mediator and Lead Counsel, and consulted numerous times with Lead Counsel during the course of their efforts to mediate and negotiate the Settlement. The SMW Pension Fund evaluated and approved of the Settlement in connection with the Fund's responsibilities to the Class.

## II.    The SMW Pension Fund Strongly Endorses Court Approval of the Settlement and Plan of Allocation

5.      Informed by its involvement in the prosecution of the Action and the settlement negotiations, the SMW Pension Fund believes that the proposed Settlement is fair, reasonable, and adequate. The SMW Pension Fund believes that the Settlement represents an excellent recovery for the Class. Therefore, the SMW Pension Fund strongly endorses approval of the Settlement by the Court.

6.      The SMW Pension Fund also believes that the proposed Plan of Allocation sets forth a fair, reasonable, and adequate method for equitably allocating the Net Settlement Fund among Class Members and endorses its approval.

## III.    The SMW Pension Fund Approves of and Fully Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

7.      The SMW Pension Fund also supports Lead Counsel's request for an award of attorneys' fees in the amount of 27% of the Settlement Fund for all Plaintiffs' Counsel. The SMW Pension Fund takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in

light of the result achieved for the Class and reasonably compensate Plaintiffs' Counsel for the work involved and the risks they undertook in litigating the Action. The SMW Pension Fund believes Lead Counsel's fee request is fair and reasonable in light of the quality of the result obtained, the extensive time counsel invested in litigating the case through class certification and fact and expert discovery, the high-quality work counsel performed, and the risks inherent in the litigation.

8.      Further, the SMW Pension Fund believes that Lead Counsel has effectively and zealously represented the interests of the Class throughout the course of the litigation and that the proposed Settlement achieved is reflective of the high quality of the work performed.

9.      The SMW Pension Fund discussed and approved the fee request with Lead Counsel, subject to Court approval, before Lead Counsel filed this motion in an effort to ensure both fair, reasonable, and adequate recovery for the Class and reasonable compensation for Plaintiffs' Counsel, who worked diligently to obtain this result for the Class and in doing so shouldered significant risk.

10.      The SMW Pension Fund believes that Plaintiffs' Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this Action. Therefore, the SMW Pension Fund approves Plaintiffs' Counsel's request for payment of those expenses.

11.      The SMW Pension Fund understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's motion for Litigation Expenses, the SMW Pension Fund seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in this Action.

12.      The time that I and the SMW Pension Fund's staff devoted to the representation of the Class in this Action was time that otherwise would have been spent on regular duties on behalf of the Fund and therefore represented a cost to the Fund. Although other SMW Pension Fund employees, including support staff, were also involved in the oversight of this case, the Fund is limiting its request to the time listed in the below chart, totaling $15,765.24. The chart sets forth the estimated costs, on an hourly basis, of the services of the SMW Pension Fund staff who worked on

this action, based on their salaries and the number of hours normally worked on an annual basis. This estimate is conservative in nature of the time spent on this case and reflects the minimum hourly cost to the Fund for the services rendered.

| Name | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Lori Wood | Executive Director | 20.25 | $208.23 | $ 4,216.66 |
| Tearyn Loving | General Counsel | 60.75 | $190.10 | $11,548.58 |
| **Total** | | 81.00 | | $15,765.24 |

## IV.   Conclusion

13.     In conclusion, the SMW Pension Fund, which was actively involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes that it represents an excellent recovery for the Class. The SMW Pension Fund further supports Lead Counsel's motion for attorneys' fees and litigation expenses and believes that it seeks fair and reasonable compensation for Plaintiffs' Counsel in light of the recovery obtained for the Class, the risks of the litigation, and the substantial work conducted and time invested in litigating the case through fact and expert discovery to make this resolution possible. Finally, the SMW Pension Fund requests reimbursement for the time its employees dedicated to this Action, as set forth above. Accordingly, the SMW Pension Fund respectfully requests that the Court approve (i) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation and (ii) Lead Counsel's motion for an award of attorneys' fees and litigation expenses.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that I have authority to execute this Declaration on behalf of the SMW Pension Fund.

Executed this 25th day of September, 2025, at Falls Church, Virginia.



Lori Wood