EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No. 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**DECLARATION OF MICHAEL O'MALLEY, ADMINISTRATOR OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, IN SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Ctrm:  3 – 17th Floor<br>Judge:  Richard Seeborg |

[No. 3:20-CV-04737-RS] DECL. OF MICHAEL O'MALLEY OF LOCAL 710
ISO FINAL APPROVAL MOTION AND FEE AND EXPENSE MOTION

I, Michael O'Malley, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am the Administrator of the International Brotherhood of Teamsters Local No. 710 Pension Fund ("Local 710"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action"). I submit this Declaration in support of (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses, which includes Local 710's application for reimbursement of costs and expenses incurred by Local 710 directly related to its representation of the Class in the Action.

2.    I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration, as I, along with my colleagues at Local 710, have been directly involved in monitoring and overseeing the prosecution of the Action. Local 710 is a Taft-Hartley defined benefit pension fund with over 21,000 active participants and approximately $3 billion in plan assets. Local 710 purchased Bayer ADRs during the Class Period and suffered damages as a result of Defendants' alleged violations of the federal securities laws.

## I.    Local 710's Oversight of the Action

3.    On October 21, 2020, the Court issued an order appointing Local 710 as a Lead Plaintiff in this Action pursuant to the PSLRA. Local 710 closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action.

4.    Since being appointed as a Lead Plaintiff, Local 710 has devoted substantial time and energy in discharging its duties as a Lead Plaintiff. On behalf of Local 710, I, members of Local 710's staff working at my direction, and Local 710's outside Fund counsel have, among other things: (a) reviewed every major court filing in the Action, including discussion with and/or providing comments on the same to Lead Counsel; (b) received and reviewed regular updates and reports from Lead Counsel regarding developments in the Action, which consisted of frequent communications by email and/or telephone with Lead Counsel regarding case strategy, case developments, and

discovery; (c) reviewed all major court decisions with Lead Counsel; (d) worked on, gathered and produced relevant documents in response to Defendants' discovery requests; (e) participated in joint calls with the other Plaintiffs and Lead Counsel in connection with the lead plaintiff motion, class certification, and settlement negotiations; and (f) prepared and sat for a Rule 30(b)(6) deposition in connection with the Plaintiffs' class certification motion. To prepare for my deposition, I reviewed a lengthy binder of materials and spent a full day with Lead Counsel, as well as with follow-up communications with Lead Counsel. Further, I traveled to New York for the first of two mediation sessions and participated remotely in the second mediation session, including attending an additional call with the mediator and Lead Counsel, and consulted numerous times with Lead Counsel during the course of their efforts to mediate and negotiate the Settlement. Local 710 evaluated and approved of the Settlement in connection with Local 710's responsibilities to the class.

## II.    Local 710 Strongly Endorses Court Approval of the Settlement and the Plan of Allocation

5.    Informed by its involvement in the prosecution of the Action and the settlement negotiations, Local 710 believes that the proposed Settlement is fair, reasonable, and adequate. Local 710 believes that the Settlement represents an excellent recovery for the Class. Therefore, Local 710 endorses approval of the Settlement by the Court.

6.    Local 710 also believes that the proposed Plan of Allocation sets forth a fair, reasonable, and adequate method for equitably allocating the Net Settlement Fund among Class Members and endorses its approval.

## III.    Local 710 Approves of and Fully Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

7.    Local 710 also supports Lead Counsel's request for an award of attorneys' fees in the amount of 27% of the Settlement Fund for all Plaintiffs' Counsel. Local 710 takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Class and reasonably compensate Plaintiffs' Counsel for the work involved and the risks they undertook in litigating the Action. Local 710 believes Lead Counsel's fee request is fair and

reasonable in light of the quality of the result obtained, the extensive time counsel invested in litigating the case through class certification and fact and expert discovery, the high-quality work counsel performed, and the risks inherent in the litigation.

8.      Further, Local 710 believes that Lead Counsel has effectively and zealously represented the interests of the Class throughout the course of the litigation and that the proposed Settlement achieved is reflective of the high quality of the work performed.

9.      Local 710 discussed and approved the fee request with Lead Counsel, subject to Court approval, before Lead Counsel filed this motion in an effort to ensure both fair, reasonable, and adequate recovery for the Class and reasonable compensation for Plaintiffs' Counsel, who worked diligently to obtain this result for the Class and in doing so shouldered significant risk.

10.      Local 710 believes that Plaintiffs' Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this Action. Therefore, Local 710 approves Plaintiffs' Counsel's request for payment of those expenses.

11.      Local 710 understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's motion for Litigation Expenses, Local 710 seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in this Action.

12.      The time that I devoted to the representation of the Class in this Action was time that otherwise would have been spent on regular duties on behalf of Local 710 and therefore represented a cost to Local 710. Additionally, the time that Local 710's outside Fund counsel, Thomas K. Wotring of Wotring Law and James Beall of Willig, Williams & Davidson, devoted to advising Local 710 in this Action, which as to Mr. Wotring, also included attendance at my deposition on behalf of the Class, was time that Local 710 was required to compensate during the pendency of this Action.

13.      Local 710 is requesting reimbursement for certain of the time spent on the representation of the Class by Local 710's staff and for outside counsel's time, as reflected below.

[No. 3:20-CV-04737-RS] DECL. OF MICHAEL O'MALLEY OF LOCAL 710
ISO FINAL APPROVAL MOTION AND FEE AND EXPENSE MOTION                    3

| Name | Title | Hours | Rate | Total |
|------|-------|-------|------|-------|
| Michael O'Malley of Local 710 | Administrator | 45 | $95 | $ 4,245 |
| Thomas K. Wotring of Wotring Law | Outside Counsel for the Fund | 10 | $550 | $ 5,500 |
| James Beall of Willig, Williams & Davidson | Outside Counsel for the Fund | 2 | $550 | $ 1,100 |
| **Total** | | 57 | | $10,845 |

14.    The chart above sets forth the estimated costs, on an hourly basis, for the services of the Fund's staff who worked on this Action, based on salary, and the number of hours normally worked on an annual basis. This estimate is a conservative estimate of time spent and reflects the minimum hourly cost to Local 710 for the services rendered.

15.    The chart above also sets forth the costs for the services of the Fund's outside counsel who advised Local 710 in this Action, based on the hourly rate charged to and paid by the Fund. The Fund's outside counsel's hourly rate is the same as the current rate charged for his services to Local 710.

## IV.    Conclusion

16.    In conclusion, Local 710, which was actively involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes that it represents an excellent recovery for the Class. Local 710 supports Lead Counsel's further motion for attorneys' fees and litigation expenses and believes that it seeks fair and reasonable compensation for Plaintiffs' Counsel in light of the recovery obtained for the Class. Finally, Local 710 requests reimbursement for the time its employee dedicated to this Action and Fund counsel's time, as set forth above. Accordingly, Local 710 respectfully requests that the Court approve (i) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation and (ii) Lead Counsel's motion for an award of attorneys' fees and litigation expenses.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that I have authority to execute this Declaration on behalf of Local 710.

[No. 3:20-CV-04737-RS] DECL. OF MICHAEL O'MALLEY OF LOCAL 710
ISO FINAL APPROVAL MOTION AND FEE AND EXPENSE MOTION                                    4

Executed this 25th day of September, 2025, at Mokena, Illinois.

Michael O'Malley