EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ADAM D. WALTER REGARDING (I) MAILING OF THE NOTICE AND CLAIM FORM AND (II) PUBLICATION OF SUMMARY NOTICE** |

DECLARATION OF ADAM D. WALTER
CASE NO. 3:20-cv-04737-RS

I, Adam D. Walter, declare as follows:

1.      I am a Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") dated June 27, 2025 (ECF 260), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action ("Action").[1] I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

### MAILING OF THE NOTICE PACKET

2.      Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Notice of (i) Proposed Settlement and Plan of Allocation; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form ("Claim Form," and together with the Notice, the "Notice Packet"), to Class Members who were previously mailed a copy of the Notice of Pendency of Class Action (the "Class Notice") and to any other potential Class Members identified through further reasonable efforts. A copy of the Notice Packet is attached hereto as Exhibit A.

3.      As reported in my previously filed declaration dated February 5, 2024 (ECF No. 200) ("Class Notice Decl."), A.B. Data conducted a notice campaign in connection with the Court's certification of the Class. Pursuant to the Court's October 31, 2023 Stipulation and Order Regarding Dissemination of Class Notice (ECF No. 197), A.B. Data mailed the Class Notice to potential Class Members and nominees beginning on November 14, 2023. Class Notice Decl. ¶¶ 4–5. To identify potential Class Members (in addition to those contained in the data file provided by Class Counsel (id. ¶ 3)), on November 14, 2023, A.B. Data mailed the Class Notice to the brokerage firms, banks, institutions, and other third-party nominees (collectively, "Nominees") contained in A.B. Data's proprietary database of the largest and most common

---

[1] Unless otherwise defined in this declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated April 23, 2025. ECF No. 253-2 (the "Stipulation").

DECLARATION OF ADAM D. WALTER
CASE NO. 3:20-cv-04737-RS

1

Nominees ("Record Holder Mailing Database") (*id.* ¶ 5). In response to this mailing, A.B. Data received from Nominees: (i) the names and addresses of their customers who were potential Class Members, and (ii) requests for copies of the Class Notice, in bulk, to forward directly to their customers. *Id.* ¶ 8. A.B. Data also received additional names and addresses directly from potential Class Members. *Id.* ¶ 9.

4.     Through this process, A.B. Data created a master mailing list of potential Class Members and Nominees ("Master Mailing List") for use in connection with the Class Notice mailing as well as any future notice mailings in the Action.

5.     On July 21, 2025, A.B. Data caused the Notice Packet to be sent by First-Class Mail to the 54,448 potential Class Members contained on the Master Mailing List. A.B. Data also forwarded 86,340 Notice Packets, in bulk, to the Nominees who requested copies of the Class Notice in bulk, to forward directly to their customers.

6.     In addition, pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing a copy of the Notice Packet to the Nominees contained in A.B. Data's Record Holder Mailing Database. At the time of the initial mailing, the Record Holder Mailing Database contained 4,967 mailing records.[2] On July 21, 2025, A.B. Data caused the Notice Packet to be mailed by First-Class Mail to the 4,967 addresses contained in the Record Holder Mailing Database. On August 4, 2025, A.B. Data sent a follow-up email (with the Notice Packet attached) to the Nominees contained in the Record Holder Mailing Database.

7.     The Settlement Notice instructed Nominees that identified additional beneficial owners who were not previously identified in connection with the Class Notice that within seven (7) calendar days of receiving the Notice Packet, they had to either: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Notice Packets forward them to all such beneficial

---

[2] While the Record Holder Mailing Database was substantially the same as the database used for the October 2023 Class Notice mailing, A.B. Data continuously updates its Record Holder Mailing Database with new addresses when they are received and eliminates duplicates or obsolete addresses when identified (as Nominees merge or go out of business).

DECLARATION OF ADAM D. WALTER
CASE NO. 3:20-cv-04737-RS

2

owners; or (b) provide a list of the names and addresses of all such beneficial owners to A.B. Data, in which event A.B. Data would promptly mail the Notice Packet to such beneficial owners. *See* Settlement Notice, ¶ 61.

8.      In response to requests received from Nominees and potential Class Members since the initial mailing, A.B. Data has mailed an additional 22,594 Notice Packets by First-Class Mail to potential Class Members and Nominees. In addition, A.B. Data delivered an additional 20,030 Notice Packets to nominees for forwarding to their customers, and 40,541 email copies of the Notice Packet were emailed by nominees to investors who prefer to receive such communications electronically.

9.      To date, a total of 223,953 Notice Packets have been mailed or emailed to potential Class Members and Nominees. As of September 25, 2025, A.B. Data has received 3,015 claims, of which 2,509 include Bayer ADRs and 506 are ineligible.

10.     In addition, to date, A.B. Data has re-mailed 1,789 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") as undeliverable as addressed ("UAA") and for whom updated addresses were provided by the USPS and/or obtained through TransUnion. A total of 1,030 UAAs remain undeliverable.

**PUBLICATION OF THE SUMMARY SETTLEMENT NOTICE**

11.     In accordance with the Court's Preliminary Approval Order, A.B. Data caused the Court-approved Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice") to be published in *The Wall Street Journal* and released via *PR Newswire* on July 21, 2025. Copies of proof of the Summary Notice in *The Wall Street Journal* and its dissemination over *PR Newswire* are attached hereto as Exhibits B and C, respectively.

**UPDATES TO TOLL-FREE TELEPHONE HELPLINE AND CASE WEBSITE**

12.     In connection with the Class Notice mailing in November 2023, A.B. Data established, and currently maintains, a toll-free telephone number, (800) 524-0614, and dedicated website, www.BayerADRSecuritiesLitigation.com, for the Action. In connection with the Settlement, A.B. Data updated the pre-recorded information callers hear when calling the toll-free

DECLARATION OF ADAM D. WALTER
CASE NO. 3:20-cv-04737-RS

3

telephone number to provide information regarding the Settlement. On July 21, 2025, A.B. Data also updated the language on the website to provide information regarding the Settlement. Both the toll-free telephone number and website address are set forth in the Settlement Notice, Claim Form, and Summary Settlement Notice.

13. In accordance with the Court's Preliminary Approval Order, A.B. Data caused copies of the Settlement Notice and Claim Form to be posted on the website, along with copies of the Stipulation and Preliminary Approval Order. The website includes the important dates and deadlines in connection with the Settlement and provides Class Members with the ability to submit their Claim Form online. The website also includes a link to a document with detailed instructions for institutions submitting Claims electronically. A.B. Data will continue operating, maintaining, and, as appropriate, updating the toll-free telephone helpline and website.

**UPDATE TO REPORT ON REQUESTS FOR EXCLUSION**

14. As set forth in the Class Notice, Class Members were provided an opportunity to request exclusion from the Class. A.B. Data previously reported on the requests for exclusion received in the Class Notice Declaration (Class Notice Decl. ¶ 15, Ex. E). A.B. Data continues to monitor all mail delivered to that post office box. To date, A.B. Data has not received any requests to revoke previous exclusion requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of September, 2025 at Palm Beach Gardens, Florida.

ADAM D. WALTER

DECLARATION OF ADAM D. WALTER
CASE NO. 3:20-cv-04737-RS

4

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No.: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES<br><br>Judge:    Richard Seeborg<br>Courtroom:  3 — 17th Floor |

**If you purchased or otherwise acquired Bayer American Depositary Receipts ("ADRs") during the period of May 23, 2016 to July 6, 2020, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Settlement Notice. This is not a solicitation from a lawyer.*

- This Settlement Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement. *This Settlement Notice is different than the postcard Notice of Pendency of Class Action that you might have received in May 2023 alerting you to the existence of the case and the certification of the Class.*

- If approved by the Court, the proposed Settlement will create a $38,000,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims asserted by plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs") on behalf of themselves and the certified Class against Defendants Bayer Aktiengesellschaft ("Bayer" or the "Company"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants").

**PLEASE READ THIS NOTICE CAREFULLY. This Settlement Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Settlement Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Bayer, the other Defendants in this Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 65).**

---

[1] All capitalized terms not otherwise defined in this Settlement Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"). The Stipulation is available for Class Members to review at the case website, www.BayerADRSecuritiesLitigation.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 16, 2025** | The *only* way to get a payment. *See* ¶ 33. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27) that you have against Defendants or Defendants' Released Persons (defined in ¶ 28), so it is in your interest to submit a Claim Form. |
| **IF YOU PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CERTIFIED CLASS, OPT BACK INTO THE CLASS BY OCTOBER 9, 2025** | If you previously submitted a request for exclusion in connection with the Class Notice and now want to be part of the Class in order to be eligible to receive a payment, follow the steps for opting back into the class. *See* ¶¶ 45–47. |
| **OBJECT BY OCTOBER 9, 2025** | If you object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you object to them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and did not exclude yourself from the Class. Submitting an objection will not exclude you from the Class. *See* ¶¶ 50–53. |
| **GO TO A HEARING ON OCTOBER 30, 2025** | Filing a written objection and notice of intention to appear by October 9, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. *See* ¶ 53. |
| **DO NOTHING** | Receive no payment and forfeit your legal rights. |

**These rights and options are explained in this Settlement Notice. <u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice. It is also within the Court's discretion to hold the hearing remotely. If you plan to attend the hearing, you should check www.BayerADRSecuritiesLitigation.com or with Lead Counsel to confirm no change has been made.**

| SUMMARY OF THE SETTLEMENT NOTICE |
|---|

1. **Description of the Action and the Class:** This Settlement Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Bayer and certain current and former Bayer executives violated the federal securities laws by making false and misleading statements about the nature and extent of Bayer's due diligence concerning its acquisition of Monsanto. A more detailed description of the Action is set forth in ¶ 14. below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 18.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $38,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimate of the number of shares of Bayer ADRs purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.23 per affected share and approximately $0.15 per share after the deduction of the attorneys' fees and expenses discussed below.[2] **Class Members should note, however, that the foregoing average recovery is only**

---

[2] From the beginning of the Class Period until September 19, 2017, each Bayer ADR represented one ordinary share on the Xetra exchange. On September 20, 2017, this ratio changed to 4:1. To ensure consistency, each Class Member's share purchases will be adjusted, if necessary, to maintain a uniform 4:1 ADR-to-ordinary-share ratio throughout the Class Period.

**an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Bayer ADRs, the total number and value of valid Claim Forms submitted, the amount of Notice and Administration Costs, and the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A) or such other plan of allocation as may be ordered by the Court.

4. <u>**Average Amount of Damages Per Share:**</u> The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. <u>**Attorneys' Fees and Expenses Sought:**</u> Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC, has been prosecuting the Action on a wholly contingent basis since its appointment as Lead Counsel in October 2020, has not received any payment of attorneys' fees for their representation of the Class, and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel,[3] will apply to the Court  for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3,550,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.09 per affected share of Class A common stock. Class Members should note that this amount is only an estimate.

6. <u>**Reasons for the Settlement:**</u> Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

7. <u>**Identification of Attorney Representatives:**</u> Plaintiffs and the Class are represented by Carol V. Gilden, Cohen Milstein Sellers & Toll PLLC, 200 S. Wacker Drive, Suite 2375, Chicago, IL 60606, (312) 629-3737.

8. <u>**Claims Administrator:**</u> Further information regarding the claims process and this Settlement Notice may be obtained by contacting the Claims Administrator: Bayer ADR Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173084, (800) 524-0614, info@BayerADRSecuritiesLitigation.com, www.BayerADRSecuritiesLitigation.com.

| WHAT THIS NOTICE CONTAINS |
|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? | |
|     Who Is Included In The Class? | Page 4 |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page 5 |
| What Might Happen If There Were No Settlement? | Page 5 |
| How Are Class Members Affected By The Action | |
|     And The Settlement? | Page 5 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 7 |
| How Much Will My Payment Be? | Page 7 |
| What Payment Are The Attorneys For The Class Seeking? | |
|     How Will The Lawyers Be Paid? | Page 8 |
| What If I Previously Requested Exclusion In Connection With The | |
|     Class Notice And Now Want To Be Eligible To Receive A Payment | |
|     From The Settlement? How Do I Opt Back Into The Class? | Page 8 |
| When And Where Will The Court Decide Whether To Approve The | |
|     Settlement? Do I Have To Come To The Hearing? May I Speak At | |
|     The Hearing If I Don't Like The Settlement? | Page 8 |
| What If I Do Nothing? | Page 10 |
| What If I Bought Shares On Someone Else's Behalf? | Page 10 |
| Can I See The Court File? Whom Should I Contact If I Have | |
|     Questions? | Page 10 |

---

[3] Plaintiffs' Counsel includes Lead Counsel and Berman Tabacco, the Court-appointed Liaison Counsel.

| WHY DID I GET THIS NOTICE? |
|---|

9.    You may have recently received a Summary Notice about the proposed Settlement. (The Summary Notice is different than the postcard that you might have received in 2023 alerting you to the fact that this Action was pending and a Class had been certified.) This long-form Settlement Notice provides additional information about the Settlement and related procedures.

10.    The Court directed that this Settlement Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Bayer ADRs during the Class Period. The Court has directed us to send you this Settlement Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. **Receipt of this Settlement Notice does not mean that you are a Class Member or that you are entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that accompanies the Notice or which also is available at www.BayerADRSecuritiesLitigation.com.** *See* ¶ 33.

11.    The purpose of this Settlement Notice is to inform you of the terms of the proposed Settlement, of how the Settlement might affect your legal rights, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 48–49 below for details about the Settlement Hearing, including the date and location of the hearing. If the Court approves the Settlement and Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

12.    The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the settlement after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

13.    The Court in charge of the Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *Sheet Metal Workers' National Pension Fund v. Bayer*, Case No. 3:20-cv-04737-RS. The Action is assigned to the Honorable Richard Seeborg.

| WHAT IS THIS CASE ABOUT? |
|---|

14.    Plaintiffs, on behalf of the Class, generally allege that Defendants violated the Securities Exchange Act of 1934 by making false and misleading statements about Bayer's due diligence in connection with its acquisition of the Monsanto Company (the "Merger"). In particular, Plaintiffs allege that Defendants made false and misleading statements during the Class Period about Bayer's due diligence relating to Monsanto's potential exposure to lawsuits alleging that Roundup, a Monsanto-produced herbicide, causes non-Hodgkin's lymphoma (the "Roundup litigation"). Plaintiffs allege that Defendants made false and misleading statements and omissions to promote the Merger, assuring investors that Bayer had conducted an extensive due diligence investigation on Monsanto and its exposure in the Roundup litigation when Bayer had not reviewed or requested any internal Monsanto documents relating to Roundup's legal risks as part of the due diligence process. Plaintiffs further allege that Defendants' false and misleading statements concealed material risks and artificially inflated the price of Bayer ADRs. Plaintiffs allege these concealed risks materialized and the truth about the extent of Bayer's due diligence was revealed by a series of legal defeats in the Roundup litigation, by Bayer's announcement of a commitment to pay up to $10.9 billion to settle the Roundup litigation, and by a statement by the judge presiding over that proposed settlement that he was tentatively inclined not to approve it. Each of these developments allegedly caused artificial inflation in the price of Bayer ADRs to dissipate during the Class Period and the price of Bayer ADRs to drop, harming the members of the Class.

15.    The particular allegedly false and misleading statements and omissions are set forth in Lead Plaintiff's Second Amended Complaint (the "Complaint"), as subsequently narrowed by a decision issued by the Court on May 18, 2022. You may review a copy of the Complaint and the May 18, 2022 decision by visiting Lead Counsel's website at www.BayerADRSecuritiesLitigation.com

16.    On April 23, 2025, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.BayerADRSecuritiesLitigation.com.

17.    On June 27, 2025, the Court preliminarily approved the Settlement, authorized this Settlement Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
|---|

18.    If you are a Class Member, you are subject to the Settlement. The Class consists of:

> All persons or entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts from May 23, 2016 to July 6, 2020, inclusive (the "Class Period").

> Excluded from the Class are (1) Defendants; (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or affiliate of Bayer, including its employee retirement

and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of Bayer during the Class Period; and (5) the legal representatives, heirs, successors, and assigns of any such excluded party.

Also excluded from the Class are any persons or entities who previously excluded themselves by submitting a request for exclusion in connection with the Class Notice that is accepted by the Court.

**PLEASE NOTE: Receipt of this Settlement Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Settlement Notice and the required supporting documentation as set forth therein, postmarked (or submitted online) no later than October 16, 2025.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

19. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statements about Bayer's due diligence efforts were false or misleading and that Defendants knew that the statements were false or were reckless in making them. Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

20. Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Plaintiffs could not establish a causal connection between the alleged misrepresentations about Bayer's due diligence and the losses investors allegedly suffered, as required by law.

21. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $38,000,000 in cash (less the various deductions described in this Settlement Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

22. The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have asserted and continue to assert that their disclosures were accurate and complete and expressly denied and continue to deny any and all allegations of wrongdoing contained in the Second Amended Complaint, including, without limitation, any liability rising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damages or that Plaintiffs or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

24. If you are a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

25. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you did not previously validly exclude yourself from the Class in connection with the Class Notice, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26. If you are a Class Member and you did not previously validly exclude yourself from the Class in connection with the Class Notice, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, Class Members, and each of their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised,

waived, released, resolved, relinquished, discharged, and dismissed any or all of the Released Plaintiffs' Claims (as defined in ¶ 27 below) against Defendants and all other Defendants' Released Persons (as defined in ¶ 28 below), and shall forever be barred, enjoined, and estopped from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any or all of the Released Plaintiffs' Claims, in any capacity, against any of Defendants' Released Persons.

27. "Released Plaintiffs' Claims" means any and all claims, rights, and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages, and liabilities, whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in any forum against Defendants' Released Persons, that: (a) arise out of, concern, are based upon, or relate in any way to the claims, allegations, transactions, facts, matters or occurrences, representations, or omissions asserted, involved, set forth, or referred to in the SAC or in any prior complaints in the Action; and (b) relate to the purchase, acquisition, sale, or holding of Bayer ADRs during the Class Period, including the conversion of Bayer ordinary shares to Bayer ADRs or the redemption of Bayer ADRs for Bayer ordinary shares. Notwithstanding the foregoing, Released Plaintiffs' Claims shall not include: (i) any claims asserted in the pending capital market litigation against Bayer or its directors and officers in the courts of Cologne; (ii) any claims asserted derivatively in *Haussmann, et al. v. Baumann, et al.*, Appeal No. APL-2024-00017 (N.Y. Ct. App.) or any pending ERISA action against Bayer or its directors and officers; or (iii) any claims relating to the enforcement of the Settlement.

28. "Defendants' Released Persons" means Defendants, their attorneys, and any and all of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their (or Defendants' or their attorneys') respective current or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees, equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers, joint venturers, managers, managing agents, managing directors, members, officers, partners, principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities as such, as well as each of the Individual Defendants' Immediate Family Members, assigns, beneficiaries, devisees, estates, executors, heirs, legatees, personal or legal representatives, predecessors, and successors.

29. "Unknown Claims" means any Released Plaintiffs' Claims that any Releasing Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Releasing Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) whether to object to, or request to be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive, and each of the other Releasing Plaintiff Parties and Releasing Defendant Parties shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, including, or which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

A Releasing Plaintiff Party or a Releasing Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever settle, waive, release, resolve, relinquish, and discharge, and each Releasing Plaintiff Party and Releasing Defendant Party shall be deemed to have settled, waived, released, resolved, relinquished, and discharged, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled, waived, released, resolved, relinquished, and discharged, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Releasing Plaintiff Parties and Releasing Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

30. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, waived, released, resolved, relinquished, discharged, and dismissed any or all of the Released Defendants' Claims (as defined in ¶ 31 below) against Plaintiffs and all other Plaintiffs' Released Persons (as defined in ¶ 32 below), and shall forever be barred, enjoined, and estopped from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any or all of the Released Defendants' Claims, in any capacity, against any of Plaintiffs' Released Persons.

31. "Released Defendants' Claims" means any and all claims, rights, and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages,

and liabilities, whether known or unknown (including Unknown Claims), suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Plaintiffs' Released Persons, in any forum that concern, are based upon, arise out of, or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. Notwithstanding the foregoing, Released Defendants' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims between Defendants' Released Persons and their respective insurers.

32. "Plaintiffs' Released Persons" means Plaintiffs, their attorneys, all other Class Members, and any of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their (or Plaintiffs', their attorneys', or any other Class Members') respective current or former accountants, agents, attorneys, auditors, consultants, contractors, directors, employees, equity holders, experts, financial advisors, indemnitors, insurers or reinsurers, investment bankers, joint venturers, managers, managing agents, managing directors, members, officers, partners, principals, receivers, shareholders, supervisors, servants, trustees, and underwriters, in their capacities as such, Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, predecessors, successors, and assigns.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

33. To be eligible for a payment from the Settlement, you must be a Class Member and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed) or submitted online at www.BayerADRSecuritiesLitigation.com no later than October 16, 2025 to the Claims Administrator**. A Claim Form is included with this Settlement Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.BayerADRSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (800) 524-0614 or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Bayer ADRs, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Bayer ADRs.

34. If you previously requested a valid exclusion from the Class in connection with the Class Notice (and do not opt back in to the Class) or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

36. The Net Settlement Fund (defined above at ¶ 2) will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

37. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

38. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39. Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before October 16, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but shall in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against Defendants' Released Persons (as defined in ¶ 28 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of Plaintiffs' Released Persons whether or not such Class Member submits a Claim Form.

40. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

41. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

42. Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that validly excluded themselves from the Class in connection with the Class Notice will not be eligible for a payment and should not submit Claim Forms. Appendix A to this Settlement Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

43. Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Lead Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $3,500,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA.

44. Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by September 25, 2025. A copy of Lead Counsel's Fee and Expense Application will be available for review at www.BayerADRSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I PREVIOUSLY REQUESTED EXCLUSION IN CONNECTION WITH THE CLASS NOTICE
## AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT?
## HOW DO I OPT BACK INTO THE CLASS?

45. If you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may opt back into the Class and be eligible to receive a payment from the Settlement. If you are not certain whether you previously submitted a request for exclusion, please contact the Claims Administrator at (800) 524-0614 or info@BayerADRSecuritiesLitigation.com for assistance.

46. Your request to opt back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (ii) state that such person or entity requests to opt back into the Class in "*Sheet Metal Workers' National Pension Fund v. Bayer*, Case No. 3:20-cv-04737-RS (N.D. Cal.);" and (iii) be signed by the person or entity requesting to opt back into the Class. A request to opt back into the Class must be mailed, so that it is **received no later than October 9, 2025**, to:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217

47. **Please note:** Opting back into the Class **does not mean** that you will automatically be entitled to receive proceeds from the Settlement. If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are also required to submit a claim form. *See* "How Do I Participate In The Settlement? What Do I Need To Do?," above.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
## DO I HAVE TO COME TO THE HEARING?
## MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

48. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. You should check the Court's docket or the Settlement website, www.BayerADRSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

49. The Settlement Hearing will be  held on **October 30, 2025 at 1:30 p.m.**, either in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit A-5 to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Class. The Court may only approve or deny the settlement and cannot change the terms of the settlement.

50. Any Class Member who or which did not previously request a valid exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. All objections will

be scanned into the electronic case docket, and the parties will receive electronic notices of filings. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the Northern District of California at the address set forth below **on or before October 9, 2025**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before October 9, 2025**.

| | |
|---|---|
| Clerk's Office: | Office of the Clerk<br>U.S. District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489 |
| Lead Counsel: | Cohen Milstein Sellers & Toll PLLC<br>Attn: Carol V. Gilden<br>200 S. Wacker Drive, Suite 2375<br>Chicago, IL 60606 |
| Defendants' Counsel: | Wachtell, Lipton, Rosen & Katz<br>Attn: Noah B. Yavitz<br>51 West 52nd Street<br>New York, NY 10019 |

51.  Any objection must (a) identify the case name and case number, *Sheet Metal Workers' National Pension Fund, et al. v. Bayer, et al.*, No. 3:20-cv-04737-RS (N.D. Cal.); (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the Class Member's objection(s) and the grounds for each objection, including whether it applies only to the objector, a specific subset of the Class, or to the entire Class, and any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Bayer ADRs that the objecting Class Member (1) held as of the opening of trading on May 23, 2016, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from May 23, 2016 to July 6, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Bayer ADRs. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you validly excluded yourself from the Class (and have not opted back in) or if you are not a Class Member.

52.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

53.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 50 above so that it is *received* **on or before October 9, 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

54.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 50 above so that the notice is *received* **on or before October 9, 2025**.

55.  The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel or check the Settlement Website, www.BayerADRSecuritiesLitigation.com or the Court's PACER site, https://ecf.cand.uscourts.gov.

56.  **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I DO NOTHING? |
|---|

57.   If you do nothing, all of your claims against Defendants and Defendants' Released Persons will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form to be eligible to share in the Settlement proceeds.

| WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF? |
|---|

58.   In connection with the previously disseminated Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Bayer ADRs during the period from May 23, 2016 to July 6, 2020, inclusive, it was necessary for you to either: (i) request from the Claims Administrator sufficient copies of the postcard Notice of Pendency of Class Action to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator. You were also advised to retain your mailing records for use in connection with any further notices in the Action.

59.   For nominees who previously chose the first option (*i.e.*, elected to mail the Postcard Notice directly to beneficial owners), the Claims Administrator will forward the same number of Notices and Claim Forms (the "Notice Packet"), and nominees have been ordered to, within seven (7) calendar days of receipt of the Notice Packets, mail them to the beneficial owners. Unless the nominee has identified additional beneficial owners, such nominees need not take any further action.

60.   For nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data, and emails (if applicable)), the Claims Administrator will promptly mail (and email, if applicable) the Notice Packet to each of the beneficial owners whose names and addresses the nominee previously supplied. Unless the nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such nominees need not take any further action.

61.   For nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such nominees shall either: (i) within seven (7) calendar days of receipt of the Notice Packets, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such additional beneficial owners, which the nominee shall, within seven (7) calendar days of receipt of those Notice Packets from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice Packets, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Notice Packets to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses of such additional beneficial owners to the Claims Administrator, to the extent they are available.

62.   Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; (b) $0.03 per email for emailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Settlement Notice and the Claim Form may also be obtained from the Settlement website, www.BayerADRSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (800) 524-0614, or by emailing the Claims Administrator at info@BayerADRSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

63.   This Settlement Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Stipulation, the operative Complaint, and any related orders entered by the Court will also be posted on the Settlement website, www.BayerADRSecuritiesLitigation.com. Additional information regarding the case and the Settlement can also be obtained by contacting Lead Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

64.   Additionally, the motions in support of final approval of the Settlement, approval of the proposed Plan of Allocation, and the request for attorneys' fees and Litigation Expenses will be filed with the Court no later than September 25, 2025 and will posted on the case website, www.BayerADRSecuritiesLitigation.com.

65. All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
(800) 524-0614
info@BayerADRSecuritiesLitigation.com
www.BayerADRSecuritiesLitigation.com

and/or

**Cohen Milstein Sellers & Toll PLLC**
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 357-0370
cgilden@cohenmilstein.com
Lead Counsel

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: July 21, 2025                                                        By Order of the Court
                                                                           United States District Court
                                                                           Northern District of California

**Appendix A: Proposed Plan of Allocation of the Net Settlement Fund**

## I. PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1. The Net Settlement Fund shall be distributed based on the acceptable Proof of Claim Forms submitted by Class Members. The Net Settlement Fund will be distributed to "Authorized Claimants," who are those Class Members who timely submit acceptable Proof of Claim Forms which are accepted for recovery under the Plan of Allocation described herein, or as otherwise ordered by the Court.

2. The objective of the Plan of Allocation (the "Plan") is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Plaintiffs, Plaintiffs' Counsel, and anyone acting on their behalf will likewise have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

4. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

5. In this case, Lead Plaintiffs allege that Defendants made false and misleading statements and omitted material information that inflated the price of Bayer Aktiengesellschaft ("Bayer") American Depositary Receipts ("Bayer ADRs" or "ADRs") during the Class Period (*i.e.*, May 23, 2016 to July 6, 2020, inclusive).[4] It is alleged that there was relevant information released to the market that impacted the market price of Bayer ADRs in a statistically significant manner on several dates during the Class Period: August 10, 2018 (after market close), October 10, 2018 (during market hours), October 22, 2018 (after market close), March 19, 2019 (after market close), May 13, 2019 (after market close), June 23, 2020 (before market open), June 24, 2020, June 25, 2020, and July 6, 2020. The information released on these dates allegedly impacted the artificial inflation from Bayer ADR's price, causing it to decline on: August 13, 2018, October 23, 2018, March 20, 2019 (a two-day event, including March 21, 2019), May 14, 2019, June 25, 2020, and July 7, 2020, while also causing it to increase on the two-day events on October 10 and 11, 2018 as well as on June 23 and 24, 2020. Accordingly, in order to have a compensable loss, shares of Bayer ADRs must have been purchased or acquired during the Class Period and held through at least August 13, 2018.

## II. CALCULATION OF RECOGNIZED LOSSES

6. For purposes of this Settlement, a "Recognized Loss" shall be calculated as follows:

1) A Recognized Loss will be calculated for each purchase or acquisition of publicly traded Bayer ADRs that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

2) For each share of publicly traded Bayer ADRs purchased or otherwise acquired during the Class Period (that is, the period from May 23, 2016 through and including the close of trading on July 6, 2020), and:

   (i) sold before August 13, 2018, the Recognized Loss will be $0.00.[5]

   (ii) sold from August 13, 2018 through the close of trading on July 6, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (b) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

   (iii) sold from July 7, 2020 through the close of trading on October 2, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (b) the purchase/acquisition price per share *minus* the average closing price between July 7, 2020 and the date of sale as stated in Table B below; or (c) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

---

[4] On September 20, 2017, the ratio of ADRs to ordinary shares changed to 4:1. All ADRs, prices per ADR, and artificial inflation per ADR in this plan reflect the 4 to 1 ratio change that occurred during the Class Period. If necessary, the Claims Administrator will adjust Claimants' submissions to reflect this new ratio.

[5] Any transactions in Bayer ADRs executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

(iv) held as of the close of trading on October 2, 2020, the Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (b) the purchase/acquisition price *minus* $16.77, the average closing price between July 7, 2020 and October 2, 2020, as stated in Table B below.[6]

## III. ADDITIONAL PROVISIONS

7.    Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Losses. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

8.    Purchases or acquisitions and sales of Bayer ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Bayer ADRs during the Class Period shall not be deemed a purchase, acquisition, or sale of Bayer ADRs for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bayer ADRs unless (i) the donor or decedent purchased or otherwise acquired such Bayer ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bayer ADR; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.    In the event that a Class Member had multiple transactions of Bayer ADRs during the Class Period, all purchases/acquisitions and sales shall be matched on a first-in, first-out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.    The Recognized Loss on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in Bayer ADRs at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

11.    Publicly traded Bayer ADRs are the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Bayer ADRs are not securities eligible to participate in the Settlement. With respect to Bayer ADRs purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    Recognized Claims will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

13.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment (*i.e.*, each Authorized Claimant will also receive the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

15.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys'

---

[6] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Losses are reduced to an appropriate extent by taking into account the closing prices of Bayer ADRs during the "90-day look-back period," July 7, 2020, through and including October 2, 2020. The mean (average) closing price for Bayer ADRs during this 90-day look-back period was $16.77.

fees and expenses, shall be contributed to the Council for Institutional Investors, a nonprofit, non-sectarian organization, or such other organization approved by the Court.

16.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Lead Counsel, Lead Plaintiffs, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, Class Members, Defendants, their respective counsel, or the Releasees. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the releases of claims against the Releasees provided for therein and in the Judgment.

17.     The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.BayerADRSecuritiesLitigation.com.

## Table A
## Artificial Inflation Per Share of Bayer ADR

| Date | Inflation Per Share |
|---|---|
| 5/23/2016 - 8/10/2018 | $6.67 |
| 8/13/2018 - 10/9/2018 | $3.84 |
| 10/10/2018 | $6.41 |
| 10/11/2018 - 10/22/2018 | $5.66 |
| 10/23/2018 - 3/19/2019 | $3.93 |
| 3/20/2019 | $2.10 |
| 3/21/2019 - 5/13/2019 | $1.67 |
| 5/14/2019 - 6/22/2020 | $1.11 |
| 6/23/2020 | $1.85 |
| 6/24/2020 | $2.44 |
| 6/25/2020 - 7/6/2020 | $0.81 |

**Table B**
**Bayer ADR Closing Price and Average Closing Price**
**July 7, 2020 - October 2, 2020**

| Date | Closing Price | Average Closing Price Between July 7, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between July 7, 2020 and Date Shown |
|---|---|---|---|---|---|
| 7/7/2020 | $17.81 | $17.81 | 8/20/2020 | $16.73 | $17.33 |
| 7/8/2020 | $18.00 | $17.91 | 8/21/2020 | $16.60 | $17.31 |
| 7/9/2020 | $17.90 | $17.90 | 8/24/2020 | $17.05 | $17.30 |
| 7/10/2020 | $17.98 | $17.92 | 8/25/2020 | $17.10 | $17.30 |
| 7/13/2020 | $17.94 | $17.93 | 8/26/2020 | $17.02 | $17.29 |
| 7/14/2020 | $18.24 | $17.98 | 8/27/2020 | $16.67 | $17.27 |
| 7/15/2020 | $18.24 | $18.02 | 8/28/2020 | $16.40 | $17.25 |
| 7/16/2020 | $17.90 | $18.00 | 8/31/2020 | $16.65 | $17.23 |
| 7/17/2020 | $18.02 | $18.00 | 9/1/2020 | $16.60 | $17.22 |
| 7/20/2020 | $18.15 | $18.02 | 9/2/2020 | $16.72 | $17.21 |
| 7/21/2020 | $17.85 | $18.00 | 9/3/2020 | $16.32 | $17.19 |
| 7/22/2020 | $17.60 | $17.97 | 9/4/2020 | $16.20 | $17.16 |
| 7/23/2020 | $17.61 | $17.94 | 9/8/2020 | $16.15 | $17.14 |
| 7/24/2020 | $17.57 | $17.91 | 9/9/2020 | $16.41 | $17.12 |
| 7/27/2020 | $17.37 | $17.88 | 9/10/2020 | $16.27 | $17.11 |
| 7/28/2020 | $17.17 | $17.83 | 9/11/2020 | $16.39 | $17.09 |
| 7/29/2020 | $17.23 | $17.80 | 9/14/2020 | $16.39 | $17.08 |
| 7/30/2020 | $16.86 | $17.75 | 9/15/2020 | $16.79 | $17.07 |
| 7/31/2020 | $16.48 | $17.68 | 9/16/2020 | $16.59 | $17.06 |
| 8/3/2020 | $17.38 | $17.66 | 9/17/2020 | $16.84 | $17.06 |
| 8/4/2020 | $16.82 | $17.62 | 9/18/2020 | $16.94 | $17.06 |
| 8/5/2020 | $16.70 | $17.58 | 9/21/2020 | $16.03 | $17.04 |
| 8/6/2020 | $16.62 | $17.54 | 9/22/2020 | $15.91 | $17.02 |
| 8/7/2020 | $16.46 | $17.50 | 9/23/2020 | $15.94 | $17.00 |
| 8/10/2020 | $16.62 | $17.46 | 9/24/2020 | $15.89 | $16.98 |
| 8/11/2020 | $16.80 | $17.44 | 9/25/2020 | $15.69 | $16.96 |
| 8/12/2020 | $17.04 | $17.42 | 9/28/2020 | $15.78 | $16.94 |
| 8/13/2020 | $16.96 | $17.40 | 9/29/2020 | $15.68 | $16.91 |
| 8/14/2020 | $16.77 | $17.38 | 9/30/2020 | $14.95 | $16.88 |
| 8/17/2020 | $16.96 | $17.37 | 10/1/2020 | $13.77 | $16.83 |
| 8/18/2020 | $17.03 | $17.36 | 10/2/2020 | $13.21 | $16.77 |
| 8/19/2020 | $17.07 | $17.35 | | | |

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN OCTOBER 16, 2025**

</td><td>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION
*Sheet Metal Workers' National Pension Fund, et al. v.*
*Bayer Aktiengesellschaft, et al.,*
No. 3:20-cv-04737-RS

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Sheet Metal Workers' National Pension Fund, et al. v. Bayer Aktiengesellschaft, et al.,* Case No. 3:20-cv-04737-RS (the "Action"),[1] you must complete and, on page 6 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.BAYERADRSECURITIESLITIGATION.COM NO LATER THAN 11:59 P.M. PT ON OCTOBER 16, 2025 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE OCTOBER 16, 2025, ADDRESSED AS FOLLOWS:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
Tel: (800) 524-0614

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the Class (pursuant to the procedures set forth in the previously mailed Class Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE BAYER AKTIENGESELLSCHAFT ("BAYER") AMERICAN DEPOSITARY RECEIPTS ("ADRS") UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Information" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Bayer ADRs made on behalf of a single beneficial owner.

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated April 23, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.BayerADRSecuritiesLitigation.com.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, Social Security (or taxpayer identification) number, address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bayer ADR(s); and

(c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

**IDENTIFICATION OF TRANSACTION(S)**

12. Use Part II of this form entitled "Schedule of Holdings and Transactions in Bayer American Depositary Receipts" to supply all required details of your transaction(s) in Bayer ADRs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Bayer ADRs which took place during the period from May 23, 2016 to July 6, 2020, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from July 7, 2020 through October 4, 2020), whether such transactions resulted in a profit or a loss. This includes the acquisition of Bayer ADRs through the deposit of or redemption of Bayer ordinary shares via The Bank of New York Mellon, the designated depositary for Bayer ADRs. Failure to report all transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in Bayer ADRs, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

**OTHER**

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@BayerADRSecuritiesLitigation.com, or by toll-free phone at (800) 524-0614 or you can visit the website, www.BayerADRSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

19. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (800) 524-0614, email at info@BayerADRSecuritiesLitigation.com, or visit the Claims Administrator's website at www.BayerADRSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.BayerADRSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated email confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@BayerADRSecuritiesLitigation.com or (800) 524-0614. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 CALENDAR DAYS OF RECEIPT. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 CALENDAR DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (800) 524-0614.**

**PROOF OF CLAIM AND RELEASE FORM**

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN OCTOBER 16, 2025**

</td><td>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION
*Sheet Metal Workers' National Pension Fund, et al. v.*
*Bayer Aktiengesellschaft, et al.*,
No. 3:20-cv-04737-RS

</td></tr>
</table>

**PART I – CLAIMANT INFORMATION**

**Claimant/Representative Contact Information:**

The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Claimant's Name (as you would like it to appear on your check if eligible for payment):
First Name                                                    Last Name

Joint Claimant's Name
First Name                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if Claimant is not an individual)

Representative's Name (if different from the Claimant's Name(s) listed above)

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                        State/Province    Zip Code

Foreign Postal Code (if applicable)            Foreign Country (if applicable)

Telephone Number (Home)                        Telephone Number (Work)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)    ☐ Corporation    ☐ UGMA Custodian    ☐ IRA

☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other (describe: _____)

QUESTIONS? Call (800) 524-0614 or visit www.BayerADRSecuritiesLitigation.com                3 of 6

**PART II: SCHEDULE OF TRANSACTIONS IN BAYER ADRS**

**A. HOLDINGS AT START OF CLASS PERIOD:** List all shares of Bayer ADRs held as of the opening of trading on May 23, 2016. If none, write "zero" or "0." _____ (Must be documented.)

**B. PURCHASES:** List all purchases or other acquisitions of Bayer ADRs between May 23, 2016 and July 6, 2020, inclusive. Be sure to attach documentation verifying your transactions. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased or Otherwise Acquired | Purchase or Other Acquisition Price Per Share | Total Purchase or Other Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**C. QUANTITY OF BAYER ADRs PURCHASED BETWEEN JULY 7, 2020 AND OCTOBER 2, 2020, INCLUSIVE:** If none, write "zero" or "0." _____. (Must be documented.)[2]

**D. SALES:** List all sales or other conversions of Bayer ADRs between May 23, 2016 and October 2, 2020, inclusive. Be sure to attach documentation verifying your transactions. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**E. UNSOLD HOLDINGS:** List the number of shares of Bayer ADRs held as of the close of trading on October 2, 2020. Be sure to attach documentation verifying your holdings, such as a current account statement. If none, write "zero" or "0."

_____ (Must be documented.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, USE PHOTOCOPIES OF THIS PAGE AND CHECK THIS BOX** ☐

YOU MUST READ THE RELEASE, AND YOUR SIGNATURE ON PAGE 6 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

---

[2] The number of Bayer ADRs purchased between July 7, 2020, and October 2, 2020 are needed to balance your claim. NOTE: those ADRs are not eligible for recovery from this Settlement.

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment or order that may be entered in the connection with the Settlement, including the Releases set forth in the Stipulation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Bayer ADRs and know of no other person having done so on my (our) behalf.

## PART IV: RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendants' Parties (as these terms are defined in the Settlement Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

2. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

3. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Bayer ADRs during the required periods as set forth above.

4. I (We) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of Bayer ADRs and know of no other person having done so on my (our) behalf.

5. I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice and that I (we) have not requested to be excluded from the Class pursuant to the procedures set forth in the Class Notice.

6. The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein.

7. I (We) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

8. The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

9. I (We) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) or order(s) that may be entered in the Action.

10. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this_____ day of _____, in _____, _____.

(Month / Year)                                    (City)                                    (State/Country)

_____          _____
Signature of Claimant                              Signature of Joint Claimant, if any

_____          _____
Print Name of Claimant                            Print Name of Joint Claimant, if any

_____          _____
Date                                                       Date

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

_____          _____
Signature of Person Completing Form             Date

_____          _____
Print Name of Person Completing Form            Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor, or Administrator)

**REMINDER CHECKLIST**

1.  Please be sure to sign this Claim Form.
2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.
3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
4.  Keep a copy of your Claim Form for your records.
5.  If you move, please send your new address to the Claims Administrator at the address below:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
Tel: (800) 524-0614
Email: info@BayerADRSecuritiesLitigation.com

6.  **Do not use highlighter on the Claim Form or supporting documentation.**

# EXHIBIT B

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>Defendants. | Case No.: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge: Richard Seeborg<br>Courtroom: 3 — 17th Floor |

TO: All persons who purchased or acquired Bayer Aktiengesellschaft ("Bayer") American Depositary Receipts ("ADRs") from May 23, 2016 to July 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs"), and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the certified Class; and Defendants Bayer Aktiengesellschaft ("Bayer" or the "Company"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants"), have reached a proposed settlement of the above-captioned class action (the "Action") and related claims in the amount of $38,000,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on **October 30, 2025 at 1:30 p.m.**, before the Honorable Richard Seeborg either in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 23, 2025 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable, and (iv) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**If you are a member of the Class, your rights will be affected by the proposed Settlement, and you may be entitled to a monetary payment from the Settlement.** If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Bayer Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173084, Milwaukee, WI 53217; calling toll-free (800) 524-0614; or emailing info@BayerADRSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.BayerADRSecuritiesLitigation.com.

If you are a member of the Class, to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* **(or submitted online) no later than October 16, 2025**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023 and want to opt back *into* the Class and be eligible to receive a payment, you must request to opt back into the Class by submitting a written request in accordance with the instructions in the Settlement Notice such that the request is *received no later than October 9, 2025*. If you previously excluded yourself from the Class in connection with the Class Notice and do not opt back into the Class, you will not be bound by any judgments or orders entered by the Court related to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than October 9, 2025*, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's Office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Bayer ADR Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI 53217
Tel.: (800) 524-0614
info@BayerADRSecuritiesLitigation.com
www.BayerADRSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
200 S. Wacker Drive
Suite 2375
Chicago, IL 60606
Tel.: (312) 357-0370
Email: cgilden@cohenmilstein.com

Dated: July 21, 2025                                             By Order of the Court

---

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.BayerADRSecuritiesLitigation.com. All capitalized terms not otherwise defined in this Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"). The Stipulation is available for Class Members to review at the above website.

# EXHIBIT C

# Cohen Milstein Sellers & Toll PLLC Announces Summary Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses to All Persons and Entities That Purchased or Otherwise Acquired Bayer American Depositary Receipts from May 23, 2016 to July 6, 2020, Inclusive

NEWS PROVIDED BY
**Cohen Milstein Sellers & Toll PLLC**
Jul 21, 2025, 10:00 ET

CHICAGO, July 21, 2025 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br>     vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>              Defendants. | Case No.: 3:20-cv-04737-RS<br><br>CLASS ACTION<br><br>**SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge:    Richard Seeborg<br>Courtroom:  3 — 17th Floor |

TO:    All persons who purchased or acquired Bayer Aktiengesellschaft ("Bayer") American Depositary Receipts ("ADRs") from May 23, 2016 to July 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class"). [1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs"), and additional named plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the certified Class; and Defendants Bayer Aktiengesellschaft ("Bayer" or the "Company"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants"), have reached a proposed settlement of the above-captioned class action (the "Action") and related claims in the amount of $38,000,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on **October 30, 2025 at 1:30 p.m.**, before the Honorable Richard Seeborg either in person at the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 23, 2025 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable, and (iv) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**If you are a member of the Class, your rights will be affected by the proposed Settlement, and you may be entitled to a monetary payment from the Settlement.** If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Bayer Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box

173084, Milwaukee, WI 53217; calling toll-free (800) 524-0614; or

emailing **info@BayerADRSecuritiesLitigation.com**. Copies of the Notice and Claim Form can also be

downloaded from the Settlement website, **www.BayerADRSecuritiesLitigation.com**.

If you are a member of the Class, to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator ***postmarked* (or submitted online) no later than October 16, 2025**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023 and want to opt back *into* the Class and be eligible to receive a payment, you must request to opt back into the Class by submitting a written request in accordance with the instructions in the Settlement Notice such that the request is ***received no later than October 9, 2025***. If you previously excluded yourself from the Class in connection with the Class Notice and do not opt back into the Class, you will not be bound by any judgments or orders entered by the Court related to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received* no later than October 9, 2025**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's Office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Bayer ADR Securities Litigation

c/o A.B. Data, Ltd.

P.O. Box 173084

Milwaukee, WI 53217

Tel.: (800) 524-0614

**info@BayerADRSecuritiesLitigation.com**

**www.BayerADRSecuritiesLitigation.com**


Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:


Cohen Milstein Sellers & Toll PLLC

Attn: Carol V. Gilden

200 S. Wacker Drive

Suite 2375

Chicago, IL 60606

Tel.: (312) 357-0370

Email: **cgilden@cohenmilstein.com**


Dated: July 21, 2025

By Order of the Court


[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at **www.BayerADRSecuritiesLitigation.com**.  All capitalized terms not otherwise defined in this Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of April 23, 2025 (the "Stipulation"). The Stipulation is available for Class Members to review at the above website.


SOURCE Cohen Milstein Sellers & Toll PLLC


WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

## GET STARTED

440k+
Newsrooms &
Influencers

9k+
Digital Media
Outlets

270k+
Journalists
Opted In