Carol V. Gilden (*admitted pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

*Lead Counsel for Plaintiffs and the Class*
[Additional Counsel on Signature Page]

Nicole Lavallee (SBN 165755)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        avahdat@bermantabacco.com

*Liaison Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>        Defendants. | Case No. 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Date:      October 30, 2025<br>Time:     1:30 p.m.<br>Judge:    Richard Seeborg<br>Courtroom: 3 — 17th Floor |

---

## TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................. 1

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.     THE CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE
       SETTLEMENT AND PLAN OF ALLOCATION............................................................... 4

II.    THE CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF LEAD
       COUNSEL'S FEE AND EXPENSE APPLICATION ......................................................... 5

III.   CLAIM SUBMISSIONS TO DATE .................................................................................. 6

CONCLUSION................................................................................................................................ 6

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and other members of the certified Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 268, "Final Approval Motion") and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 269, "Fee and Expense Motion") (together, the "Motions").[1]

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should approve the proposed Settlement of the Action as fair, reasonable, and adequate pursuant to Rule 23(e)(2).

2.      Whether the Court should approve the proposed Plan of Allocation as fair and reasonable.

3.      Whether the Court should approve Lead Counsel's request, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 27% of the Settlement Fund.

4.      Whether the Court should approve Lead Counsel's request for payment of litigation expenses incurred by Plaintiffs' Counsel in the amount of $3,281,973.16.

5.      Whether the Court should award Plaintiffs $31,485.14 in the aggregate, pursuant to 15 U.S.C. § 78u-4(a)(4), for reimbursement of their reasonable costs and expenses (including lost wages) related to their representation of the Class.

## PRELIMINARY STATEMENT

Plaintiffs and Lead Counsel respectfully submit that the Class's reaction to the Settlement, the proposed Plan of Allocation, and Lead Counsel's fee and expense request has been unanimously positive. No Class Members have filed objections, and the deadline to do so passed on October 9, 2025.

To date, the Court-appointed Claims Administrator A.B. Data, Ltd. ("A.B. Data") has

---

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated April 23, 2025 (ECF No. 253-2, "Stipulation" or "Stip."). Unless otherwise indicated, all capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth herein.

mailed a total of 223,953 Notice Packets, which include the long-form Notice ("Notice") and Claim Form, to potential Class Members or their nominees. *See* Supplemental Declaration of Adam D. Walter Regarding (I) Continued Mailing of the Settlement Notice Packet and (II) Report on Claims Received to Date, attached as Exhibit 1 ("Supp. Mailing Decl."), at ¶ 2.[2] As discussed in the Final Approval Motion, on July 21, 2025, A.B. Data posted the long-form Notice and Claim Form on the website created for the Action. *See* Declaration of Adam D. Walter Regarding (I) Mailing of the Notice and Claim Form and (II) Publication of Summary Notice ("Initial Mailing Decl.") at ¶¶ 12–13, ECF No. 270-5. Also on July 21, 2025, A.B. Data published the Summary Notice in *The Wall Street Journal* and over *PR Newswire*. *Id.* ¶ 11; *see also id.* Exs. B & C. None of the potential Class Members has objected to the proposed Settlement, Plan of Allocation, or fee and expense request.

Accordingly, Plaintiffs and Lead Counsel submit that the Class's unanimous support further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's fee and expense request.

<u>**STATEMENT OF RELEVANT FACTS**</u>

Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 260, "Preliminary Approval Order"), A.B. Data conducted an extensive notice program under Lead Counsel's supervision. This notice program included mailing the Notice Packet to potential Class Members and their nominees, publishing the Summary Notice in *The Wall Street Journal* and over *PR Newswire*, posting relevant information and court documents on a website dedicated to the case, www.BayerADRSecuritiesLitigation.com, and maintaining a toll-free telephone helpline to accommodate inquiries from Class Members. *See* Supp. Mailing Decl. ¶¶ 2–3; Initial Mailing Decl. ¶¶ 5, 11–13. As of October 23, 2025, A.B. Data had sent by mail or email a total of 223,953 Notice Packets, Supp. Mailing Decl. ¶ 2, and received 458 calls to the

---

[2] The Supplemental Mailing Declaration is attached to this reply as Exhibit 1. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund; and (iii) proposed Order Awarding Attorneys' Fees, Litigation Expenses, and PSLRA Awards are attached hereto as Exhibits 2, 3, and 4, respectively, and will be submitted to the Court's email in Word format, pursuant to Civil Local Rule 5-1(f).

telephone help line, *id.* ¶ 3.

The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund and payment of Litigation Expenses not to exceed $3,550,000. *See* Initial Mailing Decl. Ex. A ¶ 5. Additionally, the Notice informed Class Members of their right to object to the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses, as well as the October 9, 2025 deadline for doing so. *See id.* ¶ 50. The Notice also explained that Class Members who excluded themselves from the Class in connection with the Class Notice could opt back into the Class by October 9, 2025.

On September 25, 2025, two weeks before the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. Upon their filing, these papers were available on the public docket (ECF Nos. 268, 269), and A.B. Data promptly posted them to the case website (Supp. Mailing Decl. ¶ 3). Lead Counsel also posted the materials on their firm website, www.cohenmilstein.com. Defendants also provided notice of the Settlement to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). *See* Stip. ¶ 29; ECF No. 271.

Following this extensive notice program, no Class Member objected to the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense request, or commented thereon.[3]

To date, A.B. Data has received 153,097 claims from potential Class Members. Supp. Mailing Decl. ¶ 4. The deadline to submit a Claim Form was October 16, 2024, and claims processing and review remain ongoing. *Id.*

---

[3] Thirteen requests for exclusion were received and processed in connection with the Class Notice disseminated in connection with certification of the class. *See* ECF No. 200 ¶ 15; Supp. Mailing Decl. ¶ 5. None of the Class Members who previously requested exclusion sought to opt back into the class by the October 9, 2025 deadline. *See* Supp. Mailing Decl. ¶ 6.

---

**ARGUMENT**

**I.    THE CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

As discussed in the Final Approval Motion (at 6), one of the factors courts in the Ninth Circuit may consider in evaluating a class action settlement is "the reaction of the class members to the proposed settlement." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *In re Splunk, Inc. Sec. Litig.*, 2024 WL 923777, at *3 (N.D. Cal. Mar. 4, 2024) (same). That not one Class Member objected to the Settlement or Plan of Allocation "raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Splunk*, 2024 WL 923777, at *8 (quoting *In re Omnivision*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)); *see also, e.g.*, *In re Alphabet, Inc. Sec. Litig.*, 2024 WL 4354988, at *4 (N.D. Cal. Sept. 30, 2024) (same); *In re Lyft Inc. Sec. Litig.*, 2023 WL 5068504, at *9 (N.D. Cal. Aug. 7, 2023) (same); *Destefano v. Zynga Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."). The low number of requested exclusions, made in connection with the Class Notice, further supports the approval of the Settlement. *See, e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."); *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) (same); *see also In re Lyft*, 2023 WL 5068504, at *9 (finding a strong presumption that the settlement was favorable to class members where claims administrator received 29 requests for exclusion out of 68,369 total claims received).

Notably, no institutional investors have objected to the Settlement. Institutional investors, such as those who filed lead plaintiff motions after the commencement of the action (*see* ECF Nos. 12, 16), have ample means and incentive to object to the Settlement if they deem it unsatisfactory. That they have not done so is further evidence of the Settlement's fairness and adequacy. *See, e.g.*, *In re Stable Road Acquisition Corp.*, 2024 WL 3643393, at *10 (C.D. Cal.

Apr. 23, 2024) ("[T]he fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores the reasonableness of the Settlement."); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) (same); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of objections from institutions means that "the inference that the class approves of the settlement is even stronger").

Similarly, the absence of objections from Class Members to the Plan of Allocation supports its approval. *See, e.g.*, *Stable Road*, 2024 WL 3643393, at *10 (approving substantially similar plan of allocation partly because no class members objected to the plan); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) (same).

## II.    THE CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

As discussed in their opening papers, Lead Counsel, on behalf of Plaintiffs' Counsel, requests attorneys' fees of 27% of the Settlement Fund, reimbursement of their Litigation Expenses in the amount of $3,281,973.16, and reimbursement of Plaintiffs' costs and expenses (including lost wages) ("PSLRA Awards"), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(4). The requested fee is well within the "usual range" of fees awarded in comparable common fund cases in the Ninth Circuit. *Zynga*, 2016 WL 537946, at *16; *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2022 WL 17730381, at *11 (N.D. Cal. Nov. 9, 2022) (noting that "courts in this Circuit often award fees at or exceeding 30 percent, and such awards are routinely upheld" (citation omitted)). The 27% fee also aligns with fee awards made in similar securities class actions. *See* Fee and Expense Motion at 6 (collecting cases). Plaintiffs' Counsel's Litigation Expenses are also reasonable in light of the length and complexity of the litigation. *Hardy v. Embark Tech., Inc.*, 2024 WL 1354416, at *10 (N.D. Cal. Mar. 29, 2024) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund."). Finally, the PSLRA Awards are comparable to similar payments made to "compensate class representatives for the time, effort, and expenses devoted to litigating on

behalf of [a] class." *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *10 (C.D. Cal. Oct. 25, 2016).

The lack of any objection to the requested attorneys' fees, Litigation Expenses, or PSLRA Awards supports a finding that the request is fair and reasonable. *See, e.g.*, *In re Omnivision*, 559 F. Supp. 2d at 1048 (finding lack of objection by any class members supported granting requested fee award); *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) (same); *Zynga*, 2016 WL 537946, at *18 (same).

As with approval of the proposed Settlement, the absence of objections by institutional investors further supports approval of the fee request. *See Hessefort v. Super Micro Comput., Inc.*, 2023 WL 7185778, at *10 (N.D. Cal. May 5, 2023) ("[T]he lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' weighs in favor of approval of the fee request." (quoting *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007)); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018) (same).

## III.    CLAIM SUBMISSIONS TO DATE

The notices and Claim Form informed Class Members that they must submit a Claim Form to A.B. Data by October 16, 2025 in order to qualify for a payment from the Net Settlement Fund. As of October 23, 2025, the Claims Administrator has received 153,097 claims. *See* Supp. Mailing Decl. ¶ 4. Of the claims received, approximately 870 were submitted by mail, 1,149 were submitted online through the case website, and 151,078 were submitted electronically by institutions or third-party filers. *Id.*

Claims processing and review is ongoing and subject to further analysis, quality assurance review, audits, and change as A.B. Data notifies Claimants of deficiencies in their claims. *Id.* Claimants will be given the opportunity to cure deficiencies and conditions of ineligibility. *Id.*

### CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation as fair, reasonable, and adequate, and approve the Fee and Expense Motion.

Dated: October 23, 2025

Respectfully submitted,

*/s/ Carol V. Gilden*

Carol V. Gilden (*pro hac vice*)
cgilden@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Chris Lometti (*pro hac vice*)
clometti@cohenmilstein.com
Benjamin F. Jackson (*pro hac vice*)
bjackson@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, Fourteenth Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel for Plaintiffs and the Class*

Nicole Lavallee (SBN 165755)
nlavallee@bermantabacco.com
Alexander S. Vahdat (SBN 284963)
avahdat@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Liaison Counsel for Plaintiffs*

*Attorneys for Lead Plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund, and Named Plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware*