**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,<br><br>    Defendants. | Case No.: 3:20-cv-04737-RS<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED]~~ ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PSLRA AWARDS** |

WHEREAS:

A.    Plaintiffs Sheet Metal Workers' National Pension Fund and the International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and all other members of the certified Class, on the one hand, and defendants Bayer Aktiengesellschaft, Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively, "Defendants," and with Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated April 23, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.    On October 30, 2025, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (i) Plaintiff's Counsel in the above-captioned

securities class action (the "Action") attorneys' fees and litigation expenses and (ii) Plaintiffs their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

C.    It appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identifiable Class Members, and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

D.    The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.    Notice of Lead Counsel's motion, brought on behalf of itself and Liaison Counsel (collectively, "Plaintiff's Counsel"), for an award of attorneys' fees and payment of Litigation Expenses and PSLRA awards ("Fee and Expense Motion") was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Fee and Expense Motion satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    In considering Lead Counsel's Fee and Expense Motion, the Court has considered the reasonableness of the request in light of the percentage of the common fund awarded in similar cases, as well as additional factors including (i) the results achieved, (ii) the risks of litigation, (iii) the skill required and the quality of work, (iv) the contingent nature of the fee and the financial burden carried by Lead Counsel, (v) awards made in similar cases, (vi) the class's reaction, and (vii) a lodestar cross-

check. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

5.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 27% of the <u>Net</u> Settlement Fund, or $9,365,366~~10,260,000~~ (plus interest earned at the same rate as the Settlement Fund). Plaintiffs' Counsel are also hereby awarded $3,281,973.16 (plus interest earned at the same rate as the Settlement Fund) for payment of their Litigation Expenses. The Court finds these sums to be fair and reasonable. These attorneys' fees and expenses shall be paid from the Settlement Fund.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.      the Settlement has created a very substantial fund of $38,000,000 in cash that has been or will be funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit valid and timely Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel, and the Settlement Amount is fair and reasonable;

b.      had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Class may have received less or nothing from Defendants, given the Action's highly contested and complex factual and legal issues;

c.      Plaintiffs' Counsel, which have substantial experience in handling securities class actions and the types of claims asserted herein, conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d.      Plaintiffs' Counsel litigated this case on a purely contingent basis, and have not received any compensation for their work on this matter;

e.      the fee sought is consistent with attorneys' fees awarded in comparable securities actions and common fund cases, *see In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008);

f.      the requested fee has been reviewed and approved as fair and reasonable by Plaintiffs, who are sophisticated institutional investors that actively supervised the prosecution and resolution of the Action and who have a significant interest in ensuring that any fees paid

to counsel are duly earned and not excessive;

g.     copies of the Notice were mailed or emailed to 223,953 potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 27% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $3,550,000;

h.     no objections to the requested award of attorneys' fees or Litigation Expenses were submitted;

i.     Plaintiffs' Counsel devoted over 14,762.30 hours, with a lodestar value of approximately $13,367,092 through August 31, 2025, to achieve the Settlement, and will continue to perform work on behalf of the Class in overseeing the Claims Administrator's processing of claims and the distribution of the Net Settlement Fund; and

j.     the amount of attorneys' fees requested is fair and reasonable under the circumstances of this Action, where a modest upward departure from the Ninth Circuit's 25% benchmark is appropriate given the extraordinary results, the duration of the Action, the complexity of the claims, and the obstacles faced by Plaintiffs' Counsel.

7.     Lead Plaintiff Sheet Metal Workers' National Pension Fund is hereby awarded $15,765.24 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Class.

8.     Lead Plaintiff International Brotherhood of Teamsters Local No. 710 Pension Fund is hereby awarded $10,845.00 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Class.

9.     Additional Plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware is hereby awarded $4,845.00 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Class.

10.     The awarded attorneys' fees, Litigation Expenses, and PSLRA awards may be paid to Lead Counsel, on behalf of Plaintiffs' Counsel, from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation.

11.     Any appeal or challenge affecting this Court's approval regarding any attorneys' fees

and expense application shall in no way disturb or affect the finality of the Judgment.

12. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

13. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

14. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 31 day of October, 2025.

_____
The Honorable Richard Seeborg
Chief United States District Judge