**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

SHEET METAL WORKERS' NATIONAL PENSION FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, individually and as Lead Plaintiffs on behalf of all others similarly situated, and

INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually and as Named Plaintiff, on behalf of all others similarly situated,

Plaintiffs,

vs.

BAYER AKTIENGESELLSCHAFT, WERNER BAUMANN, WERNER WENNING, LIAM CONDON, JOHANNES DIETSCH, and WOLFGANG NICKL,

Defendants.

Case No.: 3:20-cv-04737-RS

CLASS ACTION

**~~[PROPOSED]~~ JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS:

A. A securities class action is ~~pending in~~before this Court entitled *Sheet Metal Workers' National Pension Fund et al. v. Bayer et al.*, No. 3:20-cv-04737-RS (the "Action").

B. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court previously certified the following class ("Class") by order issued on May 19, 2023: All persons or entities that purchased or otherwise acquired Bayer's publicly traded American Depositary Receipts ("ADRs") from May 23, 2016 to July 6, 2020, inclusive. Excluded from the Class are (1) Defendants; (2) members of the immediate family of each of the Individual Defendants; (3) any subsidiary or affiliate of Bayer, including its employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (4) the directors and officers of Bayer during the Class Period, as well as the members of their immediate families; and (5) the legal representatives, heirs, successors, and assigns of any such excluded party. ECF No. 175. Also excluded from the Class are any persons or entities who or which have submitted a valid request for exclusion

from the Class in connection with the earlier Court-approved notice to members of the Class informing them of the certification ("Class Notice") that has been accepted by the Court and who did not opt back into the Class in connection with the Settlement Notice. A list of all individuals and entities that requested exclusion, whose requests are allowed by the Court, is attached hereto as Exhibit A.

C. The Court's May 19, 2023 Order also appointed plaintiffs Sheet Metal Workers' National Pension Fund and International Brotherhood of Teamsters Local No. 710 Pension Fund (collectively, "Lead Plaintiffs") and additional plaintiff International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware (collectively with Lead Plaintiffs, "Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel.

D. Plaintiffs, on behalf of themselves and the Court-certified Class, and defendants Bayer Aktiengesellschaft ("Bayer"), Werner Baumann, Werner Wenning, Liam Condon, Johannes Dietsch, and Wolfgang Nickl (collectively with Bayer, "Defendants") have entered into the Stipulation and Agreement of Settlement, dated April 23, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

E. Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

F. By Order dated June 27, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to finally approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; and (c) scheduled a hearing regarding final approval of the Settlement.

G. Due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with.

H. Pursuant to the Preliminary Approval Order, on September 25, 2025, Plaintiffs moved for final approval of the Settlement.

I. Pursuant to the Preliminary Approval Order, the Court conducted a hearing on October 30, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms

and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; (b) whether judgment as provided for in the Stipulation should be entered; and (c) Lead Counsel's Fee and Expense Motion.

J. The Court has duly reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and found good cause therefor.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 23, 2025; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 23, 2025.

3. **Notice**: The Court finds that the dissemination of the Notice, Summary Notice, and Claim Form: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) the proposed Plan of Allocation; (iv) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fourteenth Amendment), the Private Securities Litigation Reform Act of 1995, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

4. **CAFA Notice**: Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Bayer timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, were fully discharged and that the statutory waiting period has elapsed.

5. **Objections**: There have been no objections to the Settlement.

6. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that, in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class, including the method of processing Class Member claims; and the terms of the proposed attorneys' fee award; and any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement and Proposed Plan of Allocation treat Class Members equitably relative to each other. Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs

and the other Class Members are hereby dismissed in their entirety and with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether any individual Class Member submits or has submitted a Claim Form or seeks, has sought, or obtains a distribution from the Net Settlement Fund), as well as their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such.

9. **Releases**: The Releases set forth in ¶¶ 4 and 5 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Plaintiffs and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of Defendants' Released Persons and shall forever be barred and enjoined from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of Released Plaintiffs' Claims, in any capacity, against any of Defendants' Released Persons, whether or not such Releasing Plaintiff Party has executed and delivered a Claim Form or shares in the Net Settlement Fund; and

(b) without further action by anyone, and subject to ¶ 11 below, Defendants and each and every other Releasing Defendant Party, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of Plaintiffs' Released Persons and shall forever be barred and enjoined from asserting, commencing, instituting, assisting, instigating, prosecuting, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in

any forum, asserting any of Released Defendants' Claims, in any capacity, against any of Plaintiffs' Released Persons.

10. The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities. In accordance with 15 U.S.C. § 78u-4(f)(7), this judgment shall fully and finally discharge all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been extinguished by the Settlement. For the avoidance of doubt, nothing in the Stipulation or this order shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11. Notwithstanding ¶¶ 9(a) and 9(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions**: Neither this Judgment, the Term Sheet, the Stipulation (whether or not finally approved and consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or

could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Released Persons or in any way referred to for any other reason as against any of Defendants' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiffs' Released Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Released Persons that any of their claims are without merit, that any of Defendants' Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided*, *however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Stipulation.

14. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of

Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees, Litigation Expenses, and PSLRA awards. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of the Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, then: (a) this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation; (b) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (c) the Settlement Fund shall be returned in accordance with ¶ 47 of the Stipulation; and (d) this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on February 23, 2025, as provided in the Stipulation.

18. **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this 31 day of October, 2025.

The Honorable Richard Seeborg
Chief United States District Judge

**EXHIBIT A**

**List of Persons and Entities Excluded from the Class Pursuant to Request**

1. James A. Lambrecht & Barbara Lambrecht Trustees, Lambrecht Living Trust – Wayland, MI
2. Brooke Belanger – Ottawa, ON
3. Connie Kedrowicz – Custer, WI
4. Luan Han Thieu – Houston, TX
5. Kenneth J. Connelly – Antioch, CA
6. Robert Williams – Dallas, TX
7. Larry D. Killion – Houston, TX
8. David R. Swoch – Rolling Meadows, IL
9. George Strickland – The Villages, FL
10. Brian Barnett – Green Valley, AZ
11. Jed Killingsworth – Cleveland, GA
12. Bonnie C. Lampe – Bonita Springs, FL
13. Andrew Perkins – Bellevue, WA