UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAYER AKTIENGESELLSCHAFT, et al., <br><br> Defendants, <br><br> WEITZ & LUXENBERG, P.C., et al., <br><br> Intervenors. | Case No: 3:20-cv-04737-RS <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED] ORDER MODIFYING STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER DATED OCTOBER 6, 2022 AS FURTHER MODIFIED BY COURT** <br><br> Judge: Richard Seeborg <br><br> Courtroom: 3 — 17th Floor |

The disputed terms in the parties' Proposed Addendum to Stipulated Confidentiality and Protective Order, Dkt. No. 281-1, Ex. A, are resolved as set forth in the attached Addendum to Stipulated Confidentiality and Protective Order, Exhibit A. In sum, as set forth below, Discovery of Bayer Protected Material may be pursued from Bayer or Plaintiffs in this action but not from parties who have been remanded from MDL No. 2741.

**WHEREAS:**

A. Discovery in this action was conducted pursuant to a Stipulated Confidentiality and Protective Order (the "Protective Order"). Dkt. No. 138. The Protective Order requires parties and others to adhere to certain safeguards and procedural requirements in connection with the use of discovery materials produced in this action.

B. On June 23, 2025, Weitz & Luxenberg, P.C. and The Miller Firm, LLC ("Intervenors"), as co-lead counsel in MDL No. 2741, *In re: Roundup Products Liability*

1

*Litigation*, Case No. 3:16-md-02741-VC (N.D. Cal.), filed a motion to intervene in this matter for the purpose of modifying the Protective Order in certain respects outlined in that motion. Dkt. No. 256 (the "Motion"). Defendants, Bayer Aktiengesellschaft and several of its current and former officers and directors, opposed the Motion. Dkt. No. 262.

      C.    On August 15, 2025, after considering the briefing, supporting materials, and argument of the parties, the Court granted the Motion, permitting intervention and granting in part Intervenors' request to modify the Protective Order. Dkt. No. 267. Intervenors and Defendants were ordered to meet and confer and to file a proposed Protective Order, modified pursuant to the Court's August 15, 2025 Order. Dkt. No. 267 at 16. On November 13, 2025, Intervenors and the parties jointly submitted for the Court's approval a modified Protective Order.

      D.    Good cause has been shown to modify the Protective Order, including for the reasons set forth in this Court's August 15, 2025 Order. Dkt. No. 267.

**NOW THEREFORE**, it is hereby **ORDERED**:

The Motion to Modify the Protective Order is **GRANTED** as set forth herein. The Protective Order dated October 6, 2022, Dkt. No. 138, is hereby modified by appending thereto the "Addendum to Stipulated Confidentiality and Protective Order" attached to this Order as Exhibit A.

SO ORDERED this 17th day of November, 2025.

_____
The Honorable Richard Seeborg
Chief United States District Court Judge

# EXHIBIT A

## ADDENDUM TO STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

This Addendum modifies the Stipulated Confidentiality and Protective Order, entered October 6, 2022, Dkt. No. 138, by appending to it the following Section 15:

**15. USE AND DISCLOSURE OF PROTECTED MATERIAL IN ROUNDUP MDL ACTIONS**

15.1.   The provisions of this Section 15 shall govern the handling of discovery materials from this action to the extent such materials are subsequently produced to any party to a Roundup MDL Action (defined herein).

15.2.   Definitions. For purposes of this Section 15 only, the following capitalized terms will have the meanings set out below.

    a.   Bayer Protected Material: Protected Material for which any Defendant is a Designating Party, together with any related information or material as set out in Section 3;

    b.   Roundup MDL Action: MDL No. 2741, *In Re: Roundup Products Liability Litigation*, Case No. 16-md-02741-VC (N.D. Cal.) and any action now or hereinafter pending in that multi-district litigation, and any action remanded or transferred from MDL No. 2741 to a transferor court; and

    c.   Roundup MDL Action Party: any party to a Roundup MDL Action, including all of its officers, directors, employees, consultants, retained experts or consultants (and their support staffs), and attorneys who are not employees of a Roundup MDL Action Party but are retained to represent or advise that Roundup MDL Action Party, including their support staffs and contractors.

15.3.   Production of Bayer Protected Material in Roundup MDL Actions. This Order shall not bar disclosing or producing Bayer Protected Material to a Roundup MDL Action Party in response to a subpoena or discovery request in a Roundup MDL Action pending in MDL No.

2741, subject to the Roundup MDL Action Party's compliance with the restrictions imposed by this Order, including this Section 15.

15.4.   <u>Use of Bayer Protected Material in Roundup MDL Actions.</u> Bayer Protected Material disclosed or produced to a Roundup MDL Action Party in response to a subpoena or discovery request in a Roundup MDL Action pending in MDL No. 2741 may be used by that Roundup MDL Action Party to prosecute, defend, or attempt to settle that Roundup MDL Action (without regard to whether such action is subsequently remanded following such disclosure or production). For the avoidance of doubt, such Bayer Protected Material may not be used by a Roundup MDL Action Party for any other purpose or in connection with any other litigation.

15.5.   <u>Agreement of Roundup MDL Action Party Required to Receive Bayer Protected Material.</u> Prior to receiving disclosure or production of Bayer Protected Material, a Roundup MDL Action Party must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the "Undertaking for Highly Confidential Information" (Exhibit B), and/or the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), as appropriate given the level of protection designated for the Bayer Protected Material at issue.

15.6.   <u>Disclosure of Bayer Protected Material by Roundup MDL Action Parties</u>. A Roundup MDL Action Party that has received Bayer Protected Material in a Roundup MDL Action may disclose that Bayer Protected Material as provided in Section 7, subject to the following modifications, solely for purposes of such disclosure:

   a.   Any reference to this action in Section 7 shall be construed as a reference to the Roundup MDL Action at issue (without regard to whether such action has been remanded); and

   b.   Any defined term used in Section 7 that refers to persons or entities filling certain roles in relation to this action shall be construed to refer to the persons or entities filling those roles in relation to the Roundup MDL Action at issue. For purposes of illustration only, the defined term "Outside Counsel of Record" would thus be construed as referring to

attorneys who are not employees of the Roundup MDL Action Party but are retained to represent or advise that Roundup MDL Action Party, including their support staffs and contractors.

15.7.   Incorporation of Party Rights and Obligations. A Roundup MDL Action Party that has signed the appropriate forms of agreement specified in Section 15.5 shall have the same rights and obligations as a Party or Receiving Party under this Order with regard to the Bayer Protected Material that Roundup MDL Action Party has received, including without limitation the obligations imposed under Sections 8, 10, 11, 12.4, 13, and 14; *provided, however*, that Section 14's requirements to take commercially reasonable efforts to return or destroy Protected Material upon final disposition of the litigation shall take effect within 60 days after the final disposition of the Roundup MDL Action at issue.

15.8.   Non-Waiver of Privilege or Protection.  For the avoidance of doubt, the provisions of Section 11 shall apply to the disclosure or production of Bayer Protected Material to a Roundup MDL Action Party in a Roundup MDL Action under this Order, providing the greatest protection allowed by law, including Federal Rule of Evidence 502(d).

15.9.   Construction. In the event of any conflict or inconsistency between this Section 15 and the other provisions of this Order, the provisions of this Section 15 shall govern and control such conflict or inconsistency; *provided, however*, that neither this provision nor any other provision of this Section 15 is intended to modify or shall be interpreted to modify (a) any obligations under this Order borne by any party, individual, or entity other than Defendants and the Roundup MDL Action Parties; or (b) any order or decision of the Court other than this Order, including without limitation the Court's January 5, 2024 Order on Discovery Dispute (Dkt. No. 199), April 18, 2024 Order on Discovery Dispute (Dkt. No. 210), and August 15, 2025 Order Granting Motion to Intervene and Granting in Part Request to Modify Protective Order (Dkt. No. 267).

15.10. No Decision on Discoverability, Admissibility, or Privilege. Nothing in this Section 15 shall be interpreted to rule on the specific discoverability or admissibility of Protected

3

1  Material in any Roundup MDL Action or any potential waiver of the attorney-client privilege,
2  work product doctrine, or other applicable privilege by Defendants.